UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
STEVEN G. WICKS and GERALD A.
KALBFLEISCH,                         :

        Plaintiffs,                 :     Civil Action
                                            No. 04-10988-GAO
  v.                                   :

PUTNAM INVESTMENT MANAGEMENT,        :
LLC and PUTNAM RETAIL MANAGEMENT,
LLP,                                 :

        Defendants.                 :
------------------------------------- x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Seth M. Schwartz
Elizabeth A. Hellmann
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Dated: October 1, 2004

James R. Carroll
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108-3194
(617) 573-4800

*Attorneys for Putnam Investment Management, LLC
and Putnam Retail Management, LP*

## ARGUMENT

I. **PLAINTIFFS' CLAIMS ARE BARRED BY RULE 41(a)(1)'s TWO DISMISSAL RULE**[1]

    A. The Doctrine of Res Judicata Is Fully Applicable and Bars This Action

In their opposition brief, in attempting to avoid the bar of Rule 41(a) and the doctrine of res judicata, plaintiffs contend that this case and their previously dismissed actions do not involve the "same claim," purportedly because the complaints in the three actions "target different acts of wrongdoing occurring during different operative time periods." (Pl. Br. at 10) In reality, the claims at issue are virtually identical for res judicata purposes, and this action therefore is barred.

The legal doctrine governing the disposition of this action is known as "claim preclusion." Under the Restatement (Second) of Judgments, which the First Circuit has "officially embrace[d]," Manego v. Orleans Board of Trade, 773 F.2d 1, 5 (1st Cir. 1985), the doctrine has been described as follows:

> A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.
>
> * * *
>
> [T]he claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions, out of which the action arose.

Restatement (Second) of Judgments §§ 19, 24(1) (1982), quoted in Rose v. Town of Harwich, 778 F.2d 77, 79 (1st Cir. 1985).

---

[1] Capitalized terms not defined herein are defined as set forth in defendants' opening memorandum in support of their motion to dismiss. ("Opening Br.")

In <u>Rose</u>, after the plaintiff's state law claim for an unlawful taking of land had been dismissed, plaintiff filed a new action, alleging that the town's "'trespassory taking'" of his property violated his rights under the federal Constitution. 778 F.2d at 78-79. In response to a motion to dismiss the second action on res judicata grounds, plaintiff argued that the doctrine was inapplicable because the claims asserted in the two actions were different in that they covered different time periods, and thus were not barred under the rationale of the Supreme Court's ruling in <u>Lawlor v. National Screen Service Corp.</u>, 349 U.S. 322, 328 (1955), <u>Rose</u>, 778 F.2d at 82, a decision on which plaintiffs in this case heavily rely. (<u>See</u> Pl. Br. at 10-11). The First Circuit rejected this argument and affirmed dismissal of the second action, reasoning in language applicable here:

> [Plaintiff] argues that his [second] complaint states a cause of action for "continuing trespass" and that claim preclusion does not apply where the challenged conduct is "continuing." Insofar as this proposition springs from the notion that claim preclusion does not apply when the plaintiff's second suit grows out of facts not in existence at the time of the first, <u>see</u>, <u>e.g.</u>, <u>Lawlor</u>, <u>it is inapplicable here</u>. <u>[Plaintiff] has given us no reason to believe that the legality of the town's actions depends on anything that has happened since the state court since his original suit</u>.

778 F.2d at 82 (emphasis added) (citation omitted).

Here too, nothing concerning the propriety of defendants' fees has changed since plaintiffs voluntarily dismissed the Second Action in May of 2004. In that connection, under Federal Rule of Civil Procedure 41(a), the dismissal that is entitled to preclusive effect is plaintiffs' voluntary dismissal of the Second Action from the Southern District of Illinois on May 14, 2004, <u>i.e.</u>, plaintiffs' notice of dismissal on that date "operate[d] as an adjudication upon the merits." Fed. R. Civ. P. 41(a)(1). Moreover, the claims barred as a result of dismissal of the Second Action are the very same claims alleged in the complaint filed by plaintiffs in this action, the Third Action, before this

Court. Indeed, the text of the complaint in the Second Action is identical -- word for word -- to the complaint filed in this case. The only "difference" is the time period covered, March 2003 to March 2004 in the Second Action, and May 2003 to May 2004 in the Third Action. This two month gap is irrelevant for res judicata purposes because nothing in the complaint in the Third Action indicates that "the legality of the [defendants'] actions depends on anything that has happened since" plaintiffs voluntarily dismissed the Second Action. Rose, 778 F.2d at 82. Indeed, the complaints in the Second and Third Actions allege precisely the same "facts," transactions and occurrences concerning the fees earned by defendants. Accordingly, the Third Action plainly is barred under the doctrine of res judicata.[2]

