UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10988-GAO

STEVEN G. WICKS and
GERALD A. KALBFLEISCH,
Plaintiffs,

v.

PUTNAM INVESTMENT MANAGEMENT, LLC
and PUTNAM RETAIL MANAGEMENT, LLP,
Defendants.

MEMORANDUM AND ORDER
March 28, 2005

O'TOOLE, D.J.

The plaintiffs, Steven G. Wicks and Gerald A. Kalbfleisch, bring this securities action against Putnam Investment Management, LLC and Putnam Retail Management, LLP for breach of fiduciary duty under section 36(b) of the Investment Company Act of 1940 (the "ICA"). The defendants move to dismiss the complaint pursuant to Rules 41(a)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I conclude that the motion ought to be granted in part and denied in part.

**I.    Background**

   A.   Summary of Alleged Facts

The complaint alleges the following facts:

The plaintiffs are shareholders of nine mutual funds underwritten, distributed, and advised by the defendants. Wicks owns shares of the Putnam Discovery Growth Fund, Putnam Fund for Growth and Income, Putnam Growth Opportunities Fund, Putnam Investors Fund, Putnam New Opportunities Fund, Putnam New Value Fund, Putnam Vista Fund, and the Putnam Voyager Fund,

and Kalbfleisch owns shares in the Putnam Classic Equity Fund (collectively, "the Funds"). Pursuant to management contracts with the Funds, Putnam Investment Management provides investment advisory services to the Funds in exchange for advisory or management fees. These advisory fees vary based on the value of the assets under management and are reduced as the total value of the assets under management increases. Pursuant to share distribution plans adopted pursuant to Securities and Exchange Commission ("SEC") Rule 12b-1, 17 C.F.R. § 270.12b-1, Putnam Retail Management provides underwriting and marketing services to the Funds in exchange for distribution fees. Like the advisory fees, the 12b-1 distribution fees are based on a percentage of the net assets in the Funds.

Although assets held by the Funds have increased significantly over time, the nature and quality of the services rendered by the defendants to the Funds has not substantially changed. This has created benefits from economies of scale which the defendants have failed to share with the Funds. Instead, the defendants continue to receive larger fees from the Funds, capturing all benefits from the economies of scale for themselves.

In addition, the defendants' institutional clients are able to negotiate the fees they pay to the defendants at arm's length, while the Funds are not. As a result, the defendants and their affiliates provide the same advisory services to their institutional clients for substantially lower fees than they charge the Funds, and some institutional clients often pay no distribution fees at all.

The defendants also direct the payment of excessive commissions to securities broker-dealers to execute trades for the Funds in exchange for "soft dollars" (said to be a form of kickback) that benefit the defendants and not the Funds.

By receiving excessive advisory and distribution fees and inappropriate compensation, the plaintiffs claim the defendants have breached their fiduciary duties to the Funds in violation of § 36(b) of the ICA.[1]

B.   Procedural History

Wicks was one of a number of other named plaintiffs (not including Kalbfleisch) who in June 2001 brought a purported class action in the United States District Court for the Southern District of Illinois against the same defendants as in the present action (among others) seeking recovery for excessive distribution and advisory fees received by the defendants in breach of their fiduciary duties under § 36(b) of the ICA. At the time that action was filed, Wicks owned shares in (and thus purported to sue under § 36(b) on behalf of ) the Putnam Growth and Income, High Yield II, International Growth, International Voyager, Investors, and New Century Growth Funds. On March 8, 2002, prior to class certification, District Judge Michael J. Reagan severed and transferred the case against Putnam Investment Management and Putnam Retail Management to the District of

---

[1]  Section 36(b) provides, in pertinent part:

> [T]he investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser. An action may be brought . . . by a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser . . . for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person.

15 U.S.C. § 80a-35(b).

3

Massachusetts. See Nelson v. Aim Advisors, Inc., No. 01-CV-0282, 2002 WL 442189, at *6-7 (S.D. Ill. Mar. 8, 2002). Similar severance and transfer orders were issued with respect to claims asserted against the other non-Putnam defendants that were named in the case. On March 28, 2002, before Judge Reagan's order was given effect, the parties to the case filed a stipulation of dismissal of the entire action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1).

