UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVEN G. WICKS, GERALD A. KALBFLEISCH, and MICHAEL and MYRTLE HATHAWAY<br><br>Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT, LLP,<br><br>Defendants. | Civil Action No: 04-CV-10988 |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Steven G. Wicks, Gerald A. Kalbfleisch, and Michael and Myrtle Hathaway have moved pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to file the proposed Second Amended Complaint, a copy of which is attached to Plaintiffs' Motion as Exhibit "A". The Motion seeks only to add John J. Vaughn as plaintiff on behalf of certain mutual funds that were already included in the Plaintiffs' original Complaint. No new claims or defendants will be added, nor will the scheduling of the case be affected. As explained more fully below, this motion is being filed in a timely fashion and will not result in any prejudice to the Defendants. Accordingly, the motion should be granted.

I.  BACKGROUND

This is an action for excessive fees pursuant to Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-1 et seq. On May 17, 2004, Plaintiffs Steven Wicks and Gerald

Kalbeleisch filed their Complaint against Putnam Investment Management, LLC and Putnam Retail Management, LLP (collectivley, the "Defendants") on behalf of nine Putnam mutual funds (the "Putnam Funds")[1]. On August 13, 2004, the Defendants moved to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ P. 12(b)(6) and Fed. R. Civ. P. 41(a)(1). After a hearing on Defendants' motion, the Court on March 28, 2005 granted Defendants' motion in part, dismissing under the "two dismissal rule" the claims brought by Plaintiff Steven Wicks on behalf of two of the Putnam Funds, Putnam Fund for Growth and Income and Putnam Investors Fund. The Court denied the remainder of Defendants' motion, finding that Plaintiffs had a stated a claim and allowing all of the Plaintiffs' other claims to proceed.

On April 4, 2005, Plaintiffs filed as of right an Amended Complaint, adding Plaintiffs Michael and Myrtle Hathaway, who sued on behalf of the Putnam Fund for Growth and Income and Putnam Investors Fund (the two funds whose claims had been dismissed). Because these plaintiffs had not dismissed cases twice before, the Court's March 28, 2005 Order did not apply to them. Plaintiff Wicks remained as a plaintiff on behalf of the funds owned by him that had not been dismissed.[2] Defendants filed their Answer on April 21, 2005.

Plaintiffs' counsel subsequently learned that Wicks' broker had, against his instructions, sold all of his shares in the Putnam Funds. Affidavit of Jonathan Mutch ("Mutch Aff."), at ¶ 3. Plaintiffs' counsel promptly investigated the situation, including confirming that the shares had, in fact, been sold and that Mr. Wicks did not maintain ownership of any of the Putnam Funds in any other accounts that had not been sold. Mutch Aff., at ¶ 4.

---

[1] The Putnam Funds consist of the Classic Equity Fund, Discovery Growth Fund, Fund for Growth and Income, Growth Opportunities Fund, Investors Fund, New Opportunities Fund, New Value Fund, Vista Fund and Voyager Fund.

[2] These were the Discovery Growth Fund, Growth Opportunities Fund, New Opportunities Fund, New Value Fund, Vista Fund, and the Voyager Fund.

It is Plaintiffs' position that the sale of Wick's shares does not affect his standing to maintain this action.[3] However, Plaintiffs believe that the Defendants will take the position that Wicks no longer has standing.[4] To moot this issue, Plaintiffs' counsel discussed with certain former clients the possibility of serving as replacement plaintiffs. John J. Vaughn ("Vaughn"), who owns two of the funds previously owned by Wicks, the Putnam Voyager Fund and the Growth Opportunities Fund, expressed an interest in doing so. Vaughn formally retained Plaintiff's counsel on June 13, 2005. Mutch Aff., at ¶ 5.

