UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN G. WICKS, GERALD A.
KALBFLEISCH, and MICHAEL and    :
MYRTLE HATHAWAY

                                :

                Plaintiffs,

                                :    Civil Action
        - against -                  No. 04-10988-GAO

                                :

PUTNAM INVESTMENT MANAGEMENT,
LLC and PUTNAM RETAIL         :
MANAGEMENT, LLP

                                :

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PUTNAM INVESTMENT MANAGEMENT,
LLC'S AND PUTNAM RETAIL MANAGEMENT, LLP'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
(i) SUMMARY JUDGMENT ON THE CLAIMS OF STEVEN G. WICKS,
AND (ii) TO STAY DISCOVERY, BASED ON WICKS' LACK OF STANDING**

                                  James R. Carroll
                                  David S. Clancy
                                  Scott T. Lashway
                                  SKADDEN, ARPS, SLATE,
                                   MEAGHER & FLOM LLP
                                  One Beacon Street
                                  Boston, Massachusetts 02108
                                  (617) 573-4800

Dated: June 27, 2005                  Counsel for Defendants Putnam Investment
                                  Management, LLC and Putnam Retail
                                  Management, LLP

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................... 1

FACTS ........................................................................................................................................... 2

ARGUMENT ................................................................................................................................. 4

I.  WICKS HAS NO STANDING, AND HIS SECTION 36(b)
    CLAIMS MUST BE DISMISSED AS TO EACH OF THE SIX FUNDS
    IN WHICH HE ERRONEOUSLY ALLEGES THAT HE OWNS SHARES .................... 4

    A.  In All Cases, Whether The Plaintiff Has Standing
        Is A Threshold Question, On Which The Plaintiff Bears
        The Burden Of Proof; The Standing Analysis Is Particularly
        Rigorous In Securities Cases, To Prevent "Vexatious" Litigation ......................... 4

    B.  Wicks Has No Standing To Pursue His Section 36(b) Claims ............................... 5

II. DISCOVERY SHOULD BE STAYED PENDING
    RESOLUTION OF THIS MOTION, AND PLAINTIFFS' MOTION TO AMEND ......... 9

CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

**CASES**                                                                                 **PAGES**

Batra v. Investors Research Corp.,
      No. 89-0528-CV-W-6, 1992 WL 278688 (W.D. Mo. Oct. 4, 1991) ...................................8

Blue Chip Stamps v. Manor Drug Stores,
      421 U.S. 723 (1975)...............................................................................................................5

Boyle v. Merrimack Bancorp, Inc.,
      756 F. Supp. 55 (D. Mass. 1991) .........................................................................................5

Button v. Hodap,
      No. 98-Civ-8692-RWS, 1999 WL 46635 (S.D.N.Y. Feb. 1, 1999) ...................................11

Dynamic Image Techs., Inc. v. United States,
      221 F.3d 34 (1st Cir. 2000)................................................................................................11

Daily Income Fund, Inc. v. Fox,
      464 U.S. 523 (1984)..............................................................................................................7

Gollust v. Mendell,
      501 U.S. 115 (1991).....................................................................................................passim

In re Bank of Boston Corp. Secs. Litig.,
      762 F. Supp. 1525 (D. Mass. 1991) .................................................................................4, 5

IXL Enter., Inc. v. GE Capital Corp.,
      No. 301-CV-2051-CFD, 2005 WL 736820 (D. Conn. Mar. 31, 2005) ...............................8

Konstanikos v. Fed. Deposit Ins. Corp.,
      719 F. Supp. 35 (D. Mass. 1989) .........................................................................................5

LTX Corp. v. Daewoo Corp.,
      979 F. Supp. 51 (D. Mass. 1997),
      aff'd, 141 F.3d 149 (1st Cir. 1998)....................................................................................11

Lujan v. Defenders of Wildlife,
      504 U.S. 555 (1992)..............................................................................................................5

