UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------x
STEVEN G. WICKS, GERALD A.
KALBFLEISCH, and MICHAEL and       :
MYRTLE HATHAWAY
                                    :
             Plaintiffs,            Civil Action
                                   : No. 04-10988-GAO
    - against -
                                   : ORAL ARGUMENT
PUTNAM INVESTMENT MANAGEMENT,        <u>REQUESTED</u>
LLC and PUTNAM RETAIL              :
MANAGEMENT, LLP
                                   :
             Defendants.
------------------------------------x

# PUTNAM INVESTMENT MANAGEMENT, LLC'S AND PUTNAM RETAIL MANAGEMENT, LLP'S <u>OPPOSITION TO THE MOTION TO FILE SECOND AMENDED COMPLAINT</u>

James R. Carroll
David S. Clancy
Scott T. Lashway
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendants Putnam Investment
Management, LLC and Putnam Retail
Management, LLP

Dated: July 5, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................. 1
FACTUAL BACKGROUND ...................................................................................................... 2
ARGUMENT ................................................................................................................................ 5
I.     THERE HAS BEEN SIGNIFICANT DELAY ............................................................... 5
II.    WICKS, KALBFLEISCH, AND THE HATHAWAYS
       HAVE NO INTEREST IN AN AMENDMENT TO ADD VAUGHN ............................. 7
III.   AMENDMENT WILL UNFAIRLY
       AND SUBSTANTIALLY PREJUDICE DEFENDANTS ................................................ 9
CONCLUSION ........................................................................................................................... 11
REQUEST FOR ORAL ARGUMENT ..................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**                                         **PAGES**

Hayes v. New England Millwork Distribs., Inc.,
  602 F.2d 15 (1st Cir. 1979) ................................................................................... *passim*

McMillan v. Mass. Soc'y for Prevention of Cruelty to Animals,
  168 F.R.D. 94 (D. Mass. 1995) ....................................................................................... 8

Miller v. Bay Area Rapid Transit Dist.,
  236 F. Supp. 2d 1110 (N.D. Cal. 2002) ..................................................................... 5, 8

Quaker State Oil v. Garrity,
  884 F.2d 1510 (1st Cir. 1989) ......................................................................................... 5

Savoy v. White,
  139 F.R.D. 265 (D. Mass. 1991) .................................................................................... 8

Steir v. Girl Scouts of USA,
  383 F.3d 7 (1st Cir. 2004) ................................................................................................ 8

Vargas v. McNamara, et al.,
  608 F.2d 15 (1st Cir. 1979) .............................................................................................. 5

Young v. Lepone,
  305 F.3d 1 (1st Cir. 2002) ............................................................................................. 10

**STATUTES**

15 U.S.C. 80a-35(b) (2000) ................................................................................................... 2

**RULES OF PROCEDURE**

Fed. R. Civ. P. 15 .......................................................................................................... 5, 10

Fed. R. Civ. P. 21 .................................................................................................................. 5

**PRELIMINARY STATEMENT**

This is the third Section 36(b) lawsuit that Steven Wicks has filed against Putnam Investment Management, LLC and Putnam Retail Management, LLP (collectively "Putnam"). In those three lawsuits, the first of which was filed in 2001, six complaints have been filed.

Leave is now sought to file a seventh complaint (the third in this Court), adding a new plaintiff who has no relationship to any of the existing plaintiffs (Wicks, Kalbfleisch, and the Hathaways).

The motion to amend reacts to the recent revelation that Wicks, who alleges in the Amended Complaint that he owns shares in six of the nine funds referenced therein, in fact owns shares in <u>none</u> of them.[1] The proposed new plaintiff claims to own shares in two of those six funds.

The motion to amend should be denied due to:

- <u>First</u>, the <u>years</u> of procedural maneuvering and attendant delay;

- <u>Second</u>, the absence of any interest on the part of the plaintiffs before the Court in an order granting the motion to amend, given that the motion seeks to add to this case a new individual who is unrelated to the plaintiffs, and who seeks recovery on behalf of two funds that the plaintiffs do not own; and

---

[1] Defendants filed a motion for summary judgment as to Wicks, on standing grounds, on June 27, 2005. See Putnam Investment Management, LLC's and Putnam Retail Management, LLP's Memorandum of Law In Support of Their Motion For (i) Summary Judgment On The Claims Of Steven G. Wicks, And (ii) To Stay Discovery, Based On Wicks' Lack of Standing, filed on June 27, 2005.

