UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| STEVEN G. WICKS, <br> GERALD A. KALBFLEISCH, and <br> MICHAEL and MYRTLE HATHAWAY <br><br> Plaintiffs, <br><br> v. <br><br> PUTNAM INVESTMENT <br> MANAGEMENT, LLC and <br> PUTNAM RETAIL <br> MANAGEMENT, LLP, <br><br> Defendants. | Civil Action No: 04-CV-10988 |

## DECLARATION OF THOMAS R. GRADY

I, Thomas R. Grady, do hereby depose and state as follows:

1. Together with Robins, Kaplan, Miller & Ciresi L.L.P., I represent plaintiffs in the above-captioned litigation. I have personal knowledge of the facts set forth in this Declaration.

2. I have an attorney-client relationship with Steven G. Wicks that pre-dates this lawsuit.

3. On May 4, 2005, I learned for the first time that Mr. Wicks' shares in some or all of his Putnam mutual funds that are the subject of this lawsuit had been sold during the prior month by his broker against Mr. Wick's instructions. I learned this from my paralegal who had been attempting to reach Mr. Wicks for several months, without success, and had just obtained this information.

4. After learning this information from my paralegal, I called Mr. Wicks but was not able to reach him for a detailed conversation until May 16, 2005. During that call, Mr. Wicks informed me that all his shares in the Putnam mutual funds that are at issue in this lawsuit had been sold

from his brokerage account and that the sale occurred not in April but in the middle of February, 2005. This sale was against Mr. Wick's instructions; he had specifically instructed his broker to retain a portion of shares in every fund and fully disclosed his purpose for doing so, i.e., to continue to pursue justice in this action.

5. In that same May 16 conversation, Mr. Wicks informed me that, because of serious personal issues (including his move from Florida, his father's death on February 12, 2005 and his mother's diagnosis of cancer shortly thereafter), he had not kept up with the mail relating to his accounts and that he had only recently learned that all the shares had been sold.

6. Thereafter, my co-counsel and I spent several weeks investigating whether the unauthorized trades could be reversed, whether it was feasible for Mr. Wicks to re-purchase the shares that were sold contrary to his instructions, and confirming that all the shares had been sold (i.e., that he did not own any of them in any other type of accounts, such as retirement accounts).

Signed under the pains and penalties of perjury the 15 day of July, 2005.

_____
Thomas R. Grady

BN1 35024956.2