## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE BEACON STREET
BOSTON, MASSACHUSETTS 02108-3194
———
TEL: (617) 573-4800
FAX: (617) 573-4822
http://www.skadden.com

FIRM/AFFILIATE OFFICES
———
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

July 5, 2005

BY FAX

David E. Marder
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street
25th Floor
Boston, MA 02199-7610

Re:   Steven G. Wicks et al. v. Putnam Investment Management, LLC et al.

Dear David:

We ask that you provide the information described below. (We trust that, in light of the situation involving Mr. Wicks, you will provide this information voluntarily.)

1.   Account statements sufficient to show the date that Steven Wicks became divested of all shares in the Putnam Discovery Growth Fund, the Putnam Growth Opportunities Fund, the Putnam New Opportunities Fund, the Putnam New Value Fund, the Putnam Vista Fund, and the Putnam Voyager Fund;

2.   Account statements sufficient to confirm that Gerald Kalbfleisch currently owns shares in the Putnam Classic Equity Fund, and to show when he purchased those shares;

3.   Account statements sufficient to confirm that Michael and Myrtle Hathaway currently own shares in the Putnam Fund for Growth and Income and also the Putnam Investors Fund, and to show when they purchased those shares; and

4.   Account statements sufficient to confirm that John Vaughn currently owns shares in the Putnam Voyager Fund and the Putnam Growth Opportunities Fund, and to show when he purchased those shares.

Very truly yours,

*James R. Carroll*
James R. Carroll

cc:   D. Clancy

JUL 08 2005 16:14 FR RKMC LLP           617 267 8288 TO 6175734822           P.02

**ROBBINS, KAPLAN, MILLER & CIRESI L.L.P.**

ATTORNEYS AT LAW

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

DAVID E. MARDER

July 8, 2005

*VIA FACSIMILE AND FIRST CLASS MAIL*

James R. Carroll, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194

    Re:  *Steven G. Wicks et al. v. Putnam Investment Management, LLC et al.*
           *USDC Eastern District of Massachusetts C.A. No. 1:04-CV-10988 (GAO)*

Dear James:

    Thank you for your letter dated July 5, 2005. I write to respond to your request for a document production from each of the plaintiffs in this litigation. In particular, you ask that we provide account statements for Steven Wicks, Gerald Kalbfleisch, Michael and Myrtle Hathaway and John Vaughn.

    As I understand it, Putnam has refused to provide documents in response to the plaintiffs' document requests, and recently moved for a blanket stay of all discovery. We recognize that Putnam has moved for summary judgment as to certain of the funds that are at issue in this case. However, many of the Putnam funds-in-suit will remain in the litigation. Further, many of plaintiffs' document requests are not specific to individual funds, and should be responded to in good faith.

    Given the foregoing, I was somewhat surprised by your request. Surely you must see the contradiction in demanding documents (without even serving a document request) while refusing to produce any documents yourself, even though your production is already overdue. Should you wish to discuss a mutual exchange of particular categories of documents, we would be happy to discuss it.

JUL 08 2005 16:15 FR RKMC LLP          617 267 8288 TO 6175734822          P.03

James R. Carroll, Esq.
July 8, 2005
Page 2

    Finally, and most puzzling, is Putnam's desire for documents that ought to already be within its possession, custody or control. Surely Putnam Investment Management and/or Putnam Retail Management can verify the plaintiffs' ownership of shares in Putnam mutual funds. If you are unable to do so for some reason unknown to me, please let me know.

    I look forward to hearing from you.

                        Sincerely,

                        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                        David E. Marder

DEM/ehm

BN1 35024846.1

Case 1:04-cv-10988-GAO    Document 36-3    Filed 07/25/2005    Page 5 of 7

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE BEACON STREET

BOSTON, MASSACHUSETTS 02108-3194

---

TEL: (617) 573-4800
FAX: (617) 573-4822
http://www.skadden.com

FIRM/AFFILIATE OFFICES
---
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
---
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

July 11, 2005

BY HAND

David Marder
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street, 25th Floor
Boston, MA  02199-7610

Re: Steven G. Wicks et al. v. Putnam Investment Management, LLC et al.

Dear David:

This responds to your July 8 letter.

We do not see any meaningful connection between your document requests, and our request for certain account statements.

The handful of documents we request would be easy for you to provide, and goes directly to the fundamental issue of standing, on which we are entitled to have serious concerns. (We need to ask you for these documents because, as you should know, Putnam shares are sold through third parties, in part through omnibus accounts, and as a result we cannot obtain definitive information about any particular individual's purchases and sales through our own records.)

As to your set of 141 document requests, we have moved for a stay of discovery, and we have done so on an indisputably appropriate ground: your long-belated disclosure that, contrary to your prior representations to the Court, Mr. Wicks does not even own shares in the six funds he claimed to own (which constitute six of the nine funds on which you nonetheless seek documents, and restitution).[1]

---

[1] Nor can you claim any prejudice in this regard: as you know, the scheduling plan we have been discussing pursuant to Fed. R. Civ. P. 26(f) provides for one year of fact discovery after the Court so-orders a joint statement, and that joint statement has not even been filed, due to extensive delays on your part (which we will be happy to specify, if necessary). (Note also that Fed. R. Civ. P. 26(d) bars formal discovery until after Fed. R. Civ. P. 26(f) has been satisfied.) Furthermore, you have never before made any complaint about the status of document discovery. You did not even do so on July 5, when your office requested, and we granted, an extension of time to respond to our motion to stay discovery.

David Marder
July 11, 2005
Page 2

      We do not think it is workable to proceed with piecemeal discovery, as you suggest. Your 141 document requests are extraordinarily broad, vague, and burdensome, and in this context it is eminently reasonable that review and production begin after there is a determination as to who the plaintiffs are, and what funds this case is about. We made this point in our June 27 letter, to which you did not respond. We also made it in our motion to stay discovery itself, on which you recently requested, and we granted, an extension of time to respond. Yet you demand piecemeal discovery for the first time in your July 8 letter (going so far as to call it an issue of "good faith").

      We ask that you reconsider whether you will take the eminently reasonable step of providing documents supporting your current representations as to your clients' share ownership. (We are not asking for all account statements -- only the particular ones referenced in our letter.) We will note your refusal to provide these documents in our summary judgment reply and at the subsequent hearing should you continue to refuse to do so.

Very truly yours,

David S. Clancy

cc:    J. Carroll