UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVEN G. WICKS, GERALD A.
KALBFLEISCH, and MICHAEL and   :
MYRTLE HATHAWAY
                               :
            Plaintiffs,            Civil Action
                               :   No. 04-10988-GAO
    - against -
                               :
PUTNAM INVESTMENT MANAGEMENT,
LLC and PUTNAM RETAIL          :
MANAGEMENT, LLP
                               :
            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER FOR THE PROTECTION
AND EXCHANGE OF CONFIDENTIAL AND HIGHLY INFORMATION**

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties (the "party" or "parties") that:

1. All Confidential or Highly Confidential Information in the above-captioned action (hereinafter referred to as the "Litigation"), as defined herein, shall be used by the party receiving it only for the purposes of preparing for and conducting the Litigation.

2. Any party or producing person or entity may designate as "Confidential" any document, material or information (including but not limited to documents produced pursuant to Fed. R. Civ. P. 34 or 45, interrogatory responses, deposition transcripts, etc.) which such party or producing person or entity reasonably believes, in good faith, to contain or disclose confidential or proprietary business, commercial, or financial information, trade secrets, confidential research and

development, credit, compliance, personnel and administrative information and the like. Documents, transcripts, materials and information so designated, including all information contained therein and derived or derivable therefrom, will be referred to herein as "Confidential Information." As to documents produced and interrogatory responses, such designation shall be made by stamping such materials as "Confidential" or by providing, within twenty (20) days of the date that copies are first provided to opposing counsel, a list of the documents so designated, by bates number or otherwise, together with replacement copies (at no charge) of the documents originally produced without stamps that now contain the appropriate stamps. All documents produced shall be treated as "Highly Confidential" (see paragraph 4 below) and subject to this Order until expiration of the twenty day period. With respect to testimony and any exhibits, documents or other materials referred to during the giving of testimony, designation as "Confidential" shall be made by the means of a statement on the record by counsel for the witness or other authorized counsel at the time of the giving of testimony, or by written notice by said counsel designating the portions of any transcript to be treated as confidential, which is to be given to all counsel within twenty (20) days of the receipt of such transcript. All such materials and information shall be considered "Highly Confidential" (see paragraph four below) and subject to this Order until the expiration of the twenty-day period.

3.     Confidential Information (which as defined in paragraph 2 and includes anything so designated and all information contained therein or derived or derivable therefrom) may only be disclosed or made available by the recipient to "Qualified Persons," who are defined to consist of:

  (a)  The Court and court personnel, solely in the manner provided by paragraph 9 hereof;

  (b)  Counsel of record to the parties to the Litigation, including in-house counsel, clerical, secretarial and paralegal staff employed by such counsel;

  (c)  Court reporters and videographers engaged for depositions in this Litigation;

  (d)  Experts or consultants and their staff assisting in the prosecution or defense of this Litigation;

  (e)  Named parties or legally authorized representatives of named parties assisting in the prosecution or defense of the Litigation;

  (f)  Witnesses and potential witnesses if such persons were either authors or recipients, including copy recipients, of the Confidential Information or Highly Confidential Information (see paragraph four below);

  (g)  Other witnesses, upon written agreement of the producing party, which shall not be withheld unreasonably;

  (h)  Support vendors retained for photocopying, bates labeling, indexing of documents, animation, and the like; and

  (i)  Any other person the producing party agrees to in writing.

4. Documents, materials or information deemed in good faith by the producing party to be highly sensitive shall be designated "Highly Confidential"; such

designation shall otherwise be governed by the procedures set forth in paragraph 2 herein. Materials so designated, including information contained therein and derived or derivable therefrom, is referred to herein as "Highly Confidential Information." Highly Confidential Information may be disclosed or made available by the counsel for the party receiving such information only to persons in the categories set forth in paragraph 3 hereof, except for subparagraph 3(e), under the terms of those categories.

     5.    Prior to seeing or receiving Confidential or Highly Confidential Information, all persons specified in paragraphs 3(d), 3(g), and 3(i), as well as those in category 3(e) (who may see only Confidential Information), will execute an Undertaking in the form of Exhibit 1 hereto, except that persons in category 3(i) need not do so if so agreed by the producing party. Counsel of record shall retain in their possession all executed Undertakings until final disposition of the Litigation and shall produce for inspection, upon request, copies of all such Undertakings. Prior to showing any document designated as Confidential or Highly Confidential to any person described in paragraph 3 and its subparts, the person showing the material to the permitted person shall inform the permitted person of this Stipulation and Order, and any Court order entered in connection herewith, and explain both its terms and the Court's determination that anyone viewing Confidential or Highly Confidential material is bound by the Court's orders in this regard.

