UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVEN G. WICKS, GERALD A. KALBFLEISCH, and MICHAEL and MYRTLE HATHAWAY    :

      Plaintiffs,    :

   - against -    :    Civil Action No. 04-10988-GAO

PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT, LP    :

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' UNOPPOSED MOTION
FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(B)(3), Defendants hereby respectfully move for permission to submit to this Court the November 7, 2005 decision in the Section 36(b) case <u>Brever v. Federated Asset Mgmt., et al.</u>, Civ. No. 04-855 (W.D. Pa.) ("<u>Federated</u>") in support of (1) Defendants' pending motion for summary judgment on the claims of Mr. Wicks,[1] and (2) Defendants' opposition to the motion to amend the complaint to add new plaintiff John Vaughn.[2]  A copy of the <u>Federated</u> decision is attached hereto as Exhibit A.  Plaintiffs do not oppose this motion; however, they have asked that in exchange they be provided five (5) business days to make a submission of their own concerning <u>Federated</u>.  Defendants do not object to that request.  As grounds for this motion, Defendants state:

---

[1] Putnam Investment Management, LLC's And Putnam Retail Management, LLP's (i) Motion For Summary Judgment On The Claims Of Steven G. Wicks, And (ii) Motion to Stay Discovery Based, On Wicks' Lack Of Standing, filed on June 27, 2005.

[2] Putnam Investment Management, LLC's And Putnam Retail Management, LLP's Opposition To The Motion To File Second Amended Complaint, filed on July 5, 2005.

1. Defendants' pending motion for summary judgment seeks dismissal of the claims of Mr. Wicks on the basis that he does not own shares in any Putnam fund, and therefore does not satisfy Article III's requirement that he have a financial stake in the outcome of this suit. <u>Federated</u> addresses an analogous situation, and finds that, when the plaintiff sold his Federated fund shares after he filed suit, he "divested himself of standing to maintain an action under § 36(b) of the ICA." (Opinion, at 2.) Defendants submit that, on this point, <u>Federated</u>'s analysis will be helpful to the Court.

2. Defendants believe that <u>Federated</u> will be helpful to the Court on a second pending issue as well. By a proposed amendment to the complaint, plaintiffs' counsel seek to add John Vaughn as a new plaintiff. Plaintiffs' counsel want Vaughn to, in effect, substitute for Wicks on a "relation back" theory, inheriting Wicks' May 18, 2003 beginning-date for restitution,[3] even though, if Vaughn were to file his own suit today, that beginning-date would be December 1, 2004 (more than one year later). The Court in <u>Federated</u> addresses the same "relation back" argument in detail, and rejects it, ruling that "[p]ermitting substitute plaintiffs to maintain claims under the ICA for the same remedial relief applicable to Brever's initial claims would effectively toll the substantive damage limitation contained in § 36(b)(3) without an equitable basis warranting such relief." (Opinion, at 3-10.) (The Court in <u>Federated</u> permitted the addition of new plaintiffs, but ruled that they could not assume for themselves the first plaintiff's beginning-date for restitution.)[4]

---

[3] A Section 36(b) suit may seek restitution of fees paid to the defendants beginning one year before the date of the suit. (Section 36(b), 15 U.S.C. § 80-35(b)(3).) Wicks filed suit on May 17, 2004. (It is not permissible for plaintiffs to seek relief as to the period following commencement of suit; nonetheless, plaintiffs do seek that relief, and Defendants will address that issue at summary judgment, if not before.)

[4] Defendants do not believe Vaughn should be permitted to enter this lawsuit at all. This is the third 36(b) suit involving Wicks, and in those suits six complaints have been filed already. No such circumstances were addressed in <u>Federated</u>. <u>See</u> Putnam's Opposition To The Motion To

*(cont'd)*

3.     For the above reasons, Defendants submit that the Court will find the analysis in <u>Federated</u> useful in resolving the pending motions.

## CERTIFICATION UNDER LOCAL RULES 7.1(a)(2)

The undersigned hereby certifies that counsel for Defendants have conferred with Plaintiffs' counsel, and Plaintiffs do not oppose this motion; however, they have asked that in exchange they be provided five (5) business days to make a submission of their own concerning <u>Federated</u>.  Defendants do not object to that request.

Dated:   December 6, 2005                           Respectfully submitted,
         Boston, Massachusetts

                                      /s/ James R. Carroll
                                       James R. Carroll (BBO #554426)
                                       David S. Clancy (BBO #636031)
                                       Scott T. Lashway (BBO #655268)
                                       SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM LLP
                                       One Beacon Street
                                       Boston, Massachusetts  02108
                                       (617) 573-4800

## Certificate Of Service

I, Scott T. Lashway, hereby certify that on December 6, 2005, I caused a true copy of the forgoing Defendants' Unopposed Motion To Submit Supplemental Authority to be served electronically via the Court's Electronic Filing System upon David E. Marder, of Robins, Kaplan, Miller & Ciresi, L.L.P., 800 Boylston Street, Suite 2500, Boston, Massachusetts 02199, and by overnight delivery upon Thomas Gallo, of Robins, Kaplan, Miller & Ciresi, L.L.P., 2600 One Atlanta Plaza, 950 East Paces Ferry Road, N.E., Atlanta, Georgia, 30326-1119, and Thomas R. Grady, Ackerman, Link & Sartory, P.A. 222 Lakeview Avenue, Suite 1250 – Esperante, West Palm Beach, Florida 33401.

Dated:  December 6, 2005                             /s/ Scott T. Lashway
                                                 Scott T. Lashway

---

*(cont'd from previous page)*
File Second Amended Complaint, dated July 5, 2004.  If Vaughn nonetheless is permitted to enter this suit, this Court should rule, as did the Court in <u>Federated</u>, that his claim does not "relate back" to Wicks' claim with respect to Section 36(b)'s one-year recovery period.

3