UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| STEVEN G. WICKS, GERALD A. KALBFLEISCH and MICHAEL AND MYRTLE HATHAWAY | ) ) ) ) ) | No: 1:04-CV-10988 (GAO) |
| Plaintiffs, | ) ) |  |
| v. | ) ) |  |
| PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT, LLP, | ) ) ) ) ) |  |
| Defendants. | ) ) |  |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

Plaintiffs' Motion To File Second Amended Complaint and defendant's Motion for Summary Judgment on Claims of Steven G. Wicks are pending.[1] Putnam recently submitted the Opinion of the District Court of the Western District of Pennsylvania in *Brever v. Federated Equity Management* and argued that it was instructive on the issues of whether the Wicks claims remain viable, whether plaintiffs should be granted leave to file their Second Amended Complaint to add the Vaughn claims, and whether the Second Amended Complaint relates back, pursuant to Rule 15(c), to the filing of the original Complaint in this action.

---

[1] The parties' Joint Motion for Entry of an Order for the Protection and Exchange of Confidential and Highly Confidential Information, dated November 11, 2005, also remains pending. Putnam insists upon entry of the proposed Stipulation and Order before producing documents.

AT1 30042238.1

The *Brever* decision should have little, if any, impact on a decision on any of these issues for the following reasons:

1. As to the issue of Wicks' standing to maintain his claims, the *Brever* decision recites that the plaintiffs in that action "did not take issue with Brever's inability to maintain an action" and concludes in summary fashion that Brever had no standing to pursue his claims. Op. at 2. In this action, however, plaintiffs have shown that the sale of Wicks' shares in the Putnam funds after the initiation of this action did not affect his "standing" to maintain his claims, but instead implicates the mootness doctrine. In the context of a class action or a plaintiff acting as a private attorney general, as here, the controversy is not moot as a result of the sale of Wicks' interest. *See*, Plaintiffs' Response to Defendants' Motion for Summary Judgment on Claims of Steven G. Wicks, dated July 18, 2005, at pp. 4-9.

2. The court in *Brever* permitted the filing of the Second Amended Complaint without discussion of Rule 15(a), tacitly confirming that leave to amend shall be "freely given."

3. The issue of relation back of the proposed Second Amended Complaint is not properly before this court, and the *Brever* court's analysis, in any event, should not be adopted.

    A. Plaintiffs have moved for leave to file an Second Amended Complaint to assert the Vaughn claims. In response, Putnam argued that it would be prejudiced by the filing of the Second Amended Complaint if relation-back were permitted and stated that it would "address this issue subsequent to any amendment with an appropriate motion and briefing." *See*, Putnam's Opposition to the Motion to File Second Amended Complaint, dated July 5, 2005, at pp. 9-10. In reply, plaintiffs argued that the relation-back issue is premature and not ripe for ruling. *See*, Reply Memorandum in Support of Plaintiffs' Motion for Leave to Amend, dated July 18, 2005, at pp. 10-11. Since the parties have not comprehensively briefed this important

issue, this Court should not rule upon it.  Moreover, the issue of relation-back in this context is a matter of the appropriate damages period, an issue that need not be resolved at this early stage of the litigation.

    B.  The *Brever* court's analysis of the relation-back issue is faulty for the following reasons, among others:

    1.  The *Brever* court applies the wrong legal standard in determining whether Rule 15(c) permits relation back.  In both the *Brever* action and this matter, the proposed amendment seeks to add a new plaintiff, rather than name a new defendant or correct the misnomer of a defendant.  The First Circuit Court of Appeals set forth the test applicable to determining whether an amendment adding a new plaintiff relates back to the filing of the original complaint in *Allied International, Inc. v. International Longshoreman's Assoc.*, 814 F.2d 32 (1st Cir. 1987).  *See*, Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Leave to Amend, dated July 18, 2005, at p. 11.  The *Brever* court, however, applies different factors set out in Rule 15(c) which apply to amendments related to defendants, not plaintiffs, and, therefore, considers factors that are unrelated to an analysis appropriate to adding a new plaintiff.  Op. at pp.8-9.

    2.  The *Brever* court's reasoning as to whether the proposed Amended Complaint asserts the "same claim" as the original Complaint conflicts with this Court's analysis in its March 28, 2005 Memorandum and Order concerning defendants' motion to dismiss.  This Court concluded in its March 28 Memorandum and Order that: "The difference between Wick's first and second actions as to the period for which damages could be assessed does not mean that the § 36(b) claims in the respective actions were not the 'same.'"  March 28, 2005 Memorandum and Order, at p.7.  In contrast, the *Brever* court takes the opposite approach and holds that

"because the damage remedies available to substitute plaintiffs necessarily cover fee arrangement and services that are distinct from those initially brought under review by Brever's claims, the substitute plaintiffs claims arise out of separate transactions and occurrences . . . ." Op. at p. 3. The *Brever* court later states: "Thus as a result of the substantive limitations on damages explicitly set forth in § 36(b), substitute plaintiffs' claims involve different transactions . . . . " Op. at p. 8.[2]

Unlike the *Brever* court, this Court's approach in its March 28 Memorandum and Order would compel the conclusion that the pending claims and those set forth in the proposed Second Amended Complaint are the "same" and, therefore, are entitled to relation-back treatment.

