UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10988-GAO

STEVEN G. WICKS,
GERALD A. KALBFLEISCH, and
MICHAEL HATHAWAY and MYRTLE HATHAWAY,
Plaintiffs,

v.

PUTNAM INVESTMENT MANAGEMENT, LLC
and PUTNAM RETAIL MANAGEMENT, LLP,
Defendants.

MEMORANDUM AND ORDER
January 19, 2006

O'TOOLE, D.J.

The plaintiffs, Steven G. Wicks, Gerald A. Kalbfleisch, and Michael and Myrtle Hathaway, bring this action against Putnam Investment Management, LLC and Putnam Retail Management, LLP (collectively "Putnam") for breach of their fiduciary duties under § 36(b) of the Investment Company Act (ICA) of 1940, 15 U.S.C. § 80a-35(b) (§ 36(b)). The original complaint was filed on May 17, 2004, asserting § 36(b) claims on behalf of nine Putnam funds.[1] On March 28, 2005, I denied Putnam's motion to dismiss in part and granted it in part, dismissing Wicks's complaint as to two of eight funds on whose behalf he purported to bring a claim – the Putnam Fund for Growth and Income and the Putnam Investors Fund – on the ground that his assertion of those claims was barred

---

[1] Wicks asserted a claim based on ownership of the following eight funds: Putnam Discovery Growth Fund, Putnam Fund for Growth and Income, Putnam Growth Opportunities Fund, Putnam Investors Fund, Putnam New Opportunities Fund, Putnam New Value Fund, Putnam Vista Fund and Putnam Voyager Fund. Kalbfleisch asserted a claim based on ownership of another fund, the Putnam Classic Equity Fund.

by the "two dismissal rule" of Fed. R. Civ. P. 41(a)(1).  Shortly after this ruling, Wicks and Kalbfleisch amended their complaint to add two new plaintiffs, the Hathaways.  The Hathaways asserted claims on behalf of the two funds as to which Wicks' claims had been dismissed for procedural reasons.  In the amended complaint, Wicks asserted that he was a shareholder in the six other remaining funds, on behalf of which he continued to maintain claims.  Putnam answered the amended complaint on April 21, 2005.

After the amended complaint was filed, Wicks's counsel learned that Wicks's broker had, acting on his own, sold all of Wicks's shares in the Putnam funds, leaving him with no ownership interest in any of them. On June 3, 2005, Wicks's counsel notified Putnam's counsel by letter that "Mr. Wicks' broker sold all of Mr. Wicks' shares in Putnam mutual funds against his instructions. This sale occurred between the filing of the original complaint and the filing of the amended complaint."

## Plaintiffs' Motion for Leave to Amend

After learning that Putnam intended to take the position that, having sold all his shares in any Putnam funds, Wicks no longer had standing to assert his claims, Wicks' counsel found a willing substitute plaintiff in a former client, John Vaughn. Vaughn asserts that he owns shares in two of the funds previously owned by Wicks and that he has continually owned these shares since before the filing of the original complaint.  On June 20, 2005, the plaintiffs moved for leave to file a second amended complaint.  The only substantive change proposed by this amendment is to add Vaughn as a plaintiff on behalf of two of the six funds formerly held by Wicks.  The second amended complaint adds no new funds, no new defendants, and no new claims.  Putnam opposes this amendment.  For the following reasons, I conclude that leave to amend ought to be granted.

Under Fed. R. Civ. P. 15(a), leave to file an amended complaint should be "freely given when justice so requires." Where, as here, the case is in its early stages and there is no scheduling order setting a cut-off date for amendments, leave to amend is usually granted unless the amendment would be futile or would reward undue or intentional delay by the plaintiff. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). In exercising the discretion to grant leave to amend, I consider the totality of the circumstances and equitable considerations, including the degree and circumstances of the delay, repeated failures to cure deficiencies by amendments previously allowed, the underlying motives of the party seeking to amend, and the prejudice to the non-moving party of granting the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962); Quaker State Oil Co. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989); see also Savoy v. White, 139 F.R.D. 265, 269 (D. Mass. 1991); 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1487 (2005).

Granting leave to amend in this situation is proper under all the circumstances. This amendment would not be futile as Vaughn would be asserting the same claims I previously ruled were sufficient to survive Putnam's motion to dismiss. Vaughn will essentially be bringing claims that he, as well as Wicks, could have brought on the date of the original complaint because both were shareholders of the two funds at issue at that time. See 15 U.S.C. § 80a-35(b). There does not appear to have been any undue delay in bringing the motion for leave to amend because the plaintiffs moved to amend shortly after learning that Wicks's broker had sold his shares. There will also be no undue prejudice to Putnam because the amendment sought does not change the complaint substantively nor does it impact the schedule for discovery, dispositive motion briefing, or trial. Putnam's argument that the amendment unfairly expands the scope of damages Vaughn may recover is unpersuasive. It appears that Vaughn was qualified by his ownership of shares in the relevant funds

3

to bring the action as of the date of its original commencement by Wicks. The amendment of the complaint to substitute him for Wicks as the plaintiff on behalf of those funds properly relates back to the commencement of the action. The temporal scope of the damage remedy thus remains the same. This is not unfair prejudice to the defendants; it might rather be seen as merely denying them an unexpected windfall limitation of the damage remedy that otherwise might have been available.

The plaintiffs' motion for leave to file a second amended complaint (dkt. no. 22) is GRANTED.

### Putnam's Motion for Summary Judgment

Putnam responded to the news about Wicks's sale of his shares by moving for summary judgment as to his claims, arguing that he lacks standing to assert those claims. The plaintiffs have stated that, if the motion to amend the complaint by adding Vaughn as a plaintiff is granted, they do not oppose the summary judgment motion. Accordingly, the motion for summary judgment (dkt. # 27) is GRANTED. In addition, that portion of the summary judgment motion that asked for a stay of discovery is moot.

| | |
|---|---|
| January 19, 2006 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |