UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN J. VAUGHN, GERALD A.
KALBFLEISCH, and MICHAEL and  :
MYRTLE HATHAWAY
                              :
        Plaintiffs,
                              :   Civil Action
        - against -               No. 04-10988-GAO
                              :
PUTNAM INVESTMENT MANAGEMENT,
LLC and PUTNAM RETAIL          :
MANAGEMENT, LLP
                              :
        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER AND AFFIRMATIVE DEFENSES OF PUTNAM INVESTMENT MANAGEMENT, LLC AND PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP TO SECOND AMENDED COMPLAINT**

Defendants Putnam Investment Management, LLC and Putnam Retail Management Limited Partnership,[1] by their undersigned counsel, answer the Second Amended Complaint in this action (the "Complaint") upon knowledge as to themselves and otherwise upon information and belief as follows:

1.   Defendants aver that the first sentence of paragraph 1 contains legal conclusions to which no response is required. Defendants deny the remaining allegations of paragraph 1 of the Complaint.

---

[1] The Complaint names "Putnam Retail Management, LLP." Defendants assume this is a typographical error and - though without any obligation to do so - read that as a reference to Putnam Retail Management Limited Partnership. To the extent that the Complaint intends to name an entity called "Putnam Retail Management, LLP," all allegations in the Complaint are hereby denied.

2. Defendants are without knowledge or information sufficient to admit or deny the allegations of the first sentence of paragraph 2. Defendants deny the remaining allegations of paragraph 2.

3. Defendants aver that the allegations of the first sentence of paragraph 3 contain legal conclusions to which no response is required. Defendants aver that the second sentence of paragraph 3 contains legal conclusions to which no response is required, except that, to the extent that the second sentence of paragraph 3 quotes from an Order of the Judicial Panel on Multidistrict Litigation, Defendants respectfully refer to the Orders of that Panel for their content. Defendants admit the allegations of the third sentence of paragraph 3. Defendants deny the allegations of the fourth sentence of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

5. Defendants deny the allegations of paragraph 5 of the Complaint.

6. Defendants aver that the first and second sentences of paragraph 6 contain vague and general statements purporting to describe the mutual fund industry and do not require a response. To the extent that a response is deemed required, Defendants deny the allegations of the first and second sentences of paragraph 6. Defendants are without knowledge or information sufficient to admit or deny the allegations of the third sentence of paragraph 6 and, on that basis, deny the allegations of the third sentence of paragraph 6. Defendants aver that the fourth, fifth and sixth sentences of paragraph 6 contain vague and general statements purporting to describe the mutual fund industry and do not require a response. To the extent that a response is deemed required, Defendants deny the allegations of the fourth, fifth and sixth sentences of paragraph 6 of the Complaint.

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants deny the allegations of paragraph 10 of the Complaint.

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 14 of the Complaint.

15. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 16 of the Complaint.

17. Defendants deny the first sentence of paragraph 17 of the Complaint and state that PIM is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. Defendants admit the allegations of the second sentence of paragraph 17.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint, except admit that Plaintiffs purport to bring this action under section 36(b) of the ICA.

20. Defendants aver that paragraph 20 contains legal conclusions to which no response is required.

21.   Defendants aver that paragraph 21 contains legal conclusions to which no response is required.

22.   Defendants admit the allegations of the first sentence of paragraph 22 of the Complaint. Defendants aver that the remaining allegations of paragraph 22 contain legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the remaining allegations of paragraph 22 of the Complaint.

23.   Defendants deny the allegations of paragraph 23 of the Complaint and respectfully refer the Court to section 36(b) of the ICA for the complete contents thereof.

24.   Defendants deny the allegations of paragraph 24 of the Complaint, except admit that management fees are earned on Putnam mutual funds.

25.   Defendants deny the allegations of paragraph 25 of the Complaint, except that, to the extent that paragraph 25 purports to quote from an address by Arthur Levitt, Defendants respectfully refer to that address for its complete contents.

26.   Defendants deny the allegations of the first sentence of paragraph 26 of the Complaint. Defendants aver that the allegations of the second sentence of paragraph 26 are vague and ambiguous and, on that basis, Defendants deny the allegations of the second sentence of paragraph 26 of the Complaint. Defendants deny the remaining allegations of paragraph 26 of the Complaint.

