**EXHIBIT D**

<u>**REQUEST NO. 34:**</u>

<u>**Plaintiffs' Request:**</u>  "All documents and tangible things in your possession, custody, or control sufficient to identify all accounts other than The Funds that have been serviced by any Portfolio Leader or Portfolio Member of any of the Investment Management Teams for any of The Funds at any and all times during the Damages Period."

<u>**Defendants' December 5, 2005 Written Response**</u>:  "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, it is inappropriate and inefficient for plaintiffs to seek the information at issue (identification of particular accounts) through a document request; an interrogatory is the proper device for such information, and then only to the extent properly discoverable.

> Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the 'black books' collecting information relevant to the trustees' review of management and distribution fees (which contain information responsive to this request).  Defendants will also produce, for each fund at issue, all Form 485s, Form N-30Ds, and Form N-CSRs filed during the period January 1, 2002 to June 30, 2005 (which contain information identifying the investment management team of each fund)."

<u>**Additional Context Relevant To This Request:**</u>

- <u>Public filings</u> identify the investment personnel for each Putnam fund, and Defendants have produced those materials.  (<u>See</u> <u>e.g.</u>, page Putnam-Wicks 0010529 of sample Form 485, at Appendix Exhibit 44.)

- In addition, pages 30-35 of PIM's interrogatory responses identify the investment personnel for each Putnam fund, and, for each person identified, (i) they state the <u>other</u> mutual funds he/she managed during the 2002-6/30/05 time period, and (ii) they identify the institutional product types for which he/she was responsible during that same period.  (This response is Exhibit B of Defendants' Confidential Appendix.)

- Consequently, it is not clear what additional <u>documents</u> plaintiffs want in response to this request (which seeks documents "sufficient to identify"), and plaintiffs should have specified those documents before filing a conclusory and unexplained motion to compel on this request.  Maybe plaintiffs want more information as to institutional accounts, but even so the motion to compel is improper because defendants have proposed a plan for production of information in that area (which implicates significant issues of client confidentiality), to which plaintiffs have not responded.  <u>See</u> Appendix Ex. 30 at page 2, point 2.

<u>**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**</u>

- <u>None</u> as to this request specifically.  (See pages 13-14 of plaintiffs' brief, grouping this request along with 9 other requests.)

- As to the group of 10 requests <u>as a whole</u>, plaintiffs state that Putnam "abuses the discovery process when it limits its production to public filings, Trustee communications, and Trustee minutes." (Pl. Mem. at 13.)  That conclusory assertion, which is not tailored to this particular request, disregards the relevant <u>facts</u> concerning this request set forth above.

## **REQUEST NO. 48:**

**Plaintiffs' Request:**  "All documents and tangible things in your possession, custody, or control relevant to establishing the portfolio holdings (on a daily or other periodic basis) and/or the portfolio turnover rates of each of The Funds at any and all times during the Damages Period."

**Defendants' December 5, 2005 Written Response:**  "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, all documents 'relevant to establishing' the portfolio holdings and turnover rates for each of the funds at issue over a multi-year period of time is a category of documents that could conceivably encompass any document bearing in any way on the holdings of any of the funds at issue (including daily trading records).  As drafted, this request seeks a massive volume of documents, without any showing by plaintiffs as to the relevance of the information contained in such documents, or as to their need to obtain whatever information they seek by this request by some less burdensome means.

       Subject to and without waiving the foregoing objections, Defendants will produce all Form N30Ds and Form N-CSRs for the funds at issue filed during the period January 1, 2002 to June 30, 2005 (these forms are filed twice annually, and each of them specifies the portfolio holdings and portfolio turnover rates of the relevant fund as of the date stated therein)."

**Additional Context Relevant To This Request:**

- As explained in Defendants' written response (above), Defendants have committed to produce documents that fairly address the subject matter of plaintiffs' request:  The Form N-CSR (once called a Form N-30D) is filed twice annually, and it specifies the portfolio holdings and portfolio turnover rates of the relevant fund.  (A sample Form N-CSR is at Appendix Exhibit 45; the portfolio holdings are shown at pages Putnam-Wicks 0010047-0010052, and the portfolio turnover rates are shown at Putnam-Wicks 0010056.)

- If there is additional information plaintiffs want concerning "portfolio holdings" and/or "portfolio turnover rates," they should specify that information.  (Plaintiffs <u>cannot</u> be seeking "every" document "relating" to portfolio holdings and portfolio turnover rates, which would encompass, among other things, all of the daily trading records, for each of the five funds at issue, for a multi-year period.)

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- <u>None</u> as to this request specifically.  (See pages 13-14 of plaintiffs' brief, grouping this request along with 9 other requests.)

