**EXHIBIT E**

**REQUEST NO. 29:**

**Plaintiffs' Request:** "All documents and tangible things in your possession, custody, or control that constitute or concern any annual financial statements (audited and unaudited) of PIM, PRM, or any of The Funds covering any and all times from January 1, 2000 to the present including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; all cost allocation policies or procedures relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents, including ledgers and sub-ledgers."

**Defendants' December 5, 2005 Written Response:** "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that "concern" annual financial statements. Defendants further object to this request to the extent that it seeks publicly-available documents.

Subject to and without waiving the foregoing objections, Defendants will produce, as to each of the funds at issue, all Form 485s, Form N-30Ds, and Form N-CSRs filed in the period January 1, 2002 to June 30, 2005. As to PIM and PRM, Defendants will also produce, only under an appropriate confidentiality order, the Putnam financial statements contained in the 'black books' provided to the trustees during the period January 1, 2002 to June 30, 2005. Defendants will also produce, only under an appropriate confidentiality order, the trial balance entries as to the consolidated Putnam results, and as to (individually) PIM, PRM, and PFTC, for years 2001, 2002, 2003, and 2004."

**Additional Context Relevant To This Request:**

- Defendants' response speaks for itself, and shows the carefully-specified categories of responsive documents that Defendants committed to produce in response to this request.

- Further, as a general matter, Defendants are producing, for specifically articulated and reasonable multi-year time periods, a host of responsive financial documents showing profits and underlying revenues and expenses including:

  - Annual financial statements of MMC, Putnam's parent. (These have been produced.)

  - Quarterly MMC financial statements. (These have been produced.)

  - Annual audited financial statements for Putnam Investments Trust, which consolidate the financial results of all of that trust's subsidiaries, including Defendants PIM and PRM. (These <u>non</u>-public documents have been produced.)

  - Annual audited financial statements for Defendant PIM. (These <u>non</u>-public documents have been produced.)

  - Annual audited financial statements for Defendant PRM. (These <u>non</u>-public documents have been produced.)

  - Annual audited financial statements for Putnam Advisory Company ("PAC"), the entity which services Putnam's institutional accounts. (These <u>non</u>-public documents have been produced.)

  - Trial balances (also <u>non</u>-public), which underlie the audited financial statements. These have been produced for 2002-2004, and are being produced for 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

1

- Black books, which contain multiple additional financial reports. (These <u>non</u>-public documents have been produced).

- Back-up to the black books -- <u>i.e.</u>, the voluminous hardcopy and electronic materials relating to the preparation of the black books. (Approximately 30,000 pages of such information has been produced thus far.)

- In addition, Defendants' counsel have stated their willingness to provide <u>more</u> data, but plaintiffs responded by moving to compel, instead of specifying the additional data they believe they need to analyze the issue addressed in this request:

    I am open to working with you as to the financial data that you want, but I cannot go back to my client simply asking for "more" financial information than they have already provided. Can you be more clear and specific about what you need? (Maybe you have an expert or experts you could work with to articulate in technical terms the additional information that you think you do not have, and still need? I could then take that clarification to Putnam, and have a concrete discussion with Putnam about what you are asking for.)

    (Letter from Defendants' counsel to plaintiffs' counsel dated April 20, 2006, Appendix Ex. 36.)

**<u>Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request</u>:**

- <u>None</u> as to this request specifically. (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 requests <u>as a whole</u>, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves." (Pl. Mem. at 14.) That statement does not appropriately take account of the relevant facts set forth above.

**REQUEST NO. 30:**

**Plaintiffs' Request:** "All documents and tangible things in your possession, custody, or control that constitute or concern any monthly or quarterly financial statements (audited and unaudited) of PIM, PRM, or any of The Funds covering any and all times during the Damages Period including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; all cost allocation policies or procedures relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents, including ledgers and sub-ledgers."

**Defendants' December 5, 2005 Written Response:** "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that 'concern' monthly or quarterly financial statements.

