**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JOHN J. VAUGHN, GERALD A. KALBFLEISCH, MICHAEL HATHAWAY, and MYRTLE HATHAWAY,

    Plaintiffs,

v.

PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT, LLP,

    Defendants.

Civil Action No. 04-10988-GAO

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS

John J. Vaughn ("Plaintiff") responds as follows to Defendants' First Request for Production of Documents to Vaughn, Kalbfleisch, and Hathaway:

### GENERAL OBJECTIONS

1. Plaintiff objects to the Requests to the extent they exceed the permissible scope of discovery or seek to impose obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure and/or the applicable Local Rules.

2. Plaintiff objects to the Requests as overly broad and unduly burdensome and beyond the scope of permissible discovery to the extent they seek documents that are not relevant to a claim or defense of any party and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any

other applicable privilege. No part of Plaintiff's response shall in any way be deemed a waiver of any such available privilege or doctrine. If documents which otherwise would have been identified in response to these Requests are withheld as privileged or otherwise immune from discovery, Plaintiff will identify them on a privileged document list. Plaintiff further objects to the production or identification on a privileged document list of any responsive privileged or work-product documents generated after the initiation of this action.

4. Plaintiff objects to these Requests as overly broad and unduly burdensome to the extent they seek information or documents that are solely within the possession, custody, or control of entities other than Plaintiff.

5. Plaintiff objects to these Requests as overly broad, unduly burdensome, and cumulative to the extent they seek information or documents that are publicly available to Defendants, or that have already been provided to Defendants.

6. Plaintiff objects to these Requests to the extent that they require Plaintiff to render legal conclusions regarding the relationship of one or more documents to contested legal or factual issues. By producing documents in response to the document requests, Plaintiff makes no representation as to whether or not such documents tend to prove or disprove any factual or legal issue.

7. Plaintiff objects to these Requests to the extent they require Plaintiff to produce confidential business documents and/or documents revealing confidential business information except as provided by the Joint Protective Order entered by the Court.

8. Plaintiff objects to the Instructions to the extent that they seek to impose burdens that exceed those set forth in the Federal Rules of Civil Procedure and the Local Rules. Plaintiff specifically objects to Instructions I, N, and O on this basis.

35031121-1

## PRODUCTION REQUESTS

Subject to and without waiving his General Objections, Plaintiff objects and responds to the Requests as follows:

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Your curriculum vitae/resume.

**RESPONSE TO REQUEST NO. 1:**

Subject to and without waiving his General Objections, Plaintiff specifically objects to this request because Plaintiff's curriculum vitae/resume is irrelevant and the request seeks information that is not reasonably calculate to lead to the discovery of admissible information. Furthermore, Plaintiff does not presently have a curriculum vitae/resume.

**REQUEST NO. 2**

All documents concerning Putnam, to the extent generated on or prior to June 30, 2005.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to producing documents concerning Putnam that do not relate to any issue in dispute in this litigation. Subject to and without waiving this objection and the General Objections, Plaintiff will produce responsive documents that do not contain attorney-client privileged and/or work product doctrine protected materials.

**REQUEST NO. 3**

All documents concerning your consideration of bringing a lawsuit concerning mutual fund management and/or 12b-1 fees, before you retained counsel in that connection.

35031121-1

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects for the reasons stated in the General Objections and specifically because this Request seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

All documents that formed the basis of all allegations in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 4:**

Subject to and without waiving the General Objections, Plaintiff states that many of the documents that formed the basis of the Second Amended Complaint were attached to the Second Amended Complaint and have been provided to Defendants. The other documents that formed the basis include the documents referenced in the Second Amended Complaint and publicly available prospectuses and reports, which will be produced.

**REQUEST NO. 5**

To the extent generated or received by you on or before June 30, 2005, all documents concerning Putnam mutual funds, including without limitation documents reflecting purchases, sales, and/or other transactions with respect to a Putnam mutual fund, and documents considered by you, relied upon by you, or addressing your decision to invest, or not to invest, in a Putnam mutual fund.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to producing documents concerning Putnam mutual funds to the extent such documents do not relate to any issue in dispute in this litigation. Subject to and without waiving this objection and the General Objections, Plaintiff will produce responsive documents,

35031121-1

including documents reflecting purchases, sales, and/or other transactions with respect to a Putnam mutual fund, and documents considered by Plaintiff, relied upon by Plaintiff, or addressing Plaintiff's decision to invest, or not to invest, in a Putnam mutual fund to the extent such documents are not subject to the attorney-client privilege or work product doctrine immunity.

**REQUEST NO. 6:**

To the extent generated or received by you during the period January 1, 1995 to June 30, 2005, all documents concerning non-Putnam mutual funds, including without limitation documents reflecting purchases, sales, and/or other transactions with respect to a non-Putnam mutual fund, and documents considered by you, relied upon by you, or addressing your decision to invest, or not to invest, in a non-Putnam mutual fund.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects for the reasons stated in the General Objections and specifically because this Request seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence, and furthermore, because the Request is unduly burdensome.

**REQUEST NO. 7:**

To the extent generated or received by you during the period January 1, 1995 to June 30, 2005, all documents referencing mutual fund management fees and/or 12b-1 fees. (This request includes, but is not limited to, correspondence embodying complaints concerning such fees.)

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to producing documents related to mutual fund management fees and/or 12b-1 fees that do not relate to Putnam because such documents are not reasonably calculated to

35031121-1

lead to the discovery of admissible evidence and furthermore, because the Request is unduly burdensome. Subject to and without waiving this objection and the General Objections, Plaintiff will produce responsive documents relating to Putnam that are not protected by the attorney-client privilege or the work product doctrine immunity.

**REQUEST NO. 8:**

To the extent generated or received by you during the period January 1, 1995 to June 30, 2005, all correspondence involving investment professionals concerning mutual fund investment (including but not limited to -- for example -- advice from a financial advisor or potential financial advisor concerning investment or potential investment in mutual funds).

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects for the reasons stated in the General Objections. Specifically, this Request seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9:**

All documents concerning any payments or promises of payment in connection with your participation in this action.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects for the reasons stated in the General Objections and specifically, because this Request seeks irrelevant documents that are not reasonably calculated to lead to the discovery of admissible evidence, and furthermore, because the Request seeks information that is attorney-client privileged or work-product doctrine protected. Subject to and without waiving these objections, Plaintiff states that the only document that addresses payments to Plaintiff is a

portion of the retention agreement stating that counsel would ask the court to award compensation to Plaintiffs for time spent in conjunction with their duties as Plaintiffs. A redacted version of the retention agreements including this language will be produced.

Dated: May 31, 2006

Respectfully submitted,

/s/ David E. Marder

David E. Marder (BBO #552485)
Marc N. Henschke (BBO #636146)
Lisa A. Furnald (BBO #631059)
Jonathan D. Mutch (BBO #634543)
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
(617) 267-2300

Of Counsel:

Thomas R. Grady (admitted *pro hac vice*)
Ackerman, Link, & Sartory, P.A.
222 Lakeview Avenue, Suite 1250, Esperante
West Palm Beach, FL 33401

35031121-1

## CERTIFICATE OF SERVICE

I, John J. Hightower, hereby certify that on May 31, 2006, a true copy of *Plaintiff's Responses And Objections To Defendants' First Set Of Requests For The Production Of Documents And Tangible Things* was served as follows:

*BY FIRST CLASS MAIL*
Seth M. Schwartz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

and

*BY FIRST CLASS MAIL AND FAX*
James R. Carroll, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, Massachusetts 02108-3194

Dated: May 31, 2006

_____
John J. Hightower