UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JOHN J. VAUGHN, GERALD A. KALBFLEISCH, MICHAEL HATHAWAY, and MYRTLE HATHAWAY,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP<br><br>　　　　　　　　Defendants. | Civil Action No. 06-11438 (GAO)<br>and Civil Action No. 04-10988 (GAO) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE**

Plaintiffs move under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate the action captioned <u>Vaughn, et al. v. Putnam Investment Management, LLC et al.</u>, No. 04-CV-10988 (GAO) (herein the "2004 Action") with the virtually identical newly-filed action captioned <u>Vaughn, et al. v. Putnam Investment Management, LLC et al.</u>, No. 06-CV-11438 (GAO) (herein the "2006 Action"). Plaintiffs are asking that the matters be consolidated for discovery and trial, and that both matters be subject to the same scheduling order entered in the 2004 Action.

As explained below, Putnam contends that Plaintiffs are unable to recover damages for conduct occurring after the date Plaintiffs filed the complaint in the 2004 Action. If this contention were correct (which it is not) then the only way Plaintiffs could challenge Putnam's continuing breach of its fiduciary duties would be by filing a new complaint every year until final judgment enters. Plaintiffs strongly disagree with Putnam's contention, but have filed the 2006 Action as a preventative measure in the unlikely event the Court agrees with Putnam. The 2006 Action alleges the very same statutory action and theories against the very same defendants

on behalf of the very same mutual funds. Consistent with Putnam's ongoing effort to prevent the prompt, full and fair litigation of its excessive fees, Putnam opposes this motion to consolidate and, in fact, has suggested to Plaintiffs that the 2006 Action be stayed until the 2004 Action is resolved.

Putnam's effort to thwart judicial review of its fees must be rejected. Consolidation of these matters is absolutely appropriate because the parties are identical, there are numerous common issues of fact and law and no prejudice will result from consolidation. Moreover, it would be a shameful waste of judicial resources and counsel's time to litigate these virtually identical matters in separate proceedings.

## I. BACKGROUND

### A. The Claims of the 2004 Action and the 2006 Action

Plaintiffs bring the 2004 Action and the 2006 Action against Putnam Investment Management ("PIM") and Putnam Retail Management Limited Partnership ("PRM") under Section 36(b) of the Investment Company Act of 1940, 15 U.S.C.§ 80a-35(b) on behalf of five mutual funds (the "Funds").[1] PIM is the investment advisor to the Funds and PRM is the underwriter and distributor. Plaintiffs are shareholders of the Funds and allege that PIM and PRM (collectively, "Putnam") charge the Funds excessive management and 12b-1 fees in breach of Putnam's fiduciary duties. Specifically, Plaintiffs contend in both matters that the Portfolio Selection fees component (the cost of selecting securities for the Funds to buy, sell, or hold) of the management fees PIM charges to the Funds and the Promotional Distribution Fee component (the cost of marketing and distributing the Funds' shares) of the 12b-1 fees charged by PRM are excessive and could not have been the result of an arm's length negotiation. Plaintiffs further allege that Putnam's fees are excessive by their retention of certain "fall out benefits" (*i.e.* the indirect benefits Putnam receives by virtue of its relationships with the Funds), including "soft

---

[1] The Funds are the Voyager Fund, Classic Equity Fund, Growth Opportunities Fund, Investors Fund and The Putnam Fund for Growth and Income.

2

dollars" that properly belong to the Funds.

    B.    <u>Plaintiffs Filed the 2006 Action In Response to Putnam's (Incorrect) Argument in the 2004 Action That Plaintiffs Cannot Recover Post-Complaint Damages.</u>

Relying on Section 36(b), Putnam has taken the position in the 2004 Action that the damages period concludes on the day Plaintiffs filed the Complaint, on May 17, 2004. That section provides, in part, "No award of damages shall be recoverable for any period prior to one year before the action was instituted." Neither the plain meaning of Section 36(b) nor the authority relied on by Putnam permit Putnam's proposed damages limitation. Plaintiffs explain in full why Putnam's argument is dead wrong in Plaintiffs' [Revised] Memorandum in Support of Motion to Compel Defendants to Respond to Plaintiffs' First Set of Requests for Production of Documents, filed on September 11, 2006 in the 2004 Action.

