**EXHIBIT C**

© 2006, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company

**In the Matter of NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., 1735 K Street, N.W., Washington, D.C. 20546**

22 SEC-DOCKET 329

Release No. IC-11662; Release No. 34-17599

March 4, 1981

File No. SR-NASD-80-21

*ORDER APPROVING PROPOSED RULE CHANGE AND RELATED INTERPRETATION UNDER SECTION 36 OF THE INVESTMENT COMPANY ACT*

On November 21, 1980, the National Association of Securities Dealers, Inc. ("the NASD") filed with the Commission, pursuant to Section 19(b)(1) of the Securities Exchange Act of 1934 ("the Act"), 15 U.S.C. 78s(b)(1), and Rule 19b-4 thereunder, copies of a proposed rule change to amend portions of Article III, Section 26 of its Rules of Fair Practice, governing the distribution of investment company securities, and to repeal certain interpretations thereof. In particular, the proposal would modify Section 26(k) of the NASD Rules of Fair Practice and related interpretations ("the Anti-Reciprocal Rule"). The amended Anti-Reciprocal Rule would no longer prohibit, subject to certain restrictions, members from seeking or granting brokerage commissions in connection with the sale of fund shares and would permit members to sell shares of investment companies that follow a disclosed policy of considering sales of their shares as a factor in the selection of broker-dealers to execute portfolio transactions, subject to best execution. In addition, the proposal would limit and codify the NASD's "Special Deals Interpretation" to allow underwriters of an investment company to pay non-uniform amounts of compensation to dealers if such payments are disclosed in the prospectus of the investment company.

Notice of the filing together with its terms of substance was given by publication of a Commission Release (Securities Exchange Act Release No. 17367, December 11, 1980) and by publication in the Federal Register (45 FR 82777, December 16, 1980). One comment was received on the filing, that comment favoring approval.

The NASD Anti-Reciprocal Rule presently prohibits NASD members, acting as broker-dealers or principal underwriters of open-end management investment companies, from selling a fund's shares based upon brokerage received or expected, or allocating brokerage to a particular broker-dealer in return for that broker-dealer's sale of investment company shares. The amended rule would extend the provisions of Section 26 to all investment companies and, subject to certain restrictions, would no longer prohibit members from seeking or granting brokerage commissions in connection with the sale of investment company shares. The amended rule would also provide that, subject to certain restrictions, nothing therein prohibits NASD members from selling shares of investment companies which follow a disclosed policy of considering sales of their shares as a factor in the selection of broker-dealers to execute portfolio transactions, subject to best execution.

The NASD Special Deals Interpretation presently prohibits principal underwriters from making special payments, which are not available to all dealers, to individual broker-dealers or their employees for sales of a specific investment company's shares. The proposed revision, codified in Section 26(l) of the Rules of Fair Practice, would not require such uniformity and would permit special arrangements with individual selling dealers of investment company shares if accompanied by adequate specific prospectus disclosure. The proposed rule would also permit non-cash concessions if disclosed and if selling dealers have an option to receive cash equivalents.

Other portions of the proposal would repeal a NASD interpretation concerning "Contractual Plan Withdrawal and Reinstatement Privileges." Withdrawal and reinstatement privileges allow shareholders in certain contractual plans to redeem their shares and later repurchase new shares without being charged a sales load. The NASD interpretation concerning this practice prohibits broker-dealers from encouraging investors to use these privileges for speculative purposes. Repeal of this interpretation is suggested since the forward pricing provisions of Rule 22c-1 under the Investment Company Act of 1940 ("1940 Act") have largely eliminated the possibility of abuse in this area. The proposed rule change will also make other technical revisions to Section 26.

The Commission finds that the proposed rule change is consistent with the requirements of the Act and the rules and regulations applicable to registered national securities associations, and in particular, with the requirements of Section 15A of the

Act and the rules and regulations thereunder, and Section 22 of the 1940 Act. The Commission believes that since the recently adopted Rule 12b-1 under the 1940 Act [1] authorizes open-end management investment companies to bear expenses associated with the distribution of their shares, subject to certain conditions and procedures, it is not inappropriate for investment companies to seek to promote the sale of their shares through the placement of brokerage *without* the incurring of any additional expense. In addition, the Commission believes that the adoption by an investment company of a policy with respect to brokerage is, because of its importance and the conflicts of interest which may be involved, required to be determined by the board of directors of the investment company in the exercise of their fiduciary duties. Moreover, the Commission believes that the directors of an investment company have a continuing fiduciary duty to oversee the company's brokerage practices. A director's breach of these duties may serve as a basis for action pursuant to Section 36 of the 1940 Act. The Commission expects that in considering the adoption of a policy to consider the sale of an investment company's shares as a factor in the selection of broker-dealers to execute portfolio transactions, subject to the requirements of best execution, the company's board of directors will carefully weigh the possible advantages to the investment company and its shareholders and the possible abuses that may stem from the use of portfolio brokerage to encourage the sale of investment company shares. The Commission also expects that the board of directors will approve such a policy only if they find the policy in the interest of the company and its shareholders, being mindful of their continuing duty to assure that the company's brokerage allocation practices are designed to obtain best price and execution and to avoid any unnecessary trading.

The Commission believes that the NASD proposal, which allows underwriters flexibility in setting different compensation rates to different dealers selling shares of the same investment company and which requires specific prospectus disclosure designed to inform investors, may increase dealer competition for selling investment company shares.

The Commission believes the NASD's proposals are not designed to permit unfair discrimination between brokers and dealers. In addition, the Commission finds that the proposals will not significantly, if at all, increase burdens upon competition, and that any burdens on competition are necessary and appropriate in furtherance of the purposes of the Act.

Copies of the proposed rule change, all written statements with respect to the proposed rule change which were filed with the Commission, and all written communications relating to the proposed rule change between the Commission and any persons were considered and are available for inspection and copying at the Commission's Public Reference Room, 1100 L Street, N.W., Washington, D.C. (File No. SR-NASD-80-21).

IT IS THEREFORE ORDERED, pursuant to Section 19(b)(2) of the Act, that the above-mentioned proposed rule change be, and it hereby is, approved.

By the Commission.

George A. Fitzsimmons

Secretary

[Footnotes]

[1] *See* Securities Act Rel. No. 6254 (Oct. 28, 1980), 45 FR 73898 (Nov. 7, 1980).

© 2006, CCH INCORPORATED. All Rights Reserved. A WoltersKluwer Company