**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John E. Gallus, D. Elaine Gallus, and Alexandria Ione Faller (a/k/a Alexandria Ione Griffin), for the use and benefit of AXP New Dimensions Fund, AXP Strategy Aggressive Fund, AXP Mutual Fund, AXP Precious Metals Fund, AXP Equity Select Fund, AXP Small Cap Advantage Fund, AXP Partners Small Cap Value Fund, AXP Mid Cap Value Fund, AXP Small Company Index Fund, AXP High Yield Bond Fund, AXP Managed Allocation Fund, and AXP Large Cap Equity Fund (Successor by merger to AXP Blue Chip Advantage Fund), <br><br> Plaintiffs, <br><br> v. <br><br> American Express Financial Corporation and American Express Financial Advisors Inc., <br><br> Defendants, <br><br> and RiverSource Funds and its Independent Directors, <br><br> Movant. | Civil No. 04-4498 (DWF/SRN) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **MEMORANDUM OPINION AND ORDER** |

Guy M. Burns, Esq., Jonathan S. Coleman, Esq., Becky Ferrell-Anton, Esq., and Audrey B. Rauchway, Esq., Johnson Pope Boker Ruppell & Burns, LLP; Gretchen Freeman Cappio, Esq., Tana Lin, Esq., Erin M. Riley, Esq., Lynn Lincoln Sarko, Esq., Michael D. Woerner, Esq., and Laura R. Gerber, Esq., Keller Rohrback LLP; James C. Bradley, Esq., Michael J. Brickman, Esq., and Nina H. Fields, Esq., Richardson Patrick Westbrook & Brickman-Charleston; and Karl L. Cambronne, Esq., Chestnut & Cambronne; counsel for Plaintiffs.

Chanel R. Dalal, Esq., John D. Donovan, Jr., Esq., and Robert A. Skinner, Esq., Ropes & Gray LLP; and Robert L. Schnell, Jr. Esq., Faegre & Benson LLP; counsel for Defendants.

Thomas B. Hatch, Esq., Robins Kaplan Miller & Ciresi LLP; counsel for Movant.

---

This matter is before the Court on Defendants' and Plaintiffs' appeal of or objections to Magistrate Judge Susan Richard Nelson's Order dated May 30, 2006 (the "Order"), in which Magistrate Judge Nelson granted in part and denied in part Plaintiffs' Motion to Compel Discovery, granted Plaintiffs' Motion to Amend/Correct the Complaint, and granted in part and denied in part Plaintiffs' Motion to Quash a Subpoena and for a Protective Order. Specifically, Plaintiffs appeal or object to Magistrate Judge Nelson's legal conclusions regarding the applicable damage period and Defendants appeal Magistrate Judge Nelson's decision to allow Plaintiffs to amend the Complaint to replace Plaintiff D. Elaine Gallus with Diana Anderson. For the reasons set forth below, the Court denies the parties' appeals or objections.

## ORDER

1.  Plaintiffs' objections to or appeal of (Doc. No. 143) Magistrate Judge Susan Richard Nelson's Order dated May 30, 2006, are **DENIED**.

2.  Defendants' appeal (Doc. No. 144) of Magistrate Judge Susan Richard Nelson's Order dated May 30, 2006, is **DENIED**.

2

3.    Magistrate Judge Susan Richard Nelson's Order dated May 30, 2006 (Doc. No. 134) is **AFFIRMED**.

Dated: July 27, 2006          s/Donovan W. Frank
                              DONOVAN W. FRANK
                              Judge of United States District Court

## MEMORANDUM

Magistrate Judge Nelson found that Plaintiffs' discovery requests related to post-Complaint damages are not relevant and held that Defendants need not respond to such requests. Magistrate Judge Nelson's determination was based on her decision that, under the Investment Company Act of 1940 ("ICA"), damages are limited to the one-year period before the filing of the action. Specifically, the ICA states, "No award of damages shall be recoverable for any period prior to one year before the action was instituted." ICA § 36(b), 15 U.S.C. § 80a-35. Plaintiffs object to Magistrate Judge Nelson's determination that, under the ICA, damages are limited to the one-year period before the filing of the action. Plaintiffs assert that Magistrate Judge Nelson's determination is contrary to the plain language of the statute and the case law interpreting it.

Without reaching the issue of whether the Court is required to review Magistrate Judge Nelson's decision on a *de novo* basis or under a clearly erroneous standard of review, the Court finds that Magistrate Judge Nelson's interpretation of the statute should be upheld under either standard. After reviewing the applicable case law, the Court concludes that, under the ICA, damages are limited to the one-year period before the

3

filing of the action. The two cases that Plaintiffs rely on, but did not cite to Magistrate Judge Nelson, are distinguishable. Although the court in *Schuyt v. Rowe Price Prime Reserve Fund, Inc.*, 663 F. Supp. 962, 963 n.2 (S.D.N.Y. 1987) noted that its relevant time period was April 1979 to February 1981, the parties stipulated to that time period. Here, Defendants have not stipulated to a time period that exceeds the one-year damage limitation under the ICA. Moreover, the court's perfunctory acceptance in *Krinsk v. Fund Asset Management, Inc.*, 715 F. Supp. 472, 476 (S.D.N.Y. 1988), that the time period extended from May 1984 to December 1986 has no precedential value in light of the other relevant case law. Further, the Court finds that the legislative history corroborates Magistrate Judge Nelson's interpretation of the statute. Accordingly, Plaintiffs' objection is denied.

The Court also denies Defendants' appeal of Magistrate Judge Nelson's Order granting Plaintiffs' Motion to Amend the Complaint to replace plaintiff D. Elaine Gallus with another shareholder, Diana Anderson. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). The Court finds that Magistrate Judge Nelson's finding of good cause was not clearly erroneous or contrary to law. As Magistrate Judge Nelson indicated in the Order, there is no evidence that Plaintiffs knew that Mrs. Gallus would not want to remain in the suit. Instead, the evidence shows that Mrs. Gallus simply changed her mind about wanting to participate in the legal process. On the facts of this case, Magistrate Judge Nelson's decision to permit

4

the Plaintiffs to amend their Complaint to substitute Mrs. Anderson as a named Plaintiff was not clearly erroneous or contrary to law.

For these reasons, the Court affirms Magistrate Judge Susan Richard Nelson's order dated May 30, 2006.

D.W.F.