# **EXHIBIT A**

Westlaw.

Slip Copy

Page 1

Slip Copy, 2006 WL 1751900 (S.D.Tex.)
**(Cite as: Slip Copy)**

H
Briefs and Other Related Documents
Hunt v. Invesco Funds Group, Inc.S.D.Tex.,2006.Only the Westlaw citation is currently available.
United States District Court,S.D. Texas,Houston Division.
Marvin HUNT, et al, Plaintiffs,
v.
INVESCO FUNDS GROUP, INC, et al, Defendants.
**Civil Action No. H-04-02555.**

June 22, 2006.

Audrey B. Rauchway, Becky Ferrell-Anton, Guy M. Burns, Jonathan S. Coleman, Johnson Pope et al., Tampa, FL, Gretchen F. Cappio, Lynn Lincoln Sarko, Michael D. Woerner, Keller Rohrback LLP, Seattle, WA, James C. Bradley, Nina H. Fields, Richardson Patrick et al., Michael Brickman, Attorney at Law, Charleston, SC, Robin L. Harrison , Campbell Harrison et al., Houston, TX, for Plaintiffs.
Anthony Zaccaria, Daniel A. Pollack, Edward T. McDermott, Martin I. Kaminsky, Michael Kenan Oldham, Pollack & Kaminsky, New York, NY, Charles Stephen Kelley, Mayer Brown et al., Houston, TX, Joseph W. Hatchett, Akerman Senterfitt, Tampa, FL, for Defendants.

### MEMORANDUM AND ORDER
KEITH P. ELLISON, District Judge.
*1 Pending before the Court is Plaintiffs' Motion to Vacate or Clarify Statements Regarding the Damage Period and Clarify Discovery Time Period (Docket # 143). Having received notice from the Judicial Panel on Multidistrict Litigation of its Transfer Order, transferring this case to the District of Maryland for inclusion in consolidated proceedings, this Court is hesitant to involve itself further in this case. However, the Court has reviewed its Memorandum and Order of June 5, 2006 ("June 5 Order"), and finds that it is both necessary and appropriate to clarify this Order prior to transfer. The Court recognizes that Defendants have not had the opportunity to respond to Plaintiffs' motion. Because the Court intends simply to clarify its June 5 Order, and because of the case's impending transfer, the Court finds that such a response is not necessary, and the prompt issue of this Order is warranted.

First, Plaintiffs urge that the Court improperly issued holdings as to the appropriate damages period for Plaintiffs' claims under section 36(b) of the Investment Company Act of 1940 ("the ICA"). As Plaintiffs correctly point out, the parties raised and briefed the issue of the damages period in the context of the legal sufficiency of Plaintiffs' allegations and Defendants' motion to dismiss, as well as with respect to the scope of discovery. The parties focused on whether Plaintiffs' allegations and discovery could encompass the time *preceding* the one year prior to the filing of Plaintiffs' complaints. The Court did not intend its statements regarding the limitation of damages under the ICA to constitute a ruling on the appropriate damages period for this case, nor did it intend its statements to be a ruling as to whether or not Plaintiffs can recover damages for continuing violations of the ICA during the period following the filing of their complaints. Additionally, the Court recognizes that the language of the ICA, that "[n]o award of damages shall be recoverable for any period *prior* to one year before the action was instituted," (emphasis added) does not limit damages for the period of time *following* the filing of the action.[FN1] Accordingly, the Court **VACATES** the statements in its June 5 Order relating to the proper damages period for Plaintiffs' claims under the ICA.[FN2]

> FN1. By this, the Court is not insinuating that damages necessarily are recoverable for the period following the filing of Plaintiffs' complaints in this case. Rather,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy   Page 2
Slip Copy, 2006 WL 1751900 (S.D.Tex.)
**(Cite as: Slip Copy)**

the Court wishes to clarify that it did not intend to rule on this issue in its June 5 Order, nor does it intend to do so at this time.

FN2. Specifically, the Court vacates its statements that "section 36(b) provides for damages incurred only during the one year prior to filing suit," June 5 Order at 11, and "Plaintiffs can only recover damages for this one-year period," June 5 Order at 14. The parties should not attempt to construe any other statements by the Court as a ruling on the appropriate damages period, as the Court specifically declines to issue such a ruling.

