**EXHIBIT 1**

Case 1:04-cv-10988-GAO   Document 82-2   Filed 11/22/2006   Page 1 of 9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN J. VAUGHN, GERALD A.                  :
KALBFLEISCH, MICHAEL HATHAWAY and
MYRTLE HATHAWAY,                           :

        Plaintiffs,                        :     Civil Action
                                                 No. 04-10988-GAO
        v.                                 :

PUTNAM INVESTMENT MANAGEMENT,              :
LLC and PUTNAM RETAIL MANAGEMENT
LIMITED PARTNERSHIP,                       :

        Defendants.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN J. VAUGHN, GERALD A.                  :
KALBFLEISCH, MICHAEL HATHAWAY, and
MYRTLE HATHAWAY,                           :

        Plaintiffs,                        :     Civil Action
                                                 No. 06-11438-GAO
        v.                                 :

PUTNAM INVESTMENT MANAGEMENT,              :
LLC and PUTNAM RETAIL MANAGEMENT
LIMITED PARTNERSHIP,                       :

        Defendants.                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DEFENDANTS' [PROPOSED] REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION TO STAY CIV. NO. 06-11438-GAO ("*VAUGHN II*")
PENDING THIS COURT'S RESOLUTION OF CIV. NO. 04-10988-GAO ("*VAUGHN I*")**

Defendants briefly respond to Plaintiffs' Opposition to Defendants' Motion to Stay ("Opposition" or "Opp.") as follows:

1.    Plaintiffs proffer multiple arguments in support of their threshold position, i.e., that Section 36(b) permits recovery of allegedly excess fees "through trial," but those arguments are without merit:

a.    Plaintiffs incorrectly assert that their position is supported by the language of Section 36(b). (See Opp. at 2-4.) Section 36(b) permits a security holder to recover excess fees "paid by [the] investment company" (past tense), and then specifies that recovery cannot be had for any period "prior to one year before the action was instituted." 15 U.S.C. § 80a-35(b)(3). If Congress had intended to permit recovery of fees "paid or to be paid by [the] investment company," Section 36(b) would have stated that -- indeed, Section 36(a) creates a cause of action if the defendant "has engaged within five years of the commencement of the action or is about to engage in any act or practice constituting a breach of fiduciary duty involving personal misconduct . . . ." Id. § 80a-35(a) (emphasis added). On this point, plaintiffs simply declare that it is "entirely irrelevant" (Opp. at 4), without any support for that assertion.

b.    Plaintiffs cite Hunt v. Invesco Funds Group, No. H-04-02555, 2006 WL 1751900 (S.D. Tex. June 22, 2006) (Opp. at 4), but they fail again to acknowledge that the court in Hunt stated that "it did not intend to rule on this issue in its June 5 Order, nor does it intend to do so at this time." Id. at *1 (emphasis added.)  (As explained in Defendants' moving brief, the court in Hunt merely expressed a view -- apparently preliminary -- that the language of Section 36(b) alone does not resolve the issue. See id.)

2

   c. Plaintiffs cite other Section 36(b) cases (see Opp. at 4-5), but Defendants' moving brief already addressed each of them,[1] and plaintiffs simply conclusorily cite those cases again.

   d. Plaintiffs try but fail to distinguish the many cases that Defendants have brought to this Court's attention:

- Plaintiffs call the December 19, 2005 ruling in Jones v. Harris Assocs. LP, No. 04-8305 (N.D. Ill. Dec. 19, 2005) "cryptic," but it is not. (Opp. at 6 n.8.) The transcript shows that the plaintiffs there asked the court to clarify its ruling denying the plaintiffs' motion for "information that supported [the plaintiffs] claim for continuing damages -- damages beyond the filing of this complaint;" the court explained as the basis for its ruling that "if the statute circumscribes damages and limits it, then any discovery beyond what the statute would afford would not be relevant."[2]

- About the July 27, 2006 ruling in Gallus, et al. v. American Express Financial Corp., et al.,[3] plaintiffs say only -- in a footnote -- that it is "not otherwise supported by authority." (Opp. at 6 n.8.) But that ignores the case itself, and it also ignores the extensive authority supporting the case, including Daily Income Fund v. Fox, 464 U.S. 523 (1984).

- About Daily Income Fund and those other cases, plaintiffs say that those decisions' unequivocal statements about Section 36(b)'s damages period are "dicta." (Opp. at 6.) Plaintiffs, however, have no explanation for why court after court after court has looked at Section 36(b)'s text and history and described the statute's recovery period -- in terms or substance -- as "limited to actual damages for a period of one year prior to suit, § 80a-35(b)(3)." Daily Income Fund, 464 U.S. at 526 n.2. Courts have de-

---

[1]  See Defendants' Memorandum In Opposition To Plaintiffs' Motion To Consolidate, And In Support Of Their Motion To Stay (Docket 18 (06-11438-GAO) and Docket 73 (04-10988-GAO)), at 4-5 (hereafter "Defendants' moving brief").

