# EXHIBIT 23

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| John J. Vaughn, Gerald A. Kalbfleisch, and Michael and Myrtle Hathaway,<br><br>        Plaintiffs,<br><br>        v.<br><br>Putnam Investment Management, LLC and Putnam Retail Management, LLP,<br><br>        Defendants. | Number 04-CV-10988 (GAO) |

## PAUL L. JOSKOW'S OBJECTIONS TO
## SUBPOENA FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Paul L. Joskow, through

undersigned counsel, hereby objects to the subpoena dated October 6, 2006 (the "Subpoena")

served by Plaintiffs in the above-captioned matter (the "Action") as follows:

### General Responses and Objections to the Subpoena

1.    Mr. Joskow responds to the Subpoena without waiver of or prejudice to his right, at any

time, to raise objections to (a) the relevance, materiality or admissibility of (i) the Subpoena or

any part thereof, (ii) statements made in this response to the Subpoena or any part thereof, or

(iii) any document produced pursuant to this response; or (b) any further demand for discovery

involving or relating to the matters raised in the Subpoena. Mr. Joskow objects to the

Subpoena to the extent that it seeks any documents or information not relevant to the Action.

2.     Mr. Joskow objects to the Subpoena to the extent that its requests are vague, ambiguous, overly broad, unduly burdensome, oppressive, do not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to that subpoena" or are not otherwise reasonably calculated to lead to the discovery of admissible evidence. Mr. Joskow objects further to the Subpoena on the grounds that many of the requests contained in the Subpoena seek "all documents" or "all written communications" relating to a subject matter, without further limitation or focus.

3.     Mr. Joskow objects to the Subpoena on the grounds that its requests are unreasonably cumulative or duplicative, including but not limited to the fact that its requests are cumulative or duplicative of the requests contained in the previous subpoena served on Mr. Joskow on or about January 4, 2006 (the "January Subpoena").

4.     Mr. Joskow objects to the Subpoena on the grounds that the Subpoena requests documents and information that could have been sought in the January Subpoena but were not.

5.     Mr. Joskow objects to the Subpoena on the grounds that the Subpoena purports to require re-searching or re-examining files or documents that were previously searched and/or reviewed in an effort to comply with the January Subpoena.

6.     Mr. Joskow objects to the Subpoena to the extent that compliance with the Subpoena would be a burden on Mr. Joskow or would impose additional expense upon the Putnam Funds. Mr. Joskow further objects to the Subpoena to the extent that the costs associated with responding to the Subpoena are to be borne by any party other than the Plaintiffs.

7.  Mr. Joskow objects generally to the time periods specified in the Subpoena to the extent
that they are overly broad, unduly burdensome, oppressive, do not comply with the
requirement of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties shall "avoid imposing
undue burden or expense on a person subject to that subpoena" or are not otherwise
reasonably calculated to lead to the discovery of admissible evidence.

8.  Mr. Joskow objects, in particular, to the Subpoena to the extent that it requests documents
for the period January 1, 2002 through December 31, 2002, on the grounds that such
documents could have, and should have, been requested in the January Subpoena but were not
and that, as a consequence, to require Mr. Joskow to re-examine and re-search documents and
files previously searched in the process of collecting documents for purposes of responding to
the January Subpoena would be unreasonable, unduly burdensome and costly.

9.  Mr. Joskow objects further to the Subpoena to the extent that it seeks documents created,
sent or received after January 4, 2006, the date of service of the January Subpoena, on the
grounds that such documents are irrelevant and not likely to lead to the discovery of
admissible evidence. Mr. Joskow objects further on the grounds that the production of such
documents would be unduly burdensome and costly.

10. Mr. Joskow objects further to the Subpoena to the extent it seeks documents created, sent
or received after January 4, 2006 on the grounds that Mr. Joskow understands that the scope of
the relevant time period for discovery in the Action is currently a matter of dispute between
the parties and that, therefore, in the absence of any ruling from the Court with respect to that
dispute, the requests contained in the Subpoena seeking documents created, sent or received
after January 4, 2006 are objectionable.

