**TAB 2**

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

LISA A. FURNALD
617-859-2790

July 6, 2006

**Via Facsimile and First Class Mail**

David S. Clancy, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194

  Re: *Steven G. Wicks et al. v. Putnam Investment Management, LLC et al.*
     USDC Eastern District of Massachusetts C.A. No. 1:04-CV-10988 (GAO)

Dear David:

  I am writing to follow up on your June 21, 2006 letter, as well as to address a number of other outstanding issues.

1. Hard Copy Production

  As I explained in my June 21 letter (which you acknowledge receiving but not reviewing prior to sending your letter of the same date), we need to know when you expect to complete the production of those hard copy documents *Putnam has agreed to produce.* Your May 18 letter complaining about the document requests and asking me to further narrow those requests does not concern my repeated inquiries on this point; the issue is simply when will Putnam finish its production of the materials it agreed to produce. In your March 21 letter to Tom Gallo, you reported that your intention was to complete this production by the end of April. That date has long passed, and we need a firm commitment from you.

  In addition, please provide us with the 2006 black books and "related materials" Putnam committed in its Opposition to Plaintiffs' Motion to Compel to produce after June 30, 2005.

2. Electronic Copies of Documents

  During our June 15, 2006 conference, you informed me that the documents Putnam has produced in hard copy are not available in PDF or JPEG. Relying on your representation, we will continue to request specific documents or categories of documents in native format.

David S. Clancy, Esq.
July 6, 2006
Page 2

3. <u>Documents in Native Format</u>

We are reviewing your June 28 electronic production to determine if we now have the electronic documents described in topic numbers 2 and 4 in Meghan Walt's May 18 letter.

As to topic number 3, we are requesting the electronic version of document 85991-86008, and the electronic versions of any other such reports in the 2002-present time period.

Finally, as to topic number 1 we are awaiting the electronic production of the 1996-2001 trial balances. (I understand from your letter of today that you are trying to determine whether the 1995 trial balance exists in electronic form, and that you will produce it if it does.)

4. <u>Putnam Retail Management Limited Partnership</u>

Your revised Stipulation and Proposed Order Properly Naming Defendant Putnam Retail Management Limited Partnership is acceptable to us. Would you please file it with the Court, or e-mail it to me so that I may file it.

5. <u>Putnam's E-Mail Production</u>

As my June 21 letter states, Putnam cannot properly shift to Plaintiffs the obligation of locating Putnam's responsive e-mails. We have provided you with the additional search terms and job titles Putnam should include in its search and production, at a minimum. Furthermore, Plaintiffs reserve the right to add additional search terms and people as discovery progresses, especially given that Putnam's plan is so unreasonably limited. For example, the names of certain institutional clients and/or products will need to be searched after the PAC/institutional information is provided to us.

Your March 21 letter to Tom Gallo reported that your intention was to complete the production of e-mails by the end of April. I am available on Monday and Tuesday next week to discuss the list of search terms so that Putnam's production is not further delayed.

6. <u>Institutional/PAC Spreadsheet</u>

Your statement about Plaintiffs' reserving the right to seek additional information is most unexpected. Both sides agreed upon the spreadsheet concept with the expectation that Plaintiffs would request additional particular categories of documents based upon our review of the spreadsheet. Indeed, your April 5 letter to Tom Gallo wherein you first proposed the concept says that the spreadsheet approach "should at a minimum serve as a platform for resolving [the institutional issues]." You also in that letter acknowledge with this "staged approach" that Plaintiffs would later want to seek "further particularized information." To be perfectly clear, we do not agree that accepting this spreadsheet constitutes a waiver of our right to obtain additional documents.

David S. Clancy, Esq.
July 6, 2006
Page 3

While we understand that the preparation of the spreadsheet may require some effort, there is no reason to delay the production of the contracts themselves. Please produce these at your very earliest opportunity.

We consider the column with "top 25 holdings" to be an important part of the spreadsheet. Please let me know what Putnam's concerns are about the feasibility of that column, or if there is an alternative way to provide that information in a manner that is less burdensome to Putnam. To be clear, we want to know the top 25 holdings for each institutional client, and if that client has distinct funds, products, or pools of money, these should be addressed separately. Indeed, that approach should be the same as to each of the columns on the spreadsheet.

