**TAB 13**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN G. WICKS, GERALD A.
KALBFLEISCH, and MICHAEL and
MYRTLE HATHAWAY                :

           Plaintiffs,      :

                :    Civil Action
     - against -         No. 04-10988-GAO

                :

PUTNAM INVESTMENT MANAGEMENT,
LLC and PUTNAM RETAIL
MANAGEMENT, LP           :

          Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OBJECTIONS AND RESPONSES OF NON-PARTY
## PUTNAM ADVISORY COMPANY, LLC TO SUBPOENA DUCES TECUM

       Pursuant to Rules 45(c) and (d) of the Federal Rules of Civil Procedure, Putnam
Advisory Company, LLC ("PAC"), hereby provides these objections and responses to Plaintiffs'
December 6, 2005 subpoena <u>duces</u> <u>tecum</u> (the "Subpoena"). (A copy of the Subpoena is attached
hereto as Exhibit A.)

### GENERAL OBJECTIONS AND RESPONSES

       1.    PAC objects generally to the Subpoena on the basis that it is vague,
repetitive, overly broad, unduly burdensome, and not calculated to lead to the discovery of
admissible evidence. Instead of containing individual requests that encompass specific, concrete
categories of documents, it contains individual requests that seek sweeping, vague, and often
argumentative categories of documents, <u>e.g.</u>, all documents "referring or relating to any and all
fees" "that are paid by any Institutional Accounts." Such requests inappropriately seek to shift to
PAC the burden of making subjective judgments about which specific categories of documents
Plaintiffs' counsel would like to have to attempt to support the claims in this case. This approach
is inappropriate. Given their experience in other Section 36(b) cases, Plaintiffs' counsel is
capable of making specific, concrete requests. Before further pursuing document discovery,
Plaintiffs' counsel and their expert(s) should review and understand the materials PAC commits
to produce herein and those that Putnam Investment Management, LLC ("PIM") and Putnam
Retail Management, LP ("PRM") have committed to produce, and, on the basis of that review,
seek specifically defined categories of documents (for which they can offer a good-faith
justification).

2.    PAC objects generally to producing information concerning institutional clients and accounts for multiple reasons including confidentiality, and lack of relevance. Production of any such documents in response to an individual request herein does not in any way waive this objection as to other documents. PAC reserves the right to redact or otherwise withhold proprietary and confidential information concerning institutional clients, where appropriate.

3.    PAC objects generally to the Subpoena to the extent that it calls for the production of commercially sensitive or otherwise confidential information. Such documents will only be produced subject to the protections of an appropriate confidentiality order.

4.    PAC objects to Plaintiffs' demand for document discovery as to the period January 1, 2003 to present (see Plaintiffs' instruction 19) on the basis that Section 36(b) limits Plaintiffs to restitution of fees charged to any particular fund during the one year prior to commencement of suit as to that fund. PAC will produce documents within the time periods stated herein, expressly reserving its rights and arguments with respect to the appropriate damages period and discovery period, and states that the period of time for which documents are produced is not a concession or waiver of any kind with respect to the appropriate damages period or discovery period.

5.    PAC objects generally to the Subpoena to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or doctrine. Where a specific response herein commits to produce a particular category or categories of documents, that category does not include documents within the category that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or doctrine. In this connection, PAC objects to the Subpoena's Definition No. 6, to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege or doctrine.

6.    PAC objects generally to producing documents that are publicly available (e.g., PAC objects requests that seek publicly-available magazine articles, newspaper articles, trade publications, and similar information.) PAC does not waive this objection as to any response to which, subject to this objection, PAC nonetheless produces publicly-available documents.

7.    PAC objects to the Subpoena on the grounds that it is unduly burdensome to the extent that it calls for production of documents available from parties to the litigation without any showing that the burden of searching for, locating, and producing such documents should be borne by a non-party.

8.    PAC objects to the definition of "PAC" as vague and overbroad. PAC reads "PAC" in the Subpoena to refer to, and PAC responds on behalf of, Putnam Advisory Company, LLC.

9.    PAC objects to the definition of "PIM" as vague and overbroad. PAC reads "PIM" in the Subpoena to refer to Putnam Investment Management, LLC.

