# TAB 14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - -   x

STEVEN G. WICKS, GERALD A.
KALBFLEISCH, and MICHAEL and          :
MYRTLE HATHAWAY

                                       :

    Plaintiffs,

                                       :

    - against -                        :          Civil Action No. 04-10988-GAO

                                       :

PUTNAM INVESTMENT
MANAGEMENT, LLC and PUTNAM            :
RETAIL MANAGEMENT, LLP

                                       :

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - -   x

### AMENDED RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANTS PUTNAM INVESTMENT MANAGEMENT, LLC AND PUTNAM RETAIL MANAGEMENT, LLP

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendants hereby provide these amended objections and responses to Plaintiffs' First Request for the Production of Documents And Tangible Things (the "Request") as follows:

### GENERAL OBJECTIONS

Defendants incorporate the following General Objections into their specific objections to each and every request contained in the Request:

1.    Defendants object generally to the Request, which contains 141 vague, broad, repetitive, and overlapping individual requests, on the basis that, to an extreme degree, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendants object generally to the Request on the basis that, instead of containing individual requests that encompass specific, concrete categories of documents, its individual requests encompass sweeping, vague, and often argumentative categories of documents, _e.g._, all documents that "relate" to "if, whether, how or to what extent" shareholders "benefit[]" from 12b-1 fees. Such requests inappropriately seek to shift to defendants the burden of making subjective judgments about which specific categories of documents Plaintiffs' counsel would like to have to attempt to support the claims in this case. This approach is inappropriate. Given their experience in other Section 36(b) cases, Plaintiffs' counsel is capable of propounding specific, concrete requests. Further, the rules provide for multiple sets of document requests, and contain no limit on the number of requests in each; therefore there is no justification for Plaintiffs' counsel <u>not</u> to propound specific, concrete, intelligible document requests. Herein, Defendants commit to produce core categories of documents, including fee-related communications with the trustees (which themselves contain extensive, detailed information). Before propounding any additional request for documents, Plaintiffs' counsel and their expert(s) should review and understand those materials, and, on the basis of that review, seek <u>specifically defined</u> categories of documents (for which they can offer a good-faith justification).

3.    Defendants object to the Request because it repeatedly seeks in the form of documents information that should be sought in the form of interrogatory responses (and then only to the extent properly discoverable). For example, it is inappropriate, and unduly burdensome, for Plaintiffs to seek the identities of individuals on a fund's portfolio management team by asking for all documents "sufficient to identify" them; the interrogatory device exists for such inquiries. The Request contains many analogous such requests, and they are inappropriate.

4.    Defendants object generally to the Request to the extent that it calls for the production of documents protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or doctrine. Where a specific response herein commits to produce a particular category or categories of documents, that category does not include documents within the category that are protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privilege or doctrine.

5.    Defendants object generally to the Request to the extent that it calls for the production of commercially sensitive or otherwise confidential information. Such documents will only be produced subject to the protections of an appropriate confidentiality order which, among other things, limits use of documents

2

produced in this case to use in this action, and prevents disclosure of those documents to parties other than Plaintiffs' attorneys and retained experts (and then only on the basis of an appropriate undertaking).

6.    Defendants object generally to the Request to the extent it seeks to impose obligations different from those set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

7.    Defendants object generally to producing documents that are publicly available, on the ground that such documents are as available to Plaintiffs as to Defendants.  Defendants do not waive this objection as to any response to which, subject to this objection, they nonetheless produce publicly-available documents.

8.    Defendants object to the definition of "PIM" as vague and overbroad.  Defendants read "PIM" in the Request to refer to, and Defendants respond on behalf of, Defendant Putnam Investment Management, LLC.

9.    Defendants object to the definition of "PRM" as vague and overbroad.  Defendants read "PRM" in the Request to refer to, and Defendants respond on behalf of, Defendant Putnam Retail Management, LLP.

10.    Defendants object to the Request's definition of "PAC" as vague and overbroad.  Defendants read "PAC" in the Request to refer to Putnam Advisory Company, LLC.  In addition, Defendants object generally to producing information concerning institutional clients and accounts for multiple reasons including confidentiality and lack of relevance.  Production of any such documents in response to an individual request herein (e.g., a portion of 15(c) documents addressing fees on institutional accounts) does not in any way waive this objection as to other documents.

