all members of the Boards of Trustees, and their respective Boards of Trustees
Committees, for each of The Funds at any and all times from January 1, 2002 to the
present. With respect to each identified Trustee, such documents and tangible things
should also be sufficient to identify their respective statuses as either interested or
disinterested Trustees.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

        See General Objections, which are incorporated herein. Defendants
further object to this request to the extent that it seeks home and business addresses
for trustees, who should be contacted through their counsel. Subject to and without
waiving the foregoing objections, Defendants will produce all Form 485s for the
funds at issue in this litigation filed during the period January 1, 2002 to June 30,
2005, and refer Plaintiffs to the "Statement of Additional Information" therein, which
identifies officers and trustees (and, as to trustees, whether each is interested or not
interested).

REQUEST FOR PRODUCTION NO. 42:

        All documents and tangible things in your possession, custody, or
control that concern, refer to, or address the existence, substance, merits, or
outcomes of either of the Illinois Actions, the above-captioned action, or the
Complaint filed herein.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

        See General Objections, which are incorporated herein. Defendants
further object to this request on the basis that it is vague, overly broad, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible
evidence relevant to any claim or defense. Defendants further object to this request
on the basis that it is squarely directed at information that is attorney-client
privileged and/or attorney work product, much of which is communications between
Defendants and undersigned counsel (including such communications in relation to
this very lawsuit).

REQUEST FOR PRODUCTION NO. 43:

        All documents and tangible things in your possession, custody, or
control that concern, refer to, or address any of the requirements or standards
imposed by Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-

35(b), or by Rule 12b-1 promulgated under that Act, 15 U.S.C. § 80a-12(b), 17 C.F.R. § 270.12b-1.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 43</u>:

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that "concern" the requirements and standards of 15 U.S.C. § 80a-35(b), which is an improper attempt to shift to the Defendants the burden of identifying specific categories of documents relevant to plaintiffs' claim and theories.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications). Defendants will also produce, to the extent located after diligent search (and to the extent not privileged), all documents generated during the period January 1, 2002 to June 30, 2005 addressing the requirements of 15 U.S.C. § 80a-35(b).

<u>REQUEST FOR PRODUCTION NO. 44</u>:

All documents and tangible things in your possession, custody, or control that concern, refer to, or address the issues of if, whether, how, or to what extent PIM has complied, should comply, or may comply with any of the requirements or standards imposed by Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b).

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 44</u>:

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all

31

documents that "concern" the requirements and standards of 15 U.S.C. § 80a-35(b), which is an improper effort to shift to the Defendants the Plaintiffs' burden of identifying specific categories of documents relevant to their claims and theories.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications). Defendants will also produce, to the extent located after diligent search (and to the extent not privileged), all documents generated during the period January 1, 2002 to June 30, 2005 addressing the requirements of 15 U.S.C. § 80a-35(b).

REQUEST FOR PRODUCTION NO. 45:

All documents and tangible things in your possession, custody, or control that concern, refer to, or address the issues of if, whether, how, or to what extent PRM, other affiliated Putnam entities, and/or any of the Distribution Plans adopted by any of the Putnam Mutual Funds has complied, should comply, or may comply with any of the requirements or standards imposed by Rule 12b-1 of the Investment Company Act of 1940, 15 U.S.C. § 80a-12(b), 17 C.F.R. §270.12b-1.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, particularly in its demand for all documents that "concern" the requirements or standards imposed by 5 U.S.C. § 80a-12(b), 17 C.F.R. § 270.12b-1, which is an improper effort to shift to the Defendants the Plaintiffs' burden of identifying specific categories of documents relevant to their claims and theories.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees

during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications). Defendants will also produce, to the extent located after diligent search (and to the extent not privileged), all documents generated during the period January 1, 2002 to June 30, 2005 addressing the requirements of Rule 12b-1 of the Investment Company Act of 1940, 15 U.S.C. § 80a-12(b), 17 C.F.R. §270.12b-1.

REQUEST FOR PRODUCTION NO. 46:

All documents and tangible things in your possession, custody, or control sufficient to identify all persons with decision-making responsibility relating to the dispositions or uses that PRM or other affiliated Putnam entities have made of the 12b-1 Fees received from any of The Funds at any and all times during the Damages Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; Defendants do not understand the category of personnel that this request purports to define.

