UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JOHN J. VAUGHN, GERALD A. KALBFLEISCH, MICHAEL HATHAWAY, and MYRTLE HATHAWAY,<br><br>Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT, LIMITED PARTNERSHIP,<br><br>Defendants. | Civil Action No. 04-10988-GAO<br>Leave to File Granted Dec. 22, 2006 |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PUTNAM TRUSTEES TO RESPOND TO SUBPOENAS**

Plaintiffs file this Reply Memorandum in support of their Motion to Compel John A. Hill, Charles B. Curtis, W. Thomas Stephens, John H. Mullin, III, Myra R. Drucker, Jameson A. Baxter, Robert E. Patterson, Elizabeth T. Kennan, Dr. Paul L. Joskow, Ronald L. Jackson, W. Nicholas Thorndike, George Putnam III and Richard B. Worley (collectively, "Putnam Trustees") to respond to certain subpoenas for the production of documents and notices of depositions. This reply memorandum replies to The Independent Trustees of the Putnam Funds' Opposition to Plaintiffs' Motion to Compel (the "Opposition") filed on December 15, 2006.

I.  INTRODUCTION

The Opposition suffers from two fatal flaws. First, it relies heavily on *Gallus v. American Express Financial Corp., et al*, Civ. No. 04-4498 (DWF-SRN) (D. Minn.) to support the proposition that the depositions of the Chair of the Board of Trustees and the Chair of the Contract Committee are sufficient. That case is completely inapposite because discovery in that

case was phased and the sole issue before the Court was whether plaintiffs were entitled to depose all of the trustees in the first phase of limited discovery. In the instant case, there is no such phasing or limitation on discovery.

Second, the Opposition completely misstates the nature of the inquiry to be conducted. The purpose of the depositions is to assess the "independence and conscientiousness" of the Putnam Trustees. The depositions are not limited to the Putnam Trustees' "deliberations," as suggested repeatedly in the Opposition. Rather, the Plaintiffs also need information on any financial holdings, conflicts of interest, biases or personal opinions that the individual trustees have that may impact their independence and any work, analysis or consideration that the individual trustees conducted in addition to the collective deliberations of the Putnam Trustees which is relevant to their conscientiousness.

II. PLAINTIFFS ARE ENTITLED TO DEPOSE EACH OF THE PUTNAM TRUSTEES WHO WAS SUBPOENAED.

    A. THE *GALLUS* CASE IS INAPPLICABLE BECAUSE THE PLAINTIFFS WERE INVOLVED IN A PHASED DISCOVERY PROCESS.

In the Opposition, the Putnam Trustees make much of the fact that Robins Kaplan successfully deferred the depositions of several trustees in the case of *Gallus v. Am. Express Fin. Corp., et al.*, Civ. No. 04-4498 (DWF-SRN) (D. Minn.). This case is not comparable to the instant case because in *Gallus* the Court limited the plaintiffs' discovery and ordered that the discovery be conducted in phases. *See Gallus*, Civ. No. 04-4498 Memorandum Opinion and Order (DWF-JSM) (D. Minn. March 7, 2005) (Exhibit 1 attached hereto). The *Gallus* Court questioned the veracity of the plaintiffs' claims and permitted them to engage in a staged discovery process whereby the plaintiffs would complete initial discovery and would then be

permitted to request additional discovery from the Court later.[1] *See id.*

*Gallus* is inapplicable to the case at hand where the Plaintiffs filed a detailed complaint which survived a motion to dismiss. Discovery in this case is not phased and is being conducted in one discovery period to conclude in two months. While it may have been practical in the context of a phased discovery process to allow the depositions of a sampling of trustees to be followed by more testimony if necessary, such delineation is neither necessary nor appropriate in this case. In other cases brought under Section 36(b), including *Williams, et al. v. Waddell & Reed Investment Mgmt. Co., et al.*, Civ. No. 04-2561-KHV (D. Kan.) and *Baker, et al. v. Am.Century Investment Mgmt., Inc,. et al.*, Civ. No. 04-4039-CV-C-ODS (W.D.Mo.), the plaintiffs deposed almost all of the independent directors.[2] These cases, like the case at hand, involved 36(b) claims without a phased discovery process and appropriately permitted depositions of the independent trustees.

      B.    THE CHAIR OF THE BOARD AND THE CHAIR OF THE CONTRACT COMMITTEE CANNOT TESTIFY TO THE INDEPENDENCE AND CONSCIENTIOUSNESS OF ALL OF THE PUTNAM TRUSTEES.

As set forth in Plaintiffs' original Memorandum in Support of the Motion to Compel, the leading case authority addressing the meaning of fiduciary duty under Section 36(b) is *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982). *Gartenberg* and its progeny have defined several factors for courts to consider in determining whether the statute has been violated, including the independence and conscientiousness of the trustees. *Krinsk v. Fund Asset Management, Inc.*, 875 F.2d 404, 409 (2d Cir. 1989) (*citing Gartenberg*, 694 F.2d at 929-930).

---

[1] The Putnam Trustees also assert that the discovery of their 2006 documents should wait until after the Court issues a decision on the damages period in reliance upon the Court's decision to do so in *Dumond v. Mass. Fin. Svc. Co.*; however, *Dumond* also involves phased discovery where such a delay is more practical than in the instant case.

