**EXHIBIT 1**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE BEACON STREET

BOSTON, MASSACHUSETTS 02108-3194
———
TEL: (617) 573-4800

FAX: (617) 573-4822

www.skadden.com

DIRECT DIAL
(617) 573-4889
EMAIL ADDRESS
DCLANCY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
——
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 15, 2006

**BY E-MAIL AND FIRST CLASS MAIL**

David E. Marder, Esq.
Lisa A. Furnald, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P
800 Boylston St., 25th Floor
Boston, MA 02119

Thomas J. Gallo, Esq.
Robins, Kaplan, Miller & Ciresi L.L.P
2600 One Atlanta Plaza
950 East Paces Ferry Road N.E.
Atlanta, Georgia 30326-1119

Re: <u>Vaughn et al. v. Putnam Investment Management, LLC et al.</u>

Dear David, Lisa and Tom:

Your 37-topic Rule 30(b)(6) deposition notice contains (among others) the below-listed 13 topics. They are vague (<u>e.g.</u>, undefined terms that depend on context like "general ledger") and <u>extremely</u> broad (<u>e.g.</u>, sweeping phrases like "costs, expenses and revenues"), but we think that we could nonetheless prepare witnesses to testify on the core subject matter of these thirteen topics, as we understand them, with <u>reasonable</u> specificity, assuming a January 1, 2002 through June 30, 2005 time limitation.

1.    "The names . . . of all of Defendants' accounting systems." (A portion of your topic 1.)

2.    "The names . . . of all of Defendants' accounting systems used to collect financial documents related to 12b-1 fees, management fees, costs, expenses, and revenues associated with the Funds." (A portion of your topic 2; again, we read "financial documents" to mean "financial information.")

3.    "The queries Defendants can or do perform, using Defendants' accounting systems or other technology, to collect data related to 12b-1 fees, management fees, costs, expenses, and revenues associated with the Funds." (Your topic 3.)

David E. Marder, Esq.
Lisa A. Furnald, Esq.
Thomas J. Gallo, Esq.
May 15, 2006
Page 2

4.  "Litigation response policies, including any response if given notice of a duty to preserve data contained in Defendants' accounting systems." (Your topic 25.)

5.  "The manner in which journals or subledgers and general ledgers for the Funds are constructed from the data input into the accounting systems." (Your topic 26.)

6.  "The manner in which journals or subledgers and general ledgers for Defendants are constructed from the data input into the accounting systems." (Your topic 27.)

7.  "The manner in which revenues, costs and expenses of the Funds are input into the accounting systems." (Your topic 28.)

8.  "The manner in which Defendants' revenues, costs and expenses are allocated across the Funds." (Your topic 31.)

9.  "The manner in which Funds' revenues, costs and expenses contained in journals, subledgers, general ledgers and trial balances are input into the financial statements of the Funds." (Your topic 32.)

10. "The manner in which Defendants' revenues, costs and expenses contained in journals, subledgers, general ledgers and trial balances are consolidated into the financial statements of Defendants." (Your topic 34.)

11. "The manner in which Defendants differentiate between the costs, expenses and revenues attributable to the Funds and the costs, expenses and revenues that are not attributable to the Funds." (Your topic 35.)

12. "The identity, nature and regular content of any periodic financial reports related to Defendants and the Funds, the source of the data in each of the line items contained in such reports, and the manner in which one could obtain a more detailed accounting of each of the line items contained within such reports." (Your topic 36.)

13. "The identity of chief accounting officers, chief financial officers, corporate comptrollers, and/or other officers responsible for supervising accounting for the Funds." (Your topic 37.)

Of the remaining topics in your notice, many are so broad that they are objectionable, in part on the basis that they are not reasonably calculated to lead to the discovery of relevant evidence, and in part because of the associated burden of preparing a Rule 30(b)(6)

David E. Marder, Esq.
Lisa A. Furnald, Esq.
Thomas J. Gallo, Esq.
May 15, 2006
Page 3

witness. (These problems are compounded by your notice's apparent demand that, as to nearly all requests, we prepare a 30(b)(6) witness to testify as to an unlimited time period.)[1]

      The notice also contains a variety of other topics which are so vague that we cannot reasonably prepare a 30(b)(6) witness on them.[2]

      The remaining topics involve an issue that is simply not relevant, and/or that is so tangential that we think it is objectionable for you to demand that we undertake to prepare a 30(b)(6) witness on that topic.[3]

