**EXHIBIT 4**

**ROBINS, KAPLAN, MILLER & CIRESI** L.L.P.

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300  FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

DEC 2 8 2006     David E. Marder

December 22, 2006

*Via E-Mail and US Mail*

David S. Clancy, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194

Re:  *Steven G. Wicks et al. v. Putnam Investment Management, LLC et al.*
USDC Eastern District of Massachusetts C.A. No. 1:04-CV-10988 (GAO)

Dear David:

I write in response to your letter of December 18, 2006 and to follow up on our telephone conversation of today.

As we discussed, I would appreciate it if you would respond to our proposal regarding the non-discoverability of drafts of expert reports and communications between counsel and experts.

As we also discussed, we would like to avoid the expense of taking depositions and/or serving requests to admit to establish issues over which there should be no dispute. Accordingly, we would like to stipulate that the documents produced by you that were authored by Putnam employees: 1) are authentic within the meaning of Fed. R. Evid. 901; and 2) were prepared by individuals acting within the scope of their employment while at Putnam under Fed. R. Evid. 801(d)(2). We would also like to stipulate that the Putnam-generated financial reports included in the black books and elsewhere, as well as the supporting spreadsheets, constitute records of regularly conducted business activity under Fed. R. Evid. 803(6). Please let me know if you will agree to such stipulations.

In response to your letter, I understand that you will provide me with dates for Ms. Whiston, Mr. Quinn, Mr. Block and Mr. Fishman shortly.

In response to your inquiry about Mr. Horowitz, we do intend to ask him about his service in the office of the trustees.

You have agreed to make the five individuals set forth above available for depositions without the need for a subpoena.

As to Mr. Leveille and Mr. Ruys de Perez, you agreed to accept service of subpoenas on their behalf. By accepting such service, you do not agree to the appropriateness of the depositions themselves and preserve the right to object to them. For the time being, we can hold off on further discussions regarding Mr. Leveille's deposition. We are exploring other options

BN1 35036497.1

David S. Clancy, Esq.
December 22, 2006
Page 2

for obtaining the pertinent information. As to Mr. Ruys de Perez, we do request that the deposition go forward. We do not intend to ask him to divulge any attorney-client privileged material. However, as Chief of Compliance, he is knowledgeable about every facet of Putnam's business and can testify about a host of issues that are relevant to the litigation.

As we discussed on the phone, we ask that you reconsider your refusal to agree to increase the deposition limit by five depositions. If you do not do so, we will be forced to file a motion with the Court. As we discussed, we cannot identify with precision the additional witnesses at this time, because it will depend upon the information obtained at the depositions to be held in January. Possible candidates include additional third parties, including but not limited to Lipper and additional Trustees, and additional Putnam employees, such as portfolio managers and others.

Finally, I recall that you have objected to responding to our interrogatory asking you to identify the source of all the documents produced by Putnam, but would endeavor to respond if requested about a particular document. Please provide us with the name of the author/custodian of the documents found at the following bates ranges: 0069551-565; 0069569-577; 0151859-882.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

David E. Marder

DEM/lhd

BN1 35036497.1