# EXHIBIT 6

800 BOYLSTON STREET
25TH FLOOR
BOSTON, MA 02199
TEL: 617-267-2300 FAX: 617-267-8288
www.rkmc.com

ATTORNEYS AT LAW

**David E. Marder**

January 18, 2007

*Via Fax and US Mail*

David S. Clancy, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108-3194

Re:   *John J. Vaughn et al. v. Putnam Investment Management, LLC et al.*
      **USDC Eastern District of Massachusetts C.A. No. 1:06-CV-11438 (GAO)**

Dear Mr. Clancy:

I write to respond to your letter of January 16, 2007 and other deposition scheduling issues.

During the deposition of Mr. Quinn on the 26th, we intend to inquire about the representations made in the recent Boon Affidavit concerning the reports included in Tab 50 of the Black Books and the underlying materials. We expect that Mr. Quinn will be able to answer many, if not all, of the questions. However, as discussed in my prior correspondence, we may have to take a Rule 30(b)(6) deposition concerning the Boon Affidavit should Mr. Quinn not be knowledgeable about the specifics of the manner in which Tab 50 is prepared. The subjects to be addressed in that deposition would be: (1) methodologies that could be employed to compare expenses for mutual fund and institutional investment management; (2) methodologies that could be employed to determine the portion of the revenues set forth in Tab 50 that relate to services performed under investment management agreements and those that relate to services performed under other agreements and the nature of such services; (3) methodologies that could be employed to determine the portion of the expenses listed under the Institutional column in Tab 50 that were incurred for services performed under investment managements agreements and those that were incurred for services performed under other agreements on a cost center by cost center basis and the nature of such services; and (4) methodologies that could be employed to determine the amount of assets being managed under investment management agreements for institutional clients. As stated in my prior correspondence, please investigate the proper designee and the availability of that witness, so that we may take this deposition expeditiously after the deposition of Mr. Quinn should he be unable to answer these questions.

As to Ms. Whiston, you proposed that we depose her on February 13 or February 16. February 13 is preferable. I have enclosed a deposition notice. I understand that you have agreed to make Ms. Whiston available on that date without the need for a subpoena. Please let me know if this understanding is incorrect.

BN1 35037018.1

ATLANTA · BOSTON · LOS ANGELES · MINNEAPOLIS · NAPLES · SAINT PAUL · WASHINGTON, D.C.

David S. Clancy, Esq.
January 18, 2007
Page 2

    I have prepared a Rule 30(b)(6) Deposition Notice and Subpoena relating to the institutional topics described in your letter of January 16, 2007. They are enclosed. Please let me know whether you will accept service of the subpoena immediately. Otherwise, we will serve the subpoena on PAC via a process server. In your prior correspondence, you stated that you will object to the categories. However, it is unclear to me whether you will move for a protective order or simply refuse to appear. Please let me know you response to the subpoena as soon as possible, so that we may obtain appropriate relief. As we discussed earlier, we may be able to avoid the deposition should Ms. Whiston be knowledgeable about the topics in the notice.

                          Sincerely,

                          ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                          David E. Marder

DEM/lhd

BN1 35037018.1