UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN J. VAUGHN, GERALD A.
KALBFLEISCH, MICHAEL HATHAWAY  :
and MYRTLE HATHAWAY
                                                        :

    Plaintiffs,

                                                      :      Civil Action
  v.                                                    No. 04-10988-GAO
                                                      :

PUTNAM INVESTMENT MANAGEMENT,
LLC and PUTNAM RETAIL                :
MANAGEMENT LIMITED PARTNERSHIP

                                                      :

    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' ASSENTED-TO MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO TAKE ADDITIONAL DEPOSITIONS**

        Pursuant to Local Rule 7.1(B)(3), Defendants Putnam Investment Management, LLC and Putnam Retail Management Limited Partnership ("Defendants") respectfully move this Court for leave to submit a surreply memorandum in further opposition to Plaintiffs' Motion to Enlarge Deposition Limit (filed on January 12, 2007, Docket No. 106). As grounds for this motion, Defendants state:

        1.      The proposed surreply memorandum addresses an important issue that Defendants could not have previously addressed. In response to Defendants' argument that Plaintiffs' motion fails to comply with L.R. 26.1(B),[1] Plaintiffs' February 8, 2007 reply represents that "each plaintiff . . . has consented to the filing of the Motion . . . by completing a

---

[1] As the Court is aware, L.R. 26.2(B) requires that "[a]ll requests for additional discovery events, extensions of deadlines, for the completion of discovery or for postponement of the trial must be signed by the attorney <u>and the party making the request</u>." (emphasis added.)

2

certification." However, Defendants discovered during the February 12 and 13 depositions of the plaintiffs that the generic, undated "certifications" were signed as long ago as 200<u>5</u>, not in connection with the motion at issue -- and plaintiffs are ignorant of what the certifications mean, and of the motion at issue.

   2. The proposed surreply memorandum quotes the relevant portion of Plaintiffs' reply, and summarizes and attaches the relevant excerpts of Plaintiffs' depositions.

   3. The proposed surreply memorandum is attached hereto as Exhibit A.

   WHEREFORE, Defendants respectfully request that this Court grant Defendants leave to submit the surreply memorandum in further opposition to Plaintiffs' Motion to Enlarge Deposition Limit.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel hereby certifies that counsel for Defendants has conferred with counsel for Plaintiffs who have assented to the requested relief.

Dated: February 16, 2007          Respectfully submitted,
      Boston, Massachusetts

          /s/ James R. Carroll
          James R. Carroll (BBO #554426)
          Peter J. Simshauser (BBO #665153)
          David S. Clancy (BBO #636031)
          SKADDEN, ARPS, SLATE,
           MEAGHER & FLOM LLP
          One Beacon Street
          Boston, Massachusetts  02108
          (617) 573-4800
          jcarroll@skadden.com
          psimshau@skadden.com
          dclancy@skadden.com

          Counsel for Defendants Putnam
          Investment Management, LLC and
          Putnam Retail Management Limited Partnership

## Certificate Of Service

I, David S. Clancy, hereby certify that on February 16, 2007, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 16, 2007          /s/David S. Clancy
          David S. Clancy