IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| JOHN J. VAUGHN, GERALD A. KALBFLEISCH, and MICHAEL AND MYRTLE HATHAWAY,<br><br>    Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP,<br><br>    Defendants. | Civil Action No. 1:04-CV-10988 (GAO) |

## STATUS REPORT ON DISCOVERY DISPUTES

In preparation for the hearing before this Court on February 21, 2007 concerning the outstanding discovery motions, Plaintiffs hereby submit the following status report to identify the portions of the motions that remain in dispute among the parties.

**I.      REVISED MOTION TO COMPEL FILED SEPTEMBER 11, 2006**

Plaintiffs filed a revised memorandum in support of their original motion to compel on September 11, 2006.  In order to streamline discovery and allow this case to proceed to the next phase as soon as possible, plaintiffs now limit the outstanding issues identified in that memorandum to a single issue.  Specifically, plaintiffs continue to seek documents responsive to Request No. 112, which seeks documents relating to government investigations of Putnam concerning excessive fees.  This issue was fully addressed in the Plaintiffs' Revised Memorandum dated September 11, 2006, at p. 6-7.

BN1 35037696.1

## II. MOTION TO EXCEED 20 DEPOSITION LIMIT FILED JANUARY 12, 2007

This motion has been resolved. Based upon the discovery provided to date, plaintiffs have been able to limit their depositions to the twenty allowed by the Court.

Although not relevant, Plaintiffs also respond to the statements made in Defendants' Surreply in Opposition to Plaintiff's Motion for Leave to Take Additional Depositions. Defendants contend that counsel's statement that the plaintiffs consented to the filing of the Motion for Leave to Take Additional Depositions by executing Rule 26.2(B) certifications was somehow inaccurate. This statement was <u>precisely</u> accurate. Early in this litigation, plaintiffs' counsel had discussions with the plaintiffs about the limits set forth in the Federal Rules concerning the amount of discovery that could be taken and the filing that would have to be made to the Court should there be a dispute with the defendants about whether those limits should be exceeded. Mutch Affidavit (Exhibit A hereto), paragraph 2. The plaintiffs consented to the filing of any request to expand the discovery limits and signed Rule 26.2(B) certifications agreeing to "<u>any</u> effort" by Plaintiff's counsel to expand the discovery limits. The <u>precise</u> situation discussed with the plaintiffs came to pass, plaintiffs' counsel filed a motion requesting to expand the discovery limits, and plaintiffs' counsel filed the executed certifications with the Court.[1] The defendants' Surreply is nothing more than an attempt to find some wrongdoing where there is none.

---

[1] The plaintiffs are not sophisticated litigants and are not familiar with the intricacies of the Federal Rules of Civil Procedure. Plaintiffs' counsel has communicated with the plaintiffs periodically and updated them on the status of the litigation and discovery. (Mutch Affidavit, paragraph 3). The defendants place an inordinate amount of focus on whether the plaintiffs are able to remember these conversations and understand litigation strategy. These considerations are simply irrelevant.

**III. MOTION TO COMPEL DEPOSITIONS OF TRUSTEES FILED DECEMBER 1, 2006**

In order to avoid exceeding the twenty deposition limit, plaintiffs now limit their request to two of the four trustees identified in the original motion. These are Myra Drucker and Charles Curtis.[2]

**IV. MOTION TO COMPEL INSTITUTIONAL DOCUMENTS FILED DECEMBER 8, 2006**

To further streamline discovery, plaintiffs now limit their requests to the following categories identified in the memorandum filed December 8, 2006: 1, 6, 7, 8, 9, 10, 17, 19.[3] As to the years 20001-2004, plaintiffs continue to assert that these categories should be produced for the 32 clients identified for the defendants. For the years 2005-2006, plaintiffs continue to assert that these categories should be produced as to all clients, except for those that do not invest in equities or only invest in international equities. The Plaintiffs also continue to assert that documents produced to date, and all future documents relating to these categories, should be produced without redacting client-specific information.

---

[2] Since the filing of the motion to compel, plaintiffs have noticed the deposition of Charles Haldeman, who is the President and CEO of Putnam Investments. He is also a member of the Board of Trustees, but is not encompassed by the present motion because he was separately noticed, is not represented by the same counsel as the other Trustees, and has not yet objected to appearing.

[3] Although the plaintiffs no longer seek all documents relating to Category No. 2, they continue to seek any outside consultant reports that include financial analysis concerning the institutional business or statements concerning the provision of services to the institutional clients.

        Respectfully submitted,

        VAUGHN, KALBLEISCH, and HATHAWAY

        By their attorneys,

        /s/ David Marder
        David E. Marder (BBO #552485)
        Marc N. Henschke (BBO #636146)
        Lisa A. Furnald (BBO #631059)
        Jonathan D. Mutch (BBO #634543)
        Meghan E. Walt (BBO #658971)
        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
        800 Boylston Street, 25th Floor
        Boston, MA 02199
        Tel. (617) 267-2300


        Thomas R. Grady (admitted *pro hac vice*)
        Scott J. Link (admitted *pro hac vice*)
        Ackerman, Link, & Sartory, P.A.
        720 Fifth Avenue, Suite 200
        Naples, FL  34102
        Tel. (561) 838-4100

Dated:   February 20, 2007


## CERTIFICATE OF SERVICE

    I, David E. Marder, hereby certify that on February 20, 2007, a true copy of Plaintiffs Status Report on Discovery Disputes was served electronically through the ECF System.


        /s/ David E. Marder
        David E. Marder

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| JOHN J. VAUGHN,  )<br>GERALD A. KALBFLEISCH, and  )<br>MICHAEL AND MYRTLE HATHAWAY,  )<br>  )<br>   Plaintiffs,  )<br>v.  )<br>  )   Civil Action No. 1:04-CV-10988 (GAO)<br>  )<br>PUTNAM INVESTMENT  )<br>MANAGEMENT, LLC and  )<br>PUTNAM RETAIL MANAGEMENT  )<br>LIMITED PARTNERSHIP,  )<br>  )<br>   Defendants.  )| |

**DECLARATION OF JONATHAN D. MUTCH**

1. My name is Jonathan D. Mutch. I am an associate at the law firm of Robins, Kaplan, Miller & Ciresi L.L.P., counsel for the Plaintiffs in this action.

2. In June of 2005, I had discussions with the plaintiffs about the limits set forth in the Federal Rules concerning the amount of discovery that could be taken and the filing that would have to be made to the Court should there be a dispute with the defendants about whether those limits should be exceeded. The plaintiffs consented to the filing of any request to expand the discovery limits and signed Rule 26.2(B) certifications agreeing to "<u>any</u> efforts" by Plaintiff's counsel to expand the discovery limits.

- 6 -

3.    I have communicated with the plaintiffs periodically and updated them about the status of the litigation and discovery.

Signed under the pains and penalties of perjury this 20th day of February, 2007.

<u>/s/ Jonathan D. Mutch</u>
Jonathan D. Mutch