# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN G. WICKS; GERALD A. KALBFLEISCH; MICHAEL HATHAWAY; and MYRTLE HATHAWAY<br><br>Plaintiffs,<br><br>v.<br><br>PUTNAM INVESTMENT MANAGEMENT, LLC; and PUTNAM RETAIL MANAGEMENT, LLP<br><br>Defendants. | Civil Action No: 04-CV-10988 (GAO) |

## INITIAL DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs Steven G. Wicks, Gerald A. Kalbfleisch, and Michael and Myrtle Hathaway hereby make their initial disclosure:

**I.   QUALIFICATIONS**

1. This Initial Disclosure Statement is made based upon the information presently known to Plaintiffs and is provided without prejudice to producing during discovery or at trial information or documents that may be: (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been inadvertently omitted from these disclosures.

2. Plaintiffs hereby expressly reserve the right at any time to revise and/or supplement this Initial Disclosure Statement and the information provided through discovery responses, deposition testimony, or expert opinions and testimony, if necessary.

Word 35023705.1

3. Plaintiffs hereby expressly reserve all objections to the use for any purpose of this Initial Disclosure Statement or any of the information and documents referenced herein in this case or any other case or proceeding.

4. By referring to or producing documents in the initial disclosure process, Plaintiffs make no representations or concessions regarding the relevancy or appropriateness of any particular document(s) or types of document(s).

II. INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

The remainder of this document sets out plaintiffs' disclosures as required by Federal Rule of Civil Procedure 26(a)(1), subject to the Qualifications set out in Part I above, and the further limitations set forth within.

(A) **The name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiffs may use to support their claims, unless solely for impeachment, identifying the subjects of the information;**

Each of the plaintiffs identified below have knowledge concerning their ownership of shares in certain Putnam mutual funds that are the subject of this litigation, as identified in the Amended Complaint. Each of these individuals can be reached through the offices of Robins, Kaplan, Miller & Ciresi L.L.P. at (617) 267-2300.

1) Steven G. Wicks
   30 Bernard Lane
   Belleville, IL 62221

2) Gerald A. Kalbfleisch
   2615 East Main
   Belleville, IL 62221

3) Michael and Myrtle Hathaway
   5350 Smith Road
   Ellis Grove, IL 62241

The Plaintiffs also identify the Board of Trustees of each Putnam mutual fund that is at issue in the litigation (herein the "Funds"). Based on information currently available to the plaintiffs, this includes the following individuals:

2

Word 35023705.1

      Jameson Adkins Baxter
      Charles B. Curtis
      Myra R Drucker
      Charles E. Haldeman, Jr.
      John A. Hill
      Ronald J. Jackson
      Paul L. Joskow
      Elizabeth T. Kennan
      John H. Mullin, III
      Robert E. Patterson
      George Putnam, III
      W. Thomas Stephens
      Richard B. Worley

Plaintiffs reserve the right to modify this list to include any past members of the Board of Trustees, or any future Trustees that may be added. The address and telephone numbers of the Trustees are not known at this time. The Trustees are believed to have knowledge of the Funds' fees and expenses, the Funds' selection of an investment manager, the management contract and other contracts for services entered into by the Funds, services provided by Defendants to the Funds, and other matters central to this litigation.

In addition to the persons identified above, there are numerous individuals employed and formerly employed by, retained by, affiliated with, or otherwise connected to each of the Defendants and the Funds managed and/or serviced by the Defendants who may have knowledge that supports the Plaintiffs' claims, the specific nature and identity of which is not yet known to Plaintiffs. The identity of these individuals will be determined during discovery.

**(B)**     **a description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of Plaintiffs and that Plaintiffs may use to support their claims, unless solely for impeachment.**

At this time, Plaintiffs believe that the following categories of documents and things which are in the possession of Plaintiffs may be used to support their claims.

    1) Account statements,
    2) correspondence with broker/dealers; and
    3) Periodic reports issued by the Funds.

Any documents in these categories in the possession of the Plaintiffs are located at the address for each Plaintiff set out in Part (A), above.

3

Word 35023705.1

(C)   a computation of any category of damages claimed by Plaintiffs, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injures suffered; and

Plaintiffs' action seeks to recover from the Defendants relief that includes the amount of payments received from each of the Funds by the Defendants for the period of time that dates back to at least one year prior to the date of filing of the Complaint (May 17, 2003) through the date of judgment. As these damages continue to accrue as of the present date, the actual amount of such damages cannot be calculated at this time.

Documents or other evidentiary material concerning the amount of damages is in the possession of the Defendants and other Putnam entities, including without limitation the annual reports issued for each of the Funds which show the total amount of fees received by Defendants from each of the Funds, as well as the detailed financial documents that underlie the financial statements contained in those reports.

(D)   for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Dated: May 25, 2005

> Respectfully submitted,
>
> STEVEN G. WICKS
> GERALD A. KALBFLEISCH
> MICHAEL and MYRTLE HATHAWAY
>
> By their counsel,
>
> _____
> David E. Marder (BBO #552485)
> Marc N. Henschke (BBO #636146)
> Jonathan D. Mutch (BBO # 634543)
> ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
> 800 Boylston Street, 25th Floor
> Boston, MA 02199
> (617) 267-2300

4

Thomas J. Gallo (admitted pro hac vice)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2600 One Atlanta Plaza
950 E. Paces Ferry Rd., N.E.
Atlanta, GA 30326-1119
(404) 760-4300


Thomas R. Grady (admitted pro hac vice)
ACKERMAN, LINK & SARTORY, P.A.
222 Lakeview Avenue, Suite 1250, Esperante
West Palm Beach, FL 33401