UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

JOHN J. VAUGHN,
GERALD A. KALBFLEISCH, and
MICHAEL AND MYRTLE HATHAWAY,

Plaintiffs,

v.

PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP,

Defendants.

No: 1:04-CV-10988

**PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION TO THE MOTION FOR A PROTECTIVE ORDER AS TO THE DEPOSITION OF TRUSTEE CHARLES HALDEMAN**

Plaintiffs respectfully submit this Surreply in opposition to the Motion for Protective Order as to the Deposition of Trustee Charles Haldeman.

## I. THE PARTIES AGREE THAT HALDEMAN HAS RELEVANT TESTIMONY AND SHOULD APPEAR FOR DEPOSITION

After reviewing Defendants' and Haldeman's Reply Memorandum, it is clear that despite much rhetoric to the contrary, the parties agree on the following:

1. Haldeman should appear for deposition (see Reply, D.E. #126[1], at 1-2 where Defendants strenuously deny that they are seeking to bar Haldeman's deposition altogether);

2. Haldeman's testimony is relevant (in part) because he is one of only twelve witnesses that Defendants themselves identified as a "key individual" (see D.E. #71 at 11, 12);

[1] "D.E. #___" refers to this Court's docket entry numbers.

3. Although ignored entirely in their initial Motion for Protective Order, Defendants now acknowledge that Haldeman is a Trustee and fiduciary to the Funds at issue in this case (see Reply, D.E. #126, at 4), and is the **only** interested Trustee whose testimony Plaintiffs seek;[2]

4. As also omitted in the initial Motion, but now acknowledged in Defendants' Reply, Haldeman was the co-head of investments since 2002 (see id. at 3);[3]

5. The Plaintiffs in this action were allowed by this Court to take twenty depositions (they had previously sought 40); and,

6. Plaintiffs have taken 17 depositions and 3 remain, one of which they have reserved for Mr. Haldeman.[4]

In sum, then, the parties agree that Haldeman is a Fund Trustee and the head of Investments (or at least he continues to have these investment responsibilities), and as such is one of only a dozen witnesses identified by Defendants as a "key individual." Accordingly, the parties apparently agree that Plaintiffs may take Haldeman's deposition as one of the 20 depositions allowed them by this Court. The only remaining dispute is whether Plaintiffs may take Haldeman's deposition as any other witness or whether they must do so under restrictions not required by the Rules of Civil Procedure, not ordered by this Court, and to which neither

---

[2] Putnam understates Haldeman's influence in the fee review process. For instance, Haldeman attends the presentation by the Contract Committee to the full board concerning whether the management contracts should be approved.

[3] Defendants and Haldeman unjustifiably scold Plaintiffs for failing "to note that Mr. Haldeman held this position [as co-head of investments] only from October 2002 until November 2003, . . . ." Reply, D.E. #126, at 3. However, Defendants' assertion is contradicted by a November 3, 2003 attachment to the form 8-K filed with the Securities Exchange Commission (by Defendants' parent corporation) which states: "Charles E. "Ed" Haldeman, senior managing director and co-head of Investments at Putnam, has been named President and Chief Executive Officer. He will continue in his investment responsibilities." (emphasis added) (a copy of the 8-K announcement is attached as exhibit A).

[4] Putnam's point about Robins Kaplan's representation of independent trustees in *Gallus v. Am. Express Fin. Corp., et al.*, Civ. No. 04-4498 (DWF-SRN) (D. Minn.) is entirely unavailing. (Reply, D.E. #126, at 2 n.3). As the plaintiffs explained in the Reply Memorandum in Support of Plaintiffs' Motion to Compel Putnam Trustees to Respond to Subpoenas, filed on December 29, 2006, the *Gallus* Court questioned the veracity of the plaintiffs' claims and therefore concluded that discovery should be limited.

Plaintiffs nor Defendants have been subjected in the depositions of any other witnesses in this case.

## II. DEFENDANTS AND HALDEMAN HAVE NOT CARRIED THEIR BURDEN IN JUSTIFYING ENTRY OF THE REQUEST FOR PROTECTIVE ORDER

In contrast to the areas of agreement, there are only two areas of disagreement:

1. Whether Haldeman is entitled to restrict discovery because he is the CEO of a large corporation, or whether, in the context of the way Massachusetts business trusts really work, Haldeman as a Trustee to all Putnam Funds and a fiduciary to all shareholders (including the Plaintiffs) should appear for deposition as any witness; and

2. The interest of the named Plaintiffs in this litigation and the sophistication or knowledge they are required to possess in order to prosecute a section 36(b) claim.

As demonstrated below, Defendants and Haldeman have failed to carry their heavy burden to demonstrate good cause for entry of a protective order. See Fed. R. Civ. Proc. 26(c) (requiring movant seeking entry of a protective order to show good cause). See also Prozina Shipping Co. Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) ("The moving party has a heavy burden of showing extraordinary circumstances based on specific facts that would justify such an order."). Despite Defendants' repeated claims to the contrary, it is the Defendants, and not Plaintiffs, who must meet the burden of persuading this Court to give special treatment to Trustee Haldeman. Defendants and Haldeman have failed to meet their burden.

