UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10988-GAO

JOHN J. VAUGHN, GERALD A. KALBFLEISCH,
MICHAEL HATHAWAY and MYRTLE HATHAWAY
Plaintiffs,

v.

PUTNAM INVESTMENT MANAGEMENT, LLC and
PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP
Defendants

ORDER
June 8, 2007

O'TOOLE, D.J.

Through the instant motion, the plaintiffs move to compel the defendants to produce certain documents related to the defendants' institutional clients. Initially, the plaintiffs sought nineteen categories of documents for thirty-two institutional clients for the period of 2001 to 2004 and the same nineteen categories of documents for all institutional clients for the period of 2005 to 2006.

With respect to 2005 and 2006, the plaintiffs contend that they cannot narrow their request to particular institutional clients because the defendants have not produced a summary spreadsheet as they did for 2001 to 2004.[1] Based on this Court's interpretation of the statutory damages period as stated in its February 22, 2007 Order (dkt. no. 121), the defendants are ordered to produce similar

---

[1] For the earlier time period, the plaintiffs selected the thirty-two specific institutional clients based on key similarities between those institutional clients and the five funds at issue in this case identified through a review of a spreadsheet, supplied by the defendants, summarizing key characteristics of all institutional clients.

summary spreadsheets for 2005 to 2006. Upon review of those spreadsheets, the plaintiffs may request further discovery in line with the parameters set forth in this order for particular institutional clients for 2005 to 2006.

With respect to the 2001 to 2004 time period, the parties have considerably narrowed the disputed categories in the course of briefing and preparation for the hearing.[2] Of the original nineteen categories of documents sought, the plaintiffs currently seek only seven categories[3] of documents with respect to the thirty-two institutional clients. Adhering to the same categorization of documents as used by the plaintiffs within their December 8, 2006 memorandum, the defendants are ordered to produce the following:

Category 1

All documents analyzing or explaining the fee schedules and/or breakpoints, including drafts thereof, with respect to any of the institutional clients.

Category 6

All marketing materials from 2002-present for institutional clients' accounts.

Category 7

The Court finds that the documents related to the "negotiation" of fees for institutional clients is a species of the broader "communications" between the institutional clients and the defendants regarding fees identified in Category 8. To the extent that this category is

---

[2] See Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents Concerning Putnam's Institutional Clients (dkt. no. 112) and Status Report on Discovery Disputes (dkt. no. 119).

[3] Although the plaintiffs' Status Report includes Category 9 as a disputed category, the plaintiffs' Reply Memorandum states that the plaintiffs have voluntarily withdrawn this request. Therefore, this Order does not include Category 9.

duplicative of Category 8, the defendants are only required to produce the documents identified in Category 8. To the extent that this category may target documents beyond the fee negotiations between the defendants and their institutional clients, the Court finds those documents to be outside the bounds of reasonable discovery and therefore the defendants are not required to produce them.

Category 8

All communications to or from any of the institutional clients concerning fees charged under contracts in effect from January 1, 2002 to the present, and all internal documents that identify, discuss, or otherwise address such communications.

Category 10

All documents discussing or explaining the disparity between fees charged to any of the Funds and those charged to any of the institutional clients.

Category 17

Documents sufficient to determine the portfolio holdings for any of the institutional clients on January 31, February 28, April 30, May 31, July 31, August 31, October 31, and November 30.

Category 19

The balance of the 80 requested contracts, in effect during the period January 1, 2002 to the present for any of the institutional clients.

Finally, with respect to all documents produced in all categories, the defendants are not required to disclose client-identifying information.

It is SO ORDERED.

   June 8, 2007                                           /s/ George A. O'Toole, Jr.
DATE                                                         DISTRICT JUDGE