UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN J. VAUGHN, GERALD A. KALBFLEISCH, MICHAEL HATHAWAY and MYRTLE HATHAWAY :

    Plaintiffs,

    v. : Civil Action No. 04-10988-GAO

PUTNAM INVESTMENT MANAGEMENT, LLC and PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP :

    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION

John J. Vaughn, Gerald A. Kalbfleisch, Michael Hathaway and Myrtle Hathaway (collectively "Plaintiffs"), on the one hand, and Putnam Investment Management, LLC and Putnam Retail Management Limited Partnership (collectively "Defendants"), on the other hand, hereby stipulate and agree to the matters set forth in numbered paragraphs 1-5 herein, solely for purposes of resolving certain matters of case-management in this case, as well as Civil Action No. 06-11438, which has been consolidated with the case (the two cases will collectively be referred to herein as this "Litigation"). In this Litigation or any other Section 36(b) case, this stipulation should not be read to reflect either side's views, or to constitute an admission or concession by one or both parties, concerning the relevant time period in Section 36(b) actions. Further, this stipulation shall not in any way affect Defendants' right to appeal the Court's February 22, 2007 Order that a 36(b) plaintiff may seek fees paid after commencement of his

lawsuit; Defendants proceed under that Order, but continue to respectfully disagree with it. Wholly subject to the foregoing qualifications, the parties stipulate as follows:

1. Absent mutual agreement by the parties otherwise between now and judgment:

    a. The fees that Plaintiffs challenge in this Litigation, and the fees which will henceforth be the subject matter of this Litigation, are those collected by Defendants from the five funds at issue during the time period from May 18, 2003 (one year prior to the filing of the original complaint on May 17, 2004) to December 31, 2006;[1] and

    b. Neither side will ever argue that this Litigation involves fees collected by Defendants subsequent to December 31, 2006.

2. If before resolution of this action, any new 36(b) action is filed covering the time period subsequent to December 31, 2006, the parties would jointly ask the Court to stay that action pending resolution of this Litigation (but Defendants do not hereby waive any defense to any such action). The parties agree that any such action shall be encompassed within the term "Litigation" in the Stipulation and Order for the Protection and Exchange of Confidential and Highly Confidential Information ("Protective Order"). The parties further agree that, notwithstanding the Protective Order, Plaintiffs may use information that was designated under the Protective Order when preparing the Complaint for the new 36(b) action as follows:

    a. Plaintiffs may use such information when deciding which assertions not to include in the Complaint;

    b. Plaintiffs may change any allegations in the Complaint by adding the words "complet(ly)," "partial(ly)," and "proper(ly);" and

---

[1] For purposes of this stipulation, fees collected after December 31, 2006 shall be considered collected before December 31, 2006 if they were paid in exchange for services rendered before December 31, 2006. For these purposes, Plaintiffs maintain the burden of proving that fees collected after December 31, 2006 were paid in exchange for services rendered before December 31, 2006.

    c.  Where allegations are made in the disjunctive, Plaintiffs may include only one of the two alternatives or change the "or" to an "and."

  3.  This stipulation is for case management purposes only and the parties agree that it shall not operate as any adjudication relating to the time period after December 31, 2006. The parties agree that the entry of this stipulation shall not prejudice the Plaintiffs with respect to the time period after December 31, 2006, and that the entry of this stipulation shall not cause claim or issue preclusion as to that time period, including any preclusion under the doctrines of res judicata and/or collateral estoppel. The parties further agree that this stipulation shall not be construed as a notice or stipulation of dismissal as to that time period and shall not count as a dismissal under the two dismissal rule set forth in the last sentence of Fed. R. Civ. P. 41 (a)(1). Defendants agree not to move to dismiss or otherwise seek a ruling that any new Section 36(b) action covering the time period subsequent to December 31, 2006 should be disposed of on the grounds that the entry of this stipulation creates claim or issue preclusion, res judicata, collateral estoppel, or violates the two dismissal rule set forth in the last sentence of Fed. R. Civ. P. 41 (a)(1), but Defendants are free to assert any arguments, including preclusion arguments, otherwise available to them that are not based upon the entry of this stipulation, including on any grounds supplied by the terms and substance of any order and final judgment disposing of this case and any appellate order relating thereto.[2]

  4.  By entering into this stipulation, Plaintiffs do not waive any rights to obtain or offer into evidence documents dated, created, sent or received after December 31, 2006. The parties agree that certain categories of documents from that time period will continue to be

---

[2] This paragraph is limited to the effects of this stipulation only. Neither Plaintiffs nor Defendants are precluded by this paragraph from arguing the facts or issues finally resolved by the Court in this action could result in claim or issue preclusion, res judicata, or collateral estoppel as to any facts or issues in dispute in any new 36(b) action.

subject to production; however, this stipulation does not in any way waive any of the parties' rights to oppose the production of documents.

5. The parties agree to this stipulation based upon the case schedule in effect at the time of the stipulation, which sets certain dates for the fact and expert discovery events. Should that case schedule change so that the fact discovery deadline and/or the date for submission of the Plaintiffs' expert reports is extended by six or more months, then this stipulation may be nullified at the option of the Plaintiffs. Should the Plaintiffs so nullify this stipulation, then nothing in this stipulation will affect any rights of the Defendants, including their right to file a motion proposing any mechanism for managing this case that involves limiting the time period at issue and the discovery that must be provided.

Dated: December 3 , 2007  
Boston, Massachusetts

Respectfully submitted,

JOHN J. VAUGHN,  
GERALD A. KALBFLEISCH, and  
MICHAEL and MYRTLE HATHAWAY

/s/ David E. Marder  
David E. Marder (BBO #552485)  
Lisa A. Furnald (BBO #631059)  
Meghan E. Walt (BBO #658971)  
ROBINS KAPLAN MILLER & CIRESI LLP  
800 Boylston Street, 25th Floor  
Boston, MA 01299  
617-267-2300  
demarder@rkmc.com  
lafurnald@rkmc.com  
mewalt@rkmc.com  

Counsel for Plaintiffs John J. Vaughn, Gerald A. Kalbfleisch, and Michael and Myrtle Hathaway

PUTNAM INVESTMENT MANAGEMENT, LLC AND PUTNAM RETAIL MANAGEMENT LIMITED PARTNERSHIP

/s/ James R. Carroll  
James R. Carroll (BBO #554426)  
Peter Simshauser (BBO #665153)  
David S. Clancy (BBO #636031)  
Scott T. Lashway (BBO #655268)  
SKADDEN, ARPS, SLATE,  
 MEAGHER & FLOM LLP  
One Beacon Street  
Boston, MA 02108  
617-573-4800  
jcarroll@skadden.com  
psimshaus@skadden.com  
dclancy@skadden.com  
slashway@skadden.com  

Counsel for Defendants  
Putnam Investment Management, LLC and  
Putnam Retail Management Limited Partnership