UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN J. VAUGHN, GERALD A.
KALBFLEISCH, MICHAEL HATHAWAY :
and MYRTLE HATHAWAY,

                          :

        Plaintiffs,                     Civil Action
                          :   No. 04-10988-GAO

        v.

                          :   Civil Action

PUTNAM INVESTMENT MANAGEMENT,   No. 07-12397-GAO
LLC and PUTNAM RETAIL           :
MANAGEMENT LIMITED PARTNERSHIP,

                          :

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION OF DISMISSAL WITH PREJUDICE

       Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Production, it is hereby

stipulated and agreed by and between Plaintiffs John J. Vaughn, Gerald A. Kalbfleisch, Michael

Hathaway and Myrtle Hathaway, individually and as plaintiffs who sued pursuant to Section

36(b) of the Investment Company Act of 1940 on behalf of the Putnam Classic Equity Fund, the

Putnam Investors Fund, the Putnam Growth Opportunities Fund, the Putnam Fund For Growth

And Income, and the Putnam Voyager Fund (the "Funds"), on the one hand, and, on the other

hand,  Defendants Putnam Investment Management, LLC and Putnam Retail Management

Limited Partnership ("Defendants"), that these actions and all of the claims that have been or

could have been asserted in the above-captioned actions are dismissed with prejudice pursuant to

the terms of a written settlement agreement entered into by and between the parties, and with all

rights of appeal waived. The parties so stipulate upon due consideration of the following:

1.      Plaintiffs Steven G. Wicks and Gerald A. Kalbfleisch, on behalf of certain Putnam mutual funds in which Mr. Wicks and Mr. Kalbfleisch purportedly owned shares, filed a lawsuit against Defendants on May 17, 2004 for alleged breach of fiduciary duty pursuant to Section 36(b) of the Investment Company Act of 1940, codified at 15 U.S.C. § 80a-35(b) ("Section 36(b)").

2.      After certain rulings by the Court, amendments to the complaint, and a consolidation order dated February 22, 2007, the plaintiffs in that lawsuit (Civil Action No. 04-10988-GAO) were John J. Vaughn, Gerald A. Kalbfleisch, Michael Hathaway and Myrtle Hathaway, individually and as plaintiffs on behalf of the Funds.  Including a related, materially-similar case that Plaintiffs filed on December 31, 2007 (Civil Action No. 07-12397-GAO) to encompass the time period starting on January 1, 2006, Plaintiffs alleged in the litigation that the management and 12b-1 fees (i.e., fees pursuant to distribution plans adopted under Rule 12b-1, 17 C.F.R. § 270.12b-1) paid by the Funds, starting on May 18, 2003, violated Section 36(b).

3.      The parties engaged in extensive discovery, which covered the time period 1995 into 2007, and was completed by the parties on December 18, 2007.

4.      Plaintiffs' counsel and Defendants entered into settlement negotiations in July 2007.  The settlement negotiations that led to the settlement agreement and release were conducted in good faith and at arms length, and took into account applicable law, and the deposition and documentary record established during the litigation.

5.      Before deciding to settle and dismiss these cases, Plaintiffs and their counsel obtained full discovery, and they also conducted extensive deposition and document discovery over the course of more than two years.  (Among other things, Plaintiffs took twenty depositions, including third-party depositions, and the Defendants produced more than 600,000

2

pages of documents, which included, inter alia, the materials considered by the Trustees of the Funds during their fee-review processes in the years 1995 through and including 2007. There was extensive document production by non-parties as well, including by the Trustees of the Funds.) Plaintiffs and their counsel determined, inter alia, that the Defendants and the Trustees of the Funds engaged in an annual review of the management and 12b-1 fees paid by the Funds that included receipt of extensive information regarding fees, and that, as to those fees, the expense ratio of each of the Funds is below the average of its peers as determined by Lipper Inc., an independent fund-rating agency that ranks funds relative to others that Lipper considers to have similar investment classifications or objectives.

6.    Plaintiffs' counsel and Plaintiffs, as Section 36(b) Plaintiffs suing on behalf of the Funds, have determined that it is appropriate to settle these actions pursuant to the terms set forth in a separate settlement agreement and release, which settlement and release fully resolves, inter alia, the claims that the Funds paid excessive management and 12b-1 fees starting on May 18, 2003.

NOW THEREFORE, in consideration of and pursuant to the terms of the settlement agreement, the parties by and through their undersigned counsel hereby stipulate and agree to dismiss these actions with prejudice and with all rights of appeal waived. A proposed form of Order of Dismissal With Prejudice is attached hereto as Exhibit 1, and the parties' settlement of this matter is contingent upon the Court's entry of the attached form of Order of Dismissal With Prejudice.

Dated:   March 28, 2008                              Respectfully Submitted,
         Boston, Massachusetts


_____                         _____
David E. Marder (BBO #552485)                        James R. Carroll (BBO #554426)
Lisa A. Furnald (BBO #631059)                        David S. Clancy (BBO #636031)
Meghan E. Walt (BBO #658971)                         Scott T. Lashway (BBO #655628)
Robins, Kaplan, Miller & Ciresi LLP                  SKADDEN, ARPS, SLATE,
800 Boylston Street, 25th Floor                        MEAGHER & FLOM LLP
Boston, MA 02199                                     One Beacon Street
(617) 267-2300                                       Boston, MA 02108
demarder@rkmc.com                                    (617) 573-4800
lafurnald@rkmc.com                                   james.carroll@skadden.com
mewalt@rkmc.com                                      david.clancy@skadden.com
                                                     scott.lashway@skadden.com

Thomas R. Grady (admitted *pro hac vice*)
Ackerman, Link & Sartory, P.A.                       Counsel for Defendants Putnam
222 Lakeview Avenue                                  Investment Management, LLC and
West Palm Beach, FL 33401                            Putnam Retail Management Limited Partnership
(561) 838-4100
tgrady@alslaw.com

Counsel for Plaintiffs John
J. Vaughn, Gerald A. Kalbfleisch,
and Michael and Myrtle Hathaway


### Certificate Of Service

         I, Scott T. Lashway, hereby certify that on March 28, 2008, this document filed
through the ECF system will be sent electronically to the registered participants as identified on
the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-
registered participants on March 28, 2008.

Dated:   March 28, 2008                              _____
                                                     Scott T. Lashway

4

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN J. VAUGHN, GERALD A.
KALBFLEISCH, MICHAEL HATHAWAY
and MYRTLE HATHAWAY,                            :

      Plaintiffs,                              :    Civil Action
                               :    No. 04-10988-GAO

      v.                                      :    Civil Action
                                No. 07-12397-GAO

PUTNAM INVESTMENT MANAGEMENT,
LLC and PUTNAM RETAIL
MANAGEMENT LIMITED PARTNERSHIP,            :

      Defendants.                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

### [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE

        Pursuant to the parties' Stipulation of Dismissal With Prejudice, the above-

captioned cases (Civil Action No. 04-10988-GAO and Civil Action No. 07-12397-GAO) are

dismissed with prejudice and with all rights of appeal waived.

IT IS SO ORDERED

Dated: _____, 2008

                                _____

                                George A. O'Toole
                                United States District Judge