    B.    The "Two Dismissal" Rule Makes
No Exception for Stipulated Dismissals

According to plaintiffs, the "two dismissal" rule of Rule 41(a)(1) is inapplicable unless both dismissals have been accomplished by notice, as opposed to stipulation. (Pl. Br. 11-12) Noting that their First Action was voluntarily dismissed pursuant to stipulation, they contend that their voluntary dismissal of the Second Action by notice did not trigger the "two dismissal" rule. This argument is legally erroneous because it is based not on the clear language of Rule 41(a)(1), but rather, on the gloss placed on that language almost thirty years ago by the Second Circuit Court of

---

[2] The doctrine of res judicata bars the Third Action because the claims in that lawsuit are identical to the claims voluntarily dismissed with prejudice in the Second Action. The "two dismissal" rule of Rule 41(a) gives rise to that bar because plaintiffs' dismissal of the Second Action was preceded by their voluntary dismissal of the First Action, which was "based on" the same claims alleged in the Second Action, i.e., the claims in both actions were based on allegations that defendants purportedly overcharged the Funds in violation of ICA § 36(b). It merits emphasis that under Rule 41(a), to trigger the "two dismissal" rule, the claims asserted in the First Action need not be identical to the claims alleged in the Second Action; they need only be "based on" those claims, as they were here. Fed. R. Civ. P. 41(a)(1).

Appeals in <u>Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery</u>, 534 F.2d 1012 (2d Cir. 1976). <u>See</u> <u>Poloron</u>, 534 F.2d at 1017-18. When governing principles of statutory construction are properly employed, however, it becomes abundantly clear that the "two dismissal" rule is fully applicable here.

As the First Circuit has held, in construing a statute, courts "look at its plain language. If the meaning of the language is clear, our inquiry need go no further," except in "the rare case in which applying the plain language of the statute will produce an absurd or irrational result." <u>United States v. Davis</u>, 261 F.3d 1, 61 (1st Cir. 2001) (citation omitted). The Second Circuit ignored this fundamental principle of statutory construction in <u>Poloron</u>, and thus the case is not good law in this Circuit.

Under the plain language of Rule 41(a)(i), the "two dismissal" rule is triggered where, as here, the second dismissal is accomplished by notice, and such notice is "filed by a plaintiff who has once dismissed in any court . . . an action based on or including the same claim." Fed. R. Civ. P. 41(a)(1). As the text of the rule makes plain on its face, the first dismissal required to invoke the rule need only be a voluntary one, and there is no requirement that it be effected by notice, rather than by stipulation. The <u>Poloron</u> court acknowledged as much, finding that Rule 41(a)(1) "by its literal terms <u>makes no distinction</u> between a prior dismissal by notice and one by stipulation." 534 F.2d at 1017 (emphasis added). Nevertheless, the court engrafted a "prior dismissal by notice" requirement onto the rule in light of what it described as the primary purpose of the "two dismissal" rule, namely, "to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." <u>Id</u>. In view of that stated purpose, the court found that it would be inequitable to enforce Rule 41(a)(1) as written. 534 F.2d at 1017-18.

Even if the Second Circuit were correct (which it was not) in concluding that it would be unfair in all cases to rely on a prior stipulated dismissal for purposes of invoking the "two dismissal" rule, any such perceived "inequity" could not provide a valid basis for rewriting the rule, as the court did in Poloron, absent a finding that it would be "absurd" or "irrational" to give effect to the plain language of the rule. Here, it is neither "absurd" nor "irrational" to find, based on the language of Rule 41(a)(1), that plaintiffs are barred from proceeding with a third duplicative lawsuit when they previously dismissed their first case by stipulation, and then refiled and withdrew their action a second time by notice. To the contrary, this result is perfectly appropriate in litigations such as this one, where plaintiffs twice made a conscious strategic decision to withdraw their "excessive fee" claims against Putnam for the sole -- and improper -- purpose of avoiding transfer of the First and Second Actions out of the Southern District of Illinois and into this Court. Under these circumstances, there unquestionably is nothing absurd or irrational about foreclosing plaintiffs from taking a third bite at the apple. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397 (1990) (Rule 41(a)(1) is "aimed at curbing abuses of the judicial system" by allowing plaintiffs only "one dismissal without prejudice"). In any event, because the language of the rule is clear, it can and should be enforced as written. See Davis, 261 F.3d at 61.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER ICA § 36(b)

Contrary to the misleading impression plaintiffs attempt to create in their brief, defendants are not asking this court to apply "a heightened pleading standard" to the complaint (Pl. Br. at 7), nor are they arguing that "evidentiary factors" constitute "pleading requirements." (Pl. Br. at 12) Even in the aftermath of Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), "it is not enough

merely to allege a violation in conclusory terms . . . the complaint [still] must make out the rudiments of a valid claim." E. Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n, 357 F.3d 1, 9 (1st Cir. 2004). Plaintiffs' failure to do so in this case warrants dismissal of the complaint.