On March 2, 2004, Wicks, joined by Kalbfleisch only, filed a purported class action in the United States District Court for the Southern District of Illinois against the same Putnam defendants seeking recovery for excessive distribution and advisory fees received by the defendants in breach of their fiduciary duties under § 36(b) of the ICA. At the time this second action was filed, Wicks owned shares in the Putnam Discovery Growth, Growth and Income, Growth Opportunities, Investors, New Opportunities, New Value, Vista, and Voyager Funds, and Kalbfleisch owned shares in the Putnam Classic Equity, Discovery Growth, and Investors Funds. This action was also assigned to Judge Reagan. On May 14, 2004, Wicks and Kalbfleisch filed a notice of dismissal voluntarily dismissing the action without prejudice and without leave of court pursuant to Fed. R. Civ. P. 41(a)(1).

On May 17, 2004, three days after voluntarily dismissing the second action, Wicks and Kalbfleisch filed the present action in this District. As in the second action, Wicks and Kalbfleisch have alleged § 36(b) excessive fee claims on behalf of the Putnam Discovery Growth, Growth and Income, Growth Opportunities, Investors, New Opportunities, New Value, Vista, Voyager, and Classic Equity Funds.

**II.     Discussion**

     A.    <u>The "Two Dismissal" Rule Under Fed. R. Civ. P. 41(a)(1)</u>

A notice of voluntary dismissal filed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure "operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States . . . an action based on or including the same claim." In such a case, res judicata bars a subsequent third suit, even if (as here) the notice states that the second dismissal is without prejudice. 8 James Wm. Moore, <u>et al.</u>, <u>Moore's Federal Practice</u> § 41.33(7)(a) (3d ed. 2004). In order to trigger the "two dismissal" rule, the plain language of Rule 41(a)(1) requires the second dismissal to be accomplished by notice, but the first dismissal may be accomplished either by notice or by stipulation. The first action in the Southern District of Illinois was dismissed by stipulation and the second by notice, so the rule is potentially applicable. Since the complaints in the second action and this one are substantially similar, the key issue raised by the defendants' motion is whether the two Illinois actions were based on or include the "same claim" so that the dismissal of the second action operated as an adjudication that bars this suit.

In <u>Daily Income Fund, Inc. v. Fox</u>, 464 U.S. 523 (1984), the Supreme Court interpreted § 36(b) of the ICA to confer authority upon either the SEC or any security holder of a registered investment company, such as any of the Putnam funds, to sue investment advisers and related persons for breach of fiduciary duty. <u>Id</u>. at 535-36. The Court took pains to point out that the fund itself did not have such a cause of action, and that the shareholder's suit on the fund's behalf was not a "derivative" one in the sense that the shareholder was seeking to enforce a cause of action that the fund had but refused to enforce on its own. <u>Id</u>. at 542.

5

Two conclusions relevant to the present issue seem to flow from this construction. First, for Rule 41(a)(1) and claim preclusion purposes, the "plaintiff" in a § 36(b) action is the shareholder who commenced the action on behalf of a particular registered investment company, not the company itself, because, under Fox, the company cannot be a plaintiff with respect to a claim it does not have. Accordingly, Wicks (along with others not involved here) was a plaintiff who joined in the dismissal of the first action, and Wicks and Kalbfleisch were the plaintiffs in the second action who filed the notice of voluntary dismissal. Of the two of them, only Wicks had previously dismissed a similar case, so only he, and not Kalbfleisch, is potentially subject to the "two dismissal rule."