Within a week from Vaughn's formal agreement to participate, Plaintiffs have brought the present motion requesting leave to file the proposed Second Amended Complaint. The only substantive amendment[5] sought by this motion is the addition of Vaughn as plaintiff on behalf of the Putnam Voyager Fund and the Growth Opportunities Fund. These funds are among the Putnam Funds included in the original Complaint. No new funds, claims or defendants are added by the proposed Second Amended Complaint.

Plaintiffs do not waive, and expressly reserve, the right to argue that Wicks has not lost standing to bring this action. They seek to add Vaughn as a plaintiff only as an guarantee that at least two of Wicks' funds, the Putnam Voyager Fund and the Growth Opportunities Fund, will

---

[3] Section 36(b) provides, in relevant part, that "an action may be brought… by a security holder of [a] registered investment company on behalf of such company…" 15 U.S.C. § 80a-35(b). It is undisputed that, consistent with the statute requirement, Plaintiff Wicks was a security holder in the relevant Putnam Funds at the time the action was brought.

[4] Counsel for Plaintiffs communicated with counsel for Defendants on June 14, 2005 concerning Defendants' position on the standing issue. Defendants' counsel advised that they will take the position that Wicks no longer has standing.

[5] In addition to adding Plaintiff Vaughn, the Amended Complaint reflects that Plaintiff Wicks no longer owns the Putnam Funds, and makes a few very minor edits. Specifically, it reflects a new address for Plaintiff Wicks and also clarifies in Paragraphs 14 and 15 that Plaintiffs Wicks and Kalbfleisch owned their shares in the Putnam Funds from before the filing of the original Complaint.

be represented if the Defendants move to dismiss Wicks from the case and the Court were to find that Wicks no longer has standing.[6]

The Court has not yet held an initial scheduling conference and has not entered a scheduling order. Discovery has only recently commenced, the parties having exchanged their initial disclosures and Plaintiffs having served one set of document requests on Defendants to which Defendants have not yet responded.

## II.  PLAINTIFFS' MOTION SHOULD BE GRANTED.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to file an amended complaint should be "freely given when justice so requires." Where, as here, a scheduling order has not yet entered, the trial court should freely allow a motion to amend absent undue delay, bad faith, or futility of the amendment. Fed. R. Civ. P. 15(a); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Rule 15(a)'s "liberal approach to pleading" encourages the determination of claims on the merits wherever possible. *McMillan v. Massachusetts Soc'y for the Prevention of Cruelty to Animals*, 168 F.R.D. 94, 97 (D. Mass. 1995).

### A.  PLAINTIFFS HAVE NOT UNDULY DELAYED IN SEEKING TO AMEND THEIR COMPLAINT AND ABSOLUTELY NO PREJUDICE WILL RESULT TO DEFENDANTS BY THE AMENDMENT.

A court may not deny a motion to amend unless it considers both undue delay and the prejudice to the opposing party. *Hayes v. New England Millwork Distributors*, 602 F.2d 15, 19 (1st Cir. 1979).

Here, Plaintiffs did not unduly delay in seeking to amend their Complaint to add John Vaughn as Plaintiff. To the contrary, in a matter of days from Vaughn executing an agreement to participate in the litigation, Plaintiffs moved to add him. There has been no undue delay. *See*

---

[6] Although Vaughn does not own shares in all six of the funds for which Wicks serves as a plaintiff, the assets under management in the two funds owned by Vaughn represent the majority of the assets held collectively

*Savoy v. White*, 139 F.R.D. 265, 269 (D. Mass. 1991) (four month delay to prepare new claim not inordinate, even when action was filed more than one year earlier).