Nelson v. Aim Advisors, Inc.,
      No. 01-CV-0282-MJR, 2002 WL 442189 (S.D. Ill. Mar. 8, 2002) .....................................3

United States Parole Comm'n v. Geraghty,
      445 U.S. 388 (1980)..............................................................................................................7

Warth v. Seldin,
   422 U.S. 490 (1975).............................................................................................................5

Wicks v. Putnam Inv. Mgmt., LLC,
   No. 04-CV-145-MJR (S.D. Ill.)............................................................................................3

## **STATUTES**

15 U.S.C. § 78p(b) (2000) .............................................................................................................6

15 U.S.C. § 80a-35(b)(2000) .........................................................................................................2

U.S. Const. Art. III........................................................................................................................5

## **RULES OF PROCEDURE**

Fed. R. Civ. P. 26(c) ...................................................................................................................11

Fed. R. Civ. P. 41(a)(1)..................................................................................................................3

Fed. R. Civ. P. 56......................................................................................................................1, 2

## PRELIMINARY STATEMENT

Contrary to the allegations of the Amended Complaint, Plaintiff Steven Wicks

does not own Putnam fund shares, and he lacks standing to pursue his claims.

In his April 4, 2005 Amended Complaint, Wicks alleged that he:

. . . is a shareholder in the Putnam Discovery Growth Fund, Putnam Growth
Opportunities Fund, Putnam New Opportunities Fund, Putnam New Value Fund,
Putnam Vista Fund and the Putnam Voyager Fund.

(Defendants' L.R. 56.1 Statement ¶ 1, citing to Am. Comp., ¶ 14, attached to the L.R. 56.1

Statement as Ex. A.)

On that basis, Wicks alleged violation of Section 36(b) of the Investment

Company Act of 1940, codified at 15 U.S.C. § 80a-35(b) ("Section 36(b)"), as to those six funds.

(See, generally, Amended Complaint.)

By letter dated June 3, 2005, Wick's counsel informed Defendants' counsel that in

fact Wicks does not own shares in those funds, and did not own them when he filed the

Amended Complaint. (L.R. 56.1 Statement ¶ 2, citing to June 3, 2005 letter from Plaintiffs'

counsel to Defendants' counsel, attached to the L.R. 56.1 Statement as Ex. B.) (According to the

letter, the shares were sold sometime between the filing of the May 17, 2004 original Complaint

and before the filing of the April 4, 2005 Amended Complaint. Id.)

Consequently, for the reasons set forth in Section I of this memorandum, Wicks

does not have standing to pursue this lawsuit, and summary judgment dismissal of his claims is

appropriate pursuant to Fed. R. Civ. P. 56.

Further, for the reasons set forth in Section II of this memorandum, discovery

should be stayed pending the resolution of this motion, and also pending resolution of Plaintiffs'

pending motion to amend the Amended Complaint to add a new plaintiff (which, in essence, is a

motion to substitute a new plaintiff for Wicks). As matters currently stand, Plaintiffs' counsel

1

have served upon Defendants 141 separate requests for the production of documents (all in a "first" set of requests), even though -- in this third Wicks Section 36(b) lawsuit, in which the complaint has already been amended -- it is still not established (i) who the plaintiffs are, or (ii) what funds are at issue (and, as this Court held in its motion to dismiss ruling, each fund is an entirely "separate corporate entity." (March 28, 2005 Memorandum and Order ("March 28, 2005 Order"), at 6 (emphasis added).)

Defendants submit that under these circumstances it was inappropriate for Plaintiffs to commence sweeping discovery. Defendants respectfully request that the Court exercise its power under Fed. R. Civ. P. 26 to temporarily stay discovery, for reasons of fairness and economy, until resolution of the open threshold issues (i.e., who the plaintiffs are, and which "separate corporate entit[ies]" this case is about.)