1

- Third, the prejudice that the requested amendment would cause Putnam. As explained in more detail in Section III, the requested amendment appears designed to preserve the Amended Complaint's asserted May 18, 2003 date for commencement of Section 36(b) damages-determination. However, if the proposed new plaintiff were to file his own lawsuit today, the appropriate damages-commencement date under Section 36(b) for that suit would be July 6, 2004.

## FACTUAL BACKGROUND

Wicks and Kalbfleisch filed this suit on May 17, 2004, after voluntary dismissal of two similar lawsuits in the Southern District of Illinois, the first of which was filed in 2001 (four years ago). The May 17, 2004 Complaint was the fifth complaint in the 2001-to-present Section 36(b) litigation (there had been three complaints in the first Illinois lawsuit, and one in the second). In that Complaint, Wicks asserted Section 36(b) claims as to eight funds. (May 17, 2004 Complaint, ¶ 14) (Exhibit A hereto.) Kalbfleisch asserted a 36(b) claim as to one other fund. (Id., ¶ 15.)[2]

Putnam moved to dismiss the May 17, 2004 Complaint on August 13, 2004. This Court denied that motion by Memorandum and Order dated March 28, 2005, except that this Court dismissed Wicks' Section 36(b) claims as to two of the eight funds

---

[2] Section 36(b) reads in part:

> An action may be brought under this subsection by the Commission, or by a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in subsection (a) of this section who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders thereof to such investment adviser or person.

15 U.S.C. § 80a-35(b) (2000).

in which he asserted share ownership. (March 28, 2005 Motion to Dismiss Order, at 9) (Exhibit B hereto.)

This Court did so on the basis of the "two dismissal" rule: Wicks had previously filed, and voluntarily dismissed, two Section 36(b) lawsuits involving those two funds (in the Southern District of Illinois proceedings), and, under Fed. R. Civ. P. 41(a)(1), he was thereby barred from bringing a third. (Id. at 5-7.)

On April 4, 2005, seven days after the motion to dismiss decision, an Amended Complaint was filed in this Court (the sixth complaint in the 2001-to-present litigation) (Exhibit C hereto). In that complaint: (i) two new plaintiffs (Michael and Myrtle Hathaway) assert claims as to the two funds this Court had dismissed only seven days before, (ii) Wicks asserts claims as to the same funds he originally challenged, except for the two dismissed funds, and (iii) Kalbfleisch still asserts a claim as to one other fund.

The Amended Complaint contains a significant error. In it, Wicks alleges in support of his Section 36(b) claims that he "is a shareholder" in the six funds on whose behalf this Court had permitted him to sue. (April 4, 2005 Amended Complaint, ¶ 14) (emphasis added.) On June 3, 2005, however, Wicks' counsel notified Putnam's counsel by letter that, in fact,

> Mr. Wicks' broker sold all of Mr. Wicks' shares in Putnam mutual funds [and] [t]his sale occurred between the filing of the original complaint and the amended complaint.

(June 3, 2005 letter, at 1, Exhibit D hereto.)

The letter does not state whether Wicks owned his shares during the period of briefing, argument, and decision on Putnam's motion to dismiss. If he did not, much time and effort could have been saved by timely disclosure of that critical fact. At

3

a minimum, the question of standing could have been addressed then, before this Court addressed and resolved the application of the two-dismissal rule, and the adequacy of Wicks' substantive allegations as to funds he did not even own.[3]

Now, the motion at issue seeks leave to amend the Amended Complaint (i.e., to file a third complaint, in this third lawsuit), adding as a new plaintiff a John J. Vaughn, of Madison County, Illinois. The motion:

    i.    itself tacitly points out Wicks' lack of standing;

    ii.    states that Vaughn owns shares in two of the six funds that Wicks erroneously alleged he owns; and

    iii.    explains that,

> [a]lthough Vaughn does not own shares in all six of the funds for which Wicks serves as a plaintiff, the assets under management in the two funds owned by Vaughn represent the majority of the assets held collectively by the six funds owned by Wicks.

(Memorandum in Support of Motion to Amend (hereafter, "Motion to Amend Mem."), at 4 n.6.)[4]

The motion to amend does not claim any connection between Vaughn and plaintiffs Wicks, Kalbfleisch, and the Hathaways. Indeed, Vaughn claims to own shares in two funds that are not currently owned by any of the plaintiffs.

---

[3] Plaintiffs should disclose the answer to this question to the Court, and Defendants respectfully request that they do so.