     6.    Each Qualified Person who is not a lawyer representing the parties to this Stipulation and Order or employed by a lawyer representing the parties to this Stipulation and Order to whom Confidential or Highly Confidential Information is disclosed pursuant to this Stipulation and Order shall be advised that it is being disclosed

pursuant to, and subject to the terms of, an Order of the Court and that the sanctions for any violation of the Order include the penalties that may be imposed by the Court for contempt.

7. Nothing contained herein shall prevent any party from disclosing its own Confidential or Highly Confidential Information as it deems appropriate, and any disclosure by a party of its own Confidential or Highly Confidential Information shall not be a waiver of the provisions contained herein. Nothing herein shall prevent a party receiving Confidential or Highly Confidential Information from disclosing it to the designating party or its employees.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the proceedings in the Litigation.

9. No Confidential or Highly Confidential Information may be filed with the Court without first moving, at least two (2) weeks prior to the filing of such Information, for a court order (pursuant to Local Rule 7.2) permitting such documents to be filed under seal. If such court order permits filing under seal, the subject Confidential or Highly Confidential Information shall be filed under seal and shall remain sealed while in the office of the clerk. Absent an order allowing the motion, if a party wishes to include Confidential or Highly Confidential Information in any submission to the Court, that party shall file a redacted version of such materials with the Court deleting all of the Confidential or Highly Confidential Information, and the particular redactions shall be agreed upon in writing with Counsel for the producing party prior to such filing (in the event of a dispute concerning the redactions, the filing shall not be made without the

Court first resolving the dispute). A complete unredacted version of the submission shall be sent to the presiding Judge for in camera review. Such submission shall be clearly marked as containing Confidential or Highly Confidential Information being submitted for in camera review pursuant to this Order. If in some circumstance the Court does not permit Confidential or Highly Confidential Information to be filed with the clerk under seal or in redacted format, the parties shall negotiate in good faith with respect to minimizing to the greatest possible extent the filing with the clerk of any Confidential or Highly Confidential Information, and the party proposing to file such information shall give appropriate consideration in such negotiation to the possibility of not filing and/or redacting all or certain such information. The filing with the clerk of any Confidential or Highly Confidential Information not under seal, under any circumstance (including a situation in which the Court denies a motion to impound), shall not be deemed to waive or limit any restriction contained in this Order as to that information, or as to any other Confidential or Highly Confidential Information.

      10.    If Confidential or Highly Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing party five (5) business days prior to the time when production of the information is requested by subpoena. In the event that the subpoena purports to require production of such Confidential or Highly Confidential Information on less than five days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and

forthwith deliver by hand or facsimile a copy thereof, to the attorneys for the producing party. Absent a Court Order to the contrary, the party to whom the subpoena is directed may comply therewith, however, if application for a protective order is made on or before the return date, the party to whom the subpoena is directed shall not produce such Confidential or Highly Confidential Information prior to receiving a court order or the consent of the producing party.

11. Designation of any material as Confidential or Highly Confidential shall not preclude any party from contending before the Court that it does not qualify for confidential treatment; shall not create any presumption that documents and transcripts so designated are Confidential or Highly Confidential; and shall not shift the burden of establishing entitlement to Confidential or Highly Confidential treatment from the producing party, in the event of a challenge to such treatment as to particular information so designated.

12. This Stipulation and Order shall be applicable to and binding upon any third-party or third-party witnesses who agree in writing to be subject to the terms of this Stipulation and Order. Such a third party may designate information as Confidential or Highly Confidential and that information will be treated in all respects in accordance with the provisions herein governing information so designated.

13. Attendance at depositions at which Confidential or Highly Confidential Information is identified, discussed, or disclosed shall be limited to those persons who are authorized to receive such Confidential or Highly Confidential Information under the terms of this Stipulation and Order.