        3.      The *Brever* court improperly concludes that there is no basis to apply equitable tolling to Section 36(b) claims. Indeed, other courts have applied equitable tolling to toll the one-year period set forth in Section 36(b). In *Cambridge Fund, Inc. v. Abella*, 501 F. Supp. 598, 624-25 (S.D.N.Y. 1980), the court held that a prior pending action under Section 36(b) tolled the one-year period and allowed a later filed action to assert claims arising within one year of the prior pending action. Furthermore, in holding that no basis exists to apply

---

[2] While the *Brever* opinion is unclear, it is possible that the proposed newly added plaintiffs did not own mutual fund shares during the period covered by the original Complaint. In that event, the proposed newly added plaintiffs would not be in a position to make damage claims for the same period as the original Complaint and their claims could be viewed as different. In this action, however, the Vaughns owned shares in their mutual funds during the period covered by the original Wicks Complaint.

If the newly proposed plaintiffs in *Brever* did own mutual fund shares during the period covered by the original Complaint, then the *Brever* court employs circular reasoning to deny relation back. The court improperly concludes from the outset of its analysis that the newly added plaintiffs can only assert damages claims for the one year period immediately preceding the filing of their Amended Complaint and then determines that such damage claims cannot be the "same" as the damage claims asserted by the original plaintiff so that relation back is inappropriate. Proper analysis would first compare the claims being asserted without assuming from the outset that they newly added plaintiffs could only assert damage claims for the one year period immediately preceding the filing of the Amended Complaint.

equitable tolling to the limitation period in 36(b), the *Brever* court fails to appreciate the representative nature of Section 36(b) claims and its impact on equitable tolling. A mutual fund shareholder bringing a Section 36(b) is doing so on behalf of all shareholders of the fund. In that regard, the standing of a Section 36(b) plaintiff is not unlike that of a class representative in a Rule 23 class action or a private attorney general. These type of representative actions are permitted and encouraged for the very reason that they avoid repetitious, duplicative actions. As a result, the Supreme Court of the United States in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756 (1974) held that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of class who make timely motions to intervene after denial of class certification. In *Crown, Cork & Seal Co., Inc.*, 462 U.S. 345, 103 S.Ct. 2392 (1983), the Supreme Court clarified the American Pipe decision to extend tolling to putative class members who file separate actions following denial of class certification.

The *American Pipe* doctrine should be applicable to Section 36(b) claims in that the plaintiff is acting not only on his own behalf but on behalf of all fund shareholders. Since the other shareholders are relying on the pendency of the Section 36(b) action and the defendants have been put on notice of the claims on behalf of the fund shareholders, a newly named plaintiff should get the benefit of equitable tolling if intervention is later required because the Section 36(b) plaintiff is unable to continue to prosecute the claims. The *Brever* decision makes no mention of the *American Pipe* and *Crown, Cork & Seal* decisions and the numerous lower court decisions applying their reasoning or the C*ambridge Fund* decision.

## **CONCLUSION**

Plaintiffs' Motion to File Second Amended Complaint should be granted, and this Court should reserve the issue of relation-back for determination at a later date after comprehensive briefing by the parties.

Respectfully submitted,

/s/ Thomas J. Gallo
David E. Marder (BBO #5534856)
Marc N. Henschke (BBO #636146)
Jonathan D. Mutch (BBO #634534)
Robins, Kaplan, Miller & Ciresi LLP
111 Huntington Ave.
Boston, MA 02199
(617) 267-2300

Thomas J. Gallo (Admitted *pro hac vice*)
Robins, Kaplan, Miller & Ciresi, LLP
2600 One Atlanta Plaza
950 E. Paces Ferry Road, N.E.
Atlanta, GA 30326-1119
(404) 760-4300

Thomas R. Grady (Admitted pro hac vice)
Ackerman, Link & Sartory, P.A.
222 Lakeview Avenue
Suite 1250 Esperente
West Palm Beach, Florida 33401

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| STEVEN G. WICKS, <br> GERALD A. KALBFLEISCH and <br> MICHAEL AND MYRTLE HATHAWAY <br><br> Plaintiffs, <br><br> v. <br><br> PUTNAM INVESTMENT MANAGEMENT, LLC and <br> PUTNAM RETAIL MANAGEMENT, LLP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No: 1:04-CV-10988 (GAO) |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2005, I electronically filed Plaintiffs' Response to Defendants' Motion for Leave to Submit Supplemental Authority with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> James R. Carroll
> David S. Clancy
> Elizabeth A. Hellmann
> Scott T. Lashway

I hereby certify that I have faxed, and mailed by United States Postal Service, the document to the following non-CM/ECF participant(s):

> None

Dated: December 13, 2005        /s/ Thomas J. Gallo
                                                Thomas J. Gallo (Admitted *pro hac vice*)

AT1 30042238.1