27.   Defendants deny the allegations of paragraph 27 of the Complaint.

28.   Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants aver that paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of the first sentence of paragraph 31 of the Complaint. Defendants are without knowledge of information sufficient to admit or deny the remaining allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint, except Defendants are without knowledge or information sufficient to admit or deny the allegations of the second sentence of that paragraph.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants aver that paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants aver that paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants aver that paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint, except that, to the extent that paragraph 37 purports to quote from a "Statement on the Future

Structure of the Securities Markets," Defendants respectfully refer to that document for its complete contents.

38.     Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint, except that, to the extent that paragraph 39 purports to characterize and quote from a case captioned, <u>Meyer v. Oppenheimer Management Corporation</u>, 895 F.2d 861 (2d. Cir. 1990), Defendants respectfully refer to that decision for its complete contents.

40.     Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Defendants aver that paragraph 41 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of paragraph 41 of the Complaint, except that, Defendants respectfully refer to 17 C.F.R. § 270.12b-1 for its complete contents.

42.     Defendants aver that paragraph 42 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations of paragraph 42 of the Complaint.

43.     Defendants deny the allegations of paragraph 43 of the Complaint.

44.     Defendants deny the allegations of paragraph 44 of the Complaint.

45.     Defendants deny the allegations of paragraph 45 of the Complaint.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants deny the allegations of the first sentence of paragraph 47 of the Complaint.  Defendants deny the allegations of the second sentence of paragraph 47 of the Complaint, except that, to the extent that paragraph 47 of the Complaint purports to

6

characterize and quote from an SEC Release, Defendants respectfully refer to that Release for its complete contents. Defendants aver that the third sentence of paragraph 47 contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of the third sentence of paragraph 47.

48. Defendants deny the allegations of paragraph 48 of the Complaint, except that, to the extent that paragraph 48 of the Complaint purports to characterize Putnam Distribution Plans, Defendants respectfully refer to those Distribution Plans for their complete contents.

49. Defendants deny the allegations of the first sentence of paragraph 49 of the Complaint. Defendants aver that the remaining allegations of paragraph 49 contain legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the remaining allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants aver that paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 53 and respectfully refer the Court to <u>Gartenberg v. Merrill Lynch Asset Management, Inc.</u>, 694 F.2d 923 (2d Cir. 1982) for the complete contents of that decision.

54. Defendants aver that paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants aver that paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants aver that paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 56 of the Complaint and respectfully refer the Court to Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923 (2d Cir. 1982) for the complete contents of that decision.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint, except that, to the extent that paragraph 62 of the Complaint purports to characterize an article entitled "Mutual Fund Advisory Fees: The Cost of Conflicts of Interest," Defendants respectfully refer to that article for its complete contents.

63. Defendants deny the allegations of paragraph 63 of the Complaint, except that, to the extent that paragraph 63 of the Complaint purports to characterize the contents

of an SEC Report and a GAO Report, Defendants respectfully refer to those Reports for its complete contents.

64. Defendants deny the allegations of the first and second sentences of paragraph 64 of the Complaint, except that, to the extent that the first and second sentences of paragraph 64 of the complaint purport to characterize a case captioned, <u>Migdal v. Rowe Price Fleming Int'l, Inc.</u>, 248 F.3d 321 (4th Cir. 2001), Defendants respectfully refer to that decision for its complete contents.  Defendants deny the allegations of the third sentence of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint, except Defendants are without knowledge or information sufficient to admit or deny the allegations of the second and third sentences of that paragraph.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint, except that, (1) to the extent that paragraph 69 of the Complaint purports to characterize the contents of a GAO Report, Defendants respectfully refer to that Report for its complete contents and (2) to the extent that paragraph 69 of the Complaint purports to characterize an article entitled "Mutual Fund Advisory Fees: The Cost of Conflicts of Interest," Defendants respectfully refer to that article for its complete contents.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73.  Defendants deny the allegations of paragraph 73 of the Complaint.

74.  Defendants deny the allegations of paragraph 74 of the Complaint.

75.  Defendants aver that paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 75 of the Complaint.

76.  Defendants aver that paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 76 of the Complaint.

77.  Defendants aver that paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 77 of the Complaint.

78.  Defendants deny the allegations of paragraph 78 of the Complaint.

79.  Defendants deny the allegations of paragraph 79 of the Complaint.

80.  Defendants deny the allegations of paragraph 80, except that, to the extent that paragraph 80 purports to characterize and quote from an article entitled "Mutual Fund Advisory Fees: The Cost of Conflicts of Interest," Defendants respectfully refer to that article for its complete contents.