- As to the group of 10 requests <u>as a whole</u>, plaintiffs state that Putnam "abuses the discovery process when it limits its production to public filings, Trustee communications, and Trustee minutes."  (Pl. Mem. at 13.)  That conclusory assertion, which is not tailored to this particular request, disregards the relevant <u>facts</u> concerning this request set forth above.[1]

---

[1]     A similar analysis applies to Request 131, which seeks "All documents and tangible things in your possession, custody, or control that constitute or summarize records of the daily purchases and sales of securities made on behalf of each of The Funds at any and all times during the Damages Period."

## REQUEST NO. 50:

**Plaintiffs' Request**:  "All documents and tangible things in your possession, custody, or control that concern, refer to, or address the investment performance or returns of any of The Funds."

**Defendants' December 5, 2005 Written Response**:  "See General Objections, which are incorporated herein.  Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.  As drafted, this request seeks any document relating in any way to the performance of each of the funds at issue in this case, over an unlimited period of time; that request is patently unreasonable.

Subject to and without waiving the foregoing objections, Defendants will produce all Form 485s, Form N-30Ds, and Form N-CSRs for the funds at issue filed during the period January 1, 2002 to June 30, 2005; Defendants will also produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the 'black books, collecting information relevant to the trustees' review of management and distribution fees).  Defendants will also produce, for the same period of time, (i) the monthly PIM updates to the Trustees Investment Oversight Committees concerning investment performance of the funds at issue, and (ii) information produced by PIM to the Trustees' Investment Oversight Committees in connection with the trustees' periodic additional reviews of the performance of particular funds, to the extent such review related to the funds at issue."

## Additional Context Relevant To This Request:

- The documents that Defendants have committed to produce are a core, extensive, and <u>meaningful</u> set of documents concerning fund performance.  (For the 1/1/02 to 6/30/05 time period, the monthly reports to the trustees concerning fund performance alone amount to more than 2,000 pages of documentation.)

- In light of Defendants' reasonable commitment as to the subject matter of this request, plaintiffs should themselves be clear and reasonable about what additional documents concerning fund performance they believe they need.  (The topic "fund performance" is extraordinarily broad, and it is absurd for plaintiffs simply to stubbornly maintain, without clarification, that they want "all" documents that "concern, refer to, or address" that topic.  That would literally extend to every e-mail mentioning "performance," in a 4000-employee organization.)

## Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:

- None as to this request specifically.  (See pages 13-14 of plaintiffs' brief, grouping this request along with 9 other requests.)

- As to the group of 10 requests as a whole, plaintiffs state that Putnam "abuses the discovery process when it limits its production to public filings, Trustee communications, and Trustee minutes."  (Pl. Mem. at 13.)  That conclusory assertion, which is not tailored to this particular request, disregards the relevant facts concerning this request set forth above.

**REQUEST NO. 55:**

**Plaintiffs' Request:**  "All documents and tangible things in your possession, custody, or control sufficient to establish the amounts of Putnam-related compensation of any type (including cash and non-cash forms of compensation) earned or received by each of the members of the Investment Management Teams and the Boards of Trustees for each of the Funds at any and all times from January 1, 2002 to the present."

**Defendants' December 5, 2005 Written Response:**  "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, it is inappropriate and inefficient for plaintiffs to seek the type of information at issue through a sweeping document request for '[a]ll documents . . . sufficient to establish' that information; an interrogatory is the proper device for such information, and then only to the extent the information is properly discoverable.  Further, there is no basis for plaintiffs to demand (as they appear to demand) information concerning compensation on a person-by-person basis.

   Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the 'black books' collecting information relevant to the trustees' review of management and distribution fees, and Defendant will also produce all Form 485s for the funds at issue filed during the period January 1, 2002 to June 30, 2005.  (Both categories of documents contain information responsive to this request.)"

**Additional Context Relevant To This Request:**

- Though plaintiffs do not acknowledge it, the black books and associated materials include, each year, detailed reports concerning compensation, and Defendants have produced those reports (which contain, among other things, description of Putnam's approach to compensation, historical data concerning compensation, and market data concerning compensation, including with respect to investment personnel).

- The reports include compensation figures of scores of individuals (including -- for example -- members of Putnam's legal department), and for confidentiality reasons Defendants left the names and titles, but redacted the dollar figures.

- Defendants anticipated that plaintiffs might seek to confer about removing these redactions for particular individuals, or for particular categories of individuals.  But plaintiffs never did so.  Instead, they have moved to compel on this request without even acknowledging the <u>existence</u> of these already-produced compensation reports, and without acknowledging the <u>real</u> issue, on which they have completely failed to confer (<u>i.e.</u>, precisely <u>what</u> additional information they need concerning the compensation of investment personnel).