Subject to and without waiving the foregoing objections, Defendants will produce the Form N-30D and Form N-CSRs during the period January 1, 2002 through June 30, 2005 (which contain financial statements and are filed on a semiannual basis). Defendants will also produce, only under an appropriate confidentiality order, the trial balance entries as to the consolidated Putnam results, and as to (individually) PIM, PRM, and PFTC, for years 2001, 2002, 2003, and 2004."

**Additional Context Relevant To This Request:**

- Defendants' response speaks for itself, and shows the carefully-specified categories of responsive documents that Defendants committed to produce in response to this request.

- Further, as a general matter, Defendants are producing, for specifically articulated and reasonable multi-year time periods, a host of responsive financial documents showing profits and underlying revenues and expenses including:

    - Annual financial statements of MMC, Putnam's parent. (These have been produced.)

    - Quarterly MMC financial statements. (These have been produced.)

    - Annual audited financial statements for Putnam Investments Trust, which consolidate the financial results of all of that trust's subsidiaries, including Defendants PIM and PRM. (These non-public documents have been produced.)

    - Annual audited financial statements for Defendant PIM. (These non-public documents have been produced.)

    - Annual audited financial statements for Defendant PRM. (These non-public documents have been produced.)

    - Annual audited financial statements for Putnam Advisory Company ("PAC"), the entity which services Putnam's institutional accounts. (These non-public documents have been produced.)

    - Trial balances (also non-public), which underlie the audited financial statements. These have been produced for 2002-2004, and are being produced for 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

    - Black books, which contain multiple additional financial reports. (These non-public documents have been produced).

3

- Back-up to the black books -- i.e., the voluminous hardcopy and electronic materials relating to the preparation of the black books. (Approximately 30,000 pages of such information has been produced thus far.)

- In addition, Defendants' counsel have stated their willingness to provide more data, but plaintiffs responded by moving to compel, instead of specifying the additional data they believe they need to analyze the issue addressed in this request:

    I am open to working with you as to the financial data that you want, but I cannot go back to my client simply asking for "more" financial information than they have already provided. Can you be more clear and specific about what you need? (Maybe you have an expert or experts you could work with to articulate in technical terms the additional information that you think you do not have, and still need? I could then take that clarification to Putnam, and have a concrete discussion with Putnam about what you are asking for.)

    (Letter from Defendants' counsel to plaintiffs' counsel dated April 20, 2006, Appendix Ex. 36.)

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- None as to this request specifically. (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 requests as a whole, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves." (Pl. Mem. at 14.) That statement does not appropriately take account of the relevant facts set forth above.

4

## REQUEST NO. 31:

**Plaintiffs' Request:** "All documents and tangible things in your possession, custody, or control that constitute or concern any annual financial statements (audited and unaudited) of any parent or affiliate entities whose financial results include the results of PIM or PRM covering any and all times from January 1, 2000 to the present including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents."

**Defendants' December 5, 2005 Written Response:** "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that 'concern' annual financial statements. Defendants further object to this request to the extent that it seeks publicly-available documents.

Subject to and without waiving the foregoing objections, Defendants will produce all Form 10-Ks for Marsh & McLennan Companies, Inc. filed during the period January 1, 2002 to June 30, 2005."

**Additional Context Relevant To This Request:**

- Defendants' response speaks for itself, and shows the carefully-specified categories of responsive documents that Defendants committed to produce in response to this request.

- Further, as a general matter, Defendants are producing, for specifically articulated and reasonable multi-year time periods, a host of responsive financial documents showing profits, and underlying revenues and expenses, including:

  - Annual financial statements of MMC, Putnam's parent. (These have been produced.)

  - Quarterly MMC financial statements. (These have been produced.)

  - Annual audited financial statements for Putnam Investments Trust, which consolidate the financial results of all of that trust's subsidiaries, including Defendants PIM and PRM. (These non-public documents have been produced.)