Nonetheless, and purely as an alternative measure, Plaintiffs filed the 2006 Action on August 14, 2006 to remove any alleged uncertainty that Plaintiffs may recover damages after the 2004 Action was filed (for at least the period August 14, 2005-August 14, 2006).

II.    <u>The Actions Should be Consolidated.</u>

In deciding whether to order consolidation under Fed. R. Civ. P. Rule 42(a), the Court must first determine whether the actions involve a common party and common issues of fact or law. *Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc.*, 878 F. 2d 5, 8 (1st Cir. 1989). Once the Court has made this determination, then it has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id*. "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Id*. (citations omitted).

This Court should consolidate the 2006 Action and the 2004 Action because these matters have the very same parties, Funds, claims, and theories; they raise the very same issues of law; and they have numerous facts in common. Furthermore, consolidation will avoid undue burden on the Court, and save time, effort and expense in litigating separate actions. No

3

prejudice to Putnam will result.

> A. The 2004 Action and the 2006 Action Involve The Same Parties, Funds, Claims, and Theories of Liability, Raise The Same Issues of Law, and Share Common Issues of Fact.

The 2004 Action is virtually identical to the 2006 Action. The parties and the Funds at issue are precisely the same. Both actions are brought under Section 36(b) and allege the very same theories (*i.e.* excessive portfolio selection fees, excessive promotional fees and excessive fall-out benefits) and present the same issues of law and fact. The trial court in both actions will need to decide if Putnam's fees charged to the Funds are excessive in light of a number of factors, including (1) economies of scale; (2) comparative fee structures; (3) the profitability of the fund to the adviser-manager; (4) the nature and quality of services provided to the fund; (5) fall-out benefits; and (6) the independence and conscientiousness of the trustees. *See Gartenberg v. Merrill Lynch Asset Management, Inc*., 694 F.2d 923 (2d Cir. 1982). The commonality between these two actions is pervasive.

Putnam will argue that these matters are different because they have different damage periods. Plaintiffs disagree with that position because, in fact, the 2004 Action seeks post-complaint damages through trial. The damage period issue has been fully briefed in the 2004 Action, and Plaintiffs will not repeat those arguments here. If the Court rejects Putnam's argument in the 2004 Action, then consolidation should be granted as a matter of course. Accordingly, the remainder of this memorandum applies only in the unlikely event that the Court accepts Putnam's argument.

Even if the Court accepts Putnam's argument that Section 36(b) action damages stop accruing when the complaint is filed (and Plaintiffs are forced to file a new complaint every year), the only difference between the matters is the damages period.[2]  Even still, the

---

[2] If Putnam's argument is accepted, the 2004 Action's damages period would be May 17, 2003-May 17, 2004 and the 2006 Action would cover damages for the period August 14, 2005-August 14, 2006.

4

commonality of facts at issue will predominate. For instance, analyzing economies of scale will require looking at many overlapping years of financial data. The analysis for the 2005-2006 damages period will include the very same analyses done for the damages period in the 2004 Action. Likewise, both matters will involve very many of the same facts (and witnesses) that address the other *Gartenberg* factors. The comparisons between the fees charged and the services provided to the Funds, on the one hand, and Putnam's institutional accounts, on the other, are the same. The services provided to the Funds are the same during these different periods. So too is the independence (or lack thereof) of the trustees, and the fact that Putnam retains fall-out benefits. The fee breakpoints actually charged to the Funds during the different periods have remained constant, resulting in a similar profitability analyses for these different periods.[3] The very few differences in facts, such as the particular profits to Putnam for fiscal year 2003 versus fiscal year 2005, are straightforward and certainly do not vitiate the compelling reasons to consolidate the cases.[4]

Simply put, the overwhelming commonality in parties, claims, and issues of fact and law means these actions are entirely appropriate for consolidation.