Additionally, Plaintiffs urge the Court to amend its holding that, "except as otherwise agreed by the parties, Plaintiffs' discovery requests are **LIMITED** to the period of five years immediately prior to the filing of Plaintiffs' complaints." June 5 Order at 14. The Court issued this holding in the context of the parties' dispute over the appropriate starting date for discovery; Plaintiffs seeking discovery for the fifteen years prior to the filing of their complaints, and Defendants seeking to limit Plaintiffs' pre-complaint discovery to only one year prior to the filing of their complaints. The Court did not intend its holding to preclude discovery relating to the period following the filing of the Plaintiffs' complaints. Rather, the Court's reference to the five year period preceding the filing of the complaints was intended to identify the starting date for discovery, and to limit the *pre-complaint* discovery to the period of five years prior to the filing of the complaints. To avoid any further confusion, the Court hereby **AMENDS** its prior ruling. Except as otherwise agreed by the parties, Plaintiffs' discovery requests relating to the period of time occurring prior to the filing of their complaints is **LIMITED** to the period of five years immediately prior to the filing of Plaintiffs' complaints. In addition to producing discovery relating to this five-year period, Defendants shall produce discovery relating to the period of time following the filing of Plaintiffs' complaints, subject to the limitations set forth in the Court's June 5 Order.

*2 IT IS SO ORDERED.

S.D.Tex.,2006.
Hunt v. Invesco Funds Group, Inc.
Slip Copy, 2006 WL 1751900 (S.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 432762 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum on Motion to Dismiss Second Amended Consolidated Complaint (Jan. 27, 2006) Original Image of this Document (PDF)
• 2006 WL 432761 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Defendants' Motion to Dismiss (Jan. 25, 2006) Original Image of this Document (PDF)
• 2006 WL 432760 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss Second Amended Consolidated Complaint (Jan. 18, 2006) Original Image of this Document (PDF)
• 2005 WL 3830951 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Compel Production of Documents and Rule 30(b)(6) Deposition (Nov. 9, 2005) Original Image of this Document (PDF)
• 2005 WL 4684986 (Trial Pleading) Second Amended Consolidated Complaint (Aug. 30, 2005) Original Image of this Document (PDF)
• 2005 WL 3828937 (Trial Pleading) Amended Consolidated Complaint (Aug. 22, 2005) Original Image of this Document (PDF)
• 2005 WL 3830950 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum: Rule 12(c) (May 4, 2005) Original Image of this Document (PDF)
• 2005 WL 3828935 (Trial Pleading) Answer of A I M Advisors, Inc. and Aim Distributors, Inc. to the Papia Complaint (Mar. 31, 2005) Original Image of this Document (PDF)
• 2005 WL 3828936 (Trial Pleading) Answer of Invesco Funds Group, Inc., Invesco Institutional (N.A.), Inc., Invesco Distributors, Inc., A I M Advisors, Inc. and Aim Distributors, Inc. to the Berdat Complaint (Mar. 31, 2005) Original Image of this Document (PDF)
• 2004 WL 3722598 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy    Page 3

Slip Copy, 2006 WL 1751900 (S.D.Tex.)
**(Cite as: Slip Copy)**

and Affidavit) Supplemental Reply Brief in Further Support of Plaintiffs' Motion for Consolidation and Lead Counsel (Dec. 10, 2004) Original Image of this Document (PDF)
• 2004 WL 3722596 (Trial Motion, Memorandum and Affidavit) The Berdat and Papia Plaintiffs' Sur-Reply Brief in Further Opposition to the Beasley Plaintiffs' Motion for Consolidation and Memorandum in Opposition to Amended Motion for Co-Lead Plaintiffs, Appointment of Co-Lead Counsel, Appointment of an Execut ive Committee, and Appointment of Co-Chairs (Nov. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3722597 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Opposition to Plaintiffs' Amended Motion for Appointment of Co-Lead Counsel, Etc. (Nov. 19, 2004) Original Image of this Document (PDF)
• 2004 WL 3722595 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Amended Motion for Appointment of Co-Lead Plaintiffs, Appointment of Co-Lead Counsel, Appointment of an Executive Committee, Appointment of Co-Chairs of the Executive Committee, and Reply Brief in Further Support o f Plaintiffs' Motion for Consolidation (Oct. 12, 2004) Original Image of this Document (PDF)
• 2004 WL 3722594 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Partial Opposition to Plaintiffs' Motion for Consolidation for Pre-Trial Purposes (Sep. 20, 2004) Original Image of this Document (PDF)
• 2004 WL 3722591 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Motion for appointment of Co-Lead Counsel, Appointment of an Executive Committee, and %iAppointment of Co-Chairs of the Executive Committee%i (Aug. 6, 2004) Original Image of this Document (PDF)
• 2004 WL 3722592 (Trial Motion, Memorandum and Affidavit) Motion for Consolidation (Aug. 6, 2004) Original Image of this Document (PDF)
• 2004 WL 3722593 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Motion for Consolidation (Aug. 6, 2004) Original Image of this Document (PDF)
• 2004 WL 3722590 (Trial Motion, Memorandum and Affidavit) Memorandum and Order Regarding Discovery Motions, Motions for Summary Judgment and Analogous Motions to Dismiss (Jul. 20, 2004) Original Image of this Document (PDF)
• 4:04cv02555 (Docket) (Jul. 7, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.