[2]  Transcript in Jones v. Harris Assocs. LP, No. 04-8305, at 2:15-18, 4:13-16 (attached as Exhibit B to Defendants' moving brief).

[3]  Gallus, et al. v. American Express Financial Corp., et al., No. 04-4498, slip op. at 3-4 (D. Minn. July 27, 2006) (attached as Exhibit C to Defendants' moving brief).

3

scribed Section 36(b) in that manner because -- simply put -- that is the recovery period for which Section 36(b) provides.

- About <u>Krinsk v. Fund Asset Mgmt., Inc.</u>, No. 85 Civ. 8428, 1986 WL 205 (S.D.N.Y. May 9, 1986), plaintiffs state that "the Court considered post-suit fees when it ultimately tried the case." (Opp. at 7.) Plaintiffs have made this point before, and, tellingly, they simply ignore the explanation in Defendants' moving brief of why it is without merit.[4]

2.  Plaintiffs again argue that following prevailing authority on Section 36(b)'s recovery period would be impractical and/or inefficient because it would require the filing of successive lawsuits. Nothing plaintiffs say on this point has merit:

   a.  Putnam explained in its moving brief that <u>if</u> a second Section 36(b) suit is filed, it could be stayed pending the resolution of the first suit (the outcome of which would have obvious significance with respect to the second suit), and Putnam further explained that the delay in resolution of the second suit would likely not be lengthy. Plaintiffs assert that Putnam "incorrectly assumes that the first action would be resolved within one year, when the next action would have to be filed." (Opp. at 8-9.) Putnam "assumes" no such thing. An initial Section 36(b) claim might well take more than one year, but the point remains the same: there might not be a second action at all, and, if there is one, it can be stayed until resolution of the first

---

[4] As explained in Defendants' moving brief, the complaint in <u>Krinsk</u> was filed on May 16, 1985, and the district court in that case merely noted that, at trial, it "<u>heard evidence</u> on the plaintiff's remaining <u>claims</u>: (1) that for the period May 17, 1984 <u>to December 31, 1986</u>, fees were paid to the investment advisor in violation of the advisor's fiduciary duty under § 36(b) . . . ." <u>Krinsk v. Fund Asset Mgmt., Inc.</u>, 715 F. Supp. 472, 476 (S.D.N.Y. 1988), <u>aff'd</u>, 875 F.2d 404 (2d Cir. 1989) (emphasis added). Nothing in the decision indicates that defendants objected to this post-suit evidence, much less that such an objection was overruled. Further, nothing in the decision indicates any ruling that, if plaintiffs were to prevail, they could actually obtain restitution for the May 17, 1985 to December 31, 1986 period (<u>i.e.</u>, the post-suit period for which plaintiffs "claim[ed]" a legal violation), and there was no reason for the trial court to reach that issue -- on the issue of liability, it found "for the defendants . . . and dismisse[d] the complaint." <u>Id.</u> (<u>See</u> Defendants' moving brief, at 4.)

suit. (And it is very difficult to imagine that there would be any "string" of "serial lawsuits," given that the first and/or second suit(s) will result in substantial guidance to the parties.)

        b.      Plaintiffs claim that, with respect to burden on the trustees and the management company, there is no "practical difference" between the parties' alternative proposed approaches. (See Opp. at 9.) Defendants carefully explained the difference in their moving brief, and plaintiffs ignore it: on Defendants' approach, there would never be a situation in which the plaintiffs would be litigating post-suit, ongoing fee processes, an absurd situation that plaintiffs advocate for every 36(b) case, and that Defendants do not believe Congress contemplated. (See Defendants' moving brief, at 8-9.)

        c.      Plaintiffs assert that "Putnam complains that allowing Section 36(b) plaintiffs to recover damages from the post-complaint period will somehow distract the trustees and advisory companies during fee deliberations." (Opp. at 9) (emphasis added.) The "somehow" in this sentence is remarkable: adjudicating post-suit, pending fee review processes would obviously be harmful to those processes, and plaintiffs cannot credibly contend otherwise. Yet under plaintiffs' view of Section 36(b), every Section 36(b) suit will entail the disorderly adjudication of pending, post-suit fee-review processes.

        3.      Plaintiffs assert that Defendants do not identify a sufficient basis for a stay of Vaughn II, but they disregard the fundamental point highlighted in Defendants' brief: Defendants are trying to reasonably satisfy plaintiffs' endless discovery requests in Vaughn I, so that the case can proceed toward expert depositions, summary judgment, and, if necessary, trial. Consolidation into Vaughn I of Vaughn II -- a new case, covering a new time period -- will inevitably frustrate those efforts, and that should and can be avoided. By way of illustration,

Defendants are reviewing more than two million pages of e-mail, and their efforts to produce documents are constantly obstructed by requests for still more documents -- recently, for example, plaintiffs sent a letter demanding 24 categories of documents for each of 32 of Putnam's institutional clients (encompassing <u>128</u> different accounts), with two of those 24 requests -- to give the Court a sense -- reading as follows:  (i) "[a]ll communications to or from any of the institutional clients concerning fees, and all internal documents that identify, discuss, or otherwise address such communications," and (ii) "[a]ll communications to or from any of the institutional clients concerning account performance or returns, and all internal documents that identify, discuss, or otherwise address such communications."[5]  Simply put, this is not the time to add a new case and a new time period, and it is well within this Court's discretion to order accordingly.