-3-

11. Mr. Joskow objects to the Subpoena to the extent that it purports to require the continuing review, collection, and production of documents that are not yet in existence. Requiring such ongoing efforts is overly broad, unduly burdensome, oppressive, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to that subpoena."

12. Mr. Joskow objects to the Subpoena to the extent that it purports to impose obligations different from and greater than what is required by the Federal Rules of Civil Procedure, the Local Rules, or other applicable law.

13. Mr. Joskow objects generally to the Subpoena to the extent that it purports to vary the meaning of any term from its usual and customary meaning in ordinary usage or from the definition of such term under the Federal Rules of Civil Procedure or the Local Rules.

14. Mr. Joskow objects, in particular, to the use of the term "Management Contract" in the Subpoena on the grounds that such term is undefined by the Subpoena; it is, therefore, not possible to determine whether the Subpoena's use of the term "Management Contract" is consistent with Mr. Joskow's understanding of the term.

15. Mr. Joskow objects, in particular, to the use of the term "economies of scale" in the Subpoena on the grounds that such term is undefined by the Subpoena; it is, therefore, not possible to determine from the Subpoena whether the Subpoena's use of the term "economies of scale" is consistent with Mr. Joskow's understanding of the term.

16. Mr. Joskow objects, in particular, to the definition of "PIM" that is contained in the Subpoena on the grounds that the definition of the acronym in the Subpoena is inconsistent

with the ordinary meaning of that acronym as it is used in connection with the business affairs of the Funds. As an example, as written, the definition of "PIM" includes "any of its . . . affiliates" and, therefore, includes within the definition of "PIM" separate corporate entities, such as PRM, PFTC and PAC, that are not a part of PIM, as that acronym is used in the ordinary course of Fund business.

17. Mr. Joskow objects, in particular, to the definition of "PRM" that is contained in the Subpoena on the grounds that the definition of the acronym in the Subpoena is inconsistent with the ordinary meaning of that acronym as it is used in connection with the business affairs of the Funds. As an example, as written, the definition of "PRM" includes "any of its . . . affiliates" and, therefore, includes within the definition of "PRM" separate corporate entities, such as PIM, PFTC and PAC, that are not a part of PRM, as that acronym is used in the ordinary course of Fund business.

18. Mr. Joskow objects, in particular, to the definition of "PAC" that is contained in the Subpoena on the grounds that the definition of the acronym in the Subpoena is inconsistent with the ordinary meaning of that acronym as it is used in connection with the business affairs of the Funds. As an example, as written, the definition of "PAC" includes "any of its . . . affiliates" and, therefore, includes within the definition of "PAC" separate corporate entities, such as PIM, PRM and PFTC, that are not a part of PAC, as that acronym is used in the ordinary course of Fund business.

19. Mr. Joskow objects, in particular, to the definition of "Putnam Mutual Funds" that is contained in the Subpoena. The Second Amended Complaint in this Action was filed on behalf of Plaintiffs who allege that they are shareholders of the following five Putnam mutual

-5-

funds -- Putnam Growth Opportunity Fund, Putnam Voyager Fund, Putnam Classic Equity

Fund, Putnam Fund for Growth and Income and the Putnam Investors Fund. Mr. Joskow

objects to the Subpoena to the extent that it seeks the production of documents or information

concerning any Putnam Funds other than the Putnam Growth Opportunity Fund, Putnam

Voyager Fund, Putnam Classic Equity Fund, Putnam Fund for Growth and Income and the

Putnam Investors Fund.

20.  Mr. Joskow objects, in particular, to the definition of "Board of Trustees Committees"

that is contained in the Subpoena to the extent that it includes Committees, the affairs of which

have no relevance to the Action. Mr. Joskow further objects to the definition of "Board of

Trustees Committees" to the extent that the definition names Committees not existing during

the time period covered by the Subpoena.