Finally, we reserve our objections about the appropriate time period, and Putnam's refusal to provide information on the spreadsheet from 1995 through the present. At a minimum, given your commitment to provide us with the 2006 black books, we would like to see the spreadsheet provide 2005 information.

7.   PAC's Response to the Subpoena

Although Plaintiffs anticipate requesting additional documents after we review the institutional/PAC spreadsheet, please confirm that PAC is producing now the documents it has committed to produce. We expect, for example, that PAC is producing the documents it committed to produce in response to Request Nos. 9, 10, 11, 12, 14, 15, 16, 18, 20, 21, 23 and 29, notwithstanding that Plaintiffs may later request additional specific documents.

We will revisit our concerns with PAC's response to Request Nos. 4, 5, 24 and 26 (which request financial information), after the July 12 deposition.

Please let me know if PAC will amend its response to Request No. 10 to provide documents that compare or contrast the nature, amounts, fees, breakpoints, dispositions or uses of the fees that PIM or PRM receive from any of the Funds on the one hand, and those that PAC receives from any of the institutional accounts on the other.

We will remove "relating" from Request No. 29, which asks for all documents that concern or refer to the information PIM provided to the trustees regarding PAC's management contracts with its institutional accounts and the nature of services PAC performed, including all source documents upon which that information was based. Please let me know if PAC will amend its response to provide all responsive documents.

This will also confirm that we are in disagreement with PAC's cut-off date and we may move to compel on that issue.

BN1 35032315.1

David S. Clancy, Esq.
July 6, 2006
Page 4

Finally, please be aware that Plaintiffs reserve the right to move to compel as to any request to PAC if PAC refuses to provide the responsive documents we request after we review the institutional/PAC spreadsheet.

8. <u>PIM and PRM's Responses to Document Requests</u>

Again, Plaintiffs reserve the right to move to compel as to any of the document requests to PIM and PRM if the additional responsive documents we request after we review the institutional/PAC spreadsheet are not provided. Would you also please confirm that PIM and PRM are producing the documents they committed in their amended response to produce, notwithstanding that Plaintiffs might request additional specific documents after we receive the institutional/PAC spreadsheet.

We hereby amend Request No. 84 to request all information or materials concerning PAC that were provided to or considered by the Trustees (or any of the committees) in connection with the Trustees' review of the management contracts and 12b-1 fees for any of the Putnam Mutual Funds. Please let me know if Putnam will amend its response.

Lastly, we disagree with Putnam's limiting its production to January 1, 2002-June 30, 2005 and will include that issue in any forthcoming motion to compel.

9. <u>PIM and PRM Interrogatory Responses</u>

Interrogatory No. 16 to PIM asks it to state as to each of the Funds the profits and profit margins realized within the different breakpoints. Please let me know if PIM will answer.

With respect to PIM Interrogatory No. 17 and PRM Interrogatory No. 12, will you identify the custodians of specified documents as requested, similar to the way we have approached the production of documents in native format?

Please provide me with the amended interrogatory responses, which you agreed to provide, without qualification, in early April.

Finally, we reserve our right to move to compel PIM and PRM to answer all of the interrogatories within the requested timeframe. In addition, we continue to reserve the right to move to compel PIM to answer Interrogatory Nos. 9-11, 13 and 14 depending upon the outcome of the PAC/institutional spreadsheet approach. (See item number 5 above.)

10. <u>Mr. Haldeman's Response to the Subpoena</u>

Mr. Haldeman's proposed amendments to Request Nos. 32 and 33 are acceptable.

BN1 35032315.1

David S. Clancy, Esq.
July 6, 2006
Page 5

       Mr. Haldeman's proposed amendments to Request Nos. 19, 21, 24 would be acceptable if he also agrees to produce documents within these categories that address management fees (in addition to the 12b-1 fees). Please let me know your position.

       Mr. Haldeman's proposed amendments to Request Nos. 1-16, 20, 22, 23, 29, 31, 34 and 35 are acceptable, subject to Plaintiffs' disagreement with the time restriction. We reserve the right to move to compel on that issue as to these requests and any others in the subpoena where Mr. Haldeman has limited his production by date.

       Plaintiffs disagree with Mr. Haldeman's refusal to produce documents in response to Request Nos. 26, 27, and 28. The value Mr. Haldeman derives from his relationship with Putnam is relevant to his conscientiousness as a trustee, among other reasons.