2

10.    PAC objects to the definition of "PRM" as vague and overbroad.  PAC reads "PRM" in the Subpoena to refer to Putnam Retail Management, LP.

11.    PAC objects to the Subpoena's definition of "Portfolio Selection Fees" as vague and confusing.  PAC reads all references to "Portfolio Selection Fees" as references to management fees.

12.    PAC objects to the Subpoena's definition of "Fall-Out Benefits" as vague, and as assuming facts not proven.

13.    PAC objects to the Subpoena's definition of the term "The Funds." Defendants PIM and PRM have moved for summary judgment on the claims of Mr. Wicks, and that the motion is expected to be resolved soon.  In response to this Subpoena, PAC uses the phrase "the funds at issue" in certain responses, and, for purposes of these objections and responses, that term refers to the following funds: the Classic Equity Fund, the Growth & Income Fund, and the Investors Fund (e.g., the funds allegedly owned by Gerald Kalbfleisch and the Hathaways, and not those subject to the pending motions).  PAC will amend this response, as appropriate, upon the resolution of the summary judgment motion by PIM and PRM, and upon resolution of Plaintiffs' motion to amend the complaint.

14.    PAC objects to the Subpoena to the extent that it seeks documents and/or information concerning pending deliberations and activities with respect to fees, on the basis that such discovery would be intrusive, disruptive, and irrelevant.  Unless otherwise stated, PAC will not produce documents generated after June 30, 2005, and PAC produces documents generated through that date entirely subject to General Objection No. 4.

15.    PAC's response to any request shall not be deemed an admission or acknowledgment that such request calls for information that is relevant to the subject matter of this action and is without prejudice to PAC's right or the right of any defendant to contend at trial or any other stage of the proceeding that the requested documents are inadmissible, irrelevant, immaterial or otherwise objectionable.

16.    PAC objects generally to the Subpoena to the extent that it seeks to impose obligations different from those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

17.    PAC objects generally to the Subpoena to the extent that it seeks documents that are not within PAC's possession, custody or control, or that have not yet come into existence.

18.    PAC objects generally to the Subpoena to the extent that it assumes the truth of facts not proven or facts not in evidence.

19.    PAC objects generally to the Subpoena to the extent that it implies or presupposes that the documents requested constitute "all documents."  PAC makes no representation as to whether the documents, if any, currently in its possession, custody or control constitute "all documents."  Nor does PAC purport to have knowledge of "all documents" that are the subject of each request.

3

20.    PAC reserves all objections as to relevance, authenticity and admissibility of any documents or responses.

21.    PAC reserves the right to supplement or alter this response.

22.    PAC has reviewed and responded to each request carefully, making its best effort to address those requests reasonably notwithstanding their breadth and vagueness, and is prepared to discuss and further explain the objections presented herein with counsel for Plaintiffs, for the purpose of resolving any disputes which may arise without the need for intervention by the Court.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to the foregoing objections and without waiving them, PAC specifically responds to the Subpoena as follows:

REQUEST FOR PRODUCTION NO. 1:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to any and all fees, including Management Fees and/or Portfolio Selection Fees, that are paid by any Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As drafted, this request seeks every document in PAC's possession relating in any way to fees of any kind in connection with any institutional account. PAC has more than 225 institutional accounts, and confidentiality agreements with the clients for whom PAC manages those accounts. This request's vagueness and breadth is inappropriate.

Subject to and without waiving the foregoing objections, PAC notes that, upon entry of an appropriate confidentiality order, the Defendants have committed to produce black books and associated materials for the January 1, 2002-June 30, 2005 time period, which contain, inter alia, detailed information concerning fees for institutional accounts, in comparison with those for retail funds.

REQUEST FOR PRODUCTION NO. 2:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to any model fee schedules for any Institutional Accounts, including any earlier versions, drafts, or proposals of or for such model fee schedules.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome and not reasonably

4

calculated to lead to the discovery of admissible evidence; it is not limited to "model fee schedules" relevant to any particular institutional account or accounts (PAC has more than 225 institutional accounts), it does not define "model fee schedules," and, to the extent that PAC can understand what Plaintiffs mean by that term, the information sought is not relevant because it does not concern fees actually paid by any institutional client (much less on a relevant account, at a relevant time).