11.    Defendants object to the Request's definition of "Economies of Scale Benefits" as vague, and as assuming facts not proven.

12.    Defendants object to the Request's definition of "Portfolio Selection Fees" as vague and confusing.  Defendants read all references to "Portfolio Selection Fees" as references to management fees.

13.    Defendants object to the term "non-Putnam entity," and similar terms qualified by "non-Putnam," as vague, and, to the extent that defendants understand such terms, overbroad.

3

14.    Defendants object to the Request to the extent that it seeks publicly-available magazine articles, newspaper articles, trade publications, and similar information.

15.    Defendants object generally to this Request's definition of the term "The Funds." Defendants have moved for summary judgment on the claims of Mr. Wicks, and expect that motion to be resolved soon. In this response, Defendants use the term "the funds at issue" in certain responses, and, for purposes of this response, that term refers to the following funds: the Classic Equity fund, the Growth & Income fund, and the Investors fund (e.g., the funds allegedly owned by Gerald Kalbfleisch and the Hathaways, and not those subject to Defendants' pending motion). Defendants will amend this response, as appropriate, upon resolution of their pending motion for summary judgment (and upon resolution of plaintiffs' motion to amend the complaint).

16.    Defendants object to the Request to the extent that it seeks documents concerning mutual funds not at issue in this litigation. Defendants do not waive this objection as to any response to which, subject to this objection, they nonetheless produce documents concerning mutual funds not at issue in this litigation.

17.    Defendants object to the definition of "Fall-Out Benefits" as vague, and as assuming facts not proven.

18.    Defendants object to the Request on the grounds that it seeks documents relating to and dated prior to the relevant period of time for this litigation. Defendants do not waive this objection as to any response to which, subject to this objection, they nonetheless produce documents relating to and/or dated prior to the relevant period of time for this litigation.

19.    Defendants object to the definition of "Damages Period," and on multiple grounds do not concede that "May 17, 2003 [through] final resolution of this action" is the appropriate damages period, or discovery period, for any fund. (Section 36(b) limits plaintiffs to restitution of fees charged to any particular fund during the one year prior to commencement of suit as to that fund.) Defendants will produce documents within the time periods stated herein, expressly reserving their rights and arguments with respect to the appropriate damages period and discovery period for each fund, and state that the period of time for which documents are

4

produced, for any fund, is <u>not</u> a concession or waiver of any kind with respect to the appropriate damages period or discovery period for that fund.

20.    Defendants object to the Request to the extent that it seeks documents and/or information concerning pending deliberations and activities with respect to fees, on the basis that such discovery would be intrusive, disruptive, and irrelevant. Unless otherwise stated, Defendants will not produce documents generated after June 30, 2005 (the fee schedules currently in place became effective July 1, 2005), and Defendants produce documents generated through that date entirely subject to General Objections 18 and 19.

21.    Defendants reserve the right to supplement or alter this response. Defendants also reserve the right to rely, at the time of trial or in other proceedings in this action, upon documents and evidence in addition to the responses provided herein regardless of whether, <u>inter alia</u>, any such documents and evidence are newly discovered or are currently in existence.

22.    Defendants have reviewed and responded to each request carefully, making their best effort to address those requests reasonably notwithstanding their breadth and vagueness, and are prepared to discuss and further explain the objections presented herein with counsel for Plaintiffs, for the purpose of resolving any disputes which may arise without the need for intervention by the Court.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing objections and without waiving them, Defendants respond to the Request as follows:

REQUEST FOR PRODUCTION NO. 1:

All documents and tangible things in your possession, custody, or control that comprise the categories of materials identified, or to be identified, in Defendants' Initial Disclosure served pursuant to Fed. R. Civ. P. 26(a)(l)(B).

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

<u>See</u> General Objections, which are incorporated herein. Subject to and without waiving those objections, and only under an appropriate confidentiality

5

order, Defendants will produce the documents referenced in their initial disclosure's section titled "Documents."

REQUEST FOR PRODUCTION NO. 2:

All documents and tangible things in your possession, custody, or control that constitute any exhibits that Defendants shall or may use at trial.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is premature (Defendants have not identified trial exhibits), and otherwise inappropriate. In the event that there is a trial in this matter (Defendants intend to move for summary judgment and believe pre-trial dismissal of this case is eminently appropriate), Defendants will comply with the applicable pre-trial procedures, including those relating to trial exhibits.