Subject to and without waiving the foregoing objections, Defendants will produce all Form 485s for the funds at issue filed during the period January 1, 2002 to June 30, 2005 (which list the officers of PRM).

REQUEST FOR PRODUCTION NO. 47:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issue of how the portfolio holdings and/or the portfolio turnover rates of any of The Funds compare or contrast to the portfolio holdings and/or the portfolio turnover rates of any of the Institutional Accounts managed by PAC or any non-Putnam entity.

33

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, all documents that "concern" or "relate" to "the issue" of portfolio holdings and turnover rates for the funds at issue relative to "any" institutional account could conceivably encompass any document bearing in any way on the holdings of any of the funds at issue or any institutional accounts, over an unlimited span of time.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce all documents generated during the period January 1, 2002 to June 30, 2005 that compare the portfolio holdings and/or portfolio turnover rates of any of the funds at issue with the portfolio holdings and/or portfolio turnover rates of any institutional account, if any, to the extent located after diligent search.

## REQUEST FOR PRODUCTION NO. 48:

All documents and tangible things in your possession, custody, or control relevant to establishing the portfolio holdings (on a daily or other periodic basis) and/or the portfolio turnover rates of each of The Funds at any and all times during the Damages Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, all documents "relevant to establishing" the portfolio holdings and turnover rates for each of the funds at issue over a multi-year period of time is a category of documents that could conceivably encompass any document bearing in any way on the holdings of any of the funds at issue (including daily trading records). As drafted, this request seeks a massive volume of documents, without any showing by plaintiffs as to the relevance of the information contained in such documents, or as to their need to obtain whatever information they seek by this request by some less burdensome means.

34

Subject to and without waiving the foregoing objections, Defendants will produce all Form N30Ds and Form N-CSRs for the funds at issue filed during the period January 1, 2002 to June 30, 2005 (these forms are filed twice annually, and each of them specifies the portfolio holdings and portfolio turnover rates of the relevant fund as of the date stated therein).

REQUEST FOR PRODUCTION NO. 49:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to comparisons or contrasts drawn between the risk ratings or profiles of any of The Funds on the one hand, and the risk ratings or profiles of any of the Institutional Accounts managed by PAC or any non-Putnam entity on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, Defendants read the request's reference to "risk ratings or profiles" to refer to the "risk ratings" associated with retail mutual funds (which are identified on Putnam's website on a fund-by-fund basis), but that reference does not make sense as to institutional accounts (there is no "risk rating" for such accounts, as there is for retail funds).

REQUEST FOR PRODUCTION NO. 50:

All documents and tangible things in your possession, custody, or control that concern, refer to, or address the investment performance or returns of any of The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. As drafted, this request seeks any document relating in any way to the performance of each of the funds at issue in this case, over an unlimited period of time; that request is patently unreasonable.

35

Subject to and without waiving the foregoing objections, Defendants will produce all Form 485s, Form N-30Ds, and Form N-CSRs for the funds at issue filed during the period January 1, 2002 to June 30, 2005; Defendants will also produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees).  Defendants will also produce, for the same period of time, (i) the monthly PIM updates to the Trustees Investment Oversight Committees concerning investment performance of the funds at issue, and (ii) information produced by PIM to the Trustees' Investment Oversight Committees in connection with the trustees' periodic additional reviews of the performance of particular funds, to the extent such review related to the funds at issue.

REQUEST FOR PRODUCTION NO. 51:

All documents and tangible things in your possession, custody, or control that concern, refer to, or address the issues of if, whether, how, or to what extent the investment performance or returns of any of The Funds have underperformed relative to those of any other mutual funds or Institutional Accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

See General Objections, which are incorporated herein.  Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; as drafted, it seeks, in substance, every document in Defendants' possession "concern[ing]" or "address[ing]" "underperformance" of any of the funds at issue vis-a-vis any "other" mutual fund (Putnam or non-Putnam) or any Putnam institutional account, over an unlimited period of time, without any further subject-matter limitation.

Subject to and without waiving the foregoing objections, Defendants will produce all Form 485s, Form N-30Ds, and Form N-CSRs for the funds at issue filed during the period January 1, 2002 to June 30, 2005; Defendants will also produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees).  Defendants will also produce, for the same period of time, (i) the monthly PIM updates to the Trustees Investment Oversight Committees concerning investment performance of the funds at issue, and (ii) information

36

produced by PIM to the Trustees' Investment Oversight Committees in connection with the trustees' periodic additional reviews of the performance of particular funds, to the extent such review related to the funds at issue.