[2] See Beagan Wilcox, *Waddell & Reed, Morgan Stanley Excessive-Fee Suits Dismissed*, Board iQ (Oct. 10, 2006) at www.boardiq.com/articles/print/20061010/waddell_reed_morgan_stanley_exessive_suits.

BN1 35036457.1

3

The Putnam Trustees assert that the Plaintiffs have failed to identify any reason that the testimony of the Chair of the Board of the Putnam Trustees and the Chair of the Contract Committee is insufficient regarding the "deliberations of the Putnam Trustees". *See* Opposition [Docket No. 94] at p. 7. The Putnam Trustees completely misunderstand the issue. *Gartenberg* requires a review of the Putnam Trustees' conscientiousness and independence, not a summary of their deliberative process. The Chairpersons may be able to testify as to the deliberations of the Board and the Contract Committee; however, they cannot possibly testify regarding the independence and conscientiousness of the Putnam Trustees. The Plaintiffs need evidence concerning: the specific thought processes of each Putnam Trustee; the work done in preparation of the Board and Committee meetings by each Putnam Trustee; the business and personal connections each Putnam Trustee has to Putnam and its affiliates; the financial holdings of each Putnam Trustee which may compromise the Trustee's independence; and the personal biases of each Putnam Trustee which may impact the decision-making process. The individual Putnam Trustees are also uniquely situated to discuss the rationale for their vote and their understanding of the information presented to them and to describe how their decisions would have been impacted had different or additional information been provided.[3]

The suggestion that the testimony of the chairpersons of the Board of Trustees (Mr. Hill) and the Contract Committee (Ms. Baxter) is sufficient to establish the conscientiousness and independence of all the other Putnam Trustees is baseless. The chairpersons may not speak to the analyses conducted by the remaining Putnam Trustees. At best, they could speak to actions taken by the others while they were present, which is entirely insufficient.

---

[3] In Plaintiffs' original Memorandum in Support of the Motion to Compel, they offered some particular reasons for needing the depositions of the specific Putnam Trustees' who were subpoenaed; however, these reasons were *in addition* to the underlying need to gather evidence on the independence and conscientiousness of each of the Putnam Trustees. The Putnam Trustees' assertion that the individual rationale for deposing each of the Putnam Trustees is the "sole reason" for each deposition is inaccurate. *See* Opposition at p. 7-8.

BN1 35036457.1

4

    C.    THE *AMERISTAR* CASE IS IRRELEVANT BECAUSE THE THOUGHT PROCESSES OF THE DEPONENTS WERE NOT AT ISSUE.

The Putnam Trustees also inappropriately rely upon the First Circuit's opinion in *Ameristar Jet Charter, Inc. v. Signal Composites, Inc*., 244 F.3d 189 (1st Cir. 2001) for the proposition that the testimony of the Putnam Trustees would be duplicitous and unnecessary. The plaintiffs in *Ameristar* had already taken two 30(b)(6) depositions of the third party and, a year later after a finding by the Magistrate regarding discovery, issued three subpoenas to employees of the company. *Id*. at 192-193. The Court found that these subpoenas were inappropriate because they were untimely, duplicative, cumulative and unduly burdensome. *Id*.

*Ameristar* is inapposite for several reasons. First, unlike here, the thought processes of individual employees of the subpoenaed third party were not at issue in the case. *Id.* at 190 (describing the claims of breach of warranty, fraud and conspiracy to defraud). Second, unlike our case, where the Subpoenas were timely served, the plaintiffs in *Ameristar* served the quashed subpoenas one year after they took the initial 30(b)(6) depositions of the third party and also after the Magistrate issued her recommendation in favor of granting summary judgment to the defendants. *Id.* Finally, the *Ameristar* plaintiffs were seeking to depose three employees in the hope that their testimony would contradict that of the 30(b)(6) witnesses previously deposed. *Id.* Here, the Plaintiffs are seeking testimony from each of the Putnam Trustees which is personal and specific to the particular Putnam Trustee, namely, information on each Putnam Trustee's independence from the contract review process and conscientiousness in performing his or her fiduciary duties.

III.    CONCLUSION

For the reasons explained herein, Plaintiffs respectfully request that the Court allow the

Plaintiffs' Motion to Compel the Putnam Trustees to Respond to Subpoenas.

Dated:  December 29, 2006

>Respectfully submitted,
>
>/s/ Meghan E. Walt
>David E. Marder (BBO #552485)
>Marc N. Henschke (BBO #636146)
>Lisa A. Furnald (BBO #631059)
>Jonathan D. Mutch (BBO #634543)
>Meghan E. Walt (BBO #658971)
>Robins, Kaplan, Miller & Ciresi LLP
>800 Boylston Street, 25th Floor
>Boston, MA 02199
>E-mail: mewalt@rkmc.com
>(617) 267-2300
>
>Of Counsel:
>
>Thomas R. Grady (admitted *pro hac vice*)
>Ackerman, Link, & Sartory, P.A.
>222 Lakeview Avenue, Suite 1250, Esperante
>West Palm Beach, FL  33401

## CERTIFICATE OF SERVICE

I, Meghan E. Walt, hereby certify that this document filed through the ECF system on December 29, 2006, will be served electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those non-registered participants.

/s/ Meghan E. Walt
Meghan E. Walt
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
E-mail: mewalt@rkmc.com
(617) 267-2300