---

[1] Those topics are: topic 5 ("The interrelation between the networks, computers, operating systems, and/or I.T. infrastructures of PIM, PAC, and PRM."); topic 10 ("Past and present operating systems and application software in Defendants' accounting systems, including dates of use."); topic 16 ("Back up and archival disk and tape inventories or schedules for Defendants' accounting systems."); topic 17 ("Back up rotation schedules and archiving procedures, including any backup programs in use at any relevant time for Defendants' accounting systems."); topic 18 ("Electronic records management policies and procedures for Defendants' accounting systems."); topic 24 ("The types of changes to Defendants' accounting systems related to software, hardware, servers, operating systems, network systems, mainframes, password encryptions systems, password protection, I.T. infrastructure, and systems architecture management since receiving notice of this litigation."); and topics 29 and 30 ("The identity and descriptions of the revenues, costs, and expenses contained in the journals, subledgers and general ledgers of" the "Funds" and "Defendants," respectively);

[2] Those topics are: topic 1 and topic 2 to the extent they ask for "the locations" of all of Defendants' "accounting systems"; topic 4 ("The manner in which Defendants' accounting systems collect and analyze data related to 12b-1 fees, management fees, costs, expenses, and revenues associated with the Funds."); topic 8 ("The manner in which all Defendants' networks, computers, operating systems, and/or I.T. infrastructure used for brokerage services transmit information related to 12b-1 fees, management fees, costs, expenses, and revenues associated with the Funds to Defendants' accounting systems."); topic 11 ("Types, name, details and version of network operating systems in Defendants' accounting systems currently in use and no longer in use but relevant to the subject matter of the action"; the term "relevant to the subject matter of the action" is subjective); topic 14 ("File-naming and location-saving conventions in Defendants' accounting systems."); topic 15 ("Locations, nature, and content of electronic financial records relevant to the subject matter of the action, including, but not limited to, electronic versions of subledgers, general ledger, consolidated reports, and similar documents"; again, the term "relevant to the subject matter of the action" is subjective); topic 33 ("The manner in which Defendants' revenues, costs and expenses contained in journals, subledgers, general ledgers and trial balances are input or allocated into the financial statements of Defendants for each of the Funds"; we do not know what you mean by "the financial statements of Defendants for each of the Funds," particularly given that you appear to see those statements as distinct from the "financial statements of the Funds" referenced in Topic 32.)

[3] Those topics are: the second sentence of topic 1 ("Additionally, the names of the persons or entities responsible for creating and/or inventing [Defendants'] accounting systems"); topic 6 ("The interrelation between the accounting systems of PIM, PAC, and PRM, and the manner in which financial data related to 12b-1 fees, management fees, costs, expenses, and revenues associated with the Funds is exchanged between the accounting systems of these entities"); topic 7 ("The manner in which Defendants' networks, computers, operating systems, and/or I.T. infrastructure for Defendants accounting systems are linked to the networks, computers, operating systems, and/or I.T. infrastructure of third parties conducting business on behalf of Defendants"); topic 9 ("The manner in which Defendants' accounting systems transmit data related to 12b-1

David E. Marder, Esq.
Lisa A. Furnald, Esq.
Thomas J. Gallo, Esq.
May 15, 2006
Page 4

Please tell us if you will agree to proceed on the basis of the thirteen topics listed on pages 1-3 of this letter.

We can then discuss the date or dates for the 30(b)(6) deposition. (May 23 does not work, and in any event, for the sake of efficiency, we would like to resolve issues concerning the scope of the deposition before we undertake to prepare multiple witnesses.)

Very truly yours,

David S. Clancy

cc:       J. Carroll
          S. Lashway

_____

fees, management fees, costs, expenses, and revenues associated with the Funds to third parties, the identity of those third parties, and Defendants' purpose for transmitting such information to the third parties"); topic 12 ("Types, names, details and version of mainframes currently and/or in the past used by Defendants' accounting systems."); topic 13 ("Identity, name, title, and position of those with home computers that are used for conducting Defendants' accounting."); topic 19 ("Corporate policies regarding employee use of Defendants' accounting systems."); topic 20 ("Identities of all current and former personnel who have and/or had access to network administration, backup, archiving, or other system operations for Defendants' accounting systems during any relevant time period."); topic 21 ("Password protection and encryption policies for Defendants' accounting systems."); topic 22 ("Data compression systems used by Defendants' accounting systems."); and topic 23 ("Defendants' policies concerning the offsite use of electronic data by its employees, agents or consultants, and contractors, including policies related to telecommuting and laptop usage for Defendants' accounting systems.")