### A. Defendants And Haldeman Have Not Demonstrated Good Cause For Entry Of The Protective Order That Would Override Haldeman's Duty As A Fund Trustee

First, considering Mr. Haldeman in the context of CEO rather than as Trustee and head of investments with ongoing investment responsibilities[5] (as Defendants urge), is simply mistaken. Massachusetts law makes clear that Trustees (including Haldeman) owe duties to trusts and the beneficiaries of those trusts (in this case the Putnam Funds and their shareholders, including the Plaintiffs) and, regardless of whether or not Mr. Haldeman is President of Putnam or President of the United States, he cannot escape that responsibility nor can he escape discovery in that regard. See, e.g., Spinner v. Nutt, 417 Mass. 549, 552 (1994)("A trustee must exercise good faith and act solely in the interests of the beneficiaries in administering the trust and must lay aside self-interest . . . . There can be no divided loyalty.").[6]

Moreover, Defendants and Haldeman make clear in their Reply that the real reason they are taking up the Court's time and resources with this Motion is to favor Trustee Haldeman with a shorter deposition than allowed by the rules and to obtain a sneak preview of (and active control over) the topics of examination. Tellingly, Defendants and Haldeman oppose disclosure to this Court *in camera*. Reply, D.E. #126, at 6-7. Defendants (and presumably Haldeman) are intimately familiar with the issues in this case and have not offered any reason to favor Trustee Haldeman while prejudicing the Plaintiffs.

**B. Defendants' And Haldeman's Unwarranted Attacks On Plaintiffs Are Incorrect And Irrelevant And Do Nothing To Carry Defendants' Burden Of Establishing Good Cause For Entry Of The Protective Order**

As this Court heard recently at oral argument, the Plaintiffs admittedly are not sophisticated financial experts or legal scholars. To the contrary, they are precisely the class of persons Congress intended to protect by legislation such as the Investment Company Act of

[5] See note 3, above.

[6] Plaintiffs have not found, and Defendants and Haldeman have not cited, any case in which the deposition of a fund trustee, owing strict fiduciary duties to shareholders, was prohibited or limited because the trustee also happened to hold an office with the fund advisor.

1940. Defendants continue to attack them personally and, by excerpting a few sentences from their entire depositions, they attempt to make them look bad and, at the same time, attempt to smear Plaintiffs' counsel. In this regard, the Plaintiffs refer the Court to the entire deposition transcripts and note that at trial, this Court will have the opportunity to consider both the direct and cross-examination of Plaintiffs.

In addition, Defendants and Haldeman are walking out too far on a limb when they ask this Court to compare class representative status with plaintiffs in a Section 36(b) case. For some reason Putnam chose to attach an unpublished opinion from another court regarding the appointment of a class representative in class action litigation and argues that it is somehow relevant here. In addition to the argument and authority not being controlling or even persuasive, it is simply off the mark.

In the context of Section 36(b) litigation, unlike class action litigation under Rule 23 (or even the law of derivative suits brought pursuant to Rule 23.1) of the Federal Rules of Civil Procedure, there is no notion of heightened plaintiff adequacy. See Kamen v. Kemper Financial Services, Inc., 908 F. 2d 1338 (7th Cir. 1990), reversed on other grounds, 500 U.S. 90 (1991) (finding that the adequate plaintiff requirement of Rule 23.1 does not apply to claims brought pursuant to section 36(b) of the Investment Company Act). Cf. Daily Income Fund v. Fox, 464 U.S. 523, 542 (1984) (holding that the demand requirement of Rule 23.1 does not apply in Section 36(b) cases). As noted by the Seventh Circuit in Kamen:

> Kamen represents no one other than herself. [Daily Income Fund] establishes that the right at stake is personal; she does not need the approval of the court or other investors to pursue it. Doubtless other investors are interested in the result, yet many suits affect the status of others as a practical matter without triggering a constitutional requirement of "adequate representation."

Kamen, 908 F. 2d at 1348-49.

The only relevant fact pertaining to the Plaintiffs is whether they owned shares of the Funds during the relevant time period. This fact is undisputed. Despite Defendants' innuendo, nothing about Plaintiffs' testimony suggests that Plaintiffs are not satisfactory section 36(b) claimants. Rather, because Defendants do not like the message, they seek to shoot the messengers.

**CONCLUSION**

For the reasons discussed above, and in their Opposition to the Motion for Protective Order (D.E. #125), Plaintiffs respectfully requests that Defendants' and Haldeman's Motion for Protective Order be denied and that Mr. Haldeman, a Trustee of the Funds, be ordered to appear at deposition like any other Putnam Trustee.

Dated: May 21, 2007.

Respectfully Submitted,

JOHN J. VAUGHN, GERALD A. KALBFLEISCH, and MICHAEL HATHAWAY and MYRTLE HATHAWAY,

/s/ David E, Marder

David E. Marder (BBO #552485)
Lisa A. Furnald (BBO #631059)
Jonathan D. Mutch (BBO #634543)
Meghan E. Walt (BBO #658971)
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
(617) 267-2300
demarder@rkmc.com

Thomas R. Grady (admitted *pro hac vice*)
Grady & Associates
720 Fifth Avenue South
Suite 200
Naples, FL 34102

Dana Foster (admitted *pro hac vice*)
Ackerman, Link, & Sartory, P.A.
222 Lakeview Avenue, Suite 1250, Esperante
West Palm Beach, FL 33401

**CERTIFICATE OF SERVICE**

I, David E. Marder, hereby certify that this document filed through the ECF system on May 21, 2007 will be served electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those non-registered participants.

/s/ David E. Marder
David E. Marder
Robins, Kaplan, Miller & Ciresi LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
E-mail: demarder@rkmc.com
(617) 267-2300