Under the test which remains applicable, dismissal under Rule 12(b)(6) is appropriate where, as here, "the facts alleged, if proven [at trial], will not justify recovery." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Thus, plaintiffs cannot withstand a motion to dismiss merely by alleging in conclusory fashion, as they do in their complaint, that defendants' fees are excessive because they purportedly bear no reasonable relation to the services defendants have rendered. Rather, they "must allege facts that, if proven, would support, directly or by fair inference, a finding" that defendants' fees are "excessive" within the meaning of the applicable legal standard. Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997).

Contrary to plaintiffs' suggestion, the foregoing pleading requirement does not require plaintiffs to set forth "evidence" in their complaint or to satisfy all of the Gartenberg factors at this juncture. Rather, they must plead facts which, if true, would be sufficient to state a claim for relief. This they plainly have failed to do because as demonstrated in Putnam's opening brief, courts repeatedly have concluded that the same "facts" alleged by plaintiffs – even when proven at trial – fail to provide a sufficient basis for recovery under Section 36(b) of the ICA. As defendants have shown:

- plaintiffs allege that the Court should infer that Putnam Investments failed to share economies of scale with the Funds merely because the assets of the Funds have increased over time. Court repeatedly have held that any such inference would be unreasonable as a matter of law. (Opening Br. at 9-10)

- plaintiffs allege that the Court should infer that Putnam's fees are "excessive" because it purportedly charges institutional clients "substantially lower" fees

6

than those charged to mutual fund clients. Courts repeatedly have held that any such inference would be unreasonable as a matter of law. (Id. at 10-11)

- plaintiffs allege that the court should infer that Putnam's fees are "excessive" because two Funds underperformed the S&P 500 index. Courts repeatedly have held that any such inference would be unreasonable as a matter of law. (Id. at 12-13)

- plaintiffs allege that the Court should infer a dramatic increase in Putnam's profits merely because the amount of fees paid to it by two Funds increased over time. Courts repeatedly have held that any such inference would be unreasonable as a matter of law. (Id. at 13-14)

- plaintiffs allege that this Court should infer that Putnam's fees are excessive because the Funds have trustees in common, the trustees are well compensated, and the Funds all use defendants as their adviser and distributor, respectively. Courts repeatedly have held that any such inference would be unreasonable as a matter of law. (Id. at 16)

Apparently recognizing that the "facts" alleged in the complaint, even if proved at trial, are insufficient to state a claim, plaintiffs contend that they must have discovery to shore up the deficiencies of their pleading. (Pl. Br. 14-16) But plaintiffs have it backwards. As the First Circuit has admonished:

> [I]t is only after stating a valid claim that a plaintiff can insist upon a right to discovery. If this were not so, a party entirely lacking in a cause of action could sue first and then "fish" to see if he could discover a cause of action. That principle applies here.

Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 39 (1st Cir. 1992). Because plaintiffs have stated no claim, they have no right to rummage through defendants' files in the hope of finding a wrong where none exists.

7

## CONCLUSION

For the reasons stated above and in defendants' opening memorandum, defendants respectfully submit that their motion to dismiss the complaint should be granted.

Dated: October 1, 2004
      Boston, Massachusetts

Respectfully submitted,

Of Counsel:

Seth M. Schwartz
Elizabeth A. Hellmann
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

*/s/ James R. Carroll*
James R. Carroll (BBO #554426)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108-3194
(617) 573-4800

*Attorneys for Putnam Investment Management, LLC and Putnam Retail Management, LP*

## CERTIFICATE OF SERVICE

I, James R. Carroll, hereby certify that on October 1, 2004, I caused a true copy of the foregoing document to be served by hand delivery upon David E. Marder, Esq., Marc N. Henschke, Esq., Jonathan D. Mutch, Esq., Robins, Kaplan, Miller & Ciresi LLP, 111 Huntington Avenue, Boston, MA 02199.

Dated: October 1, 2004

*/s/ James R. Carroll*
James R. Carroll

8