The second conclusion is that a shareholder plaintiff has a § 36(b) cause of action with respect to each registered investment company in which he owns an interest. In the present case, Wicks asserts he owns shares of eight separate Putnam funds. He has a § 36(b) cause of action with respect to each of the eight. What follows from this is that a claim brought by Wicks on behalf of the Putnam Growth and Income Fund is not the "same claim" for Rule 41(a)(1) and claim preclusion purposes as a claim brought by Wicks on behalf of the Putnam Discovery Growth Fund, for example, because each fund is a separate corporate entity with separate management contracts and share distribution plans with Putnam Investment Management and Putnam Retail Management, respectively.

The upshot is that the "two dismissal rule" bars the reassertion only of claims that have twice before been made by Wicks on behalf of the same fund and then dismissed. There are only two: the Putnam Growth and Income Fund and the Putnam Investors Fund. Wicks presented § 36(b) claims with respect to those two funds in both the first action and the second action. His voluntary dismissal of the claims in the second action operated, by dint of Rule 41(a)(1), as an adjudication on the merits, and Wicks is barred from bringing them again.

The difference between Wicks's first and second actions as to the period for which damages could be assessed does not mean that the § 36(b) claims in the respective actions were not the "same." Even though § 36(b) only allows recovery of damages for a time period beginning one year before the action is instituted, 15 U.S.C. § 80a-35(b)(3), Wicks's allegations in the two actions were not directed towards conduct limited to any specified time period. The first action alleged breach of fiduciary duty with respect to investment advisory fees and distribution fees paid by the mutual funds since May 1, 1991. Nelson, 2002 WL 442189, at *1. Similarly, in the second action, Wicks alleged that the defendants improperly benefitted from economies of scale created over the past twelve to thirteen years. Both cases were premised on the same breaches of fiduciary duty. This is not a case where separate wrongdoing formed the basis for the two claims. Compare Rose v. Town of Harwich, 778 F.2d 77, 82 (1st Cir. 1985) ("Rose has given us no reason to believe that the legality of the town's actions depends on anything that has happened since the state court dismissed his original suit."), with Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955) (where the conduct complained of in the second action all occurred subsequent to the judgment in the first action).

    B.    Sufficiency of the Allegations in the Complaint

The plaintiffs allege that the distribution and advisory fees received by the defendants are so excessive as to constitute a breach of fiduciary duty under § 36(b) of the ICA. In Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923, 928 (2d Cir. 1982), the Second Circuit announced the oft-cited rule that an investment adviser or manager may be liable for breach of fiduciary duty under § 36(b) for charging a fee that is "so disproportionately large that it bears no reasonable relationship to the services rendered" and could not have been the product of "arm's length" bargaining. Factors to consider in judging the disproportionality of a fee include: (1) the

nature and quality of services provided to fund shareholders; (2) the profitability of the fund to the adviser-manager; (3) fall-out benefits; (4) economies of scale; (5) comparative fee structures; and (6) the independence and conscientiousness of the trustees. Krinsk v. Fund Asset Management, Inc., 875 F.2d 404, 409 (2d Cir. 1989) (citing Gartenberg, 694 F.2d at 929-30)). The First Circuit has not expressly adopted the Gartenberg factors or established a specific pleading standard for § 36(b) claims. I agree with the plaintiffs that Gartenberg–should it be the appropriate standard–does not establish a heightened pleading requirement for § 36(b) excessive fee claims. A plaintiff's failure to plead certain Gartenberg factors is not itself grounds for dismissal. The Court's focus in reviewing the defendants' motion to dismiss is on whether the allegations in the complaint set forth "a short and plain statement of the claim showing that the pleader[s] [are] entitled to relief." Fed. R. Civ. P. 8(a)(2); Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004). A complaint should not be dismissed under Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under the notice pleading requirements of the Federal Rules, the plaintiffs' complaint sets forth allegations sufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted.

**III.     Conclusion**

For the foregoing reasons, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  The § 36(b) claims brought by Wicks on behalf of the Putnam Growth and Income Fund and the Putnam Investors Fund are dismissed with prejudice.  All other claims alleged in the complaint are permitted to go forward at this stage.

It is SO ORDERED.


March 28, 2005                                         \s\ George A. O'Toole, Jr.
DATE                                                   DISTRICT JUDGE