Nor can Defendants possibly suggest they would be prejudiced by the amendment. The proposed Second Amended Complaint only adds a plaintiff suing on behalf of two Putnam Funds already included in the original Complaint. The claims alleged, the funds at issue, and the named defendants are *entirely the same* as those in the original complaint. Moreover, this case is in its infancy, as the Court has not yet entered a scheduling order and discovery has just begun. Simply put, Defendants will suffer absolutely no prejudice by the granting of this motion. *See McMillan*, 168 F.R.D. at 98 (no prejudice where amendment adds no new theories or claims); *See also Savoy*, 139 F.R.D. at 269 (no prejudice where new claims closely relate to claims in original complaint and no trial date set, and even though defendant would have to resume plaintiff's deposition). *Contrast Steir*, 383 at 12 (noting motions to amend disfavored where amendment would require re-opening of discovery, significant postponement of trial, and major alterations in trial strategy) (citations omitted).

B.     PLAINTIFFS ARE NOT ACTING IN BAD FAITH IN SEEKING TO AMEND THEIR COMPLAINT.

Bad faith in the context of Rule 15(a) means using a motion to amend to achieve a dilatory purpose, for example to forestall a ruling on summary judgment, to postpone trial, to impose additional expense on an adversary, or to gain settlement advantage. *See Savoy*, 139 F.R.D. at 269. *See also Millar v. Bay Area Rapid Transit*, 236 F.Supp.2d 1110, 1113 (N.D. Ca. 2002).

With the filing of the proposed amended complaint in this case, there are no pending dispositive motions to be affected, no trial date or any other scheduling deadlines to put off, and

---

by the six funds owned by Wicks.

no additional burdens will be put on Defendants. In fact, the substance, procedure and timing for the litigation will remain exactly the same. There can be no contention whatsoever that Plaintiffs in this action have acted in bad faith in seeking to amend.

    C.    THE AMENDMENT OF PLAINTIFFS' COMPLAINT WILL NOT BE FUTILE.

A proposed amendment may be denied as futile if it would fail to state a claim or would serve no legitimate purpose. *Savoy*, 139 F.R.D. at 267. Here, the amendment adds a plaintiff to preserve the very same claims, on behalf of the very same Putnam Funds, and against the very same Defendants as those in the original complaint- - a complaint that, in response to Defendants' extensive Fed. R. Civ. P. 12(b)(6) challenge, this Court found states a cause of action. Under these circumstances, Defendants cannot suggest that Plaintiffs' motion would be futile.

    III.    CONCLUSION

Plaintiffs filed the within motion promptly upon Vaughn's executing an agreement to join this action on behalf of the Putnam Voyager Fund and the Growth Opportunities Fund. None of the factors that under other circumstances might militate against the granting of a motion to amend are present here. Plaintiffs' motion to amend the complaint should be freely granted so that a full and fair determination on the merits of Plaintiffs' Section 36(b) claims can be made, as Fed. R. Civ. P. 15(a) contemplates.

Dated: June 20, 2005

                         Respectfully submitted,

                         STEVEN G. WICKS
                         GERALD A. KALBFLEISCH
                         MICHAEL and MYRTLE HATHAWAY

                         By their counsel,

                         */s/ David E. Marder*
                         David E. Marder (BBO #552485)
                         Marc N. Henschke (BBO #636146)
                         Jonathan D. Mutch (BBO # 634543)
                         ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                         800 Boylston Street, 25th Floor
                         Boston, MA 02199
                         (617) 267-2300


                         Thomas J. Gallo (admitted pro hac vice)
                         ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                         2600 One Atlanta Plaza
                         950 E. Paces Ferry Rd., N.E.
                         Atlanta, GA 30326-1119
                         (404) 760-4300


                         Thomas R. Grady (admitted pro hac vice)
                         ACKERMAN, LINK & SARTORY, P.A.
                         222 Lakeview Avenue, Suite 1250, Esperante
                         West Palm Beach, FL 33401

## CERTIFICATE OF SERVICE

I, David E. Marder, hereby certify that on June 20, 2005, I caused the attached Memorandum to be served by first class mail upon Defendants' counsel of record at the following addresses:

Seth M. Schwartz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

and

James R. Carroll, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108-3194

_____
David E. Marder