## FACTS

Steven Wicks and Gerald Kalbfleisch filed this lawsuit on May 17, 2004. Wicks asserted Section 36(b) claims as to eight funds: Putnam Growth Discovery Fund, Putnam Fund for Growth and Income, Putnam Growth Opportunities Fund, Putnam Investors Fund, Putnam New Opportunities Fund, Putnam New Value Fund, Putnam Vista Fund, and the Putnam Voyager Fund.[1] (May 17, 2004 Complaint, ¶ 14.) (Kalbfleisch asserted a 36(b) claim as to one

---

[1]     Section 36(b) reads in part:

> An action may be brought under this subsection by the Commission, or *by a security holder of such registered investment company on behalf of such company*, against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in subsection (a) of this section who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person.

15 U.S.C. § 80a-35(b) (2000) (emphasis added.)

2

other fund, the Putnam Classic Equity Fund. (Defendants' L.R. 56.1 Statement ¶ 1, citing to Amended Complaint, ¶ 15.))

Defendants moved to dismiss the Complaint on August 13, 2004 (noting, therein, that it alleged no facts supporting Wicks' bare claims to ownership of fund shares).

This Court denied that motion by the March 28, 2005 Order, except that this Court dismissed Wicks' Section 36(b) claims as to two of the eight funds in which he asserted share ownership: the Putnam Growth and Income Fund, and the Putnam Investors Fund. (March 28, 2005 Order, at 9.) This Court did so on the basis of the "two dismissal" rule: Wicks had previously filed, and voluntarily dismissed, two Section 36(b) lawsuits involving those two funds, and, under Fed. R. Civ. P. 41(a)(1), he was thereby barred from bringing a third. (Id. at 5-7.)[2] (Defendants do not waive their argument that Wicks' Section 36(b) claims are barred under Fed. R. Civ. P. 41(a)(1) as to all funds.)

On April 4, 2005, an Amended Complaint was filed. In it, Wicks asserts Section 36(b) claims as to the same funds he challenged in his original Complaint, minus the two funds this Court had earlier dismissed (the Putnam Growth and Income Fund, and the Putnam Investors Fund). He alleges in support of those claims that he "is a shareholder" in those six funds. (Defendants' L.R. 56.1 Statement ¶ 1, citing to Am. Complaint, ¶ 14.)[3]

---

[2]    Defendants described the procedural history in more detail in their opposition to Plaintiffs' motion for leave to file a Second Amended Complaint, but note here, for context, that Wicks' previous two Section 36(b) suits against Defendants were: (1) Nelson v. Aim Advisors, Inc. (Cause No. 01-CV-0282-MJR), filed in 2001 in the United States District Court for the Southern District of Illinois (voluntarily dismissed following Judge Michael J. Reagan's order to sever claims against Defendants from those against unrelated defendants and to transfer the action to this District); and (2) Wicks v. Putnam Inv. Mgmt., LLC (Case No. 04-CV-145-MJR), filed in the United States District Court for the Southern District of Illinois in 2004 (voluntarily dismissed on May 14, 2004).

[3]    The Amended Complaint implicates three other funds: Kalbfleisch still asserts a Section 36(b) claim as to the Putnam Classic Equity Fund, and two new plaintiffs, Michael and Myrtle

On June 3, 2005, two months after filing the Amended Complaint, Plaintiffs'

counsel notified Defendants' counsel by letter that, in fact,

> Mr. Wicks' broker sold all of Mr. Wicks' shares in Putnam mutual funds...[and]
> t[he] sale occurred between the filing of the original complaint and the amended
> complaint.

(L.R. 56.1 Statement ¶ 2, citing to June 3, 2005 letter, which later calls this issue "irrelevant.")