[4] This statement is confusing. Putnam reads it to communicate that the two funds Vaughn claims to own are two of the six funds that Wicks erroneously claimed to own, and that the net assets under management in those two funds together is more than 50% of the net assets under management in the six funds collectively. It is unclear why plaintiffs believe this point is relevant; to Putnam, it undermines the motion at issue, by highlighting that it is part and parcel of years of strategic maneuvering, and that it is designed to maximize Putnam's potential litigation exposure through seriatim lawsuits.

## ARGUMENT

This Court has broad discretion to deny the motion at issue, based upon consideration, in light of the totality of the circumstances, of multiple factors including the degree of delay, the requestor's underlying motive, and the prejudice to the non-moving party of an order granting the motion. See, e.g., Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19 (1st Cir. 1979) (affirming denial of motion for leave to amend complaint as a matter that "rests in the sound discretion of the trial court"); Vargas v. McNamara, et al., 608 F.2d 15, 18 (1st Cir. 1979) (remanding denial of leave to amend to trial court for "redetermination" in light of certain matters but "leaving it to the discretion of the trial court whether to stand by its original action" upon remand); Quaker State Oil v. Garrity, 884 F.2d 1510, 1517 (1st Cir. 1989) ("A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances . . . .") (emphasis added).[5]

Putnam submits that here, for the reasons set forth herein, analysis of the relevant factors against the totality of the circumstances should result in denial of the motion to amend.

### I.   THERE HAS BEEN SIGNIFICANT DELAY

This is the third lawsuit in Section 36(b) litigation that began in 2001, and which has been consumed by strategic maneuvering that has been unnecessary, and costly to Putnam. In this complex case, with the motion to dismiss resolved and initial disclosures made, that maneuvering should end.

---

[5]   See also Fed. R. Civ. P. 15(a) ("Leave [to amend] shall be freely given when justice so requires.") (emphasis added); Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the Court . . . at any stage of the action and on such terms as are just.") (emphasis added.)

This litigation began with Nelson v. Aim Advisors, Inc. (No. 3:01-CV-00282-MJR), which was filed on May 7, 2001 in the United States District Court for the Southern District of Illinois (Exhibit E hereto). In that first suit, after the filing of a June 22, 2001 Amended Complaint (Exhibit F hereto) (in which Wicks first appeared), and an October 16, 2001 Second Amended Complaint (Exhibit G hereto), the Court ordered -- after approximately one year of litigation -- that the claims against Putnam should be severed from those against multiple unrelated defendants, and that the action against Putnam should be transferred to this District. (March 8, 2002 Order, Exhibit H hereto.)

On March 28, 2002, plaintiffs voluntarily dismissed the Nelson lawsuit, (Exhibit I hereto), and later, notwithstanding the March 8, 2002 transfer order, plaintiffs filed another Section 36(b) suit against Putnam in the Southern District of Illinois. Wicks v. Putnam Inv. Mgmt., LLC (No. 3:04-CV-00145-MJR) (filed on March 2, 2004) (Exhibit J hereto). That action was assigned to the same Judge (Judge Reagan), who -- not surprisingly -- ordered briefing on venue. Approximately two months later, plaintiffs then voluntarily dismissed that second lawsuit (Exhibit K hereto).

This, then, is a third Section 36(b) suit against Putnam, and, in it, the strategic maneuvering continues:

    1.    Through the addition of new plaintiffs (the Hathaways), the April 4, 2005 Amended Complaint (Exhibit C hereto) brings back into this suit the two funds that, seven days earlier, were dismissed by this Court;

    2.    In addition, paragraph 14 of the Amended Complaint alleges that Wicks owns shares in six Putnam funds -- when in fact, as of the date that complaint was filed, Wicks owned no shares in any Putnam fund;

6

3. Now, leave is sought to file what is for all practical purposes a seventh complaint, four years into this litigation. See Hayes, 602 F.2d at 19-20 (affirming denial of leave to amend two years after commencement of litigation).

This should end. It is time that this suit proceed, with the plaintiffs (Kalbfleisch and the Hathaways), and the funds at issue (Classic Equity, Growth and Income, and Investors) defined, and finally determined.