14. Inadvertent production of any Information without its being marked Confidential or Highly Confidential shall not itself be deemed a waiver of any claim of confidentiality as to such matter or as to any other Information relating thereto or relating to the same subject matter, and the same may thereafter be designated as Confidential or Highly Confidential, in accordance with the terms of this Stipulation and Order. Inadvertent production of any privileged material by any party or any non-party shall not be deemed a waiver or impairment of any claim or privilege, including but not limited to the attorney-client privilege or work-product doctrine, concerning the produced material, any unproduced material or the subject matter of any produced or unproduced material.

15. Any party receiving any inadvertently produced Information or privileged material must, within three (3) business days of receiving notice of such inadvertent production, return it to the producing party, including any copy or extract of it. In the event of a dispute as to whether a document was produced inadvertently, the burden shall be on the producing party to demonstrate that any asserted inadvertent production was, in fact, inadvertent; provided, however, that if there is a dispute about whether a document was produced inadvertently, the document shall be treated as privileged, Confidential, or Highly Confidential, whichever is applicable, until the dispute is resolved by the Court.

16. If Confidential or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Stipulation and Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the undersigned counsel of all pertinent facts relating to such disclosure and shall make

every reasonable effort to retrieve the Information and to prevent disclosure by each unauthorized person who received or possesses such Information.

17. The provisions of this Order do not specify procedures for the protection of Confidential or Highly Confidential Information in the context of court hearings or trial, if any. Appropriate procedures will be established in advance of any hearing or trial, based upon good-faith negotiation of the parties and application to the Court. No receiving party shall submit or otherwise disclose any Confidential or Highly Confidential Information in open Court, absent a court order concerning confidentiality issued following the process of negotiation and application set forth herein. A party may move, pursuant to Local Rule 7.2, that the portions of the transcript of any such hearing at which Confidential or Highly Confidential Information is disclosed be marked confidential and protected from public disclosure.

18. At the conclusion of the Litigation, all materials designated as containing Confidential or Highly Confidential Information pursuant hereto, together with all copies, summaries, and abstracts thereof, shall be promptly returned to the producing party at the request and expense of the producing party, except that counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential or Highly Confidential Information. Such retained copies will remain subject to all of the provisions herein.

19. The binding effect of this Stipulation and Order shall survive termination of this Action and the Court shall retain jurisdiction to enforce the Stipulation and Order.

20. This Stipulation and Order may be modified by the Court upon application thereto of any party.

Dated: November 4, 2005                                     Respectfully submitted,
       Boston, Massachusetts

 /s/ David E. Marder                                         /s/ David S. Clancy
David E. Marder (BBO #552485)                               James R. Carroll (BBO #554426)
Marc N. Henschke (BBO #636146)                              David S. Clancy (BBO #636031)
Jonathan D. Mutch (BBO #634543)                             Scott T. Lashway (BBO #655268)
Robins, Kaplan, Miller & Ciresi LLP                         SKADDEN, ARPS, SLATE,
111 Huntington Avenue                                         MEAGHER & FLOM LLP
Boston, Massachusetts 02199                                 One Beacon Street
(617) 267-2300                                              Boston, Massachusetts  02108
                                                            (617) 573-4800

Counsel for Plaintiffs                                      Counsel for Defendants


Hereby ORDERED, this ___ day of _____, 2005, by:


_____
Judge George A. O'Toole, Jr.
United States District Court for the District of Massachusetts

## **EXHIBIT 1**

## **UNDERTAKING**

The undersigned, whose assistance is required in the preparation or trial of this Litigation, having been duly sworn, deposes and swears as follows:

I have read the attached Stipulation and Order, dated November 3, 2005, understand its contents, and hereby agree to comply therewith and to be bound thereby, and consent to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of enforcement of the Stipulation and Order;

Among other obligations stated therein:

1. I agree to use such Confidential or Highly Confidential Information only for the purposes of assisting in this Litigation, and for no other purpose;

2. I agree not to make copies of any such Information except in accordance with the Stipulation and Order, and not to communicate such Information to any person or entity not qualified to receive such Information under the terms of the Stipulation and Order;

3. I agree to promptly return to the producing party all Confidential or Highly Confidential Information and all copies of same at the conclusion of the Litigation; and

I acknowledge that failure on my part to comply with the provisions of the Stipulation and Order may be punishable by contempt of court and may render me liable to any party, person, or entity damaged thereby.

I declare under the penalties of perjury that the foregoing is true and correct.

Subscribed and sworn to me this
___ day of _____, 200__          Name: _____(print or type)

                                   Signature: _____

_____
Notary Public
My Commission Expires On: _____