81.  Defendants deny the allegations of paragraph 81, except that, to the extent that paragraph 81 purports to characterize the content of an article entitled "Mutual Fund Advisory Fees: The Cost of Conflicts of Interest," Defendants respectfully refer to that article for its complete contents.

82.  Defendants deny the allegations of paragraph 82, except that, to the extent that paragraph 82 purports to characterize the contents of an article entitled "The

Standards that We Expect Mutual Funds to Meet," Defendants respectfully refer to that article for its complete contents.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants aver that the phrase "other institutional clients" renders the allegations of the first sentence of paragraph 84 vague and ambiguous and, on that basis, Defendants deny the allegations of the first sentence of paragraph 84. Defendants deny the remaining allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

87. Defendants aver that the first sentence of paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of the first sentence of paragraph 87 of the Complaint. Defendants deny the remaining allegations of paragraph 87 of the Complaint.

88. Defendants deny the allegations of paragraph 88 of the Complaint.

89. Defendants deny the allegations of paragraph 89 of the Complaint, except that, to the extent that paragraph 89 purports to characterize and quote from an article entitled "Mutual Fund Advisory Fees: The Cost of Conflicts of Interest," Defendants respectfully refer to that article for its complete contents.

90. Defendants aver that paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 90 of the Complaint.

91. Defendants deny the allegations of paragraph 91 of the Complaint.

11

92. Defendants deny the allegations of paragraph 92 of the Complaint.

93. Defendants deny the allegations of paragraph 93 of the Complaint.

94. Defendants aver that paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 94 of the Complaint.

95. Defendants deny the allegations of paragraph 95 of the Complaint.

96. Defendants deny the allegations of paragraph 96 of the Complaint.

97. Defendants deny the allegations of paragraph 97 of the Complaint, except that, to the extent that paragraph 97 purports to characterize and quote from a Memorandum of Paul F. Roye, Defendants respectfully refer to that memorandum for its complete contents.

98. Defendants deny the allegations of paragraph 98 of the Complaint, except that, to the extent that paragraph 98 purports to characterize a Memorandum of Paul F. Roye, Defendants respectfully refer to that memorandum for its complete contents.

99. Defendants deny the allegations of paragraph 99 of the Complaint.

100. Defendants deny the allegations of paragraph 100 of the Complaint.

101. Defendants aver that paragraph 101 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 101 of the Complaint.

102. Defendants deny the allegations of paragraph 102 of the Complaint.

103. Defendants deny the allegations of paragraph 103 of the Complaint.

104. Defendants deny the allegations of paragraph 104 of the Complaint.

105. Defendants deny the allegations of paragraph 105 of the Complaint.

106.    Defendants aver that paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 106 of the Complaint.

107.    Defendants deny the allegations of paragraph 107 of the Complaint.

108.    Defendants aver that paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 108 of the Complaint.

109.    Defendants aver that paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 109 of the Complaint.

110.    Defendants deny the allegations of paragraph 110 of the Complaint.

111.    Defendants deny the allegations of paragraph 111 of the Complaint.

112.    Defendants deny the allegations of paragraph 112 of the Complaint.

113.    Defendants deny the allegations of paragraph 113 of the Complaint.

114.    Defendants deny the allegations of paragraph 114 of the Complaint, except that, (1) to the extent that paragraph 114 of the Complaint purports to characterize the contents of a GAO Report, Defendants respectfully refer to that Report for its complete contents and (2) to the extent that paragraph 114 of the Complaint characterizes a case captioned, Burks v. Lasker, 441 U.S. 471 (1979), Defendants respectfully refer to that decision for its complete contents.

115.    Defendants deny the allegations of paragraph 115 of the Complaint, except that, to the extent that paragraph 115 of the Complaint purports to characterize the

contents of a GAO Report, Defendants respectfully refer to that Report for its complete contents.

116. Defendants deny the allegations of paragraph 116 of the Complaint, except that, to the extent that paragraph 116 of the Complaint purports to characterize and quote from an SEC Report, Defendants respectfully refer to that Report for its complete contents.

117. Defendants deny the allegations of paragraph 117 of the Complaint, except that, to the extent that paragraph 117 of the Complaint purports to characterize the contents of an SEC Report, Defendants respectfully refer to that Report for its complete contents.

118. Defendants aver that paragraph 118 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 118 of the Complaint and respectfully refer to the ICA for its complete contents.