- In addition, plaintiffs have separately subpoenaed the Trustees, and have stated an intention to depose them.

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- <u>None</u> as to this request specifically.  (See pages 13-14 of plaintiffs' brief, grouping this request along with 9 other requests.)

- As to the group of 10 requests <u>as a whole</u>, plaintiffs state that Putnam "abuses the discovery process when it limits its production to public filings, Trustee communications, and Trustee minutes."  (Pl. Mem. at 13.)  That conclusory assertion, which is not tailored to this particular request, disregards the relevant <u>facts</u> concerning this request set forth above.

4

## REQUEST NO. 56:

**Plaintiffs' Request:**  "All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any decision or agreement made by PIM and/or PRM effective as of January 1, 2004 to cease directing brokerage to broker-dealers in connection with the sale of fund shares."

**Defendants' December 5, 2005 Written Response:**  "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

         Subject to and without waiving the foregoing objections, and only subject to an appropriate confidentiality order, Defendants will produce January 1, 2002-to-June 30, 2005 communications about the referenced decision between one or both of the Defendants, on the one hand, and the trustees, on the other hand, to the extent located after diligent search."

**Additional Context Relevant To This Request:**

- Defendants' production commitment is a reasonable one, and will result in the production to plaintiffs of core documents concerning the subject matter of this request, i.e., the decision to cease the practice of directed brokerage.

- Plaintiffs may want additional documents concerning the decision to cease directed brokerage, but they should specify them.  It is inappropriate for plaintiffs to opaquely demand all documents that "relate to" that decision, because that is an unrealistic category, of massive scope and uncertain contours.  For example, it would require a broad-ranging search of the files and e-mails of every person who was in any way involved with the extensive communications with the trustees on this complex matter, and could in the end plausibly require production of every e-mail sent or received by each such individual during the relevant time period referencing "directed brokerage."

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- None as to this request specifically.  (See pages 13-14 of plaintiffs' brief, grouping this request along with 9 other requests.)

- As to the group of 10 requests as a whole, plaintiffs state that Putnam "abuses the discovery process when it limits its production to public filings, Trustee communications, and Trustee minutes."  (Pl. Mem. at 13.)  That boilerplate assertion, which is not tied to this particular request, is wholly insufficient to justify an order requiring Defendants to produce the massive quantity of documents within the sweeping category described by this request.

<u>**REQUEST NO. 58:**</u>

<u>**Plaintiffs' Request**</u>:  "All documents and tangible things in your possession, custody, or control that constitute, reflect, or concern any investment policies, investment objectives, investment classifications, and/or investment restrictions applicable to each of The Funds at any and all times during the Damages Period."

<u>**Defendants' December 5, 2005 Written Response**</u>:  "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, Defendants will produce the Form 485s for each of the funds at issue filed during the period January 1, 2002 to June 30, 2005 (which contain detailed information concerning each fund's investment objectives and strategies)."

<u>**Additional Context Relevant To This Request**</u>:

- Defendants' commitment is eminently reasonable.  The filings that Defendants have committed to produce contain detailed information concerning the funds' strategies and objectives.

- If plaintiffs seek more information of that nature, they should specify the information they want, and explain why it is necessary.  It makes no sense for plaintiffs to vaguely demand every document "reflecting" or "concerning" the "policies," "objectives," and "strategies" of five mutual funds; that is a category that would encompass, among other things, <u>all</u> of the day-to-day e-mails between scores of busy investment personnel about potential investments, and investment strategies.

<u>**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request**</u>:

- <u>None</u> as to this request specifically.  (See pages 13-14 of plaintiffs' brief, grouping this request along with 9 other requests.)

- As to the group of 10 requests <u>as a whole</u>, plaintiffs state that Putnam "abuses the discovery process when it limits its production to public filings, Trustee communications, and Trustee minutes."  (Pl. Mem. at 13.)  That is a generic assertion, which is not tied to this particular request, and which ignores the important point that this particular request, as written, is <u>facially</u> unreasonable.  (See second bullet point in the immediately-preceding section on this page.)

<u>**Note**</u>:   This Exhibit relates to Section IV.C of Defendants' brief, which addresses the various document requests that plaintiffs identify in Section II.B.3 of their brief.  This Exhibit addresses each of those document requests except the following:

Request No. 5, which is addressed on pages 4 and 10 of Defendants' opposition brief;

Request No. 75, which is addressed on page 10 of Defendants' opposition brief; and

Request No. 76, which is addressed on pages 10-11 of Defendants' opposition brief.