  - Annual audited financial statements for Defendant PIM. (These non-public documents have been produced.)

  - Annual audited financial statements for Defendant PRM. (These non-public documents have been produced.)

  - Annual audited financial statements for Putnam Advisory Company ("PAC"), the entity which services Putnam's institutional accounts. (These non-public documents have been produced.)

  - Trial balances (also non-public), which underlie he audited financial statements. These have been produced for 2002-2004, and are being produced for 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

  - Black books, which contain multiple additional financial reports. (These non-public documents have been produced).

5

- Back-up to the black books -- i.e., the voluminous hardcopy and electronic materials relating to the preparation of the black books. (More than 30,000 pages of such information has been produced thus far.)

- In addition, Defendants' counsel have stated their willingness to provide more data, but plaintiffs responded by moving to compel, instead of specifying the additional data they believe they need to analyze the issue addressed in this request:

    I am open to working with you as to the financial data that you want, but I cannot go back to my client simply asking for "more" financial information than they have already provided. Can you be more clear and specific about what you need? (Maybe you have an expert or experts you could work with to articulate in technical terms the additional information that you think you do not have, and still need? I could then take that clarification to Putnam, and have a concrete discussion with Putnam about what you are asking for.)

    (Letter from Defendants' counsel to plaintiffs' counsel dated April 20, 2006, Appendix Ex. 36.)

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- None as to this request specifically. (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 requests as a whole, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves." (Pl. Mem. at 14.) That statement does not appropriately take account of the relevant facts set forth above.

6

**REQUEST NO. 32:**

**Plaintiffs' Request:** "All documents and tangible things in your possession, custody, or control that constitute or concern any monthly or quarterly financial statements (audited and unaudited) of any parent or affiliate entities whose financial results include the results of PIM or PRM covering any and all times during the Damages Period including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents."

**Defendants' December 5, 2005 Written Response:** "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that 'concern' monthly or quarterly financial statements. Defendants further object to this request to the extent that it seeks publicly available documents.

Subject to and without waiving the foregoing objections, Defendants will produce all Form 10-Qs for Marsh & McLennan Companies, Inc. filed during the period January 1, 2002 to June 30, 2005."

**Additional Context Relevant To This Request:**

- Defendants' response speaks for itself, and shows the carefully-specified categories of responsive documents that Defendants committed to produce in response to this request.

- Further, as a general matter, Defendants are producing, for specifically articulated and reasonable multi-year time periods, a host of responsive financial documents showing profits and underlying revenues and expenses including:

  - Annual financial statements of MMC, Putnam's parent. (These have been produced.)

  - Quarterly MMC financial statements. (These have been produced.)

  - Annual audited financial statements for Putnam Investments Trust, which consolidate the financial results of all of that trust's subsidiaries, including Defendants PIM and PRM. (These <u>non</u>-public documents have been produced.)

  - Annual audited financial statements for Defendant PIM. (These <u>non</u>-public documents have been produced.)

  - Annual audited financial statements for Defendant PRM. (These <u>non</u>-public documents have been produced.)

  - Annual audited financial statements for Putnam Advisory Company ("PAC"), the entity which services Putnam's institutional accounts. (These <u>non</u>-public documents have been produced.)

  - Trial balances (also <u>non</u>-public), which underlie the audited financial statements. These have been produced for 2002-2004, and are being produced for 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

  - Black books, which contain multiple additional financial reports. (These <u>non</u>-public documents have been produced).

- Back-up to the black books -- i.e., the voluminous hardcopy and electronic materials relating to the preparation of the black books. (More than 30,000 pages of such information has been produced thus far.)

- In addition, Defendants' counsel have stated their willingness to provide more data, but plaintiffs responded by moving to compel, instead of specifying the additional data they believe they need to analyze the issue addressed in this request:

    I am open to working with you as to the financial data that you want, but I cannot go back to my client simply asking for "more" financial information than they have already provided. Can you be more clear and specific about what you need? (Maybe you have an expert or experts you could work with to articulate in technical terms the additional information that you think you do not have, and still need? I could then take that clarification to Putnam, and have a concrete discussion with Putnam about what you are asking for.)