    B.    <u>The Circumstances Weigh in Favor of Consolidation</u>

If consolidated, this action can and should be subject to the scheduling order already in place in the 2004 Action. Putnam thus cannot complain that it will be prejudiced by consolidation of these matters. The period for fact discovery in the 2004 Action under the current discovery order ends on December 31, 2006. No trial date has been set. Plaintiffs do not

---

[3] Although there have been changes to some of the breakpoints since 2004, these occurred at levels of assets under management that the Funds have not reached.

[4] *Gilliam v. Fidelity Management & Research Co.*, 2005 WL 1288105 (May 3, 2005) (D. Mass.) does not compel a different result. The fact that damages would have to be calculated for the different time periods was only one factor weighing against consolidation. The other factors, notably absent here, included differences in parties, funds, and theories of liability, the need for a jury trial on some claims and a bench trial on others, and resulting delay and prejudice to the plaintiffs who opposed the motion to consolidate. Given these other significant differences between the matters, it is not surprising that the court found potentially confusing the different damages period. This is not the situation presented here.

BN1 35033843.1

anticipate serving any additional discovery in the 2006 Action, provided that Putnam is ordered to produce the documents that are the subject of any motion to compel in the 2004 Action.[5] These requests were served in May 2005, and there is no legitimate reason why Putnam cannot produce responsive documents by the end of discovery on December 31, 2006. Furthermore, Plaintiffs will not ask for an extension of the scheduling deadlines based upon the filing of the 2006 Action.[6]

Given the identical parties, mutual funds, cause of action, theories of recovery and issues of law, as well as the nearly identical questions of fact, consolidation of these matters for both discovery and trial clearly will result in a more efficient process for this Court, counsel and the witnesses who will be called upon to testify at deposition and trial. Putnam's entirely self-serving and unjustified opposition to this motion should be rejected.

III.

---

[5] Plaintiffs would need to serve discovery in the 2006 Action only if it were unable to obtain recent documents in the 2004 Action. For instance, Plaintiffs have filed a motion to compel in the 2004 Action that seeks a small number of post-June 30, 2005 documents, such as the black books and particularized financial documents.

[6] Of course, Plaintiffs reserve the right to seek an enlargement of the scheduling order if Putnam fails to timely produce its documents or witnesses for deposition.

CONCLUSION

  For the foregoing reasons, Plaintiffs respectfully request the Court to consolidate the 2004 Action and the 2006 Action for discovery and trial.

Dated: September 12, 2006

                Respectfully submitted,

                 /s/ Lisa A. Furnald
                David E. Marder (BBO #552485)
                Marc N. Henschke (BBO #636146)
                Lisa A. Furnald (BBO #631059)
                Jonathan D. Mutch (BBO #634543)
                Meghan E. Walt (BBO #658971)
                Robins, Kaplan, Miller & Ciresi LLP
                800 Boylston Street, 25th Floor
                Boston, MA 02199
                E-mail: lafurnald@rkmc.com
                (617) 267-2300

                Of Counsel:

                Thomas R. Grady (admitted *pro hac vice*)
                Ackerman, Link, & Sartory, P.A.
                222 Lakeview Avenue, Suite 1250, Esperante
                West Palm Beach, FL  33401

## CERTIFICATE OF SERVICE

  I, Lisa A. Furnald, hereby certify that on September 12, 2006, a true copy of Plaintiffs' Memorandum In Support Of Motion To Consolidate was served electronically through the ECF System and by first class mail, postage prepaid, to those counsel of record indicated as non-registered ECF participants.

                 /s/ Lisa A. Furnald
                Lisa A. Furnald
                Robins, Kaplan, Miller & Ciresi LLP
                800 Boylston Street, 25th Floor
                Boston, MA 02199
                E-mail: lafurnald@rkmc.com
                (617) 267-2300