        4.      Finally, plaintiffs assert that Defendants are engaged in "dilatory tactics." (Opp. at 10.)  That assertion is baseless, and it should be withdrawn.  The time that has been consumed on <u>Vaughn I</u> is attributable to plaintiffs, not Defendants:  plaintiffs brought suit with a lead plaintiff (Mr. Wicks) who sold his Putnam shares (divesting himself of standing), and they have since persisted in burdening Defendants with battery after battery of unworkable document requests, which Defendants are attempting in good faith to satisfy.  Two Section 36(b) cases have recently been voluntarily dismissed by plaintiffs on the eve of trial.[6]  The stipulation of dismissal in each case recites that plaintiffs' counsel reviewed "over 100,000 pages of documents pro-

---

[5]    Letter from Lisa A. Furnald, Esq., to David S. Clancy, Esq. (Oct. 6, 2006) (requests nos. 13 and 14) (attached as Exhibit A).

[6]    <u>Williams, et al. v. Waddell & Reed Inv. Mgmt.</u>, No. 04-2561 (D. Kan. Sept. 25, 2006), and <u>Baker, et al. v. Am. Century Inv. Mgmt., Inc.</u>, No. 04-4039 (W.D. Mo. July 31, 2006).

duced."[7] In this case, Defendants have already produced more than 225,000 pages of documents, and they are working on the review of over 2 million pages of e-mail (under the constant pressure of requests for still more documents). (In addition, plaintiffs' motion to compel is pending, and that motion seeks, inter alia, a mammoth e-mail review beyond what Defendants are already performing. In Defendants' Opposition To Plaintiffs' Revised Motion To Compel, Defendants noted that adding 21 additional individuals to the existing e-mail search -- a hypothetical expansion that is apparently far less than what plaintiffs want -- would expand the 2.3 million page e-mail universe now being reviewed to more than 7 million pages. That is equivalent to a stack of paper more than three times the height of the Prudential Center, and it would take a team of four full-time attorneys more than one year to review. (See Defendants' Opposition To Plaintiffs' Revised Motion To Compel (Docket 71), at 14.) Plaintiffs' approach to discovery in this case has been and continues to be unreasonable, and any "delay" is their responsibility, not Defendants'.[8]

---

[7]     See Williams, No. 04-2561-KHV (Stipulation Of Dismissal With Prejudice dated Sept. 25, 2006, attached as Exhibit B) ("their counsel have reviewed over 100,000 pages of documents produced...."); Baker, No. 04-4039-CV-C-ODS (Stipulation Of Dismissal dated July 31, 2006, attached as Exhibit C) ("their counsel have reviewed over a hundred thousand pages of documents produced....").

[8]     Plaintiffs also cite Muller v. M.D. Sass Assocs., Inc., No. 91-3762, 1992 WL 80938 (D. N.J. April 22, 1992). (See Opp. at 10.) In that case, the court declined to stay a lawsuit pending the outcome of "two related actions," but the facts of Muller are materially different than in this case. See id. at *13. Neither of the two related actions in Muller -- one related action pending in the Eastern District of Louisiana, the other related action pending in California state court -- named the same defendants as those named in the case that the court was asked to stay; for that reason and others, the court found the two related cases insufficiently similar to justify the requested stay. Id. at *3-4. As an example of one of the court's additional reasons for denying the stay, the Eastern District of Louisiana action was a purported class action involving "more issues" than the action the court was asked to stay, and in which a class had not yet been

(continued...)

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' moving brief, Defendants ask that this Court grant Defendants' Motion to Stay Vaughn II pending this Court's resolution of Vaughn I.

Dated: November __, 2006       Respectfully submitted,
        Boston, Massachusetts

                                       _____
                                       James R. Carroll (BBO #554426)
                                       David S. Clancy (BBO #636031)
                                       Scott T. Lashway (BBO #655268)
                                       SKADDEN, ARPS, SLATE,
                                         MEAGHER & FLOM LLP
                                       One Beacon Street
                                       Boston, Massachusetts  02108
                                       (617) 573-4800
                                       jcarroll@skadden.com
                                       dclancy@skadden.com
                                       slashway@skadden.com

                                       Counsel for Defendants Putnam Investment
                                       Management, LLC and Putnam Retail
                                       Management Limited Partnership

---

[8] (...continued) certified.  Both factors caused the court concern about how much "time" the Eastern District of Louisiana suit would take to resolve.  Id. at *3.  Here, Vaughn I will reach the summary judgment stage by summer of next year.