21.  Mr. Joskow objects to the Subpoena to the extent that it seeks the production of any

document or information (i) that is identical to any document or information available from, or

in the possession of, the Plaintiffs; (ii) that is more readily accessible from a party to the

Action or from another source; or (iii) that is publicly available or accessible (including from

the Edgar database maintained by the United States Securities and Exchange Commission,

from any publication, on any page or site on the world wide web or on a public database such

as Westlaw, Lexis or Bloomberg), on the grounds that production by Mr. Joskow under such

circumstances is unnecessary, burdensome, and cumulative.

22.  Mr. Joskow objects to the Subpoena to the extent that it purports to seek any "privileged"

document or information. The term "privileged" shall refer to any document or information

that is protected from discovery under the attorney-client privilege, attorney work-product

-6-

protection, joint-defense privilege, common interest privilege, and/or any other applicable privilege, immunity, protection, doctrine, statute, regulation, rule, decision, order or exemption that would make the document or information immune or exempt from discovery. In all instances, Mr. Joskow intends to preserve all claims of privilege to the fullest possible extent. No privileged document will be produced. If any privileged documents or information are disclosed, except pursuant to a written statement specifically referencing such documents, such disclosure shall be deemed inadvertent and shall not be deemed a waiver of any applicable privilege.

23. Mr. Joskow objects generally to the Subpoena to the extent that it seeks documents concerning Mr. Joskow that are of a confidential, personal or proprietary nature.

24. Mr. Joskow objects to the Subpoena to the extent it seeks the production of any confidential documents or information in the absence of a binding confidentiality stipulation and protective order.

25. Mr. Joskow objects to the definition of "documents and tangible things" contained in the Subpoena to the extent it calls for the production of electronic documents not entirely in the possession or control of Mr. Joskow, individually, or the Trustees collectively. Mr. Joskow further objects to the Subpoena to the extent it purports to require him to conduct searches for electronic documents stored on servers, back-up tapes and other electronic archives on the grounds that such searches would be cumulative of the searches that have been conducted, are unduly burdensome and may not be permitted by applicable law or corporate policies.

26. Mr. Joskow objects to any requests in the Subpoena seeking documents from the "staff of the Board of Trustees" as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

27. Mr. Joskow objects generally to the Subpoena to the extent that it purports to seek the production of documents that are not within Mr. Joskow's possession, custody or control.

28. Mr. Joskow reserves the right at any time to revise, correct, add to or clarify the general objections set forth above and/or the specific responses set forth below.

29. Each of the following Specific Objections incorporates by reference every one of the foregoing General Objections.

## Specific Responses and Objections

### REQUEST NUMBER 1:

All documents and tangible things in your possession, custody or control constituting contracts or agreements between and among you and any other entity or person concerning or referring to your position on the Board of Trustees for the Funds during the time period of January 1, 2002 through the present.

#### RESPONSE TO REQUEST NUMBER 1:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 1 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and

does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties

shall "avoid imposing undue burden or expense on a person subject to that subpoena." Mr.

Joskow further objects to Request Number 1 on the grounds that it is duplicative of other

requests contained in the Subpoena and of requests contained in the January Subpoena. Mr.

Joskow further objects to Request Number 1 on the grounds that the Request also contains

requests that could have been included in the January Subpoena but were not. Mr. Joskow

further objects to Request Number 1 to the extent it seeks production of "all documents and

tangible things" because, as such, it purports to require a burdensome, laborious and expensive

search and review of many of the same files and records that were previously searched and

reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 1.

### REQUEST NUMBER 2:

All documents and tangible things in your possession, custody or control that addresses, identifies, describes or otherwise sets forth the compensation, benefits, or anything else of value given you in connection with your position on the Board of Trustees for the Funds during the time period of January 1, 2002 through the present.