       Finally, your proposed response to Request No. 41 is still unacceptable because the request appropriately calls for more than shareholder letters. Please let me know if Mr. Haldeman will agree to provide all shareholder communications concerning excessive and/or inappropriate management or 12b-1 fees and all documents that address such communications.

11.    <u>30(b)(6) Annual Trustee Materials Deposition of PIM and PRM</u>

       You have indicated that you are not prepared to go forward on July 11, 2006 with the 30(b)(6) Annual Trustee Materials deposition. Would you please get back to me as soon as possible with alternative dates in early August.

       While we disagree that the topics are objectionable, in the interest of advancing discovery as quickly as possible, we will accept the following modifications:

       1.    We will limit Topic 1 to the time period 2002-the present, except that we will inquire about documents relevant to economies of scale for the time period 1995-present.[1]

       2.    Your proposal for Topic 2 is acceptable, except that we will inquire about the Annual Trustee Materials (not only the black books) through the present.

       3.    We accept your modification to Topic 3, in part, so that it reads "The sources of the information contained in the 2002, 2003, 2004, 2005, and 2006 Annual Trustee Materials, as well as the sources of information relevant to economies of scale contained in the Annual Trustee Materials for the periods 1995-present."

       4.    We will limit the first clause of Topic 4 to the time period January 1, 2002 through the present. As for the second clause, Putnam should produce a witness who will testify as to which person(s) are most knowledgeable on the various parts of the Annual Trustee Materials (*i.e.* the latter category in your letter).

---

[1] We anticipate that you will have provided us with the most recent Annual Trustee Materials (including the black books) prior to this deposition so that we have a reasonable opportunity to review them.

David S. Clancy, Esq.
July 6, 2006
Page 6

     5.    The back up to the black books demonstrates that Putnam makes determinations throughout the annual process to include certain materials in the Annual Trustee Materials, and to exclude others. Your objection that this topic is argumentative, vague and overbroad is without merit. Nonetheless, we propose limiting Topic 5 to the period January 1, 2002 to the present and to the materials addressing financial analyses, economies of scale, and the PAC/institutional business. Let me know if this is acceptable.

12.    <u>Discovery Deadline</u>

     In view of the fact that discovery is still largely incomplete (*e.g.* Putnam has not finished its hard copy production, has produced no e-mails, has identified no PAC/institutional clients, and has not appeared for a single deposition), on June 20 I asked you for Putnam's position on asking the Court to enlarge the period for fact discovery. Please get back to me on this.

                                    Sincerely,

                                    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                  Lisa A. Furnald

LAF/jp

cc: Scott Lashway, Esq.

BN1 35032315.1

```
** JOB STATUS REPORT **           AS OF   JUL 06 2006 16:32      PAGE. 01
                                          RKMC LLP

      JOB #122
      DATE  TIME        TO/FROM      MODE    MIN/SEC    PGS    STATUS
001   7/06  16:30       6175734822   EC--S   01' 02"    007    OK
```

# ROBINS, KAPLAN, MILLER & CIRESI LLP

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199-7610
Tel: 617-267-2300 Fax: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

**FROM:** Lisa A. Furnald

The information contained in this facsimile message is privileged and confidential information intended for the use of the addressee listed below and no one else. If you are not the intended recipient or the employee or agent responsible to deliver this message to the intended recipient, please do not use this transmission in any way, but contact the sender by telephone.

**DATE:** July 6, 2006

| TO: | NAME: | FACSIMILE NO.: | TELEPHONE NO.: |
|---|---|---|---|
| | David S. Clancy, Esq. | 617-573-4822 | 617-573-4800 |
| | Skadden, Arps, Slate, Meagher & Flom LLP | | |

**FILE NO.:** 070625.0001

**NUMBER OF PAGES INCLUDING COVER SHEET:** 7

If transmission problems occur, or you are not the intended recipient, please contact Kate Porter at 617-859-2711.

**MESSAGE:**

ATLANTA   BOSTON   LOS ANGELES   MINNEAPOLIS   NAPLES   SAINT PAUL   SANTA ANA   WASHINGTON, D.C.

David S. Clancy, Esq.
July 6, 2006
Page 7

bcc:   John J. Hightower, Esq.
        Meghan E. Walt, Esq.
        David Marder, Esq.
        Thomas Grady, Esq.
        Nancy Horn (uploading)