        Subject to and without waiving the foregoing objections, PAC notes that the Defendants have committed to produce black books and associated materials for the January 1, 2002-June 30, 2005 time period, which contain, <u>inter alia</u>, detailed information concerning fees for institutional accounts, in comparison with those for retail funds.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

        All documents and tangible things in your possession, custody, or control concerning, referring or relating to the nature, amounts, fee structures, breakpoints, dispositions, or uses of any Management Fees and/or Portfolio Selection Fees charged or received by PAC from any Institutional Accounts.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:

        <u>See</u> General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including in its use of the vague and confusing phrase "nature, amounts, fee structures, break points, dispositions, or uses . . . ." For example, as drafted, this request seeks, <u>inter alia</u>, every document in PAC's possession relating in any way to the "use" by PAC of any management fee collected in connection with any of the more than 225 PAC institutional accounts (which are subject to confidentiality agreements). This request's vagueness and breadth is inappropriate.

        Subject to and without waiving the foregoing objections, PAC notes that the Defendants have committed to produce black books and associated materials for the January 1, 2002-June 30, 2005 time period, which contain, <u>inter alia</u>, detailed information concerning fees for institutional accounts, in comparison with those for retail funds (including information concerning the services provided in connection with fees).

<u>REQUEST FOR PRODUCTION NO. 4</u>:

        All documents and tangible things in your possession, custody, or control concerning, referring or relating to any costs and expenses that any Institutional Accounts incurred at any and all times other than their payments of Management Fees, including, but not limited to, investor servicing fee expenses; custodian fee expenses; administrative services expenses; and/or any other types of costs or expenses.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>:

        <u>See</u> General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  As drafted, this request seeks every document in PAC's possession relating in any way to all costs and expenses in connection with more than 225 institutional accounts (which are subject to confidentiality agreements).  This request's vagueness and breadth is inappropriate.

Subject to and without waiving the foregoing objections, PAC notes that Defendants have committed to produce black books and associated materials for the January 1, 2002-June 30, 2005 time period, which contain information concerning the services that are provided in connection with institutional accounts, in comparison with those for retail funds; further, PAC will produce, only under an appropriate confidentiality order, the consolidated financial statements for PAC and the trial balance entries as to PAC for years 2001-2004.

REQUEST FOR PRODUCTION NO. 5:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to the profits or profit margins that PAC has realized on any fees, including Management Fees and/or Portfolio Selection Fees, that it receives from any Institutional Account.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

See General Objections, which are incorporated herein.  PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  As drafted, this request seeks every document in PAC's possession relating in any way to profits on all of more than 225 institutional accounts, which are governed by confidentiality agreements, over a more than three-year period.  This request's vagueness and breadth is inappropriate.

Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, the consolidated financial statements for PAC and the trial balance entries as to PAC for years 2001-2004.

REQUEST FOR PRODUCTION NO. 6:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to the nature or extent of the services that PAC provides under any Management Contract to any of its Institutional Accounts, or to the fee structures and/or breakpoints that PAC utilizes with respect to any of its Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

See General Objections, which are incorporated herein.  PAC further objects to this request on the basis that it is, in part, duplicative of Request No. 3.  PAC further objects to this request on the basis that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  In seeking all documents "relating to the nature or extent of the services that PAC provides under any Management Contract . . ., or to the fee structures and/or breakpoints that PAC utilizes . . .," this request apparently seeks virtually any document in PAC's possession that relates to PAC's services to clients, and the fees related to

such services (every agreement with every client, every performance report to every client, every piece of correspondence to every client, all trading records, all correspondence within relevant investment teams, and so on). This request's vagueness and breadth is inappropriate.

Subject to and without waiving the foregoing objections, PAC notes that Defendants have committed to produce black books and associated materials for the January 1, 2002-June 30, 2005 time period, which contain information concerning the services that are provided in connection with institutional accounts, in comparison with those for retail funds, and which also contain information concerning fees for institutional accounts, in comparison with those for retail funds (including information concerning the services provided in connection with fees).