REQUEST FOR PRODUCTION NO. 3:

All documents and tangible things in your possession, custody, or control that tend to support or refute any of the allegations contained in the Complaint, or any of the responses or affirmative defenses thereto pled in the Answer.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that, in light of its language (e.g., "tend to support or refute . . . "), combined with the broad and non-specific nature of the allegations in this suit, this request is extremely vague, and is an improper effort to shift to the Defendants the Plaintiffs' burden of identifying specific documents relevant to their claim and theories.

REQUEST FOR PRODUCTION NO. 4:

All documents and tangible things in your possession, custody, or control that constitute or reflect communications with experts retained or to be retained by Defendants, and/or that comprise the materials reviewed, considered, examined, or analyzed by such experts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is premature and overly broad. Defendants will comply, at the appropriate time, with the provisions of Fed. R. Civ. P. 26, as to expert disclosure.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and tangible things in your possession, custody, or control relevant to establishing the total amounts of Management Fees, Portfolio Selection Fees, and 12b-1 Fees that PIM, PRM, or other affiliated Putnam entities have received from each of The Funds at any and all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly vague, broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient to seek the information at issue (concerning total fees) through a sweeping document request for "[a]ll documents . . . relevant to establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable. Further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to establishing" the information at issue (concerning total fees), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" containing information relevant to the trustees' evaluation of management and distribution fees (which contain information responsive to this request). Defendants will also produce the Form 485's for the funds at issue filed during the period January 1, 2002 to June 30, 2005 (which also contain information responsive to this request).

7

<u>REQUEST FOR PRODUCTION NO. 6</u>:

All documents and tangible things in your possession, custody, or control relevant to establishing the total profits and profit margins that PIM, PRM, or other affiliated Putnam entities have realized in connection with the Management Fees, Portfolio Selection Fees, and 12b-1 Fees that they have received from each of The Funds at any and all times during the Damages Period.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 6</u>:

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient to seek the information at issue through a sweeping document request for "[a]ll documents . . . relevant to establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable. Further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to establishing" the information at issue (concerning profits), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' evaluation of management and distribution fees (which contain information responsive to this request), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications).

<u>REQUEST FOR PRODUCTION NO. 7</u>:

All documents and tangible things in your possession, custody, or control relevant to establishing the total costs, expenses, and expense ratios that PIM, PRM, or other affiliated Putnam entities have incurred in connection with all services and/or resources that they have provided in exchange for the Management Fees, Portfolio Selection Fees, and 12b-1 Fees that they have received from each of The

8

Funds at any and all times during the Damages Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient to seek the information at issue through a sweeping document request for "[a]ll documents . . . relevant to establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable. Further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to establishing" the information at issue (concerning costs), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' evaluation of management and distribution fees (which contain information responsive to this request), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications).

REQUEST FOR PRODUCTION NO. 8:

All documents and tangible things in your possession, custody, or control relevant to identifying each of the various types of services and/or resources that PIM, PRM, or other Putnam entities have provided in exchange for the Management Fees, Portfolio Selection Fees, and 12b-1 Fees that they have received from any of the Putnam Mutual Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, and, to an extreme degree, overly broad, unduly burdensome, and not reasonably calculated to lead to the

9

discovery of admissible evidence. As drafted, this request potentially implicates nearly any document in Defendants' possession, because most if not all such documents would aid in identifying "each of the various types of services and/or resources" Defendants provide to the funds. Further, it is inappropriate and inefficient to seek the information at issue through a sweeping document request for "[a]ll documents . . . relevant to establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable. Further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to establishing" the information at issue (concerning types of services provided in exchange for fees), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which contain information responsive to this request).

REQUEST FOR PRODUCTION NO. 9:

All documents and tangible things in your possession, custody, or control relevant to unbundling the Management Fees, Portfolio Selection Fees, and 12b-1 Fees that PIM, PRM, or other affiliated Putnam entities have received from any of the Putnam Mutual Funds into their component portions corresponding to each of the various types of services and/or resources that they have provided to The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague and ambiguous, particularly in its reference to "unbundling" the referenced types of fees into "their component portions corresponding" to "services and/or resources"; the vagueness is compounded by the request's demand for "[a]ll" documents "relevant" to that abstract concept.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books"

collecting information relevant to the trustees' evaluation of management and distribution fees (which contain information responsive to this request), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications).