REQUEST FOR PRODUCTION NO. 52:

All documents and tangible things in your possession, custody, or control that reflect, concern, or relate to any comparisons or contrasts drawn between the investment performance or returns of any of The Funds on the one hand, and the investment performance or returns of any Institutional Account or any non-Putnam mutual fund on the other hand.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; as drafted, it seeks, in substance, every document in Defendants' possession "concern[ing]" or "relat[ing] to" the performance of any of the funds at issue vis-a-vis any other mutual fund (Putnam or non-Putnam) or any Putnam institutional account, over an unlimited period of time, without any further subject-matter limitation.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce all documents generated in the period January 1, 2002 to June 30, 2005 that compare the investment performance of any of the funds at issue with the investment performance of any Putnam institutional account, if any, located after diligent search.

REQUEST FOR PRODUCTION NO. 53:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the investment performance or returns of any Institutional Account managed by PAC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, and -- to an extreme degree -- overly broad, unduly burdensome, and not reasonably calculated to lead to the

37

discovery of admissible evidence relevant to any claim or defense. This request is not limited as to time, nor is it limited to any particular institutional account or group of accounts, much less for which plaintiffs have made any showing of relevance, and, as drafted, it seeks all documents ever generated in any way relating to the performance or returns of all institutional accounts that ever existed; that is an outrageously overbroad category of documents.

REQUEST FOR PRODUCTION NO. 54:

        All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any decision or agreement made by PIM and/or PRM to waive fees and reimburse expenses of any of The Funds through at least July 31, 2005 to the extent necessary to ensure that any of The Funds' expenses do not exceed the average expenses of other funds viewed by Lipper, Inc. as having the same investment classification or objective of any of The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

        See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

        Subject to and without waiving the foregoing objections, and only subject to an appropriate confidentiality order, Defendants will produce responsive communications between PIM and/or PRM, on the one hand, and the trustees, on the other hand, from January 1, 2002 to June 30, 2005, to the extent located after diligent search. Defendants will also produce, for that same period of time, Operations Finance Department documents concerning this waiver (for example, e-mails within Operations Finance Department concerning this waiver, and e-mail received by Operations Finance Department concerning this waiver).

REQUEST FOR PRODUCTION NO. 55:

        All documents and tangible things in your possession, custody, or control sufficient to establish the amounts of Putnam-related compensation of any type (including cash and non-cash forms of compensation) earned or received by each of the members of the Investment Management Teams and the Boards of Trustees for each of the Funds at any and all times from January 1, 2002 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

      See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient for Plaintiffs to seek the type of information at issue through a sweeping document request for "[a]ll documents . . . sufficient to establish" that information; an interrogatory is the proper device for such information, and then only to the extent the information is properly discoverable. Further, there is no basis for Plaintiffs to demand (as they appear to demand) information concerning compensation on a person-by-person basis.

      Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees, and Defendant will also produce all Form 485s for the funds at issue filed during the period January 1, 2002 to June 30, 2005. (Both categories of documents contain information responsive to this request.)

REQUEST FOR PRODUCTION NO. 56:

      All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any decision or agreement made by PIM and/or PRM effective as of January 1, 2004 to cease directing brokerage to broker-dealers in connection with the sale of fund shares.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

      See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

      Subject to and without waiving the foregoing objections, and only subject to an appropriate confidentiality order, Defendants will produce January 1, 2002-to-June 30, 2005 communications about the referenced decision between one

or both of the Defendants, on the one hand, and the trustees, on the other hand, to the extent located after diligent search.

REQUEST FOR PRODUCTION NO. 57:

All documents and tangible things in your possession, custody, or control that constitute the Fundamental Agreements and Declarations of Trust for each of The Funds, and/or any amendments or modifications thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague. Subject to and without waiving the foregoing objections, Defendants will produce the Agreement and Declaration of Trust (and any amendments thereto) for each of the funds at issue.