(The letter does not state whether Wicks owned his shares during the period of briefing,

argument, and decision on Putnam's motion to dismiss. If he did not, much time and effort could

have been saved by timely disclosure of that fact. At a minimum, the question of standing could

have been addressed then, before this Court addressed and resolved the application of the two-

dismissal rule, and the adequacy of Wicks' substantive allegations, as to funds he did not even

own.[4])

## ARGUMENT

## I.    WICKS HAS NO STANDING BECAUSE HE DOES NOT OWN SHARES OF THE FUNDS, AND HIS SECTION 36(b) CLAIMS MUST BE DISMISSED

### A.    Whether The Plaintiff Has Standing Is A Threshold Question, On Which The Plaintiff Bears The Burden Of Proof

Standing "'is the threshold issue in every federal case,' because the resolution of

the standing issue bears directly on the constitutional power of [the] Court to decide the

---

Hathaway, assert Section 36(b) claims as to the Putnam Growth and Income Fund and the
Putnam Investors Fund (the two funds that this Court had earlier dismissed.)

[4]    For example, in the context of Wicks' erroneous assertion of share ownership, this
Court ruled, in addressing and resolving the issue of the two-dismissal rule, that a:

> shareholder plaintiff has a § 36(b) cause of action with respect to each registered
> investment company in which he owns an interest. In the present case, Wicks
> asserts he owns shares of eight separate Putnam funds. He has a § 36(b) cause of
> action with respect to each of the eight.

(March 28, 2005 Order, at 5-6.)

4

controversy at all." In re Bank of Boston Corp. Secs. Litig., 762 F. Supp. 1525, 1531 (D. Mass.

1991) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975), and dismissing the claim of a Section

10(b) plaintiff on standing grounds).

The "irreducible constitutional minimum of standing" is grounded in Article III of

the United States Constitution, which gives the courts jurisdiction to resolve only "cases" and

"controversies." U.S. Const. Art. III; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

The plaintiff bears the burden of proving standing. Id. at 561.

"Strict standing requirements are particularly important in the area of securities

litigation, in order to curb the risks of vexatious litigation and abuse of discovery." In re Bank of

Boston, 762 F. Supp. at 1531 (citing Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723

(1975)). In the area of securities litigation, as in other areas, courts have consistently dismissed

lawsuits where the plaintiff does not have standing.[5]

## B.    Wicks Does Not Own Putnam Fund Shares
And Has No Standing To Pursue His Section 36(b) Claims

A Section 36(b) plaintiff who does not own fund shares has no personal stake in

the outcome of the litigation, and therefore has no standing to sue.

In Gollust v. Mendell, 501 U.S. 115, 118 (1991), the plaintiff, a stockholder in

Viacom International, Inc., ("International"), filed a complaint under section 16(b) of the

Securities Exchange Act of 1934 ("Section 16(b)"). Section 16(b) permits a shareholder to sue in

---

[5]    See, e.g., In re Bank of Boston, 763 F. Supp. at 1531 (dismissing Section 10(b) plaintiff
during class certification proceedings on standing grounds, and listing exemplar securities-case
standing dismissals, including Boyle v. Merrimack Bancorp, Inc., 756 F. Supp. 55, 61-62 (D.
Mass. 1991) (Section 10(b) claim dismissed on standing grounds because the complaint did not
adequately allege that the plaintiff purchased his shares after the alleged public misstatements),
and Konstanikos v. Fed. Deposit Ins. Corp., 719 F. Supp. 35, 38 (D. Mass. 1989) (Section 10(b)
claim dismissed on standing grounds because, inter alia, the plaintiff purchased the stock at issue
in 1987, but challenged public statements made in 1988).

connection with "short swing profits" (i.e., profits realized from trading within a six month

period) by an insider of the "issuer" of the plaintiff's shares (in Gollust, the issuer was

International). Section 16(b) provides, in part, that:

> Suit to recover such profit may be instituted at law or in equity in any court of
> competent jurisdiction by the issuer, or by the owner of any security of the issuer
> in the name and in behalf of the issuer if the issuer shall fail or refuse to bring
> such suit . . .

15 U.S.C. § 78p(b).[6]

During the course of the litigation, International was acquired by Viacom, Inc.

("Viacom"), and, pursuant to the terms of the acquisition, the plaintiff's stock in International

was replaced with stock in Viacom. Gollust, 501 U.S. at 118-19. Defendants moved for

summary judgment, "arguing that respondent had lost standing to maintain the action when the

exchange of stock and cash occurred, after which respondent no longer owned any security of

International, the 'issuer.'" Id. at 119.