## II. WICKS, KALBFLEISCH, AND THE HATHAWAYS HAVE NO INTEREST IN AN AMENDMENT TO ADD VAUGHN

As to the issues of motivation/good faith (see Vargas, 608 F.2d at 18), this is not a situation in which a party seeks to amend his or her complaint to add a new claim, based on recently-learned facts. See Hayes, 602 F.2d at 19-20 (affirming denial of leave to amend where plaintiff could not argue that "discovery led to previously unknown facts which altered the shape of his case," or that "the delay in moving to amend can be attributed, even in part, to either [defendant] or the court."). Nor is it a situation that is anything like that, i.e., in which the party seeking recovery (whether an individual or entity) can claim some good-faith interest in the requested amendment.

Here, plaintiffs' counsel seek again to inject into the lawsuit a new plaintiff (John Vaughn). Vaughn has no relationship at all to any of the existing plaintiffs. Further, he has apparently been hand-picked to preserve the value of the claims in this case in the face of Putnam's summary judgment motion, which seeks to dismiss the claims of Wicks on standing grounds. The motion to amend effectively admits as much: it states that "[a]lthough Vaughn does not own shares in all six of the funds for which Wicks serves as a plaintiff, the assets under management in the two funds owned by Vaughn represent the majority of the assets held collectively by the six funds owned by

7

Wicks." (Motion to Amend Mem., at 4 n.6; note that the statement "owned by Wicks" is at a minimum confusing, since Wicks presently does not own those funds.)[6]

By contrast, in the cases cited in the motion to amend, the party before the court sought amendment to improve or otherwise alter his or her own claim:

- In Steir v. Girl Scouts of USA, 383 F.3d 7, 12-14 (1st Cir. 2004), the plaintiff sought leave to expand her own claim to include a cause of action permitting money damages;[7]

- In McMillan v. Mass. Society for Prevention of Cruelty to Animals, 168 F.R.D. 94, 97-98 (D. Mass. 1995), the defendant sought to amend its counterclaim to further "particularize" its own factual allegations;

- In Hayes v. New England Millwork Distributors, 602 F.2d 15, 19-20 (1st Cir. 1979), the plaintiff employee sought to expand her own claims to include a "conspiracy" allegation;[8]

- In Savoy v. White, 139 F.R.D. 265, 268-69 (D. Mass. 1991), plaintiff Elaine Savoy sought leave to amend her complaint to expand her own claims, to include one for breach of fiduciary duty; and finally

- In Miller v. Bay Area Rapid Transit District, 236 F. Supp. 2d 1110, 1113 (N.D. Cal. 2002), the plaintiff employee sought leave to alter his own claims (so as to remove federal causes of action).[9]

---

[6] Plaintiffs cite Miller v. Bay Area Rapid Transit District, 236 F. Supp. 2d 1110 (N.D. Cal. 2002); that case states that an improper motive for amendment is seeking to "gain additional leverage in settlement negotiations." Id. at 1113.

[7] In addition, the First Circuit affirmed the denial of the motion. Id. at 17.

[8] As in Steir, the First Circuit affirmed the denial of that motion. Id. at 21.

[9] The Court should also take into account that glaringly absent from the motion is any explanation at all of why Vaughn did not file suit, with Wicks and Kalbfleisch, on May 17, 2004 (when the original complaint in this action was filed), or earlier (i.e., during the Illinois litigation). Paragraph 17 of the proposed second amended complaint states that Vaughn held shares in the two funds at issue since "before the original Complaint was filed" (i.e., at least since May 16, 2004); in addition, the motion to amend memorandum states that Vaughn is a "former client[]" of plaintiffs' counsel (who plaintiffs' counsel apparently contacted when they became concerned about Wicks' standing): "To moot this issue [of Wicks' standing], Plaintiffs' counsel discussed with certain former clients the possibility of serving as replacement plaintiffs. John J. Vaughn . . . expressed an interest in doing so." (Motion to Amend Mem., at 3.) See

8

### III. AMENDMENT WILL UNFAIRLY AND SUBSTANTIALLY PREJUDICE DEFENDANTS

Wicks has no standing, and therefore his Section 36(b) claim as to each of the six funds in which he erroneously alleged share ownership should be dismissed. (See Putnam's June 27, 2005 motion for summary judgment.)[10] If the Amended Complaint is further amended to add Vaughn, that may preserve a Section 36(b) claim as to two of those six funds (Voyager Fund, and Growth Opportunity Fund).