119. Defendants deny the allegations of paragraph 119 of the Complaint.

120. Defendants aver that paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 120 of the Complaint.

121. Defendants deny the allegations of paragraph 121, except that, to the extent that paragraph 121 purports to characterize and quote from an interview with Jack Bogle, Defendants respectfully refer to that interview for its complete contents.

122. Defendants deny the allegations of paragraph 122 of the Complaint, except that, to the extent that paragraph 122 purports to characterize and quote from a

case captioned, Strougo v. BEA Assoc., 188 F. Supp. 2d 373 (S.D.N.Y. 2002), Defendants respectfully refer to that decision for its complete contents.

123. Defendants deny the allegations of paragraph 123 of the Complaint.

124. In response to paragraph 124 of the Complaint, Defendants repeat and incorporate by reference their responses to paragraphs 1 through 123 above as if fully set forth herein.

125. Defendants aver that paragraph 125 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 125 of the Complaint.

126. Defendants aver that paragraph 126 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 126 of the Complaint.

127. Defendants aver that paragraph 127 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 127 of the Complaint.

128. In response to paragraph 128 of the Complaint, Defendants repeat and incorporate by reference their responses to paragraphs 1 through 127 above as if fully set forth herein.

129. Defendants aver that paragraph 129 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 129 of the Complaint.

130. Defendants aver that paragraph 130 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 130 of the Complaint.

131. Defendants aver that paragraph 131 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 131 of the Complaint.

132. In response to paragraph 132 of the Complaint, Defendants repeat and incorporate by reference their responses to paragraphs 1 through 131 above as if fully set forth herein.

133. Defendants aver that paragraph 133 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 133 of the Complaint.

134. Defendants aver that paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations of paragraph 134 of the Complaint.

FURTHER, Defendants deny the allegations in the unnumbered paragraph of the Complaint beginning with the word "WHEREFORE" (including subparagraphs "a" through "g" thereof) and deny that Plaintiffs are entitled to any relief whatsoever.

AND NOW, having answered Plaintiffs' Second Amended Complaint, Defendants set forth their affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not realized any harm from their investments in the mutual funds at issue.

## THIRD AFFIRMATIVE DEFENSE

Defendants did not engage in any conduct which would constitute a breach of fiduciary duty. Defendants at all times and in all respects acted in good faith and with due care.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the filing of the Second Amended Complaint should not have been allowed.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were fully informed of all material facts concerning investing in the mutual funds at issue, including the level and calculation of the fund advisers' compensation, and knowingly entered into the investment. On this basis, Plaintiffs are estopped and precluded from maintaining this action on behalf of the mutual funds at issue.

## SIXTH AFFIRMATIVE DEFENSE

Defendants acted at all times and in all respects in good faith and with due care.

## SEVENTH AFFIRMATIVE DEFENSE

The trustees of the mutual funds at issue exercised good faith business judgment in approving the advisory agreements in effect at the time Plaintiffs became shareholders and in subsequently approving renewals of the advisory agreements.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that this action seeks exemplary or punitive damages, any such relief is improper because it is not available under 15 U.S.C. § 80a-35(b) and because it would violate the Defendants' rights to procedural and substantive due process.

### NINTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part because it fails to satisfy the requirements of Article III of the United States Constitution, and some or all of the Plaintiffs lack standing to bring the claims asserted in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the one-year period set forth in 15 U.S.C. § 80a-35(b).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because all applicable distribution plans have been approved by the fund trustees in a manner meeting all legal requirements.

### TWELFTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by Rule 41(a) of the Federal Rules of Civil Procedure.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to further assert such defenses.

WHEREFORE, Putnam Investment Management, LLC and Putnam Retail Management Limited Partnership respectfully request that this Court:

(a) Grant Putnam Investment Management, LLC and Putnam Retail Management Limited Partnership judgment on all of plaintiffs' claims and dismiss the Complaint with prejudice;

(b) Award Putnam Investment Management, LLC and Putnam Retail Management Limited Partnership their costs and attorneys' fees for the defense of the Complaint; and

(c) Award Putnam Investment Management, LLC and Putnam Retail Management Limited Partnership such other relief as the court deems just and proper.

Dated: February 27, 2006    Respectfully submitted,
       Boston, Massachusetts

/s/ James R. Carroll
James R. Carroll (BBO #554426)
David S. Clancy (BBO #636031)
Scott T. Lashway (BBO #655268)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800

### Certificate Of Service

I, Scott T. Lashway, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 27, 2006.

Dated:  February 27, 2006    /s/ Scott T. Lashway
                                                   Scott T. Lashway