    (Letter from Defendants' counsel to plaintiffs' counsel dated April 20, 2006, Appendix Ex. 36.)

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- None as to this request specifically. (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 as a whole, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves." (Pl. Mem. at 14.) That statement does not appropriately take account of the relevant facts set forth above.

8

## REQUEST NO. 64:

**Plaintiffs' Request:**  All documents and tangible things in your possession, custody, or control that constitute non-publicly issued financial reports prepared by, or on behalf of, any Putnam entity that concern or relate to the provision of management and/or investment advisory services to any of The Funds.  Such financial reports might be expected to include, for example, calculations, assessments, itemizations, reviews, cost benefit analyses, or other summarizations of PIM's costs and expenses incurred, income and revenues received, and/or profits realized.

**Defendants' December 5, 2005 Written Response:**  See General Objections, which are incorporated herein.  Defendants further object to this request on the basis that it is vague, and, to an extreme degree, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.  For example, it is not limited as to time, and its "limitation" as to subject matter -- reports that "concern or relate to the provision of management and/or investment advisory services" -- is vague and, in the context of this case, which involves entities that provide such services, essentially meaningless as a limitation.

      Subject to and without waiving the foregoing objections, Defendants refer plaintiffs to, and incorporate herein, their responses to Request Nos. 29, 30, 31, and 32.

**Additional Context Relevant To This Request:**

- Defendants' response speaks for itself shows the carefully-specified categories of responsive documents that Defendants committed to produce in response to this request.  (Defendants refer the Court to the prior pages within this exhibit for Defendants' responses to Requests 29, 30, 31, and 32.)

- Further, as a general matter, Defendants are producing, for specifically articulated and reasonable multi-year time periods, a host of responsive financial documents showing profits and underlying revenues and expenses including:

    - Annual financial statements of MMC, Putnam's parent.  (These have been produced.)

    - Quarterly MMC financial statements.  (These have been produced.)

    - Annual audited financial statements for Putnam Investments Trust, which consolidate the financial results of all of that trust's subsidiaries, including Defendants PIM and PRM.  (These non-public documents have been produced.)

    - Annual audited financial statements for Defendant PIM.  (These non-public documents have been produced.)

    - Annual audited financial statements for Defendant PRM.  (These non-public documents have been produced.)

    - Annual audited financial statements for Putnam Advisory Company ("PAC"), the entity which services Putnam's institutional accounts. (These non-public documents have been produced.)

    - Trial balances (also non-public), which underlie the audited financial statements.  These have been produced for 2002-2004, and are being produced for 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

    - Black books, which contain multiple additional financial reports.  (These non-public documents have been produced).

9

- Back-up to the black books -- i.e., the voluminous hardcopy and electronic materials relating to the preparation of the black books and the various financial reports those volumes contain.  (More than 30,000 pages of such information has been produced thus far.)

- In addition, Defendants' counsel have stated their willingness to provide more data, but plaintiffs responded by moving to compel, instead of specifying the additional data they believe they need to analyze the issue addressed in this request:

    I am open to working with you as to the financial data that you want, but I cannot go back to my client simply asking for "more" financial information than they have already provided.  Can you be more clear and specific about what you need?  (Maybe you have an expert or experts you could work with to articulate in technical terms the additional information that you think you do not have, and still need?  I could then take that clarification to Putnam, and have a concrete discussion with Putnam about what you are asking for.)

    (Letter from Defendants' counsel to plaintiffs' counsel dated April 20, 2006, Appendix Ex. 36.)

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- None as to this request specifically.  (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 as a whole, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves."  (Pl. Mem. at 14.)  That statement does not appropriately take account of the relevant facts set forth above.