### RESPONSE TO REQUEST NUMBER 2:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 2 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 2 on the grounds that it is

duplicative of other requests contained in the Subpoena and of requests contained in the January

Subpoena. Mr. Joskow further objects to Request Number 2 on the grounds that the Request

also contains requests that could have been included in the January Subpoena but were not. Mr.

Joskow further objects to Request Number 2 to the extent it seeks production of "all documents

and tangible things" because, as such, it purports to require a burdensome, laborious and

expensive search and review of many of the same files and records that were previously searched

and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 2.

### REQUEST NUMBER 3:

All documents and tangible things in your possession, custody or control that addresses,
identifies, describes or otherwise sets forth the Trustee Compensation Deferral Plan, the
Retirement Plan, the Retirement Plan for Trustees of the Putnam Funds and the Noncontributory
Defined Benefits Plan (collectively, the "Plans") in effect during the time period of January 1,
2002 through the present, as those Plans are identified in the Funds' Statements of Additional
Information and Annual Reports.

### RESPONSE TO REQUEST NUMBER 3:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 3 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 3 on the grounds that it is

duplicative of other requests contained in the Subpoena and of requests contained in the January

Subpoena. Mr. Joskow further objects to Request Number 3 on the grounds that the Request also

contains requests that could have been included in the January Subpoena but were not. Mr.

Joskow further objects to Request Number 3 to the extent it seeks production of "all documents

and tangible things" because, as such, it purports to require a burdensome, laborious and

expensive search and review of many of the same files and records that were previously searched

and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 3.

**REQUEST NUMBER 4:**

All minutes of meetings of the Board of Trustees and the Board of Trustees Committees
including, but not limited to, all drafts, versions and proposals thereof.

### RESPONSE TO REQUEST NUMBER 4:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 4 on the grounds that the request is overly broad, unduly burdensome, and does not

comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties shall

"avoid imposing undue burden or expense on a person subject to that subpoena." Mr. Joskow

further objects to Request Number 4 on the grounds that it is duplicative of other requests

contained in the Subpoena. Mr. Joskow further objects Request Number 4 on the grounds that

the Request also contains requests that could have been included in the January Subpoena but

were not. Mr. Joskow further objects to Request Number 4 to the extent it seeks production of

"all drafts, versions and proposals thereof" because, as such, it purports to require a burdensome,

laborious and expensive search and review of many of the same files and records that were

previously searched and reviewed in response to the January Subpoena.

-11-

Mr. Joskow will not produce any documents in response to Request Number 4.

### REQUEST NUMBER 5:

All charters that have been or are applicable to the Board of Trustees and the Board of Trustees Committees for any of The Funds.

#### RESPONSE TO REQUEST NUMBER 5:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 5 on the grounds that the request does not comply with the requirement of Fed. R. Civ.

P. 45(c)(1) that a subpoena to third parties shall "avoid imposing undue burden or expense on a

person subject to that subpoena." Mr. Joskow further objects to Request Number 5 on the

grounds that it is duplicative of other requests contained in the Subpoena. Mr. Joskow further

objects to Request Number 5 on the grounds that the Request also contains requests that could

have been included in the January Subpoena but were not.

Mr. Joskow will not produce any documents in response to Request Number 5.

### REQUEST NUMBER 6:

All Agendas and other materials (other than the "Black Books" and the quarterly 12b-1 reports) provided to the Trustees in connection with meetings of the Board of Trustees or the Board of Trustees Committees or the review of management and 12b-1 fees.

#### RESPONSE TO REQUEST NUMBER 6:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 6 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 6 on the grounds that it is

duplicative of other requests contained in the Subpoena. Mr. Joskow further objects to Request

Number 6 on the grounds that the Request also contains requests that could have been included

in the January Subpoena but were not. Mr. Joskow further objects to Request Number 6 to the

extent it seeks production of "all Agendas and other materials" because, as such, it purports to

require a burdensome, laborious and expensive search and review of many of the same files and

records that were previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 6.