REQUEST FOR PRODUCTION NO. 7:

Any and all contracts or agreements between PAC and any of its Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It is patently inappropriate for plaintiffs to request every contract between PAC and every one of its clients over a more than three-year period, particularly considering that PAC currently has more than 225 institutional accounts, and confidentiality agreements with the clients for whom PAC manages those accounts.

Subject to and without waiving the foregoing objections, PAC will produce a model (or models) of such contracts (noting that the terms of actual such contracts vary).

REQUEST FOR PRODUCTION NO. 8:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to any of The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that, to an extreme degree, it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses. This request seeks every document "relating" to the Classic Equity Fund, every document "relating" to the Discovery Growth Fund, every document "relating" to the Fund for Growth & Income, every document "relating" to the Growth Opportunities Fund, every document "relating" to the Investors Fund, every document "relating" to the New Opportunities Fund, every document "relating" to the New Value Fund, every document "relating" to the Vista Fund, and every document "relating" to the Voyager Fund. For each of these funds, this would include -- for example -- all daily trading records, all correspondence between and among members of the relevant investment management teams, all analyst reports and other market information reviewed by any member of the respective management teams, all communications

with shareholders, including written correspondence received from and sent to shareholders, and any records of telephone calls with shareholders handled by the call-in centers, all statements of portfolio holdings, Putnam mutual fund marketing materials and materials used to create those materials, all internal analyses and memoranda regarding investment performance, and so on, without any obvious end. This request's vagueness and breadth is inappropriate.

Subject to and without waiving the foregoing objections, PAC refers plaintiffs to the many specific categories of responsive documents that Defendants have committed to produce in response to plaintiffs' 141 document requests to Defendants.

REQUEST FOR PRODUCTION NO. 9:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to any comparisons or contrasts drawn between the costs, expenses, or expense ratios that PIM, PRM, or other affiliated Putnam entities have incurred with respect to any services provided under any Management Contract or Distribution Plan for any of The Funds on the one hand, and those that PAC has incurred with respect to any services provided to any of the Institutional Accounts on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, documents generated during the period January 1, 2003 to June 30, 2005 that compare costs, expenses or expense ratios that PIM or PRM have incurred under their management contracts with the funds at issue, on the one hand, to those that PAC has incurred with respect to the investment advisory services PAC provides in connection with management of institutional accounts, on the other hand, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 10:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to any comparisons or contrasts drawn between the nature, amounts, fee structures, breakpoints, dispositions, or uses of the Management Fees, Portfolio Selection Fees, and/or 12b-1 Fees that PIM, PRM, or other affiliated Putnam entities receive from any of The Funds on the one hand, and those that PAC receives from any of the Institutional Accounts on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including in its use of the vague and confusing phrase "nature, amounts, fee structures, break points, dispositions, or uses . . .."

8

Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, documents generated during the period January 1, 2003 to June 30, 2005 that compare or contrast fees paid by the funds at issue with fees paid in connection with the management of Putnam institutional accounts, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 11:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to any comparisons or contrasts drawn between the nature or extent of the services that PIM provides to any of The Funds pursuant to any Management Contract on the one hand, and those that PAC provides to any of its Institutional Accounts pursuant to any Management Contract on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

See General Objections, which are incorporated herein.  PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, documents generated during the period January 1, 2003 to June 30, 2005 that compare the services PIM provides to the funds at issue pursuant to its management contracts on the one hand, and the investment advisory services PAC provides on the other hand, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 12:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to the alleged disparity between retail and institutional fee schedules, to articles by the ICI or others defending such fee differences, and/or to decisions of the courts providing guidance with respect to such issues.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

See General Objections, which are incorporated herein.  PAC further objects to this request on the basis that it is vague, argumentative ("alleged disparity"), overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.  PAC also objects to this request to the extent that it squarely targets privileged documents, e.g., documents concerning "decisions of the courts providing guidance with respect to such issues."

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, PAC will produce responsive communications between Putnam and the trustees during the period January 1, 2003 to June 30, 2005, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 13:

        All documents and tangible things in your possession, custody, or control concerning, referring or relating to any contracts or agreements between PAC on the one hand, and PIM, PRM or any other affiliated Putnam entity on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

        See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense (including in its failure to specify the type or types of "contract or agreements" to which it refers and in its use of the words "referring or relating," because all documents "referring" to a contract or agreement is a category that by its nature is not reasonably calculated to lead to the discovery of admissible evidence, and all documents "relating" to a contract or agreement is a category that is facially overbroad and unmanageable).

        Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, PAC will produce, to the extent located after diligent search, any contracts between PIM and/or PRM on the one hand, and PAC on the other hand, applicable to the time period 2002-to-June 30, 2005.

REQUEST FOR PRODUCTION NO. 14:

        All documents and tangible things in your possession, custody, or control concerning, referring or relating to any comparisons or contrasts drawn between the profits or profit margins that PIM, PRM, or other affiliated Putnam entities have realized on the Management Fees, Portfolio Selection Fees, and/or 12b-1 Fees that they receive from any of The Funds on the one hand, and those that PAC has realized with respect to any Institutional Account on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

        See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, documents generated during the period January 1, 2003 to June 30, 2005 that compare profits in connection with the funds at issue to those in connection with Putnam institutional accounts, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 15:

        All documents and tangible things in your possession, custody, or control concerning, referring or relating to the issues of whether any employee of PIM and/or PRM can or does perform services on behalf of, or for the benefit of, PAC, or whether any employee of PAC can or does perform services on behalf of, or for the benefit of, PIM and/or PRM.

10

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

  See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. This is a topic for deposition discovery, not an overbroad document request of this nature.

  Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, PAC will produce any contracts between PIM and/or PRM on the one hand, and PAC on the other hand, applicable to the time period January 1, 2003-to-June 30, 2005, and, for that same time period, any documents addressing the subject of PIM and/or PRM employees providing services for PAC (or vice versa).

REQUEST FOR PRODUCTION NO. 16:

  All documents and tangible things in your possession, custody, or control concerning, referring or relating to any sharing of resources as between PIM and/or PRM on the one hand, and PAC on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

  See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

  Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, PAC will produce any contracts and/or agreements between PIM and/or PRM on the one hand, and PAC on the other hand, applicable to the time period January 1, 2003-to-June 30, 2005, and, for that same time period, any documents addressing sharing of resources between PIM and/or PRM, on the one hand, and PAC on the other hand.

REQUEST FOR PRODUCTION NO. 17:

  All documents and tangible things in your possession, custody, or control concerning, referring or relating to the portfolio holdings and/or the portfolio turnover rates of any of the Institutional Accounts managed by PAC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

  See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; all documents "relating" to the portfolio holdings and/or turnover rates for each of the more than 225 confidentiality-agreement-governed institutional accounts over a more than three-year period of time is a category of documents that could conceivably encompass any document bearing in any way on the holdings of any of the institutional accounts (including daily trading records). As drafted, this request seeks a massive volume of documents, without any showing by Plaintiffs as to the relevance of the information contained in such documents, or as to their need

to obtain whatever information they seek by this request by some less burdensome means. This request's breadth is inappropriate.

REQUEST FOR PRODUCTION NO. 18:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to the issue of how the portfolio holdings and/or the portfolio turnover rates of any of The Funds compare or contrast to the portfolio holdings and/or the portfolio turnover rates of any of the Institutional Accounts managed by PAC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, all documents that "concern" or "relate" to "the issue" of portfolio holdings and turnover rates for the funds at issue relative to "any" institutional account could conceivably encompass any document bearing in any way on the holdings of any of the funds at issue or any institutional accounts.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, PAC will produce documents generated during the period January 1, 2003 to June 30, 2005 that compare the portfolio holdings and/or portfolio turnover rates of any of the funds at issue with the portfolio holdings and/or portfolio turnover rates of Putnam institutional accounts, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 19:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to comparisons or contrasts drawn between the risk ratings or profiles of any of The Funds on the one hand, and the risk ratings or profiles of any of the Institutional Accounts managed by PAC on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, PAC reads the request's reference to "risk ratings or profiles" to refer to the "risk ratings" associated with retail mutual funds (which are addressed on Putnam's website), but there is no such "risk rating" for institutional accounts.