REQUEST FOR PRODUCTION NO. 10:

With respect to each of the unbundled component portions of the Management Fees, Portfolio Selection Fees, and 12b-1 Fees referenced above in Request For Production No. 9, all documents and tangible things in your possession, custody, or control relevant to establishing the amounts that PIM, PRM, or other affiliated Putnam entities have received from each of The Funds at any and all times during the Damages Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that, for the reasons stated in their response to Request No. 9, which is incorporated herein, it is vague and ambiguous.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' evaluation of management and distribution fees (which contain information responsive to this request), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications).

REQUEST FOR PRODUCTION NO. 11:

With respect to each of the unbundled component portions of the Management Fees, Portfolio Selection Fees, and 12b-1 Fees referenced above in Request For Production No. 9, all documents and tangible things in your possession, custody, or control relevant to establishing the profits and profit margins that PIM, PRM, or other affiliated Putnam entities have realized from each of The Funds at any and all times during the Damages Period.

11

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that, for the reasons stated in their response to Request No. 9, which is incorporated herein, it is vague and ambiguous.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' evaluation of management and distribution fees (which contain information responsive to this request), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications).

## REQUEST FOR PRODUCTION NO. 12:

All documents and tangible things in your possession, custody, or control relevant to establishing the costs, expenses, and expense ratios that PIM, PRM, or other affiliated Putnam entities have incurred with respect to each of the various types of services and/or resources that they have provided in exchange for the Management Fees, Portfolio Selection Fees, and 12b-1 Fees that they have received from each of the Funds at any and all times during the Damages Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is duplicative of Request No. 7. (Defendants note here, as in their general objections, the lack of care with which these 141 requests were prepared, and object to the resulting undue and unnecessary burden on Defendants.) Subject to and without waiving the foregoing objections, Defendants refer to, and incorporate herein, their objections and response to Request No. 7.

## REQUEST FOR PRODUCTION NO. 13:

All documents and tangible things in your possession, custody, or control relevant to establishing what dispositions or uses, and in what amounts, PIM, PRM, or other affiliated Putnam entities have made of all portions of the

12

Management Fees and 12b-1 Fees that they have received from each of The Funds at any and all times during the Damages Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is substantively duplicative of Request Nos. 7 and 8. Subject to and without waiving the foregoing objections, Defendants refer to, and incorporate herein, their objections and responses to Request Nos. 7 and 8.

REQUEST FOR PRODUCTION NO. 14:

All documents and tangible things in your possession, custody, or control that concern, refer or relate to the issues of if, whether, how, or to what degree any existing mutual fund shareholder benefits from paying 12b-1 Fees.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, "[a]ll documents" that "relate" to the impact of 12b-1 fees on the interests of shareholders is a request that improperly seeks to place on Defendants the burden of attempting to subjectively determine what specific documents, of a sweeping array of potential categories and types of documents spanning an unlimited period of time, Plaintiffs' counsel and their expert(s) might find useful in exploring this issue.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce all documents generated on or after January 1, 2002 addressing the impact of 12b-1 fees on the interests of mutual fund shareholders, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 15:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of whether paying 12b-1 Fees is unfair, harmful, detrimental, disadvantageous, or contrary to the interests or welfare

13

of any existing mutual fund shareholder.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that, for the reasons stated in their response to Response to Request for Production No. 14, it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce all documents generated on or after January 1, 2002 addressing the impact of 12b-1 fees on the interests of mutual fund shareholders, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 16:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issue of whether the Management Fees and/or 12b-1 Fees paid to PIM, PRM, or other affiliated Putnam entities by any of the Putnam Mutual Funds have been excessive.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, "[a]ll documents" that "relate" to "whether" the management and/or 12b-1 fees on any Putnam fund are "excessive" is a request that improperly seeks to place on Defendants the burden of attempting to subjectively determine what specific documents, of a sweeping array of potential categories and types of documents spanning an unlimited period of time, Plaintiffs' counsel and their expert(s) might find useful in exploring the core legal issue in this case. (There is no substantive difference between this request, and one that purports to demand "[a]ll documents in any way bearing on Plaintiffs' claim that fees are excessive.")