REQUEST FOR PRODUCTION NO. 58:

All documents and tangible things in your possession, custody, or control that constitute, reflect, or concern any investment policies, investment objectives, investment classifications, and/or investment restrictions applicable to each of The Funds at any and all times during the Damages Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, Defendants will produce the Form 485s for each of the funds at issue filed during the period January 1, 2002 to June 30, 2005 (which contain detailed information concerning each fund's investment objectives and strategies).

REQUEST FOR PRODUCTION NO. 59:

All documents and tangible things in your possession, custody, or control that constitute, reflect or concern any policies relating to the practice of

40

simultaneously servicing multiple accounts that have been applicable to any member of any Investment Management Team for any of the Putnam Mutual Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 59:

       See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague and ambiguous.

REQUEST FOR PRODUCTION NO. 60:

       All documents and tangible things in your possession, custody, or control that constitute, reflect, or concern any policies, practices, or procedures relating to trade allocations and/or to "cross-trading" among or between Putnam-advised accounts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 60:

       See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

       Subject to and without waiving the foregoing objections, and only subject to an appropriate confidentiality order, Defendants will produce trade allocation procedures for the period January 1, 2002 to June 30, 2005 applicable to the funds at issue.

REQUEST FOR PRODUCTION NO. 61:

       All documents and tangible things in your possession, custody, or control that constitute any written code of ethics applicable to any employee of PIM or PRM.

RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

       See General Objections, which are incorporated herein. Subject to and without waiving the foregoing objections, Defendants will produce the Putnam Investments Code of Ethics.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and tangible things in your possession, custody, or control that constitute any record retention policies adopted or followed by PIM and/or PRM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

See General Objections, which are incorporated herein.  Subject to and without waiving those objections, Defendants will produce any record retention policy applicable to PIM and/or PRM during the period January 1, 2002 to June 30, 2005.

**REQUEST FOR PRODUCTION NO. 63:**

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of if, whether, or to what extent PIM and/or PRM have insurance coverage potentially applicable to the costs of defending the above-captioned action, and/or to indemnification for any damages awarded or assessed in the above-captioned action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

See General Objections, which are incorporated herein.  Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only subject to an appropriate confidentiality order, Defendants will produce the documents subject to Fed. R. Civ. P. 26(a)(1).

**REQUEST FOR PRODUCTION NO. 64:**

All documents and tangible things in your possession, custody, or control that constitute non-publicly issued financial reports prepared by, or on behalf of, any Putnam entity that concern or relate to the provision of management and/or investment advisory services to any of The Funds.  Such financial reports might be expected to include, for example, calculations, assessments, itemizations, reviews,

cost benefit analyses, or other summarizations of PIM's costs and expenses incurred, income and revenues received, and/or profits realized.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, and, to an extreme degree, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. For example, it is not limited as to time, and its "limitation" as to subject matter -- reports that "concern or relate to the provision of management and/or investment advisory services" -- is vague and, in the context of this case, which involves entities that provide such services, essentially meaningless as a limitation.

Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to, and incorporate herein, their responses to Request Nos. 29, 30, 31, and 32.

## REQUEST FOR PRODUCTION NO. 65:

All documents and tangible things in your possession, custody, or control relevant to identifying, and establishing the amounts of, each of the various types of monies, fees, and/or reimbursable expenses *other than Management Fees or 12b-1 Fees* that PIM, PRM, or other affiliated Putnam entities have received from any of The Funds at any and all times during the Damages Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate, and extraordinarily inefficient, for Plaintiffs to seek the information at issue through a sweeping document request for "[a]ll documents . . . relevant to . . . establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable; further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to establishing" the information at issue (concerning the amounts of certain fees), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 66:

All documents and tangible things in your possession, custody, or control relevant to establishing the profits and profit margins that PIM, PRM, or other affiliated Putnam entities have realized in connection with each of the various types of monies, fees, and/or reimbursable expenses *other than Management Fees or 12b-1 Fees* that they have received from any of The Funds at any and all times during the Damages Period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate, and extraordinarily inefficient, for Plaintiffs to seek the straightforward information at issue through a sweeping document request for "[a]ll documents . . . relevant to establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable; further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to establishing" the information at issue (concerning profits), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

44

**REQUEST FOR PRODUCTION NO. 67:**

All documents and tangible things in your possession, custody, or control relevant to establishing the costs, expenses, and expense ratios that PIM, PRM, or other affiliated Putnam entities have incurred in connection with each of the services and/or resources that they have provided in exchange for the various types of monies, fees, and/or reimbursable expenses *other than Management Fees or 12b-l Fees* that they have received from any of The Funds at any and all times during the Damages Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate, and extraordinarily inefficient, for Plaintiffs to seek the straightforward information at issue through a sweeping document request for "[a]ll documents . . . relevant to establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable; further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to establishing" the information at issue (concerning costs), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and tangible things in your possession, custody, or control relevant to establishing what other persons or entities were paid monies, and in what amounts, by PIM and/or PRM in connection with their provision of services to The Funds at any and all times during the Damages Period.