The Supreme Court stated that a plaintiff must maintain a "personal stake" in the

outcome of his lawsuit under Article III standing requirements, regardless of whether such a

requirement is spelled out by the terms of the statute under which he sues:

> Although "Congress may grant an express right of action to persons who would
> otherwise be barred by prudential standing rules," *Warth v. Seldin*, 422 U.S. 490,
> 501, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975), "Art. III's requirement
> remains: the plaintiff still must allege a distinct and palpable injury to himself."
> *Ibid.* Moreover, the plaintiff must maintain a "personal stake" in the outcome of

---

[6]     At issue in Gollust was Section 16(b), whereas Wicks' claims arise under Section 36(b). Compare 15 U.S.C. § 78p(b) (2000) with 15 U.S.C. § 80a-35(b)(2000); see n. 1, supra). As Section 16(b) permits a security holder to bring an action to recover profit "in behalf of the issuer," subject to certain conditions, Section 36(b) allows a security holder of a registered investment company to bring an action "on behalf of such company,". Id. In Gollust, the Supreme Court, in interpreting the standing doctrine's application to the securities laws, held that a Section 16(b) plaintiff must conform with Article III standing requirements. Gollust, 501 U.S. at 125-26. Accordingly, a Section 36(b) plaintiff, like all plaintiffs, must adhere to those same fundamental requirements.

6

the litigation throughout its course. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-97, 100 S. Ct. 1202, 1208-09, 63 L. Ed. 2d 479 (1980).

Id. at 126.

Applying that fundamental principle to the case at hand, the Supreme Court ruled:

Hence, we have no difficulty concluding that, in the enactment of § 16(b), Congress understood and intended that, throughout the period of his participation, a plaintiff authorized to sue insiders on behalf of an issuer would have some continuing financial interest in the outcome of the litigation, both for the sake of furthering the statute's remedial purposes by ensuring that enforcing parties maintain the incentive to litigate vigorously, and to avoid the serious constitutional question that would arise from a plaintiff's loss of all financial interest in the outcome of the litigation he had begun.

Gollust, 501 U.S. at 126.

In Gollust, the Supreme Court ultimately concluded that the plaintiff did have standing, but only because the plaintiff still had "equity ownership in the issuer's parent corporation" (Viacom) (notwithstanding that he no longer held shares in the "issuer" that was the subject of his original Section 16(b) claim (International)) and recovery under Section 16(b) would therefore potentially involve some increase in plaintiff's equity ownership in Viacom. Id. at 127.

In Batra v. Investors Research Corporation, No. 89-0528-CV-W-6, 1992 WL 278688, at *1 (W.D. Mo. Oct. 4, 1991), the district court engaged in the same legal analysis, with respect to a Section 36(b) claim. In that case, Batra filed a Section 36(b) claim as to the "Cash Reserve" "Series" -- a type of fund -- offered to investors by Twentieth Century Investors ("TCI"). Id. at *1. Batra held shares in the Cash Reserve Series, but, approximately six months after filing suit, he "transferred his holdings to TCI's U.S. Governments Series." Id. Defendants moved for summary judgment, arguing that "[b]y selling his Cash Reserve [Series] shares, plaintiff . . . divested himself of standing to continue [the] action." Id.

7

Citing Gollust, the district court held that to have standing under Section 36(b) the plaintiff must "hold[] some financial interest in the outcome of the litigation." Id. at *3 (emphasis added). As in Gollust, the court ultimately found that the plaintiff did have standing, but only because the plaintiff -- on the particular facts of the case -- did have a continuing financial stake in the outcome of the lawsuit. In Batra, the legal structure of the funds was unique: TCI offered multiple "Series," but those "Series" were not themselves registered investment companies; only TCI was a registered investment company. Id. at *1-2. Consequently, Batra's Section 36(b) suit was, as a matter of law, "on behalf of" TCI, not any particular TCI "series," and any recovery to TCI would inure to Batra's benefit equally regardless of what particular TCI series he owned (i.e., the "Cash Reserve Series," or the "U.S. Government Series"). Id. at *3.