A Section 36(b) lawsuit may seek restitution of fees paid to the defendants beginning one year before the date of suit.[11] The Complaint, the Amended Complaint, and the proposed Second Amended Complaint in this case state that they seek such restitution as to all fees running from "one year prior to the filing of the original Complaint [May 18, 2003, because the suit was filed on May 17, 2004] through the date of trial." (See, e.g., proposed second amended complaint, ¶ 2.)[12]

---

Hayes, 602 F.2d at 19-20 (faulting movant for failing to provide adequate explanation for delay; here, there is no explanation at all, coupled with the admission of facts showing that there is no reason for the delay).

[10] Those six funds are: Putnam Growth Discovery Growth Fund, Putnam Growth Opportunities Fund, Putnam New Opportunities Fund, Putnam New Value Fund, Putnam Vista Fund, and the Putnam Voyager Fund.

[11] "No damages or other relief shall be recoverable for any period prior to one year before the action was instituted." Section 36(b), 15 U.S.C. § 80-35(b)(3) (Exhibit L hereto).

[12] It is not permissible for plaintiffs to seek relief as to the period following commencement of the suit; nonetheless, plaintiffs do seek this relief, and defendants will address that issue on summary judgment (if not before). Putnam expressly preserves this and all other arguments concerning the appropriate period for relief under Section 36(b) as to each plaintiff and each fund.

9

If Vaughn were to file his own suit today as to Voyager Fund and the Growth Opportunity Fund, the damages-commencement date for that suit, as to those funds, would be July 6, 2004 (i.e., "one year before the action was instituted"), not May 18, 2003. 15 U.S.C. § 80-35(b)(3).

The requested amendment is therefore an effort to "piggy-back" Vaughn onto a suit brought by other, unrelated individuals, to attempt to burden Putnam with an alleged damages-commencement date that is more than one year earlier than is provided for under Section 36(b) (i.e., May 18, 2003, instead of July 6, 2004). That is inappropriate, and it should not be permitted.[13]

If the Court permits the requested amendment, Putnam here requests that the Court order that July 6, 2004 is the damages-commencement date for Vaughn and the two funds he claims to own. If necessary, Putnam will address this issue subsequent to any amendment with an appropriate motion and briefing.[14]

---

[13] Plaintiffs may argue that this result is appropriate, because Vaughn's claims, if inserted into this lawsuit through a second amended complaint, would "relate back" to the claims asserted in the original, May 17, 2004 complaint under Fed. R. Civ. P. 15(c)(3). (The proposed second amended complaint, at page 3 n.2, alleges without explanation that it "relates back to the date of the original Complaint.") But Vaughn's claims, if inserted into this lawsuit through a second amended complaint, would not "relate back" to the claims asserted in the original, May 17, 2004 complaint. See, e.g., Young v. Lepone, 305 F.3d 1, 15-16 (1st Cir. 2002) (holding that the claims of a new plaintiff relate back to the earlier-filed claim of an existing plaintiff under Fed. R. Civ. P. 15(c)(3) only when there is a "fairly advanced degree of privity" between them, and that no such "privity" exists between "stockholders in a publicly-held corporation, not related to each other except by that status.")

[14] By contrast, the prejudice to the plaintiffs of denying the requested amendment is non-existent. Neither Wicks, nor Kalbfleisch, nor the Hathaways, can claim to have any interest whatsoever in the injection of Vaughn into this lawsuit: none of them own shares in either of the two funds in which Vaughn owns shares, and therefore none of them would benefit from a favorable judgment as to those funds.

## CONCLUSION

For the foregoing reasons, Putnam asks that this Court deny the motion to amend.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Putnam respectfully requests oral argument on this motion.

Dated:  July 5, 2005
        Boston, Massachusetts

Respectfully submitted,

*/s/ James R. Carroll (DSC)*
James R. Carroll (BBO #554426)
David S. Clancy (BBO #636031)
Scott T. Lashway (BBO #655268)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

### Certificate Of Service

I, Scott T. Lashway, hereby certify that on July 5, 2005, I caused a true copy of the foregoing to be served by overnight delivery upon counsel for Plaintiffs, David E. Marder, Esq., Marc N. Henschke, Esq. and Jonathan D. Mutch, Esq., all of Robins, Kaplan, Miller & Ciresi, L.L.P., 800 Boylston Street, Suite 2500, Boston, Massachusetts 02199, and by overnight delivery upon Thomas R. Grady, Esq., Ackerman, Link & Sartory, P.A. 222 Lakeview Avenue, Suite 1250 – Esperante, West Palm Beach, Florida 33401.

Dated: July 5, 2005

*/s/ Scott T. Lashway*
Scott T. Lashway