## REQUEST NO. 120:

**Plaintiffs' Request:**  "All documents and tangible things in your possession, custody, or control that constitute prospectuses for any of The Funds, including all supplements or amendments thereto, or that constitute computer databases serving as an underlying source of any financial information appearing in such prospectuses."

**Defendants' December 5, 2005 Written Response:**  "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that, to the extent it seeks 'computer databases serving as an underlying source of financial information appearing in' prospectuses, it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, Defendants will produce all prospectuses for each fund filed during the time period January 1, 2002 to June 30, 2005."

**Additional Context Relevant To This Request:**

- Defendants committed to produce <u>all</u> of the requested prospectuses.

- What is left is plaintiffs' demand for the production of all "computer databases serving as an underlying source of any financial information appearing in such prospectuses," which Defendants simply do not understand.  That would appear to require the "production" of Defendants' <u>accounting systems</u>, which makes no sense at all.

- Moreover, as shown on the prior pages of this exhibit, Defendants have produced and committed to produce extensive financial information, and, as a result, it is now incumbent upon plaintiffs to specify the additional information they seek, and why they purportedly need it.

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- <u>None</u> as to this request specifically.  (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 requests <u>as a whole</u>, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves."  (Pl. Mem. at 14.)  That generic assertion ignores the facts relevant to this particular request set forth above.

11

## REQUEST NO. 121:

**Plaintiffs' Request**: "All documents and tangible things in your possession, custody, or control that constitute proxy statements for any of The Funds, including all supplements or amendments thereto, or that constitute computer databases serving as an underlying source of any financial information appearing in such prospectuses."

**Defendants' December 5, 2005 Written Response**: "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that, to the extent it seeks 'computer databases serving as an underlying source of financial information appearing in such prospectuses,' it is incoherent (the request otherwise refers to proxy statements), vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, Defendants will produce proxy statements for each of the funds at issue filed during the period January 1, 2002 to June 30, 2005."

**Additional Context Relevant To This Request**:

- Defendants committed to produce <u>all</u> of the requested proxy statements.

- What is left is plaintiffs' demand for the production of all "computer databases serving as an underlying source of any financial information appearing in such prospectuses," which -- even assuming plaintiffs meant to say "proxy statements" instead of "prospectuses" -- Defendants simply do not understand. That would appear to require the "production" of Defendants' <u>accounting systems</u>, which does not makes sense.

- Moreover, as shown on the prior pages of this exhibit, Defendants have produced and committed to produce extensive financial information, and, as a result, it is now incumbent upon plaintiffs to specify the additional information they seek, and why they purportedly need it.

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request**:

- <u>None</u> as to this request specifically. (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 requests as a whole, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves." (Pl. Mem. at 14.) That generic assertion ignores the facts relevant to this particular request.

12

## REQUEST NO. 122:

**Plaintiffs' Request:**  "All documents and tangible things in your possession, custody, or control that constitute publicly issued annual, quarterly, semi-annual, or other periodic reports, or Statements of Additional Information, for any of The Funds, including all supplements or amendments thereto, or that constitute computer databases serving as an underlying source of any financial information appearing in such reports or statements."

**Defendants' December 5, 2005 Written Response:**  "Defendants further object to this request on the basis that it is, to an absurd degree, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; it seeks in substance all documents relating to all of the funds at issue that have ever been publicly filed, and all "computer databases serving as an underlying source" for all of those documents.  That is senseless."

**Additional Context Relevant To This Request:**

- Defendants' written response to this request speaks for itself.  Plaintiffs cannot actually be demanding "every public filing for every fund, and all 'financial data' used as a source for every such filing."  Yet that is what this request appears to demand.

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- None as to this request specifically.  (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 requests as a whole, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves." (Pl. Mem. at 14.)  That generic assertion ignores the facts relevant to this particular request, including its actual terms, which, as shown, are unreasonable.