## REQUEST NUMBER 7:

All notes taken by you in connection with the Trustees' review and approval of the Management
Contract for the Funds.

### RESPONSE TO REQUEST NUMBER 7:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 7 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 7 on the grounds that it is

duplicative of other requests contained in the Subpoena. Mr. Joskow further objects to Request

Number 7 on the grounds that the Request also contains requests that could have been included

in the January Subpoena but were not. Mr. Joskow further objects to Request Number 7 to the

extent it seeks production of "all notes" because, as such, it purports to require a burdensome,

laborious and expensive search and review of many of the same files and records that were

previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 7.

## REQUEST NUMBER 8:

All notes taken by you in connection with the Trustees' review and approval of the Distribution
Plan for the Funds.

-13-

**RESPONSE TO REQUEST NUMBER 8:**

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 8 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 8 on the grounds that it is

duplicative of other requests contained in the Subpoena. Mr. Joskow Further objects to Request

Number 8 on the grounds that the Request also contains requests that could have been included

in the January Subpoena but were not. Mr. Joskow further objects to Request Number 8 to the

extent it seeks production of "all notes" because, as such, it purports to require a burdensome,

laborious and expensive search and review of many of the same files and records that were

previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 8.

**REQUEST NUMBER 9:**

All written communications between PIM and PRM, on the one hand, and any Trustee, on the
other hand.

**RESPONSE TO REQUEST NUMBER 9:**

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 9 on the grounds that the request is overly broad, unduly burdensome, and does not

comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties shall

"avoid imposing undue burden or expense on a person subject to that subpoena." Mr. Joskow

further objects to Request Number 9 on the grounds that it is duplicative of other requests

contained in the Subpoena. Mr. Joskow further objects to Request Number 9 on the grounds that

the Request also contains requests that could have been included in the January Subpoena but

-14-

were not. Mr. Joskow further objects to Request Number 9 to the extent it seeks production of "all written communications" because, as such, it purports to require a burdensome, laborious and expensive search and review of many of the same files and records that were previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 9.

## REQUEST NUMBER 10:

All written communications between the staff of the Office of the Trustees, on the one hand, and any Trustee, on the other hand.

### RESPONSE TO REQUEST NUMBER 10:

In addition to the General Objections set forth above, Mr. Joskow objects to Request Number 10 on the grounds that the request is overly broad, unduly burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to that subpoena." Mr. Joskow further objects to Request Number 10 on the grounds that it is duplicative of other requests contained in the Subpoena. Mr. Joskow further objects to Request Number 10 on the grounds that the Request also contains requests that could have been included in the January Subpoena but were not. Mr. Joskow further objects to Request Number 10 to the extent it seeks production of "all written communications" because, as such, it purports to require a burdensome, laborious and expensive search and review of many of the same files and records that were previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 10.

## REQUEST NUMBER 11:

All written communications between or among members of the Board of Trustees made in connection with the Trustees review and approval of the Distribution Plan and the Management Contract for the Funds.

-15-

### RESPONSE TO REQUEST NUMBER 11:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 11 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 11 on the grounds that it is

duplicative of other requests contained in the Subpoena. Mr. Joskow further objects to Request

Number 11 on the grounds that the Request also contains requests that could have been included

in the January Subpoena but were not. Mr. Joskow further objects to Request Number 11 to the

extent it seeks production of "all written communications" because, as such, it purports to require

a burdensome, laborious and expensive search and review of many of the same files and records

that were previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 11.

### REQUEST NUMBER 12:

All written communications between or among members of the Board of Trustees concerning or
referring to the management fees or 12b-1 fees charged to the Funds, the services provided by
PIM or PRM to the Funds, fall-out benefits or soft dollars, and economies of scale.