REQUEST FOR PRODUCTION NO. 20:

All documents and tangible things in your possession, custody, or control concerning, referring or relating to any comparisons or contrasts drawn between the investment performance or returns of any of The Funds on the one hand, and the investment performance or returns of any Institutional Account on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

      See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

      Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, documents generated during the period January 1, 2003 to June 30, 2005 that compare the investment performance or returns of the funds at issue with the investment performance or returns of institutional accounts, if any, to the extent located after diligent search. Defendants will also produce, for the same period of time, (i) the monthly updates to the Trustees Investment Oversight Committees concerning investment performance of the funds at issue, and (ii) information produced to the Trustees' Investment Oversight Committees in connection with the trustees' periodic additional reviews of the performance of particular funds, to the extent such review related to the funds at issue.

REQUEST FOR PRODUCTION NO. 21:

      All documents and tangible things in your possession, custody, or control concerning, referring or relating or addressing the issues of if, whether, how, or to what extent the investment performance or returns of any of The Funds have underperformed relative to those of any of the Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

      See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. The issues of whether and to what extent the investment performance or returns of "The Funds have underperformed," as drafted, is a vague and argumentative category of documents that purports to place on PAC the burden of making subjective determinations as what constitutes "underperform[ance]" and what categories of documents may bear on these matters.

      Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, documents generated during the period January 1, 2003 to June 30, 2005 that compare the investment performance or returns of the funds at issue with the investment performance or returns of institutional accounts, if any, to the extent located after diligent search. Defendants will also produce, for the same period of time, (i) the monthly updates to the Trustees Investment Oversight Committees concerning investment performance of the funds at issue, and (ii) information produced to the Trustees' Investment Oversight Committees in connection with the trustees' periodic additional reviews of the performance of particular funds, to the extent such review related to the funds at issue.

REQUEST FOR PRODUCTION NO. 22:

      All documents and tangible things in your possession, custody, or control concerning, referring or relating to the investment performance or returns of any Institutional Account managed by PAC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

        See General Objections, which are incorporated herein.  PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.  This request encompasses, for example, this request would include, but would not be limited to, all trading records, all statements of portfolio holdings, all correspondence between and among members of the relevant investment management teams, all communications regarding investment performance between anyone at PAC and all institutional clients or prospective institutional clients, all internal analyses, memoranda, and correspondence regarding investment performance, and any documents utilized by an investment management team in making investment decisions, for each of more than 225 institutional accounts.  This request's breadth is inappropriate.

REQUEST FOR PRODUCTION NO. 23:

        All documents and tangible things in your possession, custody, or control concerning, referring or relating to any internal policies, practices, or procedures purportedly followed by PAC when providing services for any of the Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

        See General Objections, which are incorporated herein.  PAC further objects to this request on the basis that it is vague and ambiguous, and, to an extreme degree, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.  As drafted, this request seeks any policy, practice, or procedure "relating" in any way to the manner by which PAC provides any service for any of the over 225 institutional accounts.  This request's breadth is inappropriate.

        Subject to and without waiving the foregoing objections, PAC will undertake to produce documents sufficient to show its policies and procedures with respect to providing investment management services.

REQUEST FOR PRODUCTION NO. 24:

        All documents and tangible things in your possession, custody, or control that constitute non-publicly issued financial reports or statements prepared by, or on behalf of, PAC that concern or relate to the provision of management and/or investment advisory services to any of the Institutional Accounts.  Such financial reports might be expected to include, for example, calculations, assessments, itemizations, reviews, cost benefit analyses, or other summarizations of PAC's costs and expenses incurred, income and revenues received, and/or profits realized.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

        See General Objections, which are incorporated herein.  PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.  As drafted, this request seeks any financial report or statement in connection with each of the more

than 225 institutional accounts, as to which PAC has confidentiality agreements with the clients for whom PAC manages those accounts. This request's breadth is inappropriate.

Subject to and without waiving the foregoing objections, PAC will produce, only under an appropriate confidentiality order, the consolidated financial statements for PAC and the trial balance entries as to PAC for years 2001-2004.

REQUEST FOR PRODUCTION NO. 25:

All documents and tangible things in your possession, custody, or control that constitute prospectuses for any of the Institutional Accounts, including all supplements or amendments thereto, and that constitute computer databases serving as an underlying source of any financial information appearing in such prospectuses.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

See General Objections, which are incorporated herein. PAC interprets the request's reference to "prospectuses" to refer to prospectuses associated with retail investment companies, which are filed with the Securities and Exchange Commission, but that reference does not make sense as to institutional accounts (institutional accounts do not file prospectuses).