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce all documents generated on or after January 1, 2002 addressing whether management and/or 12b-1

fees on Putnam mutual funds are excessive, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 17:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of whether it is advisable, legal, appropriate, proper, fair, justified, or warranted to directly or indirectly charge 12b-1 Fees to any existing mutual fund shareholder.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is substantively duplicative of Request No. 15, and refer to, and adopt herein, their objections to Request No. 15.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce all documents generated on or after January 1, 2002 addressing the impact of 12b-1 fees on the interests of mutual fund shareholders, if any, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 18:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of whether there have been, should be, or may be any increases, reductions, curtailments, or eliminations of any portion of the Management Fees and/or 12b-1 Fees charged to any of the Putnam Mutual Funds by PIM, PRM, or other affiliated Putnam entities.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, "[a]ll documents" that "relate" to whether management and/or 12b-1 fees "should be" lower is a request that improperly seeks to place on Defendants the burden of attempting to subjectively determine what specific documents, of a sweeping array of potential categories and types of documents, spanning an unlimited period of time and implicating an array of aspects of

15

Defendants' business and activities, Plaintiffs's counsel and their expert(s) might find useful in attempting to prove the claims in this case.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications).  This is a broad and substantive category of core documents, and Plaintiffs' counsel and their expert(s) should review and understand these documents, and in the future, on the basis of the extensive non-public information in these documents and analysis of that information, propound requests for specific, concrete categories of documents, for which they can offer a good-faith justification.

REQUEST FOR PRODUCTION NO. 19:

All documents and tangible things in your possession, custody, or control that reflect, concern, or relate to any comparisons or contrasts drawn between the nature, amounts, fee structures, breakpoints, dispositions, or uses of the Management Fees, Portfolio Selection Fees, and/or 12b-1 Fees that PIM, PRM, or other affiliated Putnam entities receive from any of the Putnam Mutual Funds on the one hand, and those that PAC or any non-Putnam entities receive from any Institutional Accounts or any non-Putnam mutual funds on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

See General Objections, which are incorporated herein.  Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including in its use of the vague and confusing phrase "nature, amounts, fee structures, break points, dispositions, or uses . . . ."

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and

16

distribution fees (which contains institutional/retail comparison), as well as -- for that same period, and subject to any applicable confidentiality restrictions (as with all requests herein) -- any documents comparing management and/or 12b-1 fees for mutual funds with fees for institutional accounts.

REQUEST FOR PRODUCTION NO. 20:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of if, whether, how, or in what amounts PRM or other affiliated Putnam entities profit, benefit, or save on expenses by virtue of receiving 12b-1 Fees from any of the Putnam Mutual Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not at all clear what documents this confusing request seeks.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which contain information concerning profits), as well as -- for that same period -- any documents addressing benefits to the defendants of 12b-1 fees.

REQUEST FOR PRODUCTION NO. 21:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of whether the nature or amounts of Management Fees that PIM has charged to any of the Putnam Mutual Funds are advisable, legal, appropriate, proper, fair, justified, or warranted.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, "[a]ll documents" that "relate to" whether Putnam

management fees are "appropriate" is a request which improperly seeks to place on Defendants the burden of attempting to subjectively determine what specific documents Plaintiffs' counsel and their expert(s) might find useful in attempting to prove the claims in this case, out of a broad array of potential categories and types of documents, spanning an unlimited period of time.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of the appropriateness of management and distribution fees.

REQUEST FOR PRODUCTION NO. 22:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of whether the nature or amounts of Management Fees that PIM has charged to any of the Putnam Mutual Funds are excessive, unfair, harmful, detrimental, disadvantageous, or contrary to the interests or welfare of any of the Putnam Mutual Funds or their shareholders.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is substantively duplicative of Request No. 21. Subject to and without waiving the foregoing objections, Defendants refer to, and incorporate herein, their objections and response to Request No. 21.