45

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

      See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague and ambiguous; read literally, it appears to seek all documents in any way relevant to establishing the identity of every third party to which Defendants have made any payment at any time during the "Damages Period." If that is what this request seeks, it is senseless, and insupportable; if the request seeks something else, Defendants cannot determine what that is, on the basis of the text of the request, as drafted.

**REQUEST FOR PRODUCTION NO. 69:**

      All documents and tangible things in your possession, custody, or control relevant to identifying, and establishing the amounts of, each of the various types of costs and expenses that each of The Funds incurred at any and all times during the Damages Period *other than from their payments of Management Fees or 12b-1 Fees* including, but not limited to, investor servicing fee expenses; custodian fee expenses; trustee compensation costs and expenses; administrative services expenses; and/or any other types of costs or expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

      See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient for Plaintiffs to seek the information at issue through a sweeping document request for "[a]ll documents . . . relevant to establishing" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable; further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to . . . establishing" the information at issue (concerning costs and expenses of the funds at issue), rather than documents sufficient to provide that information.

      Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books"

collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 70:

All documents and tangible things in your possession, custody, or control relevant to identifying each of the various types of services and/or resources that were provided to each of The Funds at any and all times during the Damages Period in exchange for the various types of monies, fees, and/or reimbursable expenses *other than Management Fees or 12b-l Fees* that were paid by any of The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 70:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, it is inappropriate and inefficient for Plaintiffs to seek the information at issue through a sweeping document request for "[a]ll documents . . . relevant to identifying" that information; an interrogatory is the proper device for such information, and then only to the extent properly discoverable; further, even if it were appropriate to seek the information at issue through a document request, this request, as drafted, is overly broad and unduly burdensome, including to the extent that it purports to seek "[a]ll" documents "relevant to . . . identifying" the information at issue (concerning all services and resources provided to the funds at issue), rather than documents sufficient to provide that information.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 71:

All documents and tangible things in your possession, custody, or control relevant to identifying and establishing the persons or entities who received payments from any of The Funds, and in what amounts, in connection with the various types of costs and expenses that The Funds incurred at any and all times

47

during the Damages Period *other than from their payments of Management Fees or 12b-l Fees.*

RESPONSE TO REQUEST FOR PRODUCTION NO. 71:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 72:

All documents and tangible things in your possession, custody, or control that constitute the minutes or notes of each meeting of any of the Boards of Trustees, or of their Boards of Trustees Committees, for any of The Funds held at any time from January 1, 2002 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense. Defendants further object to this request on the basis that it is properly directed to counsel for the trustees, not to Defendants.

Subject to and without waiving the foregoing objections, Defendants will produce, to the extent located after diligent search (and to the extent in their possession, custody, or control), minutes of trustee meetings concerning management and/or 12b-1 fees, for the period January 1, 2002 to June 30, 2005.

REQUEST FOR PRODUCTION NO. 73:

All documents and tangible things in your possession, custody, or control that constitute materials shown or provided to, and/or considered by, any of the Boards of Trustees, or their Boards of Trustees Committees, for any of The Funds in connection with any of their meetings held at any time from January 1, 2002 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense (including to the extent that it seeks certain communications, without any specification of the subject matter of such communications).

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 74:

All documents and tangible things in your possession, custody, or control that constitute any Management Contract and/or Distribution Plans entered into or adopted by any of The Funds, including any earlier versions, drafts, or proposals of or for any such Management Contracts or Distribution Plans.

RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense, including to the extent it requests "earlier versions, drafts, or proposals" for the referenced contracts.

49

Subject to and without waiving the foregoing objections, Defendants will produce management contracts and management and distribution plans applicable to the funds at issue during the period January 1, 2002 to present.