Here, each fund is a separate investment company (as this Court recognized in its March 28, 2005 Order, at page 6 thereof). In any event, Wicks has sold his shares in all Putnam funds, not just the particular funds on whose behalf he purports to bring his Section 36(b) claims.[7] Ultimately, the court in Batra recognized that a plaintiff that sells shares in an investment company, as here, as opposed to a plaintiff that transfers his interest within an investment company, as in Batra, has no standing to sue "on behalf of such company." Id. at *1-2. No similar fact (i.e., a fact salvaging standing) exists in this case. See also IXL Enterprises, Inc. v. GE Capital Corp., No. 301-CV-2051-CFD, 2005 WL 736820 (D. Conn. Mar. 31, 2005) (applying Gollust and denying individual Section 16(b) plaintiff's motion to intervene on the

---

[7]     "Mr. Wicks' broker sold *all* of Mr. Wicks' shares in Putnam mutual funds." (June 3, 2005 letter from Plaintiffs' counsel to Defendants' counsel, attached to the L.R. 56.1 Statement as Ex. B) (emphasis added.)

ground that plaintiff had no standing, even where plaintiff's loss of "financial interest in the outcome of the litigation" -- due to a merger and subsequent bankruptcy -- was "involuntary").

The above-described rules of law and decisions are dispositive in this case. Wicks has sold his shares in funds "on behalf of" which he purports to sue. See Section 36(b). Therefore, Wicks will not benefit from any judgment against Defendants. (He would have benefited only through a marginal increase in the value of his shares deriving from return of the alleged "excessive fees" to the funds. Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 535 n.11 (1984) ("[A]ny recovery obtained in a § 36(b) action will go to the company rather than the plaintiff").)

Consequently, under Gollust, and the established Supreme Court precedent that it applies, Wicks has no standing, and his claims should be dismissed on this motion.

## II.    DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION, AND PLAINTIFFS' MOTION TO AMEND

Defendants ask that the Court dismiss the claims of Wicks, and deny Plaintiffs' motion to amend the Amended Complaint. (Defendants' opposition to that motion will be filed shortly.) In that circumstance this case will involve three funds, instead of (as is now the case) nine funds.

As such, the scope and nature of discovery in this case depends heavily on the outcome of the pending, related motions. If the Court rules in favor of Defendants, there will be no discovery at all in this case on six funds that this case currently implicates, each of which, as this Court stated in its motion to dismiss ruling, is "a separate corporate entity with separate management contracts and share distribution plans . . .." (March 28, 2005 Order, at 6.) (Namely: (i) Putnam Discovery Growth Fund, (ii) Putnam Growth Opportunities Fund, (iii) Putnam New

9

Opportunities Fund, (iv) Putnam New Value Fund, (v) Putnam Vista Fund, and (vi) Putnam

Voyager Fund.)

As matters currently stand, Plaintiffs seek substantial discovery on those six funds.

Plaintiffs' first set of document requests contains 141 separate requests for documents, as to all

nine funds currently at issue. Defendants attach that set of document requests to this brief as

Exhibit 1; the extraordinary breadth, burden, and vagueness of the requests is self-evident.[8] It

would be extremely wasteful to commence discovery now on six funds that may be dismissed

from this case.

Moreover, Defendants submit that it is not sensible to attempt to suspend

discovery as to these six funds and proceed with Plaintiffs' proposed sweeping discovery as to

the other three funds. The discovery that Plaintiffs already seek will require document search,

and document review, of great breadth, and great depth. (See Exhibit 1 hereto.) Performing

such search and review as to certain funds now, and then later potentially doing so again as to

multiple other funds, would be extraordinarily inefficient.