13

## **REQUEST NO. 123:**

**Plaintiffs' Request:**  "All documents and tangible things in your possession, custody, or control that constitute internal financial reports that provide further detail or breakdowns for the line items contained in any publicly available financial report for any of The Funds."

**Defendants' December 5, 2005 Written Response:**  "See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. As drafted, it seeks, in substance, any 'internal financial report' (a vague term), relating to any 'line item' in any public report, for each of the funds at issue, without any restriction as to time, without any showing of relevance, that there is no way to obtain the desired information by some less burdensome, more practicable means.

Subject to and without waiving the foregoing objections, Defendants refer to, and incorporate herein, their responses to Request Nos. 29, 41, 46, 50, 55, 58, and 115. Defendants will also produce, only under an appropriate confidentiality order, the trial balance entries as to the consolidated Putnam results, and as to (individually) PIM, PRM, and PFTC, for years 2001, 2002, 2003, and 2004."

**Additional Context Relevant To This Request:**

- Defendants refer to their written response, reproduced above, which explains why this request is unreasonable.

- And -- again -- Defendants are producing, for specifically articulated and reasonable multi-year time periods, a host of responsive financial documents showing profits and underlying revenues and expenses including:

  - Annual financial statements of MMC, Putnam's parent. (These have been produced.)

  - Quarterly MMC financial statements. (These have been produced.)

  - Annual audited financial statements for Putnam Investments Trust, which consolidate the financial results of all of that trust's subsidiaries, including Defendants PIM and PRM. (These non-public documents have been produced.)

  - Annual audited financial statements for Defendant PIM. (These non-public documents have been produced.)

  - Annual audited financial statements for Defendant PRM. (These non-public documents have been produced.)

  - Annual audited financial statements for Putnam Advisory Company ("PAC"), the entity which services Putnam's institutional accounts. (These non-public documents have been produced.)

  - Trial balances (also non-public), which underlie the audited financial statements. These have been produced for 2002-2004, and are being produced for 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

  - Black books, which contain multiple additional financial reports. (These non-public documents have been produced).

- Back-up to the black books -- <u>i.e.</u>, the voluminous hardcopy and electronic materials relating to the preparation of the black books. (More than 30,000 pages of such information has been produced thus far.)

- In addition, Defendants' counsel have stated their willingness to provide <u>more</u> data, but plaintiffs responded by moving to compel, instead of specifying the additional data they believe they need to analyze the issue addressed in this request:

    I am open to working with you as to the financial data that you want, but I cannot go back to my client simply asking for "more" financial information than they have already provided. Can you be more clear and specific about what you need? (Maybe you have an expert or experts you could work with to articulate in technical terms the additional information that you think you do not have, and still need? I could then take that clarification to Putnam, and have a concrete discussion with Putnam about what you are asking for.)

    (Letter from Defendants' counsel to plaintiffs' counsel dated April 20, 2006, Appendix Ex. 36.)

**Plaintiffs' Stated Basis For A Motion To Compel Order As To This Request:**

- <u>None</u> as to this request specifically. (See page 14 of plaintiffs' brief, grouping this request along with 10 other requests.)

- As to the group of 11 as a whole, plaintiffs state that Putnam has "agreed to produce only the publicly-filed consolidated financial statements, limited trial balance entries as to those consolidated financials and the proxy statements and prospectuses themselves." (Pl. Mem. at 14.) That does not appropriately take account of the relevant facts set forth above.[1]

---

[1] The same analysis applies to Request 140, which demands "All documents and tangible things in your possession, custody, or control constituting internal financial reports or analyses pertaining to PIM, PRM, or any of The Funds including, but not limited to, budgets, forecasts, and cost accounting reports."

**Note:** This Exhibit relates to Section IV.D. of Defendants' brief, which addresses the various document requests identified in Section II.B.4. of plaintiffs' brief. This Exhibit addresses all of these requests except Request No. 104, which is separately addressed on page 15 of Defendants' brief.