### RESPONSE TO REQUEST NUMBER 12:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 12 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 12 on the grounds that it is

duplicative of other requests contained in the Subpoena. Mr. Joskow further objects to Request

Number 12 on the grounds that the Request also contains requests that could have been included

-16-

in the January Subpoena but were not. Mr. Joskow further objects to Request Number 12 to the

extent it seeks production of "all written communications" because, as such, it purports to require

a burdensome, laborious and expensive search and review of many of the same files and records

that were previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 12.

## REQUEST NUMBER 13:

All written communications between or among members of the Board of Trustees concerning or
referring to conflicts of interest between the Putnam Mutual Funds or their shareholders on the
one hand, and PIM on the other.

### RESPONSE TO REQUEST NUMBER 13:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 13 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 13 on the grounds that it is

duplicative of other requests contained in the Subpoena. Mr. Joskow further objects to Request

Number 13 on the grounds that the Request also contains requests that could have been included

in the January Subpoena but were not. Mr. Joskow further objects to Request Number 13 to the

extent it seeks production of "all written communications" because, as such, it purports to require

a burdensome, laborious and expensive search and review of many of the same files and records

that were previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 13.

-17-

**REQUEST NUMBER 14:**

All written communications between or among members of the Board of Trustees concerning or referring to any consideration by the Trustees of the factors for assessing the reasonableness of Management Fees established in *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982) and its progeny.

### RESPONSE TO REQUEST NUMBER 14:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 14 on the grounds that the request is vague, ambiguous, overly broad, unduly

burdensome, and does not comply with the requirement of Fed. R. Civ. P. 45(c)(1) that a

subpoena to third parties shall "avoid imposing undue burden or expense on a person subject to

that subpoena." Mr. Joskow further objects to Request Number 14 on the grounds that it is

duplicative of other requests contained in the Subpoena. Mr. Joskow further objects to Request

Number 14 on the grounds that the Request also contains requests that could have been included

in the January Subpoena but were not. Mr. Joskow further objects to Request Number 14 to the

extent it seeks production of "all written communications" because, as such, it purports to require

a burdensome, laborious and expensive search and review of many of the same files and records

that were previously searched and reviewed in response to the January Subpoena.

Mr. Joskow will not produce any documents in response to Request Number 14.

**REQUEST NUMBER 15:**

All engagement letters between the Trustees and Ropes & Gray effective for the time period January 1, 2002 through the present.

### RESPONSE TO REQUEST NUMBER 15:

In addition to the General Objections set forth above, Mr. Joskow objects to Request

Number 15 on the grounds that it seeks privileged information. Mr. Joskow Further objects to

the extent that Request Number 15 contains requests that could have been included in the

January Subpoena but were not. Mr. Joskow further objects to Request Number 15 on the

grounds that the request is vague and ambiguous. Mr. Joskow further objects to the use of the

term "engagement letter" in Request Number 15 on the grounds that such term is undefined by

the Subpoena.

    Mr. Joskow will not produce documents in response to Request Number 15.

Respectfully submitted,

John D. Donovan  (BBO # 130950)
Peter L. Welsh  (BBO# 643261)
William F. Abely  (BBO# 660281)
Kim B. Nemirow (BBO# 663258)
   ROPES & GRAY LLP
   One International Place
   Boston, MA  02110
   (617) 951-7000

Counsel to Paul L. Joskow

Dated:  October 27, 2006
       Boston, Massachusetts

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| John J. Vaughn, Gerald A. Kalbfleisch, and Michael and Myrtle Hathaway, | ) ) ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Number 04-CV-10988 (GAO) |
|  | ) |  |
| Putnam Investment Management, LLC and Putnam Retail Management, LLP, | ) ) |  |
|  | ) |  |
| Defendants. | ) ) |  |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Objections to Subpoena for Production of Documents were served upon the following persons by First Class Mail, postage pre-paid, this 27th day of October, 2006:

Lisa A. Furnald
Robins, Kaplan, Miller & Ciresi L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199

William F. Abely