REQUEST FOR PRODUCTION NO. 26:

All documents and tangible things in your possession, custody, or control that constitute publicly issued annual, quarterly, semi-annual, or other periodic reports, or Statements of Additional Information, for any of the Institutional Accounts, including all supplements or amendments thereto, and that constitute computer databases serving as an underlying source of any financial information appearing in such reports or statements.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

See General Objections, which are incorporated herein. PAC specifically incorporates General Objection No. 6, to the extent that this request seeks the production of publicly available information. PAC interprets the request's reference to "statements of additional information" to refer to statements of additional information associated with retail investment companies, which are filed with the Securities and Exchange Commission, but that reference does not make sense as to institutional accounts (PAC does not publicly issue financial reports and does not file statements of additional information for institutional accounts).

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, PAC will produce its Form 13Fs and its publicly available Form ADVs filed during the period January 1, 2003 to June 30, 2005.

REQUEST FOR PRODUCTION NO. 27:

All documents and tangible things in your possession, custody, or control that constitute or summarize records of the daily purchases and sales of securities made on behalf of each of the Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

      See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, and, to an extreme degree, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. As drafted, this request seeks a massive volume of documents (including, but not limited to, daily trading records for each of PAC's more than 225 institutional accounts) without any showing by Plaintiffs as to the relevance of the information contained in such documents, or as to their need to obtain whatever information they seek by this request by some less burdensome means.

REQUEST FOR PRODUCTION NO. 28:

      All documents and tangible things in your possession, custody, or control concerning, referring or relating to communications to or from any of the Institutional Accounts concerning any fees, including Management Fees and Portfolio Selection Fees, charged to the Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

      See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. PAC has more than 225 institutional accounts, and confidentiality agreements with the clients for whom PAC manages those accounts. As drafted, this request appears to seek any document relating to communications to or from the clients for whom PAC manages institutional accounts about fees in connection with any of these more than 225 institutional accounts. This request's breadth is inappropriate.

REQUEST FOR PRODUCTION NO. 29:

      All documents and tangible things in your possession, custody or control concerning, referring or relating to any information provided by PIM to the Board of Trustees regarding PAC's Management Contracts with its Institutional Accounts and the nature of the services performed by PAC, including all source documents upon which any such information provided to PIM was based.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

      See General Objections, which are incorporated herein. PAC further objects to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. PAC also objects to this request on the basis that PIM would be better suited to provide the information sought (e.g., the information provided by PIM to the Board of Trustees).

      Subject to and without waiving the foregoing objections, undersigned counsel notes that PIM and/or PRM will produce, to the extent located after diligent search, and only under an appropriate confidentiality order, their fee-related communications with the trustees

during the period January 1, 2002 to June 30, 2005, including the "black books" containing information relevant to the trustees' evaluation of management and distribution fees (which contain information responsive to this request), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications).

Dated: January 17, 2006
      Boston, Massachusetts

Respectfully submitted,

James R. Carroll (BBO #554426)
David S. Clancy (BBO #636031)
Scott T. Lashway (BBO #655268)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800

Counsel for Non-Party
Putnam Advisory Company, LLC

## Certificate Of Service

    I, Scott T. Lashway, hereby certify that on January 17, 2006, I caused a true copy of the foregoing Objections And Responses Of Non-Party Putnam Advisory Company, LLC To Subpoena Duces Tecum to be served by facsimile and Federal Express upon counsel for Plaintiffs, Thomas Gallo, of Robins, Kaplan, Miller & Ciresi, L.L.P., 2600 One Atlanta Plaza, 950 East Paces Ferry Road, N.E., Atlanta, Georgia, 30326-1119, David E. Marder, of Robins, Kaplan, Miller & Ciresi, L.L.P., 800 Boylston Street, Suite 2500, Boston, Massachusetts 02199, and Thomas R. Grady, Ackerman, Link & Sartory, P.A. 222 Lakeview Avenue, Suite 1250 - Esperante, West Palm Beach, Florida 33401.

Dated: January 17, 2006

Scott T. Lashway

17