REQUEST FOR PRODUCTION NO. 23:

All documents and tangible things in your possession, custody, or control that reflect, concern, or relate to any comparisons or contrasts drawn between the nature or extent of the services that PIM provides to any of the Putnam Mutual Funds pursuant to any Management Contract on the one hand, and those that PAC or any non-Putnam entity provides to any of their Institutional Accounts pursuant to any Management Contract on the other hand.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which contains institutional/retail comparison), and -- for that same period of time -- any documents comparing services provided to Putnam mutual funds to services provided to Putnam institutional accounts.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and tangible things in your possession, custody, or control that reflect, concern, or relate to any comparisons or contrasts drawn between the profits or profit margins that PIM, PRM, or other affiliated Putnam entities have realized on the Management Fees, Portfolio Selection Fees, and/or 12b-1 Fees that they receive from any of the Putnam Mutual Funds on the one hand, and those that PAC or any non-Putnam entity have realized with respect to any Institutional Account or any non-Putnam mutual fund client on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, particularly in its use of the term "relate," which in this context, implicates a vague, sweeping category documents, spanning an unlimited period of time.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which contains institutional/retail comparison), as well as -- for

19

that same period of time -- any documents comparing profits in connection with
Putnam mutual funds to those in connection with Putnam institutional accounts.

## REQUEST FOR PRODUCTION NO. 25:

All documents and tangible things in your possession, custody, or
control that reflect, concern, or relate to any comparisons or contrasts drawn between
the costs, expenses, or expense ratios that PIM, PRM, or other affiliated Putnam
entities have incurred with respect to any services and/or resources provided under
any Management Contract or Distribution Plan for any of the Putnam Mutual Funds
on the one hand, and those that PAC or any non-Putnam entity have incurred with
respect to any services provided to any Institutional Client or any non-Putnam
mutual fund client on the other hand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

See General Objections, which are incorporated herein. Defendants
further object to this request on the basis that it is vague, overly broad, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible
evidence, particularly in its use of the term "relate," which in this context, implicates
a vague, sweeping category documents, spanning an unlimited period of time.

Subject to and without waiving the foregoing objections, and only
under an appropriate confidentiality order, Defendants will produce, to the extent
located after diligent search, their fee-related communications with the trustees
during the period January 1, 2002 to June 30, 2005, including the "black books"
collecting information relevant to the trustees' review of management and
distribution fees (which contains institutional/retail comparison), as well as -- for
that same period of time -- any documents comparing costs, expenses and/or expense
ratios in connection with Putnam mutual funds to costs, expenses and/or expense
ratios in connection with Putnam institutional accounts.

## REQUEST FOR PRODUCTION NO. 26:

All documents and tangible things in your possession, custody, or
control that concern, refer, or relate to the nature, amounts, fee structures,
breakpoints, dispositions, or uses of any Management Fees, Portfolio Selection Fees,
and/or 12b-l Fees charged or received by PAC or any non-Putnam entity.

20

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

> See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It is a patently inappropriate use of Fed. R. Civ. P. 34 in this case, which alleges "excessive" management and 12b-1 fees for Plaintiffs to demand, in substance, "all documents relating in any way to fees" as to any <u>one</u> entity, much less, as here, as to <u>all</u> entities (including "<u>non</u>-Putnam" entities).

> Subject to and without waiving the foregoing objections, Defendants refer the plaintiffs to the documents Defendants commit to produce in response to other requests, which include many specifically-described categories of documents responsive to this broad request.

**REQUEST FOR PRODUCTION NO. 27:**

> All documents and tangible things in your possession, custody, or control that concern, refer, or relate to profits or profit margins realized by any entity with respect to Management Fees, Portfolio Selection Fees, and/or 12b-1 Fees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

> See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. All documents that in any way "relate" to profits on management and 12b-1 fees charged by "any entity" is an outrageously overbroad request.

> Subject to and without waiving the foregoing objections, Defendants refer the plaintiffs to the documents Defendants commit to produce in response to other requests, which include specifically-described categories of documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:**

> All documents and tangible things in your possession, custody, or control sufficient to identify all members of each of the Investment Management Teams for each of The Funds at any and all times during the Damages Period.

21

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

       See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient for Plaintiffs to seek the information at issue (the identities of individuals in certain categories) through a document request; an interrogatory is the proper device for such information, and then only to the extent properly discoverable.