REQUEST FOR PRODUCTION NO. 75:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, refer, or relate to any negotiations, bargaining, or communications relating to any actual or proposed Management Fees, Management Contracts, 12b-1 Fees, or Distribution Plans among or between PIM, PRM, or other affiliated Putnam entities, and any of the Boards of Trustees, or their Boards of Trustees Committees, for any of The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees. Defendants will also produce the minutes referenced in their response to Request No. 72.

REQUEST FOR PRODUCTION NO. 76:

All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any consideration given by any of the Boards of Trustees, or their Boards of Trustees Committees, to the issue of whether or not to approve any actual or proposed Management Contract or Distribution Plan for any of The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly

50

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees. Defendants will also produce the minutes referenced in their response to Request No. 72.

REQUEST FOR PRODUCTION NO. 77:

All documents and tangible things in your possession, custody, or control that constitute or reflect any information or materials provided to, and/or reviewed by, any of the Boards of Trustees, or their Boards of Trustees Committees, in connection with their consideration of whether or not to approve any actual or proposed Management Contract or Distribution Plan for any of The Funds. Such documents and tangible things should include, but not be limited to, those that constitute or reflect information or materials furnished pursuant to § 15(c) of the Investment Company Act of 1940.

RESPONSE TO REQUEST FOR PRODUCTION NO. 77:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 78:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, refer, or relate to any criteria or policies used

51

by any of the Boards of Trustees, or their Boards of Trustees Committees, in connection with their consideration of whether or not to approve any actual or proposed Management Contract or Distribution Plan for any of The Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 78:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 79:

All documents and tangible things in your possession, custody, or control that constitute, reflect, concern, refer, or relate to any suggestion, opinion, conclusion, or proposal about potentially withholding approval of any Management Contract or Distribution Plan for any of the Putnam Mutual Funds by any of the Boards of Trustees, or by their Boards of Trustees Committees.

RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 80:

All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any consideration given by any of the Boards of Trustees, or their Boards of Trustees Committees, to terminating any Management Contract and/or Distribution Plan existing between any of the Putnam Mutual Funds and PIM or PRM.

RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 81:

All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any consideration given by any of the Boards of Trustees, or their Boards of Trustees Committees, to permitting, directing or obligating any of the Putnam Mutual Funds to pay Management Fees and/or 12b-1 Fees to any entities other than PIM or PRM.

RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees

53

during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 82:

All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any consideration given by any of the Boards of Trustees, or their Boards of Trustees Committees, to the requirements or standards imposed by Section 36(b) of the Investment Company Act of 1940 or Rule 12b-1 promulgated thereunder, and/or to the issues of whether PIM, PRM, or other affiliated Putnam entities have acted in compliance therewith in relation to any Management Contract or Distribution Plan with any of the Putnam Mutual Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 83:

All documents and tangible things in your possession, custody, or control that constitute or reflect any information or materials concerning Management Fees or 12b-1 Fee charged by entities other than PIM or PRM that have been shown or provided to, and/or considered by, any of the Boards of Trustees, or their Boards of Trustees Committees, for any of the Putnam Mutual Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly

54

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which category of documents encompasses the category of documents sought by this request).

REQUEST FOR PRODUCTION NO. 84:

All documents and tangible things in your possession, custody, or control that constitute or reflect any information or materials concerning PAC that have been shown or provided to, and/or considered by, any of the Board of Trustees, or their Board of Trustees Committees, for any of the Putnam Mutual Funds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense (including in its demand for all information shown to the trustees concerning PAC, without any further subject-matter or temporal qualification).

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees (which include information concerning PAC, as it relates to the trustees' review of management and distribution fees).

REQUEST FOR PRODUCTION NO. 85:

All documents and tangible things in your possession, custody, or control that constitute or reflect any information or materials concerning the status, activities, investment performance or returns, or expense ratios of any of The Funds

55

that have been shown or provided to, and/or considered by, any of the Boards of Trustees, or their Boards of Trustees Committees.

RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense (including in its request for a vague category if "information" shown to the trustees concerning the funds at issue, without any temporal limitation).