---

[8]     For example, Plaintiffs' Request for Production No. 30 states:

> All documents and tangible things in your possession, custody, or control that
> constitute or concern any monthly or quarterly financial statements (audited and
> unaudited) of PIM, PRM, or any of The Funds covering any and all times during
> the Damages Period including, but not limited to, income statements; balance
> sheets; statements of cash flows; statements of operations; all footnotes relating
> thereto; all cost allocation policies or procedures relating thereto; and all
> underlying source materials, supporting materials, and back-up materials
> considered or relied upon in generating such documents, including ledgers and
> sub-ledgers.

(See Exhibit 1 hereto.) (The term" the Funds" in this request is defined to include the nine funds
referenced in the Amended Complaint -- six of which no plaintiff even owns, and which should
therefore be dismissed from this case.)

10

Defendants submit that discovery in this case should commence only after two basic, threshold questions are answered:

1.    Who are the plaintiffs?

2.    What funds -- each of which is "a separate corporate entity" -- is this case about?

Defendants believe that these questions should have been answered long ago. Counting the complaints and amended complaints in the prior Illinois lawsuits, Plaintiffs' counsel is now seeking permission to file their seventh complaint, and the identity of the plaintiffs, and of the funds at issue, remains a moving target.

This Court has discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c), which permits the Court to order, inter alia, that "discovery not be had," and/or that it "be had only on specified terms and conditions, including a specification of the time or the place." In an array of situations, courts in this and other Circuits have not hesitated to exercise that discretion to grant a temporary stay of discovery, where -- as here -- circumstances justifying that relief exist. For example:

- In LTX Corp. v. Daewoo Corp., 979 F. Supp. 51, 54 (D. Mass. 1997), aff'd, 141 F.3d 149 (1st Cir. 1998), this Court granted defendants' motion to stay discovery pending resolution of a motion to dismiss for lack of personal jurisdiction.

- In Button v. Hodap, No. 98-Civ-8692-RWS, 1999 WL 46635, at *1 (S.D.N.Y. Feb. 1, 1999), the district court stayed all proceedings -- not just discovery -- pending determination of plaintiff's standing in derivative lawsuit, where that plaintiff sold his shares in the corporation at issue after filing suit.

- In Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 38-39 (1st Cir. 2000), the First Circuit affirmed the district court's order staying discovery

11

pending a motion for summary judgment on the ground that there was no subject

matter jurisdiction, noting that "[t]rial courts have broad discretion in determining

the timing of pretrial discovery," which "obtains where, as here, the question is

whether to permit discovery before deciding jurisdiction issues."

For the reasons stated herein, such a temporary stay of discovery -- only until

resolution of the pending motions, and the basic, threshold questions they involve -- is

appropriate.

## CONCLUSION

For the foregoing reasons, Defendants ask that this Court grant their Motion for

Summary Judgment and Motion to Stay Discovery, and dismiss all claims as they relate to

Plaintiff Wicks.

Dated:   June 27, 2005                          Respectfully submitted,
         Boston, Massachusetts

                                                James R. Carroll (BBO #554426)
                                                David S. Clancy (BBO #636031)
                                                Scott T. Lashway (BBO #655268)
                                                SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP
                                                One Beacon Street
                                                Boston, Massachusetts  02108
                                                (617) 573-4800

## Certificate Of Service

I, Scott T. Lashway, hereby certify that on June 27, 2005, I caused a true copy of
the foregoing to be served upon counsel for Plaintiffs, David E. Marder, Esq., Marc N. Henschke,
Esq. and Jonathan D. Mutch, Esq., all of Robins, Kaplan, Miller & Ciresi, L.L.P., 800 Boylston
Street, Suite 2500, Boston, Massachusetts 02199, and Thomas R. Grady, Esq., Ackerman, Link
& Sartory, P.A. 222 Lakeview Avenue, Suite 1250 – Esperante, West Palm Beach, FL 33401.

Dated: June 27, 2005

                                                Scott T. Lashway

12