       Subject to and without waiving the foregoing objections, Defendants will produce all Form 485s for the funds at issue filed during the period January 1, 2002 to present (which contain information responsive to this request), and also, to the extent located after diligent search, and only under an appropriate confidentiality order, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which also contain information responsive to this request).

**REQUEST FOR PRODUCTION NO. 29:**

       All documents and tangible things in your possession, custody, or control that constitute or concern any annual financial statements (audited and unaudited) of PIM, PRM, or any of The Funds covering any and all times from January 1, 2000 to the present including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; all cost allocation policies or procedures relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents, including ledgers and sub-ledgers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

       See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that "concern" annual financial statements. Defendants further object to this request to the extent that it seeks publicly-available documents.

22

Subject to and without waiving the foregoing objections, Defendants will produce, as to each of the funds at issue, all Form 485s, Form N-30Ds, and Form N-CSRs filed in the period January 1, 2002 to June 30, 2005. As to PIM and PRM, Defendants will also produce, only under an appropriate confidentiality order, the Putnam financial statements contained in the "black books" provided to the trustees during the period January 1, 2002 to June 30, 2005. Defendants will also produce, only under an appropriate confidentiality order, the trial balance entries as to the consolidated Putnam results, and as to (individually) PIM, PRM, and PFTC, for years 2001, 2002, 2003, and 2004.

REQUEST FOR PRODUCTION NO. 30:

All documents and tangible things in your possession, custody, or control that constitute or concern any monthly or quarterly financial statements (audited and unaudited) of PIM, PRM, or any of The Funds covering any and all times during the Damages Period including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; all cost allocation policies or procedures relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents, including ledgers and sub-ledgers.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that "concern" monthly or quarterly financial statements.

Subject to and without waiving the foregoing objections, Defendants will produce the Form N-30D and Form N-CSRs during the period January 1, 2002 through June 30, 2005 (which contain financial statements and are filed on a semiannual basis). Defendants will also produce, only under an appropriate confidentiality order, the trial balance entries as to the consolidated Putnam results, and as to (individually) PIM, PRM, and PFTC, for years 2001, 2002, 2003, and 2004.

23

**REQUEST FOR PRODUCTION NO. 31:**

All documents and tangible things in your possession, custody, or control that constitute or concern any annual financial statements (audited and unaudited) of any parent or affiliate entities whose financial results include the results of PIM or PRM covering any and all times from January 1, 2000 to the present including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that "concern" annual financial statements. Defendants further object to this request to the extent that it seeks publicly-available documents.

Subject to and without waiving the foregoing objections, Defendants will produce all Form 10-Ks for Marsh & McLennan Companies, Inc. filed during the period January 1, 2002 to June 30, 2005.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and tangible things in your possession, custody, or control that constitute or concern any monthly or quarterly financial statements (audited and unaudited) of any parent or affiliate entities whose financial results include the results of PIM or PRM covering any and all times during the Damages Period including, but not limited to, income statements; balance sheets; statements of cash flows; statements of operations; all footnotes relating thereto; and all underlying source materials, supporting materials, and back-up materials considered or relied upon in generating such documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

relevant to any claim or defense, particularly in its demand for all documents that "concern" monthly or quarterly financial statements. Defendants further object to this request to the extent that it seeks publicly available documents.

Subject to and without waiving the foregoing objections, Defendants will produce all Form 10-Qs for Marsh & McLennan Companies, Inc. filed during the period January 1, 2002 to June 30, 2005.

REQUEST FOR PRODUCTION NO. 33:

All documents and tangible things in your possession, custody, or control that constitute, concern, or relate to any Form N-SAR filed on behalf of any of The Funds including, but not limited to, all underlying source materials, supporting materials, and/or back-up materials considered or relied upon in any response to Question No. 54 appearing in said Form N-SAR documents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that "concern" or "relate to" Form N-SARs. Defendants further object to this request to the extent that it squarely targets privileged documents, e.g., drafts of public filings.

Subject to and without waiving the foregoing objections, Defendants will produce all Form N-SARs for the funds at issue filed during the period January 1, 2002 to June 30, 2005.