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees, and Defendants will also produce, for the same period of time, (i) the monthly PIM updates to the Trustees Investment Oversight Committees concerning investment performance of the funds at issue, and (ii) information produced by PIM to the Trustees' Investment Oversight Committees in connection with the trustees' periodic additional reviews of the performance of particular funds, to the extent such review related to the funds at issue.

REQUEST FOR PRODUCTION NO. 86:

All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any consideration given by any of the Boards of Trustees, or their Boards of Trustees Committees, in deciding whether or not to approve any actual or proposed Management Contract for any of The Funds to the factors for assessing the reasonableness of Management Fees established in Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923 (2d Cir. 1982) and its progeny. These factors include the following: (i) sharing of economies [sic] of scale benefit; (ii) comparisons to other relevant fee structures; (iii) the nature and quality of services provided; (iv) the profitability of The Funds to PIM and its affiliates; (v) the receipt of other Fall-Out Benefits or indirect profits; and (vi) the independence and conscientiousness of the Trustees.

56

RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

        See General Objections, which are incorporated herein.  Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

        Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005, including the "black books" collecting information relevant to the trustees' review of management and distribution fees.

REQUEST FOR PRODUCTION NO. 87:

        All documents and tangible things in your possession, custody, or control that reflect, concern, refer, or relate to any consideration given by any of the Boards of Trustees, or their Boards of Trustees Committees, for any of the Putnam Mutual Funds to articles written by critics of the alleged disparity between retail and institutional fee schedules, to articles by the ICI or others defending such fee differences, and/or to decisions of the courts providing guidance with respect to such issues.

RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

        See General Objections, which are incorporated herein.  Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

        Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce responsive documents located after diligent search as to the period January 1, 2002 to June 30, 2005.

REQUEST FOR PRODUCTION NO. 88:

        All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of if, whether, how, or to what

extent Economies of Scale Benefits and/or Fall-Out Benefits exist in the mutual fund industry relative to the provision of services in connection with Management Contracts and/or Distribution Plans.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 88</u>:

<u>See</u> General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, all documents that "concern" or "relate" to "whether" there are economies of scale and/or fall-out benefits in the mutual fund industry is a vague and outrageously overbroad category, which in effect purports to place on Defendants the burden of making subjective judgments as to what categories of documents plaintiffs' counsel and their expert(s) may view as bearing on these issues.

Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce, to the extent located after diligent search, their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications). (These documents contain economies of scale discussion and analysis.) Defendants will also produce, for that same period of time, all documents otherwise addressing economies of scale benefits and/or fall-out benefits as they relate to management fees, to the extent located after diligent search.

<u>REQUEST FOR PRODUCTION NO. 89</u>:

All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of if, whether, how, or to what extent Economies of Scale Benefits and/or Fall-Out Benefits have been, are, could be, or should be shared as between providers of services in connection with Management Contracts and/or Distribution Plans on the one hand, and mutual funds or their shareholders on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

  See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, all documents that "concern" or "relate" to "if" there are economies of scale and/or fall-out benefits in the mutual fund industry and "whether they have been" or "should be" "shared" is a vague and outrageously overbroad category, which in effect purports to place on Defendants the burden of making subjective judgments as to which categories of documents and types of documents plaintiffs' counsel and their expert(s) may view as bearing on those legal issues.

  Subject to and without waiving the foregoing objections, and only under an appropriate confidentiality order, Defendants will produce their fee-related communications with the trustees during the period January 1, 2002 to June 30, 2005 (including the "black books" collecting information relevant to the trustees' review of management and distribution fees), as well as Operations Finance Department documents relating to those communications (including e-mail concerning preparation of such communications, and data generated or reviewed in connection with such communications). (These documents contain economies of scale discussion and analysis.) Defendants will also produce, for that same period of time, all documents otherwise addressing economies of scale benefits and/or fall-out benefits as they relate to management fees, to the extent located after diligent search.

**REQUEST FOR PRODUCTION NO. 90:**

  All documents and tangible things in your possession, custody, or control that concern, refer, or relate to the issues of if, whether, how, or to what extent PIM, PRM, and/or other affiliated Putnam entities realize Economies of Scale Benefits and/or Fall-Out Benefits in connection with their provision of any services or resources to any of the Putnam Mutual Funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

  See General Objections, which are incorporated herein. Defendants further object to this request on the basis that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense; for example, all documents that "concern" or "relate" to whether Defendants realize economies of scale and/or fall-out benefits