REQUEST FOR PRODUCTION NO. 34:

All documents and tangible things in your possession, custody, or control sufficient to identify all accounts other than The Funds that have been serviced by any Portfolio Leader or Portfolio Member of any of the Investment Management Teams for any of The Funds at any and all times during the Damages Period.

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient for Plaintiffs to seek the information at issue (identification of particular accounts) through a document request; an interrogatory is the proper device for such information, and then only to the extent properly discoverable.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which contain information responsive to this request). Defendants will also produce, for each fund at issue, all Form 485s, Form N-30Ds, and Form N-CSRs filed during the period January 1, 2002 to June 30, 2005 (which contain information identifying the investment management team of each fund).

**REQUEST FOR PRODUCTION NO. 35:**

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, refer, or relate to any explanations, characterizations, or descriptions of the activities that each of the Investment Management Teams perform for each of The Funds in connection with furnishing them with investment programs and/or making investment decisions for them about what securities shall be purchased, held, sold, or exchanged.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. Defendants further object to this request on the basis that it is improper, and inefficient, to seek the information at issue (specification of the responsibilities and activities of investment personnel) through a sweeping document request; interrogatories or depositions are the proper device for such information, and then only to the extent the information is properly discoverable.

Subject to and without waiving the foregoing objections, Defendants will produce the management contracts applicable to the funds at issue during the period January 1, 2002 to present, and the prospectuses for the funds at issue for that same period.

## REQUEST FOR PRODUCTION NO. 36:

All documents and tangible things in your possession, custody, or control that constitute, reflect, or concern any internal practices, policies, or procedures followed by PIM, PRM, or other affiliated Putnam entities in providing services and/or resources to any of The Funds in exchange for Management Fees or 12b-1 Fees.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague and ambiguous, and, to the extent Defendants can speculate as to what it seeks, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. As drafted, it appears to seek all documents relating to all practices of all Putnam-related entities; that is senseless.

## REQUEST FOR PRODUCTION NO. 37:

All documents and tangible things in your possession, custody, or control that constitute, refer, or relate to contracts or agreements as between PIM and/or PRM on the one hand, and PAC on the other hand.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense (including in its failure to specify the type or types of "contract or agreements" to which it refers and in its use of the words "refer or relate," because all documents "referring" to a contract or agreement is a category that by its nature is not reasonably calculated to lead to the discovery of admissible evidence, and all documents "relating" to a contract or agreement is a category that is facially overbroad and unmanageable).

27

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce any contracts and/or agreements between PIM and/or PRM on the one hand, and PAC on the other hand, applicable to the time period 2002-to-present.

REQUEST FOR PRODUCTION NO. 38:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of whether any employee of PIM and/or PRM can or does perform services on behalf of, or for the benefit of, PAC, or whether any employee of PAC can or does perform services on behalf of, or for the benefit of, PIM and/or PRM.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. This is a topic for interrogatory and/or deposition discovery, not a blunderbuss document request of this nature.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce any contracts and/or agreements between PIM and/or PRM on the one hand, and PAC on the other hand, applicable to the time period 2002-to-present, and, for that same time period, any documents addressing PIM and/or PRM employees providing services for PAC (or vice versa).

REQUEST FOR PRODUCTION NO. 39:

All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any sharing of resources as between PIM and/or PRM on the one hand, and PAC on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly

28

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce any contracts and/or agreements between PIM and/or PRM on the one hand, and PAC on the other hand, applicable to the time period 2002-to-present, and, for that same time period, any documents addressing sharing of resources between PIM and/or PRM, on the one hand, and PAC on the other hand.

REQUEST FOR PRODUCTION NO. 40:

All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to the nature or extent of the services that PAC provides under any Management Contract to any of its Institutional Accounts, or to the fee structures and/or breakpoints that PAC utilizes with respect to any of its Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. This request seeks, in substance, in part, all documents that in any way relate to the services that PAC provides to institutional clients. That request is sweepingly overbroad, and potentially implicates all documents in PAC's possession and/or relating to PAC's business and activities.

Subject to and without waiving the foregoing objections, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which contain information responsive to this request, and should otherwise permit plaintiffs to craft a more concrete and narrowly-tailored request or set of requests).

REQUEST FOR PRODUCTION NO. 41:

All documents and tangible things in your possession, custody, or control sufficient to identify (including home and business addresses) all officers and

29